ANDERSON YEH PC
  Edward M. Anderson (STATE BAR NO. 198183)
edward@andersonyehlaw.com
  Regina Yeh (STATE BAR NO. 266019)
regina@andersonyehlaw.com
1055 E. Colorado Blvd. Ste 500
Pasadena, California 91106
Telephone: (626) 204-4092  Facsimile: (888) 744-0317

Attorneys for Plaintiff
ALCON ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation;<br><br>Defendants. | CASE NO. 2;24-CV-09033-GW-RAO<br><br>**PLAINTIFF ALCON ENTERTAINMENT, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT WARNER BROS. DISCOVERY, INC.'S MOTION TO DISMISS ORIGINAL COMPLAINT**<br><br>Hearing Date: March 6, 2025<br>Time:             8:30 a.m.<br>Courtroom:    9D<br>Judicial Officer:  Hon. George H. Wu |

## I. INTRODUCTION

Plaintiff Alcon Entertainment, LLC ("Plaintiff" or "Alcon") has exercised its available right to file a First Amended Complaint ("FAC") in response to defendants' motions to dismiss. Fed. R. Civ. P. 15(a)(1)(B) ("Rule 15"). If plaintiff has not yet amended, plaintiff may file an amended pleading as of right not later than 21 days of a defendant's filing of, *inter alia*, a Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") motion (or 21 days of a defendant's filing of a responsive pleading, whichever is earlier). Plaintiff has not yet amended, no defendant has filed any responsive pleading, and it has only been 9 days since defendants filed their Rule 12(b)(6) motions, so Plaintiff's FAC was properly filed by right.

Nonetheless, in the interests of progressing the case, and because the Court does have discretion to treat the pending motions to dismiss as directed toward the FAC and still hear them, rather than take them off calendar and wait for defendants to address the FAC (*see, e.g.,* Stevenson, et al., *Rutter Practice Guide – Federal Civil Procedure Before Trial (Calif. and 9th Cir. Ed.)*, Ch. 9-D, § 9:263 [April 2024 Update]), Plaintiff files short oppositions to both of the pending Rule 12(b)(6) motions. This one is specifically directed to the motion of defendant Warner Bros. Discovery Inc. ("WBDI Motion").

## II. FED. R. CIV. P. 12 (b)(6) STANDARDS AND RULES

Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") motions are for legal challenges, not factual challenges. The court thus must take all factual allegations in the complaint that are not legal conclusions as true. *Godecke v. Kinetic Concepts, Inc.,* 937 F.3d 1201, 1205 (9th Cir. 2019); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (2001). The court must construe the facts in the most favorable light to supporting a claim, and give plaintiff the benefit of all reasonable inferences from the express allegations. *Id.*; *U.S. v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The pleading

must demonstrate only facial plausibility, meaning "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Godecke*, 937 F.3d at 1208 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Dismissal can lie if the facts, even viewed favorably to Plaintiff, are implausible; for "lack of a cognizable legal theory"; "the absence of sufficient facts alleged under a cognizable legal theory" (*Godecke*, 937 F.3d at 1208), or if the complaint itself alleges facts necessarily fatal to a claim (*Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1102 (D. Az. 2003)).

The focus of Rule 12(b)(6) analysis "is the complaint," and, generally, the court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Corinthian Colleges*, 655 F.3d at 998-99; *Lee*, 250 F.3d at 688. Nonetheless, the court may consider external material proffered by the movant, pursuant to three isolated exceptions: 1) exhibits to the complaint; 2) documents referenced by the complaint, upon which it "necessarily relies," and the authenticity of which are undisputed; and 3) matters properly subject to judicial notice. *Corinthian Colleges*, 655 F.3d at 991, 998-999; *Lee*, 250 F.3d at 688.[1]

### III. RULE 12(b)(6) COGNIZABLE FACTS IF THE PENDING MOTIONS GO FORWARD AS IS

The FAC supersedes the original Complaint ("OC").  *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. __, 2025 WL 96212 at *7 (January 15, 2025).  The FAC's factual allegations are now controlling for all purposes, including Rule 12(b)(6) practice.  The FAC pleads the same fundamental dispute alleged in the OC

---

[1] To go beyond these exceptions on movant-proffered extrinsic material, the court must treat the motion pursuant to Fed. R. Civ. Pro. 56 (summary judgment), including "giving all parties a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. Pro. 12(d); *Lee*, 250 F.3d at 688.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING DEFENDANT WBDI'S MOTION TO DISMISS

as broadly described above.  Among other pleading adjustments, the FAC more finely particularizes which exclusive copyright rights Defendants violated and how.

It also makes clear that, although there is only a single infringed work for copyright infringement analysis (the BR2049 motion picture, just like the OC), Defendants Musk and Tesla created, and WBDI at least publicly displayed, two infringing works: (1) the AI-generated "Presentation Slide 2 Image" (Exhibit C to both the OC and FAC), and also (2) the overall We Robot video presentation (Exhibit 2 to the Omnibus Declaration of Chris Marchese in Support of Defendants' Motions to Dismiss) ("We Robot Work"), the infringing portions of which are the approximately eleven seconds where the Presentation Slide 2 image is displayed, including Musk's accompanying voiceover.

As to material beyond the FAC itself, Plaintiff sees three formal proffers by Defendants: (1) OC/FAC Exhibits A-C; (2) We Robot Presentation Video; and (3) Purported WBDI-Tesla Location Agreement.  Plaintiff's position on each proffer is:

<u>Defendants' Proffer 1 - FAC Exhibits A, B and C</u>.  Plaintiff agrees that the Court may consider all three exhibits on Rule 12(b)(6) practice, in that they are exhibits to the operative pleading.  However, if and as it considers FAC Exhibits A and B in particular, the Court must accept what the FAC says they are, and may not credit or accept the substitutional and erroneous analytical sleight of hand the M&T Motion proposes on that point.  The M&T Motion's entire substantial similarity comparison challenge to Plaintiff's direct copyright infringement claim is premised on the M&T Motion first improperly trying to change Plaintiff's pleading of the infringed work from the BR2049 motion picture to instead being the set of Exhibits A and B images ("Plaintiff's Images" in the M&T Motion), and then conducting substantial similarity analysis pursuant to the rules applicable when the infringed work is a photograph.  Exhibits A and B are neither themselves the infringed work at issue, nor are they "photographs" in copyright terminology.  The infringed work

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING
DEFENDANT WBDI'S MOTION TO DISMISS

is the larger BR2049 motion picture.  Exhibits A and B are all examples of still images from that motion picture.[2]  Not only does this mean they are not themselves the infringed work, they also are not the same as photographs, either analytically under copyright law[3], or as to what displaying them evokes in an audience, all as discussed further herein and in detail in the FAC.

      Defendants' Proffer 2 – The We Robot Presentation (Exhibit 2 to Omnibus Declaration of Chris Marchese).  Plaintiff agrees that the Court may consider the entire content of the We Robot Presentation on Rule 12(b)(6) practice.  It is a document subject to the second exception allowing consideration of extrinsic materials if: "(1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colleges*, 655 F.3d at 999; *Lee*, 250 F.3d at 688.  For purposes of the pending Rule 12(b)(6) Motions, Plaintiff agrees this document satisfies all three requirements of the exception.

      Defendants' Proffer 3 – WBDI-Tesla Location Agreement (Exhibit 1 to Declaration of Rachel Jennings in support of WBDI's MTD).  This document appears to be by far the main basis for all of the arguments which WBDI makes in the WBDI Motion.  Proffering it on Rule 12(b)(6) practice and trying to win the case without Plaintiff getting any discovery about the document is far outside the Rule 12(b)(6) procedure rules.  Plaintiff had never seen the document until Defendants provided it in connection with filing the present Motions.  Plaintiff has had no opportunity to conduct discovery or any meaningful investigation regarding it.

---

[2] The OC Exhibit B included seven images; the FAC's Exhibit B keeps six of them and adds six more, and also marks them with their time codes in BR2049.

[3] Under the Copyright Act, a "photograph" is within the definition of "pictorial, graphic or sculptural work," while a "still image" of a "motion picture" is treated as part of a "motion picture" and thus under the "audiovisual work" definition.  17 U.S.C. 101.

Plaintiff thus generally does question the document's authenticity, meaning it does not satisfy any of the exceptions to consideration of extrinsic materials and the Court may not consider it.

Plaintiff respectfully further submits that even if the Court (improperly) decided to consider it, the document seems more affirmative of Plaintiff's theories than dispositive of them. Moreover, the characterizations that WBDI makes about the document, including without limitation as to what entity actually managed the WBDI-Musk-Tesla event relationship in practice, do not track with other information Alcon has about what occurred and why.

## IV. THE WBDI MOTION MAKES NO CHALLENGE TO PLAINTIFF'S DIRECT COPYRIGHT INFRINGEMENT CLAIM

WBDI relies entirely on Musk and Tesla to make any arguments against Plaintiff's direct copyright infringement allegations. As discussed in Alcon's opposition to the M&T Motion, their direct copyright infringement arguments are fatally defective in numerous respects. The direct copyright infringement claim against WBDI cannot be dismissed; however, Alcon notes that in the FAC, Alcon has reduced its scope as to WBDI, relative to Musk and Tesla.

## V. WBDI'S ARGUMENTS AGAINST THE FAC'S VICARIOUS COPYRIGHT INFRINGEMENT CLAIM FAIL

WBDI's arguments against vicarious copyright infringement liability all seem fundamentally premised on WBDI not accepting Alcon's pleading allegations as accurate, or mischaracterizing them, and on trying to get the Court to let WBDI out of the case by what is plainly an improper attempt to introduce an alleged document that, even if it were authentic, raises as many questions as it answers. Indeed, if that document is in fact a substantial part of the event contract between WBDI and Tesla, Alcon respectfully submits that the document hardly refutes Alcon's theories and allegations. Alcon's vicarious copyright infringement liability theory at core is

- 5 -
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING DEFENDANT WBDI'S MOTION TO DISMISS

1  along the lines that Musk and Tesla agreed to enter into an event arrangement with
2  WBDI that was highly lucrative for WBDI, and that, either as a formal term or as an
3  informal back-scratching or customer courtesy, Musk and Tesla expected WBDI to
4  throw in some motion picture brand affiliations for their car advertisement, and the
5  one that they wanted most was BR2049; when Alcon told Musk and Tesla "no
6  way," WBDI did not have the corporate fortitude to stand up fully to Musk and
7  Tesla, given the financial stakes.

8      Alcon already has information that some things happened differently than
9  WBDI is trying (improperly) to tell the Court in a speaking Rule 12(b)(6) motion. If
10 the case makes it to discovery, Alcon expects other and different facts to come out
11 than are being represented by WBDI.

## VI. DEFENDANTS MAKE NO INDEPENDENT RULE 12(b)(6) CHALLENGE TO PLAINTIFF'S CONTRIBUTORY COPYRIGHT INFRINGEMENT CLAIM

15     The WBDI Motion makes no independent challenge to Alcon's contributory
16 copyright infringement claim and so it necessarily survives.

## VII. WBDI'S CHALLENGE TO PLAINTIFF'S LANHAM ACT CLAIM FAILS

19     WBDI's Lanham Act claim challenge primarily just adopts the M&T
20 Motion's challenge. That challenge is largely based on mischaracterizing the
21 complaint's allegations as presenting a situation like in *Dastar Corp. v. Twentieth*
22 *Century Fox Film Corp.*, 539 U.S. 23 (2003) or *Comedy III Productions, Inc. v. New*
23 *Line Cinema*, 200 F.3d 593 (2000), where the goods or services that the defendant is
24 alleged to be improperly marketing with the plaintiff's marks are expressive works,
25 like a movie. Alcon's allegations are very plainly that Musk and Tesla are using
26 Alcon's marks to sell cars. *Dastar* and *Comedy III* are entirely inapposite. *Lions*
27 *Gate Ent., Inc. v. TD Ameritrade Servs. Co., Inc.*, No. 2:15-05024-DDP-E, 2017 WL
28

- 6 -
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING
DEFENDANT WBDI'S MOTION TO DISMISS

4621541 (C.D. Cal. Oct. 16, 2017) is, respectfully, a troubled opinion where the district court's reasoning is less than tight or persuasive, and which Alcon contends was wrongly decided. However, even if *Lions Gate* was not wrongly decided, the reason the district court ultimately rested on as to why it was ruling against Lions Gate on false affiliation and false advertising claims was that the good or service that TD Ameritrade was using the "Dirty Dancing" marks and goodwill to sell was financial services, and Lions Gate had not pled that Lions Gate was actually in the business of licensing *Dirty Dancing* for financial services. This is not that kind of case. Alcon has very clearly pled that it has an established business of licensing BR2049 for car partnerships.

To the extent that Alcon understands them correctly, the M&T Motion's (and so WBDI's) arguments that Alcon has not pled ownership of any relevant marks or trade dress is premised on arguing that a claim under 15 U.S.C. § 1125(a)(1)(A) can only be established by pleading and proving defendant's use of an exact mark owned by the Plaintiff. That is not the law. The relevant question, likelihood of confusion, is tested under all the circumstances, and looks broadly, not narrowly. *See, e.g.,* the "total effect of [the infringer's] product and package on the eye of the ordinary purchaser test" applied in cases such as *Warner Bros. Entertainment v. Global Asylum, Inc.*, 107 U.S.P.Q.2d 1910, 2012 WL 6951315 at *8 (C.D. Cal. 2012).

The M&T Motion also misstates the law in saying that Musk and Tesla's intention to trade off of Alcon's mark is not relevant in Lanham Act analysis. That is incorrect. The defendant's bad faith intent or willful intent is one of the factors in the applicable likelihood of confusion test, which is still the *Sleekcraft* test, *see, e.g., Network Automation, Inc. v. Advanced Systems Concepts, Inc.,* 638 F.3d 1137, 1145-46 (9th Cir. 2011).

As to WBDI's assertion that the conspiracy allegations against WBDI in the

- 7 -
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING DEFENDANT WBDI'S MOTION TO DISMISS

Lanham Act claim should be taken out of the case, Alcon removed them from the FAC. The aiding and abetting allegations against WBDI in the Lanham Act claim are more solidly pled and they are enough.

### VIII. CONCLUSION

If the Court goes forward with the WBDI Motion, it should be denied. If any part of it is granted, Alcon requests leave to further amend.

DATED: February 13, 2025        ANDERSON YEH PC
                                Edward M. Anderson
                                Regina Yeh

                                _____
                                Attorneys for Plaintiff
                                ALCON ENTERTAINMENT, LLC

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Alcon Entertainment, LLC, certifies that this brief contains 2,305 words, which complies with the word limit of L.R. 11-6.1.

_____
Edward M. Anderson