**ANDERSON YEH PC**
Edward M. Anderson (STATE BAR NO. 198183)
edward@andersonyehlaw.com
Regina Yeh (STATE BAR NO. 266019)
regina@andersonyehlaw.com
1055 E. Colorado Blvd. Ste 500
Pasadena, California  91106
Telephone: (626) 204-4092  Facsimile: (888) 744-0317

Attorneys for Plaintiff
ALCON ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation;<br><br>Defendants. | CASE NO.  2;24-CV-09033-GW-RAO<br><br>**PLAINTIFF ALCON ENTERTAINMENT, LLC'S OBJECTIONS AND RESPONSES TO EXTRINSIC MATERIAL PROFFERS IN DEFENDANTS TESLA, INC.'S AND ELON MUSK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date:    April 7, 2025<br>Time:            8:30 a.m.<br>Courtroom:       9D<br>Judicial Officer:   Hon. George H. Wu |

**OBJECTIONS AND RESPONSES TO EXTRINSIC MATERIAL PROFFERS IN TESLA AND MUSK MOTION TO DISMISS**

Plaintiff Alcon Entertainment, LLC ("Plaintiff" or "Alcon") makes the following objections and responses to the proffers of extrinsic material made by defendants Elon Musk ("Musk") and Tesla, Inc. ("Tesla") in connection with their motion to dismiss Alcon's First Amended Complaint ("FAC," [Dkt. 37]) pursuant to Fed. R. Civ. Pro. 12(b)(6) ("Rule 12(b)(6)") and 8(a) ("Motion," [Dkt. 48]).

## I. RULE 12(b)(6) EXTRINSIC MATERIAL EXCEPTIONS

On a Rule 12(b)(6) motion, a court may consider material external to the challenged pleading and proffered by the movant without treating the motion as made pursuant to Fed. R. Civ. P. 56 (summary judgment), pursuant to three exceptions: 1) exhibits to the complaint ("First Exception"); 2) documents referenced by the complaint, upon which it "necessarily relies," and the authenticity of which are undisputed ("Second Exception"); and 3) matters properly subject to judicial notice ("Third Exception"). *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (2001).

## II. THE MOTION'S PROFFERS AND PLAINTIFF'S POSITIONS

| PROFFER NO. | DESCRIPTION | PLAINTIFF POSITION |
|---|---|---|
| 1 | FAC Exhibit A (Blade Runner 2049 ["BR2049"] still image specifically requested by Defendants in pre-event licensing communication). | Satisfies First Exception. The Court may consider it. However, Plaintiff notes that the ECF system makes detrimental changes to the image color and quality relative to the Exhibit A image which Plaintiff actually |

- 1 -
PLAINTIFF'S OBJECTIONS AND RESPONSES TO EXTRINSIC MATERIAL PROFFERS IN TESLA AND MUSK MTD

| | | |
|---|---|---|
| | | submitted to the system in filing the FAC. The Exhibit A image as it appears in BR2049 at c. 1:37:55 is likely better quality and preferable for comparison. |
| 2 | FAC Exhibit B (Set of twelve sample still images from BR2049 exemplary of BR2049 Las Vegas Sequence scenes and imagery). | Satisfies First Exception. The Court may consider it. However, Plaintiff notes that the ECF system makes detrimental changes to the image color and quality relative to the Exhibit B images which Plaintiff actually submitted to the system in filing the FAC. The Exhibit B images and other images from the same Las Vegas Sequence as they appear in BR2049 (c. 1:36:28-2:01:50) are likely better quality and preferable for comparison. |

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 | 3 | FAC Exhibit C (Musk and Tesla's AI-Generated October 10, 2024 Presentation Slide 2 Image). | Satisfies First Exception. The Court may consider it.  However, Plaintiff notes that the ECF system makes detrimental changes to the image color and quality relative to the Exhibit C image which Plaintiff actually submitted to the system in filing the FAC.  The Exhibit C image as it appears in the We Robot Recording is likely better quality and preferable for comparison. |
| 17 18 19 20 21 22 23 24 25 26 27 | 4 | Exhibit 3 to March 6, 2025 Declaration of Kristen McCallion (DVD copy of BR2049). | Subject to one caveat, the portion of Exhibit 3 which is actually a recording of BR2049 satisfies all three prongs of the Second Exception, and the Court may consider it.  The caveat: many home entertainment versions of BR2049 are edited to strip out most |

28

- 3 -
PLAINTIFF'S OBJECTIONS AND RESPONSES TO EXTRINSIC MATERIAL PROFFERS IN TESLA AND MUSK MTD

| | | | |
|---|---|---|---|
| | | | (but not all) of the third-party car branding that appeared on K's spinner as BR2049 ran in theaters. The submitted DVD appears to be one of those. Alcon does not object to the Court considering this DVD version of BR2049, except Alcon objects to it as not authentic evidence of the precise amount of third-party car branding that did or did not actually appear in BR2049 in theaters. |
| | 5 | Exhibit 2 to February 4, 2025 Omnibus Declaration of Chris Marchese (Recording of October 10, 2024 We Robot Presentation ["We Robot Recording"]). | For purposes of the Motion, the document satisfies the Second Exception. The Court may consider it. |
| | 6 | Alleged Alcon non-ownership of word mark "Blade Runner." ("Blade Runner" is "a name that Plaintiff does not even own[.]" [Motion, 1:15; 3:16-17.]); ("The | This is a mixed factual and legal assertion outside the FAC, not subject to any of the Exceptions, and is also |

- 4 -
PLAINTIFF'S OBJECTIONS AND RESPONSES TO EXTRINSIC MATERIAL PROFFERS IN TESLA AND MUSK MTD

| | | | |
|---|---|---|---|
| | | FAC confirms Alcon does not own the 'Blade Runner' name." [Motion, 22:13.]) | false.  Although it did not plead it, Alcon does in fact own a Lanham Act-cognizable ownership interest in the word mark "Blade Runner."  The Court may not consider this proffer. |
| | 7 | Implicitly, that there is a prior ruling in this action, or from this judicial officer in a prior action, "admonishing" Plaintiff or Plaintiff's counsel for violating Fed. R. Civ. P. 8(a).  (Motion, 2:5-6.) | This is a factual assertion outside the FAC, not subject to any of the Exceptions, and is also false.  There have been no prior substantive rulings in this case on any issue.  Plaintiff's counsel has been appearing before this judicial officer in cases from time to time for multiple decades and does not recall ever being "admonished" for violating Fed. R. Civ. P. 8(a) in any such case. |

- 5 -
PLAINTIFF'S OBJECTIONS AND RESPONSES TO EXTRINSIC MATERIAL PROFFERS IN TESLA AND MUSK MTD

| | | | |
|---|---|---|---|
| | 8 | "Defendants did not [factually or actually] copy [BR2049] at all[.]" (Motion, 4:18-19.) | This is a factual assertion outside the FAC, contradicting the FAC's factual allegations, and not subject to any of the Exceptions. The Court may not consider it. |
| | 9 | "Tesla has already advised Alcon that it lawfully licensed an image from a stock photo agency and prompted an AI-drive image editor to add 'Elon Musk in trench coat looking into the city.'" (Motion, 14:14-16.) | This is a factual assertion outside the FAC, contradicting the FAC's factual allegations, and not subject to any of the Exceptions. To the extent that Musk and Tesla are implying that they have given Alcon or its counsel any information about how they generated the Exhibit C image other than what they have stated in their motion papers that is false. They have not. The Court may not consider this factual assertion (beyond that they said this in their papers). |

| 10 | March 6, 2025 Declaration of Kristen McCallion ["March 6, 2025 McCallion Decl."], paragraph 3 ("Attached hereto as Exhibit 4 is a true and correct copy of an image that Tesla licensed from a stock photo agency.") | This is a factual assertion outside the FAC, contradicting the FAC's factual allegations, and not subject to any of the Exceptions. Even under Fed. R. Civ. P. 56 practice (summary judgment), this paragraph of part of the McCallion Decl. would not be competent evidence of anything. There is no foundation that Ms. McCallion has the ability to authenticate the Exhibit 4 document, and the actual statement of purported authentication provides almost no meaningful information about the Exhibit 4 document in the context of the parties' dispute. The Court may not consider this statement. |

| 11 | March 6, 2025 McKallion Decl., Ex 4 (Purported licensed image). | This is material extrinsic to the FAC, not subject to any of the Exceptions. Even if this were a motion under Fed. R. Civ. P. 56 (summary judgment), the document is not competently authenticated and would be inadmissible for any purpose. The Court may not consider it. |
|---|---|---|

DATED: March 17, 2025

ANDERSON YEH PC
Edward M. Anderson
Regina Yeh

*/s/ Ed A*

Attorneys for Plaintiff
ALCON ENTERTAINMENT, LLC