ANDERSON YEH PC
  Edward M. Anderson (STATE BAR NO. 198183)
edward@andersonyehlaw.com
  Regina Yeh (STATE BAR NO. 266019)
regina@andersonyehlaw.com
1055 E. Colorado Blvd. Ste 500
Pasadena, California  91106
Telephone: (626) 204-4092  Facsimile: (888) 744-0317

Attorneys for Plaintiff
ALCON ENTERTAINMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation;<br><br>Defendants. | CASE NO.  2;24-CV-09033-GW-RAO<br><br>**PLAINTIFF ALCON ENTERTAINMENT, LLC'S OBJECTIONS AND RESPONSES TO EXTRINSIC MATERIAL PROFFERS IN DEFENDANT WARNER BROS. DISCOVERY, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date:     April 7, 2025<br>Time:                    8:30 a.m.<br>Courtroom:         9D<br>Judicial Officer:   Hon. George H. Wu |

# OBJECTIONS AND RESPONSES TO EXTRINSIC MATERIAL PROFFERS IN WARNER BROS. DISCOVERY, INC.'S MOTION TO DISMISS

Plaintiff Alcon Entertainment, LLC ("Plaintiff" or "Alcon") makes the following objections and responses to the proffers of extrinsic material made by defendant Warner Bros. Discovery, Inc. ("WBDI") in connection with WBDI's motion to dismiss Alcon's First Amended Complaint ("FAC," [Dkt. 37]) pursuant to Fed. R. Civ. Pro. 12(b)(6) ("Rule 12(b)(6)") and 8(a) ("WBDI Motion," [Dkt. 49]).

## I. RULE 12(b)(6) EXTRINSIC MATERIAL EXCEPTIONS

On a Rule 12(b)(6) motion, a court may consider material external to the challenged pleading and proffered by the movant without treating the motion as made pursuant to Fed. R. Civ. P. 56 (summary judgment), pursuant to three exceptions: 1) exhibits to the complaint ("First Exception"); 2) documents referenced by the complaint, upon which it "necessarily relies," and the authenticity of which are undisputed ("Second Exception"); and 3) matters properly subject to judicial notice ("Third Exception"). *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (2001).

## II. THE WBDI MOTION'S PROFFERS AND PLAINTIFF'S POSITIONS

| PROFFER NO. | DESCRIPTION | PLAINTIFF POSITION |
|---|---|---|
| 1 | "Plaintiff has had a chance to review the lease agreement attached to WBDI's motion to dismiss the original complaint." (WBDI Motion at 1:18-21.), and all similar factual assertions in the WBDI Motion on this point, which | The statements are misleading and referencing material extrinsic to the FAC and not subject to any Exception. Not had Alcon not ever seen the |

| | | |
|---|---|---|
| | permeate the WBDI Motion. | document at all before WBDI submitted it to the Court as part of its initial motion to dismiss, Alcon still does not have full access to it in a meaningful way. Musk and Tesla would only provide the unsealed document to Plaintiff's counsel and three executives at Alcon, and those are the only people on the Alcon side who have examined the unsealed document. That means, *inter alia*, not only has Alcon not had any formal discovery concerning the document, Alcon has also been unable to conduct even any meaningful investigation outside the discovery process, such as consulting with any business people who |

| | | | |
|---|---|---|---|
| | | | actually have experience in such agreements and the customs and practices around them, including facial reasonableness or excessiveness of license fees shown for just a physical event allegedly with no brand affiliation component, and the like. The Court should not consider any of these statements on Fed. R. Civ. P. 12(b)(6). |
| | 2 | "WBDI had no involvement in the infringing acts." (WBDI Motion at 1:21-22.) | This is a factual assertion outside the FAC, and contradicting it, and not subject to any of the Exceptions.  The Court should not consider it. |
| | 3 | February 4, 2025 Declaration of Rachel Jennings [Dkt. 23-2], and all statements therein. | The declaration is material extrinsic to the FAC, not subject to any Exception.  The Court should not consider it. |
| | 4 | Exhibit 1 to February 4, 2025 Declaration of Rachel Jennings | This is material extrinsic to the FAC, not subject to |

| | | | |
|---|---|---|---|
| | | [Dkt 23-3, 35-1] (purported Tesla-WBDI Contract) (all versions, redacted and unredacted). | any Exception. Whether or not the document might actually be part of documentation of a business relationship between WBDI and Tesla referenced in the FAC and which the FAC says it believes on information and belief exists, Plaintiff does not admit the authenticity of the document. For example, among other concerns, even on the Jennings declaration proffered, the possibility is left open that the document is not the only document reflecting or documenting the entire scope of the business relationship between WBDI and Tesla regarding the event. |
| | 5 | "[A]lleged 'contractual agreement' between WBDI and Tesla … consists of contractual terms that | These are factual assertions of material extrinsic to the FAC, not |

|   |   |   |   |
|---|---|---|---|
|   |   | never existed." (WBDI Motion at 2:15-17.); "[A]s the real contract shows – and which Plaintiff knows, having reviewed the contract prior to filing its FAC – [Plaintiff's allegation of a brand affiliation component to the business relationship between Musk and Tesla] is simply not true." (WBDI Motion at 2:25-27.) "Nothing could be further from the truth." (WBDI Motion at 5:18-19.) | subject to any Exception. The Court should not consider them, or any similar factual assertions by WBDI along this same vein. |
|   | 5 | Exhibit 2 to February 4, 2025 Omnibus Declaration of Chris Marchese (Recording of October 10, 2024 We Robot Presentation ["We Robot Recording"]). | For purposes of the Motion, the document satisfies the Second Exception. The Court may consider it. |
|   | 6 | Alleged Alcon non-ownership of word mark "Blade Runner." ("Plaintiff does not own the 'Blade Runner' name or mark [.]" [WBDI Motion, 4:19.]) | This is a mixed factual and legal assertion outside the FAC, not subject to any of the Exceptions, and is also false. Although it did not plead it, Alcon does in fact own a Lanham Act-cognizable ownership interest in the word mark |

- 5 -
PLAINTIFF'S OBJECTIONS AND RESPONSES TO EXTRINSIC MATERIAL PROFFERS IN WBDI MTD

| | | | |
|---|---|---|---|
| | | | "Blade Runner." The Court may not consider this proffer. |
| | 7 | "[I]t is WBDI's affiliate that owns the exclusive rights in [the original 1982 "Blade Runner" film]. | This is a mixed factual and legal assertion outside the FAC, not subject to any of the Exceptions, and is also false in the way being presented. Although it did not plead it, Alcon does in fact own a Lanham Act-cognizable ownership interest in the word mark "Blade Runner." A WBDI affiliate owns some exclusive rights in the original 1982 Picture, but Alcon actually owns many of them, including all relevant rights to prepare derivative works to the 1982 Picture. No WBDI affiliate owns exclusive rights in the 'Blade Runner' word |

| | | | |
|---|---|---|---|
| | | | mark. That is false. The Court may not consider this proffer. |
| | 8 | Implicitly, that there is a prior ruling in this action, or from this judicial officer in a prior action, "admonishing" Plaintiff or Plaintiff's counsel for violating Fed. R. Civ. P. 8(a). (WBDI Motion, 18:12-15.) | This is a factual assertion outside the FAC, not subject to any of the Exceptions, and is also false. There have been no prior substantive rulings in this case on any issue. Plaintiff's counsel has been appearing before this judicial officer in cases from time to time for multiple decades and does not recall ever being "admonished" for violating Fed. R. Civ. P. 8(a) in any such case. |

DATED: March 17, 2025

ANDERSON YEH PC
Edward M. Anderson
Regina Yeh

*/s/ Ed A*

Attorneys for Plaintiff
ALCON ENTERTAINMENT, LLC

- 7 -
PLAINTIFF'S OBJECTIONS AND RESPONSES TO EXTRINSIC MATERIAL PROFFERS IN WBDI MTD