Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (213) 533-4240 / Fax: (858) 678-5099

John S. Goetz (*pro hac vice*)
goetz@fr.com
Kristen McCallion (*pro hac vice*)
mccallion@fr.com
Vivian Cheng (*pro hac vice*)
cheng@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070 / Fax: (212) 258-2291

*Additional counsel listed on signature page*

Attorneys for Defendant
Warner Bros. Discovery, Inc.

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company, | Case No. 2:24-cv-09033-GW-RAO |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WARNER BROS. DISCOVERY, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | |
| TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation, | Hearing Date: September 11, 2025 Hearing Time: 8:30 a.m. Courtroom: 9D Judge: Hon. George H. Wu |
| Defendants. | |

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ......................................................................................... 1

II.    LEGAL STANDARD ................................................................................... 2

III.   ARGUMENT ................................................................................................ 3

    A.   The SAC Is Needlessly Repetitive and Lengthy with Pages
        of Unnecessary Background and Irrelevant Details ............................... 4

    B.   Alcon's Incoherent Legal Theories Prevent WBDI from
        Understanding and Meaningfully Responding to Alcon's
        Third Set of Allegations ......................................................................... 6

        1.   Alcon's Direct Copyright Infringement Theories
            Are Incomprehensible and Should Be Dismissed ....................... 7

            a)   Alcon's Direct Copyright Infringement Claim
                Is Based on "Novel" Theories that Are Not
                Law ...................................................................... 8

            b)   Alcon's Allegations of WBDI's Volitional
                Conduct Are Confusing at Best ........................... 9

        2.   Alcon's Vicarious Liability Theories Are
            Incomprehensible and Should Be Dismissed ........................... 12

        3.   Alcon's Contributory Copyright Infringement
            Theories Are Incomprehensible and Should Be
            Dismissed ................................................................................. 14

    C.   Alcon's Alternative Theories Prevent WBDI from
        Understanding and Meaningfully Responding to Alcon's
        Third Set of Allegations ....................................................................... 16

        1.   Alcon Fails to Explain How Its Alternative Theories
            Are Relevant to Its Claims for Relief and Relies on
            a Shotgun Pleading Style ......................................................... 16

        2.   Alcon's Alternative Theories About WBDI
            Contracts Are Confusing and Argumentative ......................... 18

i

3.    Alcon's Alternative Theories About WBDI's
Actions During the Event Are Confusing and
Speculative ................................................................ 19

D.    The SAC Unfairly Burdens the Court and Prejudices
WBDI ........................................................................... 20

IV.    CONCLUSION ............................................................... 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alcon Entertainment, LLC v. Automobiles Peugeot SA,*
No. 19-cv-00245-CJC-AFMx, 2020 WL 8365240 (C.D. Cal. Feb. 26, 2020) ...............................................................................*passim*

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)................................................................................19

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,*
637 F.3d 1047 (9th Cir. 2011) ................................................................3

*Clayburn v. Schirmer,*
No. CIV S-06-2182 ALA P, 2008 WL 564958 (E.D. Cal. Feb. 28, 2008) ......................................................................................................7

*Columbia Pictures Indus., Inc. v. Fung,*
710 F.3d 1020 (9th Cir. 2013) ..............................................................15

*Dielsi v. Falk,*
916 F. Supp. 985 (C.D. Cal. 1996) ...................................................8, 11

*Epsteen v. New York Fin., Inc.,*
No. 10-cv-06553-ODW-JEMx, 2011 WL 13217369 (C.D. Cal. Apr. 18, 2011) ..............................................................................................20

*Erickson Prods., Inc. v. Kast,*
921 F.3d 822 (9th Cir. 2019) ................................................................15

*Fonovisa v. Cherry Auction, Inc.,*
76 F.3d 259 (1996) ..........................................................................12, 13

*Hann v. Int'l Bhd. of Magicians IBM,*
No. EDCV 22-866-JGB-SHKx, 2023 WL 5504963 (C.D. Cal. May 19, 2023) ..............................................................................................10

*Hatch v. Reliance Ins. Co.,*
758 F.2d 409 (9th Cir. 1985) ........................................................3, 4, 10

*Luvdarts, LLC v. AT & T Mobility, LLC,*
710 F.3d 1068 (9th Cir. 2013) ..............................................................15

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) ......................................................................*passim*

*Miller v. City of Los Angeles*,
    No. 13-cv-5148-GW-CWx, 2014 WL 12614470 (C.D. Cal. May 22,
    2014) ................................................................................................................18

*Morris v. California State Prison, Los Angeles Cnty.*,
    No. 24-cv-04036-RGK(E), 2024 WL 3362852 (C.D. Cal. July 9,
    2024) ............................................................................................................7, 13

*Nevijel v. North Coast Life Ins. Co.*,
    651 F.2d 671 (9th Cir. 1981) ..............................................................2, 3, 4, 10

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ..........................................................................14

*Skidmore v. Led Zeppelin*,
    952 F.3d 1051 (9th Cir. 2020) ..........................................................................8

*Sollberger v. Wachovia Sec., LLC*,
    No. 09-cv-00766-AGA-Nx, 2010 WL 2674456 (C.D. Cal. June 30,
    2010) ..........................................................................................................17, 20

*VHT, Inc. v. Zillow Grp., Inc.*,
    918 F.3d 723 (9th Cir. 2019) ..........................................................................14

*White v. Anywhere Real Est. Inc.*,
    No. 22-cv-4557-GW-MAAx, 2023 WL 9419133 (C.D. Cal. May 30,
    2023) ..........................................................................................................2, 13

**Other Authorities**

5 Fed. Prac. & Proc. Civ. § 1217 (4th ed.) ................................................................2

Fed. R. Civ. P. Rule 8 ....................................................................................*passim*

Fed. R. Civ. P. Rule 11 .............................................................................16, 21

Fed. R. Civ. P. Rule 12(b)(6).................................................................1, 13, 15

Fed. R. Civ. P. Rule 41(b).............................................................................3, 17

# I.    INTRODUCTION

Alcon failed to heed the Court's Rule 8 admonishments and has again filed a pleading that is prolix, confusing, and prejudicial to WBDI.

Defendants previously moved to dismiss Alcon's First Amended Complaint under Rule 8 (and Rule 12(b)(6)), because it was not a concise statement of Alcon's claims, and its length, repetition, and needless detail created an undue burden on the Court and prejudiced Defendants.  In the final footnote of its tentative ruling granting the majority of Defendants' 12(b)(6) motions, the Court "found the Defendants' Rule 8 criticisms very persuasive," and directed Alcon "to take those criticisms *very* seriously" "if there was ever to be any future pleading in this case."  Dkt. 61 ("Tentative Ruling") at 35 n.28.  At the hearing, Alcon's counsel acknowledged the Court's directive, indicating that he would like to amend at least "because" of the Court's "final footnote." 2025-04-07 Hr'g Tr. at 31:5-6.  In allowing Alcon to amend its pleading again, the Court reiterated its Rule 8 concern, instructing Alcon's counsel to "read the tentative with care when you decide what you want to amend." *Id.* at 32:19-24.  Alcon did not do that.

Alcon's Second Amended Complaint retains much of the verbose ramblings of unnecessary information, confusing allegations, and speculative theories, almost entirely alleged on information and belief, that plagued the First Amended Complaint, while introducing additional irrelevant details, alternative and irrelevant "facts" nested within alternative theories, and "novel" legal theories that even Alcon admits are not supported by existing law.  Alcon's superfluous, complex, and often contradictory narratives presented under multiple alternative theories are not only confusing and excessive, they also make it impossible to discern Alcon's third set of claims against Defendants or the basis for its requested relief.

Notably, this is not the first case in which Alcon has faced a motion to dismiss for a Rule 8 violation.  In *Alcon Entertainment, LLC v. Automobiles Peugeot SA—*

which involved another dispute related to BR2049—the court dismissed Alcon's complaint under Rule 8 because "[t]he length, repetition, and needless detail…create[d] an undue burden on the Court and Defendants, and risk[ed] prejudice to the parties." No. 19-cv-00245-CJC-AFMx, 2020 WL 8365240, at *3 (C.D. Cal. Feb. 26, 2020). It is the same here except, in this case, Alcon has already been warned of its Rule 8 violation and failed to fix the allegations that Defendants previously noted were "needlessly repetitive and lengthy" and "confusing, [and] rambling." Dkt. 48-1 at 25-26 (citing Dkt. 37, "FAC" ¶¶ 40-51, 53-68, 71, among others). Alcon has filed a new pleading that is even more improper and prejudicial.

Defendants cannot reasonably respond to the operative pleading and therefore request that the Court dismiss the Second Amended Complaint with prejudice for failure to comply with Rule 8.

## II.  LEGAL STANDARD

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) requires that "[e]ach allegation…be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Together, "Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Fed. Prac. & Proc. Civ. § 1217 (4th ed.). "The policy behind Rule 8's pleading requirement is to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *White v. Anywhere Real Est. Inc.*, No. 22-cv-4557-GW-MAAx, 2023 WL 9419133, at *3 (C.D. Cal. May 30, 2023) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993)).

Courts dismiss complaints that violate Rule 8. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (collecting cases). "Such dismissals may be based on the length, content, and organization of the complaint." *White*, 2023 WL 9419133, at *3. For example, dismissal is appropriate under Rule 8 when, as here, a

complaint is "argumentative, prolix, replete with redundancy" and "seems designed to provide quotations for newspaper stories" "[r]ather than set out the basis for a lawsuit." *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal with prejudice); *see also Nevijel*, 651 F.2d at 674 (affirming Rule 8 dismissal with prejudice of "verbose, confusing and conclusory" complaint); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (holding that district court's Rule 8 dismissal was not an abuse of discretion where complaints that exceeded 70 pages in length including attachments "were confusing and conclusory and not in compliance with Rule 8").

Dismissal for failure to comply with Rule 8 may be with leave to amend or with prejudice under Rule 41(b). *Peugeot*, 2020 WL 8365240, at *2 (citing *Nevijel*, 651 F.2d at 673). Courts, in fact, routinely dismiss complaints with prejudice under Rule 41(b) for violating Rule 8. *See* Fed. R. Civ. P. 41(b) (allowing dismissal "[i]f the plaintiff fails to…comply with [the Federal Rules of Civil Procedure] or a court order"); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (collecting Ninth Circuit cases affirming dismissal with prejudice for violating Rule 8); *Nevijel*, 651 F.2d at 674-75 (affirming dismissal with prejudice for failure to comply with Rule 8, and in so doing, considering plaintiff's counsel's history of non-compliance with Federal Rules of Civil Procedure).

## III.    ARGUMENT

Alcon's Second Amended Complaint (Dkt. 70, "SAC") again "fails to perform the essential functions of a complaint" and should therefore be dismissed with prejudice under Rules 8 and 41(b). *McHenry*, 84 F.3d at 1180. It is "written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs…." *Id.* As a result, it unduly burdens the Court and WBDI, and prejudices WBDI.

### A. The SAC Is Needlessly Repetitive and Lengthy with Pages of Unnecessary Background and Irrelevant Details

Like in *Peugeot*, Alcon's pleading violates Rule 8 because it is repetitive and lengthy, with pages of unnecessary background and irrelevant details, largely alleged on information and belief. It is comprised of 257 paragraphs (some spanning half a page or more, not counting sub-paragraphs or lengthy footnotes) spread over 95 pages and contains an additional 12 pages of appendices and 80 pages of exhibits.[1] In total, the SAC is close to ***200 pages***. *See Peugeot*, 2020 WL 8365240, at *1 (noting that Alcon's complaint comprised "159 pages…and an additional 72 pages of exhibits"); *see also Hatch*, 758 F.2d at 415 (affirming Rule 8 dismissal of complaint that "exceeded 70 pages in length"); *Nevijel*, 651 F.2d at 674 (affirming Rule 8 dismissal with prejudice of "verbose" complaint that was "23 pages long with 24 pages of addenda"). This amounts to more than 18 pages for every second the allegedly infringing image was flashed on screen during the keynote address.

The allegations in the SAC consist of pages of detailed descriptions of the 1982 film "Blade Runner," which is not even alleged to be infringed and thus is entirely irrelevant. *E.g.*, SAC ¶¶ 114, 116-118, 126-127; Dkt. 70-1 ("Appx. 1"); *see Peugeot*, 2020 WL 8365240, at *3 (describing Alcon's pleading as "needlessly repetitive and lengthy, with pages of unnecessary background and irrelevant details," including for example, "the cinematic importance of the original *Blade Runner* film and the logistics of *BR 2049*'s production").

The SAC also is bloated with opinions and details that have no apparent connection to Alcon's claims for relief, many of which are argumentative. This also is improper. *Peugeot*, 2020 WL 8365240, at *3 (describing Alcon's pleading as "verbose and argumentative"). In one paragraph, Alcon opines on "[t]he art of

---

[1] This is a significant expansion from Alcon's original complaint (39 pages plus 8 pages of exhibits, Dkt. 1) and the FAC (64 pages plus 14 pages of exhibits, Dkt. 37).

MPA ISO WBDI'S MOTION TO DISMISS SAC
Case No. 2:24-cv-09033-GW-RAO

advertising." SAC ¶ 121; *see Peugeot*, 2020 WL 8365240, at *3 (describing parts of the FAC that "read like a magazine article"). Other paragraphs consist of irrelevant descriptions of so-called "Relevant Non-Parties." SAC ¶¶ 11-16; *see also id.* ¶ 69 (journalists). And Alcon includes irrelevant argument that WBDI and nonparty Warner Bros. Pictures "know" that Alcon cares about marketing and affiliations and descriptions of what Alcon says they "clearly should have" done and of "clip licensing" and related accounting practices. *Id.* ¶¶ 45, 55-58, 59-68. These allegations appear alleged for the purpose of admonishment as they are not relevant to any claim against WBDI. Also confounding are the paragraphs that unnecessarily recount communications among Defendants and non-parties including Sony ("SPE") down to the exact minute. *Id.* ¶¶ 79-87. These allegations are more likely included in the SAC to publicly admonish WBDI (and perhaps SPE), rather than concisely state the bases for Alcon's claims. Notably, Alcon alleges that SPE "had no involvement in the Event or the issues herein…" (*id.* ¶ 16), yet still discusses SPE across 20 paragraphs.[2] SAC ¶¶ 16, 64 n.14, 74-88, 91, 101, 132. Alcon's long-winded accounts appear "designed to provide quotations for newspaper stories" "[r]ather than set out the basis for a lawsuit" and are therefore improper under Rule 8. *McHenry*, 84 F.3d at 1178.

As to Alcon's new appendices, they are lengthy "story overviews" of "Blade Runner" and BR2049 that contain allegations that Alcon previously alleged in the FAC. Dkts. 70-1 ("Appx. 1"), 70-2 ("Appx. 2"); SAC ¶¶ 130, 136; *compare* FAC ¶¶ 53-56, *with* Appx. 1; *compare* FAC ¶¶ 57-68, 71, *with* Appx. 2. Appendix 2 contains Alcon's recounting of the "protected elements" on which its causes of action are

---

[2] Alcon's addition that "SPE was properly protective of Alcon's rights" (SAC ¶ 16) suggests Alcon included SPE as a foil to WBDI. On the other hand, in the allegations regarding the pre-event communications, Alcon criticizes SPE for its "incomplete communication to Tesla" alongside criticisms of WBDI's communications to Tesla. *Id.* ¶¶ 86-87.

MPA ISO WBDI'S MOTION TO DISMISS SAC
Case No. 2:24-cv-09033-GW-RAO

based.  Appx. 2 ¶ 13(a)-(f).  Despite having moved these allegations out of its pleading, Alcon repeatedly relies on the appendices in its SAC, including the "list of claimed protected elements" in Appendix 2 to plead its direct copyright infringement claim.  SAC ¶¶ 130, 134-136, 191(d)-(e).  Alcon's appendices are a poor attempt to avoid adding more pages to its already voluminous complaint.  They only further burden the Court and Defendants by forcing them to cross-reference multiple documents to try to obtain the full scope of the allegations.  They also leave WBDI questioning how to reply to them, as they are not pleaded allegations in the SAC but are relied upon as if they are.

Further to all of the above, the SAC is confusing, with substantive allegations—including wholly contradictory "theories" of liability—presented in a rambling and incoherent manner.  *Infra* § III.B.1.b at n.4 (discussing examples of the SAC's confusing internal references), § III.C (discussing examples of Alcon's alternative factual theories).  This, too, is a Rule 8 violation.  *Peugeot*, 2020 WL 8365240, at *3 (describing Alcon's alternative theories as "confusing" and noting that they left "[t]he Court and Defendants…to speculate how these pairings fit together and how Alcon's alternative theories of liability fit its nine causes of action").

## B.    Alcon's Incoherent Legal Theories Prevent WBDI from Understanding and Meaningfully Responding to Alcon's Third Set of Allegations

Alcon's legal theories are incoherent in part because they are full of argument, speeches, theories, "what ifs,"[3] and attempts to negate possible defenses.  As another court in this Circuit has advised while dismissing a complaint for failure to comply with Rule 8, "Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence,

---

[3] For example, Paragraph 93 alleges that "[i]f this is what happened….it potentially left…a misimpression."  SAC ¶ 93.  This is not a factual allegation; it is theorizing.

MPA ISO WBDI'S MOTION TO DISMISS SAC
Case No. 2:24-cv-09033-GW-RAO

attempts to negate possible defenses, summaries, and the like." *Clayburn v. Schirmer*, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3 (E.D. Cal. Feb. 28, 2008) (citing *McHenry*, 84 F.3d at 1180); *see also id.* at *4 ("The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes." (citing *McHenry*, 84 F.3d at 1177)).  The SAC cannot be read in minutes.  The level of detail, alternative theories, and rambling and circuitous drafting make it so confusing that it is impossible for Defendants to fully understand and meaningfully respond to Alcon's third attempt at pleading this case.

### 1.  Alcon's Direct Copyright Infringement Theories Are Incomprehensible and Should Be Dismissed

In an attempt to preempt possible defenses or dismissal arguments to its copyright claims, Alcon refers to its previously filed brief in opposition to Musk and Tesla's Motion to Dismiss the FAC and describes numerous legal theories it purportedly satisfies.  This is improper at least because those are legal arguments and not allegations that Defendants can admit or deny in a responsive pleading.  *See Morris v. California State Prison, Los Angeles Cnty.*, No. 24-cv-04036-RGK(E), 2024 WL 3362852, at *3 (C.D. Cal. July 9, 2024) (dismissing under Rule 8 complaint that "improperly contain[ed] numerous case citations and legal arguments"); *see also id.* at *1 (collecting cases noting that it is not appropriate for a complaint to contain legal argument, case citations, or refutation of anticipated arguments).  In addition, anticipating that its claims do not survive under existing copyright law, Alcon advances what it terms "novel" legal theories.  When the claims for relief in the SAC are read with Alcon's new argumentative allegations, Alcon's legal theories are incoherent, and the scope of its claims is impossible to decipher.

### a) Alcon's Direct Copyright Infringement Claim Is Based on "Novel" Theories that Are Not Law

Alcon's theories of direct infringement, a key element of which is substantial similarity, are incomprehensible.  The SAC states:

> Alcon alleges and contends that where substantial similarity analysis is required, Defendants' acts of infringement above as to the character K are subject to the "story being told," distinct delineation, and/or bodily appropriation tests applicable to characters, and that the character K satisfies them. Alcon also stands by and advances its derivative work reference leveraging theory articulated in Alcon's Memorandum of Points and Authorities in Opposition to Musk and Tesla's Motion to Dismiss Plaintiff's First Amended Complaint. Alcon believes that theory is within the parameters of existing copyright case law, but to the extent it is not, Alcon advances it as a novel theory. Alcon also advances the theory that Musk and Tesla's intentions to infringe must be taken into account in favor of substantial similarity findings and analysis. Alcon also believes that is within the parameters of existing case law, but to the extent it is not, Alcon advances it as a novel theory.

SAC ¶ 194.  This paragraph is confusing and inappropriate.  First, Alcon's "novel" "derivative work reference leveraging theory," which does not exist in copyright law, is asserted in a legal memo outside of the four corners of the SAC; Plaintiff now "stands by and advances" this theory despite not alleging the full scope of that theory in the SAC.  Second, Alcon's "novel theory" that Musk and Tesla's intentions should be considered in analyzing substantial similarity (particularly in an infringement claim against WBDI) is nonsensical.  The Ninth Circuit's test for substantial similarity is based on the parties' works, not the defendant's intent.  *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020).   It is also well established that copyright infringement is a strict liability claim.  *Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996).  WBDI struggles to see how Alcon's theorizing fits into its claims,

constitutes an allegation of copyright infringement, or even how WBDI is to respond to it.  Like the *Peugeot* Defendants, WBDI is "left to speculate" about these confusing theories.  2020 WL 8365240, at *3.  Further, as this Court stated with respect to Alcon's argument that a "different statutory treatment" applies to motion pictures than to photographs, Alcon's positions on what the law *should* be are not appropriate. Tentative Ruling at 7 n.10 ("[T]he Court is not entirely sure of the purpose of this thread in the FAC; if it is part of an effort to persuade that motion picture still images *should be* treated differently under the Copyright Act, the best audience for that contention is located in Washington, D.C., not this courtroom.").

### b)    Alcon's Allegations of WBDI's Volitional Conduct Are Confusing at Best

WBDI cannot reasonably understand or respond to Alcon's claim that "WBDI engaged in volitional conduct."  SAC ¶¶ 191-193.  Alcon alleges that WBDI is liable for direct infringement because "WBDI was actively involved ***and either*** exercised control ***and/or*** instigated copying, storage **or** distribution" of BR0249 and generally "failed to actively police Musk and Tesla."  *Id.* ¶ 193 (emphasis added).  This is confusing for multiple reasons.

First, Alcon alleges legal conclusions concerning the meaning of the volitional conduct requirement that purportedly apply "***at least*** in the context of online servers and ***similar situations***."  *Id.* ¶ 192 (emphasis added).  This open-ended legal argument appears to rely on the notion that WBDI is a direct infringer because the violation of Alcon's public display rights "was conducted on, and transmitted over, WBDI-owned or WBDI-controlled property, infrastructure and systems."  *Id.* ¶ 191.  But as the Court previously held, this allegation merely alleges Warner is a passive supplier of equipment and/or means, which is insufficient volitional conduct.  Tentative Ruling at 19.

In a failed attempt to circumvent this holding, Alcon cites back to **80 different paragraphs** including no less than three different "alternative theories" (some with additional nested theories)—"WBDI Action on Alcon Event Directions to WBDI Theory 1," "WBDI Contractual IP Policing Rights Alternative Theory 1" (which includes two alternative sub-theories), and "WBDI Actual Policing of Musk and Tesla During the Event Theory 1" (which includes sub-theory 1.1) to argue that WBDI was more than passive.  SAC ¶¶ 192-193.  Not only was this argument previously rejected (Tentative Ruling at 18-19; finding theories that "actively helping Musk and Tesla to use BR2049" or "failing to take meaningful action to stop them" does not constitute volitional conduct),[4] the allegations are so irrelevant, confusing, and contradictory that the actual basis for the claim is incomprehensible.  *See, e.g.*, *Hann v. Int'l Bhd. of Magicians IBM*, No. EDCV 22-866-JGB-SHKx, 2023 WL 5504963, at *6 (C.D. Cal. May 19, 2023) (dismissing with prejudice complaint that violated Rule 8 because it grouped "inconsistent legal theories within a single cause of action," "making it impossible for Defendants to actually understand" the allegations and depriving them of fair notice of the claims against them).  To the extent the basis for Alcon's second

---

[4] Similarly, Alcon added new conclusory allegations concerning WBDI's right to supervise despite the Court's warning that Alcon's proposed amendments sounded conclusory.  *See* 2025-04-07 Hr'g Tr. at 3:19-4:6, 4:19-24, 5:23-6:3 (Alcon's counsel stating, "I think I'm pleading the best facts that I have at this time" but suggesting Alcon could plead that WBDI was "clearing with directional ability…" based on "West World" and the "Warner Brothers water tower" appearing briefly in the "We, Robot" recording); *id.* at 5:9-10 (the Court telling Alcon, "[t]he word that springs to mind is conclusory"); SAC ¶¶ 158, 182-183 (allegations about the use of content from "Westworld" and "Mad Max" and the appearance of the Warner Bros. Pictures' trademarked water tower for less than a second, which purportedly inform Alcon's allegations on information and belief that WBDI had "actual IP policing abilities").  All of these allegations are conclusory and warrant dismissal.  *Hatch*, 758 F.2d at 415 (affirming Rule 8 dismissal of complaint that was "confusing and conclusory"); *Nevijel*, 651 F.2d at 674 (affirming Rule 8 dismissal with prejudice of "verbose, confusing and conclusory" complaint).

10

amended direct infringement claim truly differs from its first, WBDI does not understand it.

Further, Alcon's multiple references to negligence have no place in a claim for direct copyright infringement—a strict liability claim. *Dielsi*, 916 F. Supp. at 992; SAC ¶ 193 (alleging WBDI "engaged in a combination of intentional or negligent representations combined with silence (failure to make corrective speech)…" and that WBDI's alleged "negligent failure [to] actively police Musk and Tesla…contributes to the conclusion that a finding of sufficient active involvement to warrant a proximate cause finding of [sic] volitional conduct exist"). Additionally, Alcon's reference to "corrective speech" in this paragraph is bizarre, argumentative, and irrelevant because it has no relation to copyright.[5] Alcon alleges this "corrective speech" theory again to support the vicarious and contributory copyright infringement claims. SAC ¶¶ 211, 231. While it is possible for factual allegations to support more than one claim, these three claims have distinct elements and Alcon makes no effort to show how the nearly identical allegations fit into each.[6] This throw-everything-at-the-wall-and-see-what-sticks approach is improper under Rule 8, which requires Alcon to give fair notice of what its claim is ***and the grounds upon which it rests***. This confusing manner of

---

[5] WBDI's counsel is not aware of any case law concerning direct copyright infringement that discusses "corrective speech." "Corrective speech" sounds similar to the corrective advertising remedy for false advertising under the Lanham Act, but even if this were Alcon's intention, it would be irrelevant as there is no Lanham Act claim asserted against WBDI.

[6] The internal references to Paragraphs 32-36 in Paragraphs 193, 211, and 231 further obscure the bases for Alcon's claims against WBDI. Alcon directs the reader back to Paragraphs 32-36 to support its allegation that "WBDI held itself out to Musk and Tesla as having rights that WBDI does not have," but those paragraphs do not discuss WBDI at all. Rather, they pertain to Musk, his prior girlfriend, and a prior and irrelevant event involving Tesla's "Cybertruck"—which is different than the "Cybercab" shown at the "We, Robot" event. None of this is relevant.

MPA ISO WBDI'S MOTION TO DISMISS SAC
Case No. 2:24-cv-09033-GW-RAO

pleading suggests that Alcon itself does not know where this theory fits best and has left it to the reader to decide.  That burden should not fall to WBDI or the Court.

### 2. Alcon's Vicarious Liability Theories Are Incomprehensible and Should Be Dismissed

Alcon's claim for vicarious infringement is similarly confusing and fails to satisfy Rule 8 pleading standards.  Alcon alleges, "[i]f Defendants WBDI, Tesla and Musk are not each liable as direct infringers of BR2049, they are secondarily liable for the [direct infringement by]…other infringers presently unknown."  SAC ¶ 207. With respect to WBDI, Alcon alleges a string of conclusory and incomprehensible allegations, the latter of which include: "[t]hey were also notice actively to exercise their supervisorial rights and powers;" "WBDI obtained a qualifying level of direct financial benefit;" and, with respect to the purported "clip licensing plan," despite that the plan "was not ultimately consummated, it went far enough that it ***should*** be treated as satisfying the draw…."  *Id.* ¶¶ 209-211 (emphasis added).  Not only are these statements verbose and confusing, but they are also improper legal argument.  In addition, Alcon alleges:

> Alcon contends that the Ninth Circuit case law on the directness of the tie required between the financial benefit and the infringement is strict enough that it is possible that even the above facts would not be found close enough. To the extent that is the case, Alcon contends and advances that the relationship here between WBDI and Musk and Tesla is close enough to cases like *Fonovisa v. Cherry Auction, Inc.*, 76 F.3d 259 (1996), and the underlying fundamental situations and reasons that led to the vicarious infringement doctrine in the first place, that vicarious liability should be imposed on WBDI, even if that might require a relaxation of some Ninth Circuit law on the strictness of the link required between infringement and direct financial benefit.

*Id.* ¶ 212.  This is confusing and inadequate for multiple reasons.  It is unclear what the first sentence means and what exactly Alcon contends, other than to argue its interpretation of Ninth Circuit law and to query whether the facts it has alleged are "not…close enough" for liability under the law.  This is improper legal argument that also concedes a failure to state a claim.  Hence, Alcon points to a different theory based on *Fonovisa*, but it is unclear how *Fonovisa* is relevant because Alcon does not allege an equivalent to the swap meet-operator who "retain[ed] the right to exclude any vendor for any reason, at any time, and thus [could] exclude vendors for patent and trademark infringement."  Tentative Ruling at 26 (quoting *Fonovisa*, 76 F.3d at 261).  If anything, Alcon relies on *Fonovisa* to make a further legal argument that liability "should be imposed…even if" that requires a "relaxation" of the law.  This is improper under Rule 8.  *Morris*, 2024 WL 3362852, at *3 (dismissing under Rule 8 complaint that "improperly contain[ed] numerous case citations and legal arguments").  It is also improper for Alcon to re-assert claims and arguments, that have already been rejected by this Court.  *See* Tentative Ruling at 27 ("Plaintiff appears to fall short with respect to this required element of its vicarious infringement claim against Warner," which "is sufficient for the Court to dismiss this claim against Warner, and such dismissal likely would be without leave to amend.").  Aside from recognizing that Alcon's third attempt at this claim has the same deficiencies as before—which makes dismissal under Rule 12(b)(6) proper—WBDI cannot reasonably respond to or understand Alcon's specious claim for vicarious copyright infringement.  WBDI is in the dark about whether a vicarious copyright claim is truly pled against it; indeed, it appears it is not.  *See White*, 2023 WL 9419133, at *3 (dismissing complaint that was "too 'confusing, distracting, ambiguous, and unintelligible' for Defendants to understand the substance of Plaintiff's claims or prepare a defense").

### 3. Alcon's Contributory Copyright Infringement Theories Are Incomprehensible and Should Be Dismissed

In its Third Claim for Relief, Alcon alleges contributory copyright infringement against all Defendants to the extent they are not each individually liable as direct infringers of BR2049. SAC ¶ 226. But the theory (or theories) Alcon attempts to plead for this claim against WBDI is unclear because Alcon blends together elements of two contributory liability theories with distinct elements and fails to clearly identify which factual allegations it believes are relevant. *Id.* ¶¶ 229-231. Not knowing what to plead, Alcon puts forward theories of material contribution **or** inducement.[7] SAC ¶ 230 (alleging WBDI "**either** materially contributed to **or** induced the infringements" (emphasis added)), ¶ 231 (alleging WBDI "also materially contributed to, induced, **or** encouraged infringement…" (emphasis added)). When reviewing Alcon's allegations for this claim, WBDI is left to wonder which factual allegations relate to which theory or if they are relevant at all. *See id.* ¶ 231 (citing to 43 different paragraphs, referring to irrelevant prior events, contradicting theories, presumptions about Musk's beliefs, a so-called "clip licensing plan," and unrelated IP).

Adding to the confusion are Alcon's allegations of negligence, which are confusing as pled and contradict its theories discussed above. Alcon alleges that WBDI "intentionally or negligently failed" to police Musk and Tesla "when it could, meeting at least a should have known or willful blindness standard of knowledge, even if WBDI did not actually know about Musk's and Tesla's infringement before and at the time of the Event." *Id.* ¶ 229; *see also id.* ¶¶ 58, 231. A theory based on

---

[7] "Contributory liability requires that a party (1) has knowledge of another's infringement and (2) either (a) materially contributes to **or** (b) induces that infringement." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 745 (9th Cir. 2019) (cleaned up) (emphasis added); *see also Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 796 (9th Cir. 2007) (referring to "inducement" and "material contribution" as different theories).

1  negligence is expressed in both "WBDI Action on Alcon Event Directions to WBDI

2  Alternative Theory 1" and its exact opposite "Theory 2." *Id.* ¶¶ 92, 96; *see also id.*

3  ¶¶ 95, 97, 185, 185(a)(vi), 193.  The Ninth Circuit has not held that negligence is

4  sufficient to meet the requirement for "actual knowledge of specific acts of

5  infringement" or "[w]illful blindness of specific facts" to establish contributory

6  infringement.  *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072-73 (9th

7  Cir. 2013); *see Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 832 (9th Cir. 2019)

8  (dictum discussing a "should have known" instruction for the knowledge requirement

9  and acknowledging the knowledge standard in *Luvdarts*).  It therefore appears that

10  Alcon may intend to argue a "novel" theory here too (as it does in its direct

11  infringement claim), although the argument is difficult to decipher, making it nearly

12  impossible for WBDI to determine whether or how to address it in its response.

13      The allegation in Paragraph 229 also appears to disclaim WBDI's actual

14  knowledge of infringement at the time WBDI allegedly induced or contributed to

15  Musk and Tesla's alleged infringement.  This contradicts Alcon's allegations of

16  WBDI's *intentional* failure to police in the same paragraph.  Alleging in the same

17  paragraph that WBDI "knew or should have known," "did not actually know," *and*

18  "definitely knew" is confusing and contradictory.  Moreover, the Ninth Circuit has

19  explained—specifically in the context of an inducement theory—that "[i]f an entity

20  begins providing a service with infringing potential at time *A*, but does not appreciate

21  that potential until later and so does not develop and exhibit the requisite intent to

22  support inducement liability until time *B*, it would not be held liable for the

23  infringement that occurred between time *A* and *B*." *Columbia Pictures Indus., Inc. v.*

24  *Fung*, 710 F.3d 1020, 1038 (9th Cir. 2013) (emphasis original).

25      The above are just a few examples of the arguments that WBDI could lodge

26  against this claim in a Rule 12(b)(6) motion to dismiss.  But because WBDI's

27

28

arguments would vary based on the specific theories alleged, it would be prejudicial to require WBDI to fully brief every possible theory Alcon may believe it has pled.

### C. Alcon's Alternative Theories Prevent WBDI from Understanding and Meaningfully Responding to Alcon's Third Set of Allegations

Alcon has already been subject to a Rule 8(a) dismissal in a case concerning BR2049 that alleged "factual alternatives…spread across dozens of paragraphs with no organization or structure to connect them"—just like those here. *Peugeot*, 2020 WL 8365240, at *3. In *Peugeot*, the court noted that "[a]t certain points, Alcon presents four alternative sets of facts…, at other times only two," which left the court and defendants "to speculate how these pairings fit together and how Alcon's alternative theories of liability fit its nine causes of action." *Id.* Alcon's theories are so numerous and confusing in this case that Alcon even provides a "note" to explain its "presentation conventions" for them. SAC ¶ 25.

When pleading "facts and theories of liability in the alternative, the pleading must set out these alternatives in clear and concise terms." *Peugeot*, 2020 WL 8365240, at *3. Practically speaking, there must be an element of reasonableness to this pleading style. Even if Alcon's alternatives were pled in a less confusing way, conjuring up every possible permutation of a scenario—regardless of how contradictory, far-fetched, or theoretical—to try to avoid dismissal, cannot possibly be based on "information and belief" or satisfy Rule 11.

#### 1. Alcon Fails to Explain How Its Alternative Theories Are Relevant to Its Claims for Relief and Relies on a Shotgun Pleading Style

The SAC includes *at least* six confusing, rambling, contradictory theories—all pled on so-called "information and belief" (SAC ¶ 25)—with little to no relevance to Alcon's claims for relief. The alternative theories include:

- "WBDI Action on Alcon Event Directions to WBDI Theory 1" and its directly contradicting "WBDI Action on Alcon Event Directions to WBDI Theory 2" (*id.* ¶¶ 92-96);[8]

- "WBDI Contractual IP Policing Rights Alternative Theory 1" (which includes the nested alternative theories "Nature and Authenticity of Exhibit 1 Alternative Theory 1" and "Theory 2") and "Theory 2" (SAC ¶¶ 159-178); and

- "WBDI Actual Policing of Musk and Tesla During the Event Theory 1" (which includes the nested "WBDI Actual Policing of Musk and Tesla During the Event Theory 1.1") and "Theory 2" (*id.* ¶¶ 184-186).

Alcon cites some of the paragraphs describing these theories in its claims for relief—in string cites with numerous other paragraphs—making their relevance unclear. *See id.* ¶¶ 193, 211, 231. Alcon does not cite "WBDI Action on Alcon Event Directions to WBDI Theory 2" (*id.* ¶ 96) in **any** claim for relief, so it is even less clear why Alcon alleges this theory at all.

Adding to the confusion, in its claims for relief, Alcon both cites to specific paragraphs to signal that they are relevant (*id.* ¶¶ 193, 209, 211, 231) **and** states that every paragraph of the SAC is relevant to every claim—which cannot be true. *Id.* ¶¶ 187, 205, 224 (stating that "each and every allegation" in the 257-paragraph SAC is "repeat[ed], re-allege[d] and incorporate[d] herein by reference"). Incorporating by reference every paragraph of the SAC into each claim for relief is a form of "shotgun pleading" that deprives Defendants of fair notice of the claims against them, violates Rule 8, and is grounds for dismissal under Rule 41(b). *Sollberger v. Wachovia Sec., LLC*, No. 09-cv-00766-AGA-Nx, 2010 WL 2674456, at *4-5 (C.D.

---

[8] "WBDI Action on Alcon Event Directions to WBDI Theory 2," alleges that "WBDI performed all of the Alcon Event Directions to WBDI" (SAC ¶ 96), and directly contradicts "WBDI Action on Alcon Event Directions to WBDI Theory 1," which alleges that WBDI did "nothing." *Id.* ¶ 92.

17

Cal. June 30, 2010) (dismissing complaint that incorporated by reference 197 paragraphs into each count); *see also Miller v. City of Los Angeles*, No. 13-cv-5148-GW-CWx, 2014 WL 12614470, at *18 (C.D. Cal. May 22, 2014) ("shotgun and quasi-shotgun pleadings are unfair to all involved").

### 2. Alcon's Alternative Theories About WBDI Contracts Are Confusing and Argumentative

Alcon presents two alternative theories that directly contradict each other, i.e., that WBDI had the contractual right to police Musk and Tesla *or* that WBDI failed to secure that contractual right in violation of WBDI's *own* standard practices and policies. SAC ¶ 159. These theories are also convoluted and indecisive.

"WBDI Contractual IP Policing Rights Alternative Theory 1" spans 17 confusing and rambling paragraphs. *Id.* ¶¶ 160-177. To set the stage for it, Alcon includes three paragraphs alleging its own definition of a so-called "Event Contract," demonstrating the complicated nature of these theories. *Id.* ¶¶ 161-163. Making matters worse is Alcon's uncertain descriptions of this "Event Contract" as "whatever…terms existed;" "not necessarily set forth in any one single written contract document;" and not "necessarily reached…at once, but rather…in a kind of progression" that "likely looks something like…" and "can also include…." *Id.* ¶¶ 161-162. Adding to the ambiguity is that these paragraphs include facts pled in the alternative "***if better for Alcon***." *Id.* ¶¶ 161, 163 (emphasis added). Within Theory 1 are two nested alternative theories related to Exhibit 1 to WBDI's motion to dismiss the original complaint (Dkt. 32-1, 35-1), which is a letter agreement and contract between Warner Bros. Special Events and Tesla relating to the October 10, 2024 event. Dkt. 23-2 ¶ 2. "Nature and Authenticity of Exhibit 1 Alternative Theory 1" alleges that this document is a genuine document but only part of the "Event Contract" as defined by Alcon (SAC ¶ 167(a)), and "Nature and Authenticity of Exhibit 1 Alternative Theory 2" alleges with no factual support that it is not genuine. *Id.*

¶ 167(b).    Under the second Exhibit 1 theory, Alcon goes on to argue further alternative facts that "Exhibit 1 *either* is not actually what it appears to be on its face, *or*, even if it is, *or* once was, it was subsequently entirely superseded by other contracting documents, at the level of a novation *or* equivalent, such that it is not any part of the Event Contract." *Id.* ¶ 167(b) (emphasis added).[9]  All of this is improper under Rule 8.  *Peugeot*, 2020 WL 8365240, at *4 ("[T]he Court's primary concern is that the substantive allegations against Defendants—and particularly the alternative facts and theories of liability—are presented in a confusing, rambling manner…").

### 3.    Alcon's Alternative Theories About WBDI's Actions During the Event Are Confusing and Speculative

Alcon presents another two alternative and confusing theories about purported policing at the event.  Under "WBDI Actual Policing of Musk and Tesla During the Event Theory 1," Alcon alleges that WBDI had the actual and practical ability to police Musk's and Tesla's IP law compliance and contractual compliance but either intentionally or negligently failed to do so.  SAC ¶ 185.  Nested within this theory is "WBDI Actual Policing of Musk and Tesla During the Event Theory *1.1*," under which Alcon further alleges "one specific *possibility*" as to what happened under Theory 1.  *Id.* ¶ 185(a) (emphasis added).  Not only is this confusing, but it is also improper, as the law is clear that Rule 8 requires pleading *plausible* allegations—not just *possible* ones.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545-46 (2007).  In addition, "Theory 1.1" is a rambling explanation of SOPs and purported best practices, and a conspiratorial narrative involving "IP shopping," a "mistake," "an emergency situation," and an "emergency fix or patch instruction" that has no relevance to the copyright claims against WBDI.  This is all followed by yet another

---

[9] Alcon also attacks WBDI's integrity, which is a theme that runs throughout Alcon's SAC.  SAC ¶ 175 ("No responsible Hollywood studio…would ever agree to a contract"), ¶ 176 ("WBDI at least sees itself as a responsible Hollywood studio…").

"alternative" theory that is a direct contradiction of the first (SAC ¶ 186), making it impossible to discern the basis for Alcon's requested relief.

In sum, Alcon's alternative theories are anything but "short and plain" or "simple, concise, and direct." Fed. R. Civ. P. 8(a), 8(d). They are "an unclear mass of allegations [that] make it difficult or impossible for [Defendants] to make informed responses to [Alcon's] allegations." *Sollberger*, 2010 WL 2674456, at *4. WBDI should not be required to address every possible permutation in its response to the SAC.

### D. The SAC Unfairly Burdens the Court and Prejudices WBDI

Alcon has placed a great burden on WBDI and the Court with its lengthy, incoherent SAC. Defendants and courts faced with such "[p]rolix, confusing complaints" must "prepare outlines to determine who is being sued for what." *McHenry*, 84 F.3d at 1179. This task is particularly burdensome here because WBDI and the Court must muddle through the SAC's alternative theories and mazelike allegations, which include inaccurate internal references that lead the reader to even more confusion. Plus, by incorporating by reference into each of its claims for relief "each and every allegation set forth in all of the foregoing paragraphs, and in each paragraph of this SAC hereafter" (SAC ¶¶ 187, 205, 224), Alcon "forces [WBDI] to effectively answer" all 257 paragraphs of the SAC for each of the alleged claims. *Epsteen v. New York Fin., Inc.*, No. 10-cv-06553-ODW-JEMx, 2011 WL 13217369, at *2 (C.D. Cal. Apr. 18, 2011) (dismissing with prejudice complaint that violated Rule 8); *Sollberger*, 2010 WL 2674456, at *4-5 (dismissing shotgun pleading). On top of that, Alcon repeatedly acknowledges that its allegations or theories in every one of its claims for relief may be "inconsistent with other allegations or theories pled in this SAC." SAC ¶¶ 188, 206, 225. Its "catchall" attempt to remedy this issue is to state that any inconsistent allegations or theories are "pled in the alternative." *Id.* This is unfair, because the result is that WBDI does not know what Alcon's true

theories are.  And, as discussed above, it pleads its alternative facts and theories in such a convoluted and contradictory way that WBDI cannot fairly respond to them.

"Defendants are…put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected." *McHenry*, 84 F.3d at 1180.  This is exactly the burden and prejudice WBDI will suffer if required to respond to the SAC, not to mention its appendices which should not include their owns sets of allegations but do.  Further adding to the burden, if WBDI is required to answer the SAC, Rule 11 will require that it investigate each of Alcon's factual contentions before denying them.  *See* Fed. R. Civ. P. 11(b)(4).

## IV.    CONCLUSION

The SAC deprives WBDI of the fair notice that Rule 8's "short and plain" pleading standard is designed to provide.  As the Ninth Circuit has noted, "the rights of the defendants to be free from costly and harassing litigation must be considered" when deciding whether to dismiss under Rule 8.  *McHenry*, 84 F.3d at 1180 (quoting *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971)).  The Court already advised Plaintiff that any amended pleading must adhere to Rule 8, but the SAC is even longer and more convoluted than the FAC was. For all of the foregoing reasons, the Court should dismiss the SAC in its entirety with prejudice.

Dated:  July 30, 2025                                  FISH & RICHARDSON P.C.


                                              By: */s/ Kristen McCallion*
                                                   Christopher S. Marchese (SBN 170239)
                                                   marchese@fr.com
                                                   FISH & RICHARDSON P.C.
                                                   4695 MacArthur Court, Suite 1100
                                                   Newport Beach, CA 92660
                                                   Tel: (213) 533-4240
                                                   Fax: (858) 678-5099

                                                   John S. Goetz (*pro hac vice*)
                                                   goetz@fr.com
                                                   Kristen McCallion (*pro hac vice*)
                                                   mccallion@fr.com
                                                   Vivian Cheng (*pro hac vice*)
                                                   cheng@fr.com
                                                   FISH & RICHARDSON P.C.
                                                   7 Times Square, 20th Floor
                                                   New York, NY 10036
                                                   Tel: (212) 765-5070
                                                   Fax: (212) 258-2291

                                                   Matt Colvin (*pro hac vice*)
                                                   colvin@fr.com
                                                   FISH & RICHARDSON P.C.
                                                   1717 Main Street, Suite 5000
                                                   Dallas, TX 75201
                                                   Tel: (214) 747-5070
                                                   Fax: (214) 747-2091

                                                   Kayleigh E. McGlynn (*pro hac vice*)
                                                   mcglynn@fr.com
                                                   FISH & RICHARDSON P.C.
                                                   One Marina Park Drive, Suite 1700
                                                   Boston, MA 02210
                                                   Tel: (617) 542-5070
                                                   Fax: (617) 542-8906

                                              Attorneys for Defendant
                                              Warner Bros. Discovery, Inc.

### <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Warner Bros. Discovery, Inc., certifies that this brief contains 6,813 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Kristen McCallion*
Kristen McCallion