1  Christopher S. Marchese (SBN 170239)
2  marchese@fr.com
   FISH & RICHARDSON P.C.
3  4695 MacArthur Court, Suite 1100
   Newport Beach, CA 92660
4  Tel: (213) 533-4240 / Fax: (858) 678-5099

5  John S. Goetz (*pro hac vice*)
6  goetz@fr.com
   Kristen McCallion (*pro hac vice*)
7  mccallion@fr.com
   Vivian Cheng (*pro hac vice*)
8  cheng@fr.com
   FISH & RICHARDSON P.C.
9  7 Times Square, 20th Floor
   New York, NY 10036
10 Tel: (212) 765-5070 / Fax: (212) 258-2291

11 *Additional counsel listed on signature page*
12
13 Attorneys for Defendants
   Tesla, Inc., Elon Musk, and Warner Bros.
14 Discovery, Inc.

15        **IN THE UNITED STATES DISTRICT COURT**
16
       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
17

18 ALCON ENTERTAINMENT, LLC,          Case No. 2:24-cv-09033-GW-RAO
   a Delaware Limited Liability Company,
19                                      **DEFENDANTS TESLA, INC., ELON**
                                        **MUSK, AND WARNER BROS.**
20              Plaintiff,              **DISCOVERY, INC.'S REPLY IN**
                                        **SUPPORT OF THEIR MOTIONS TO**
21      v.                              **DISMISS SECOND AMENDED**
                                        **COMPLAINT**
22
   TESLA, INC., a Texas Corporation;
23 ELON MUSK, an individual;           Hearing Date: September 11, 2025
   WARNER BROS. DISCOVERY, INC.,       Hearing Time: 8:30 a.m.
24 a Delaware Corporation,             Courtroom: 9D
                                        Judge: Hon. George H. Wu
25
              Defendants.
26

27

28

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   ARGUMENT ............................................................................................. 2

    A.    Dismissal with Prejudice Is Warranted Under Rules 8 and 41(b) .......... 2

    B.    The SAC Is Not Only Excessively Long, It Fails to Give Defendants
        Fair Notice of Alcon's Claims in Violation of Rule 8 ........................... 5

    C.    Alcon Ignores Specific Rule 8 Violations Defendants Raised .............. 7

        1.    Confusing Allegations and Incomprehensible Legal Theories .... 7

        2.    Inaccurate Internal References ..................................................... 10

        3.    Alternative and Inconsistent Factual Theories .......................... 10

    D.    Alcon's Attempts to Deflect Blame Are Not Well-Taken .................... 12

    E.    Alternatively, the Court Can Dismiss Certain Claims Under Rule
        12(b)(6) .............................................................................................. 13

        1.    The Direct Copyright Infringement Claim Against WBDI ........ 14

        2.    The Vicarious Copyright Infringement Claim Against All
             Defendants ................................................................................... 16

        3.    The Lanham Act Claim ................................................................ 17

    F.    If An Additional Pleading Is Allowed, Guardrails Are Necessary ....... 18

III.  CONCLUSION .......................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
    239 F.3d 1004 (9th Cir. 2001) ...................................................................9

*Alcon Ent., LLC v. Automobiles Peugeot SA*,
    No. 2:19-cv-00245-CJC-AFMx, 2020 WL 8365240 (C.D. Cal. Feb.
    26, 2020) .....................................................................................................4

*Burke v. Dowling*,
    944 F. Supp. 1036 (E.D.N.Y. 1995) ..........................................................6

*Cafasso U.S. ex rel. v. General Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ...................................................................2

*Coleman v. Standard Life Ins. Co.*,
    288 F. Supp. 2d 1116 (E.D. Cal. 2003) ...................................................11

*Dr. Seuss Enterprises, L.P. v. ComicMix LLC*,
    983 F.3d 443 (9th Cir. 2020) ...................................................................18

*Election Integrity Project California, Inc. v. Weber*,
    113 F.4th 1072 (9th Cir. 2024) ...........................................................14, 15

*U.S. ex rel. Garst v. Lockheed-Martin Corp.*,
    328 F.3d 374 (7th Cir. 2003) .....................................................................6

*Hearns v. San Bernardino Police Department*,
    530 F.3d 1124 (9th Cir. 2008) ...................................................................6

*Knapp v. Hogan*,
    738 F.3d 1106 (9th Cir. 2013) ...................................................................2

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) .....................................................................5

*Molsbergen v. U.S.*,
    757 F.2d 1016 (9th Cir. 1985) .................................................................11

*Morris v. California State Prison, Los Angeles Cnty.*,
    No. 2:24-cv-04036-RGK(E), 2024 WL 3362852 (C.D. Cal. July 9,
    2024) .........................................................................................................18

*Naranjo v. Bank of Am.*,
  No. 5:23-cv-00546-KK-ASX, 2024 WL 1651914 (C.D. Cal. Feb.
  23, 2024) ....................................................................................................... 14

*Nevijel v. North Coast Life Ins. Co.*,
  651 F.2d 671 (9th Cir. 1981) ............................................................................. 6

*In re Oldapco, Inc.*,
  622 B.R. 140 (Bankr. D. Del. 2020) ................................................................... 6

*Olfati v. City of Sacramento*,
  No. 2:21-cv-00606-WBS-CKD, 2021 WL 5204300 (E.D. Cal. Nov.
  9, 2021) ....................................................................................................... 18

*Omar v. Sea-Land Serv., Inc.*,
  813 F.2d 986 (9th Cir. 1987) ........................................................................... 14

*Robinson v. Binello*,
  771 F. Supp. 3d 1114 (N.D. Cal. 2025) ..................................................... 16, 17

*Rogers v. Grimaldi*,
  875 F.2d 994 (2d Cir. 1989) ..................................................................10, 17, 18

*Rosales v. United States Dep't of Interior*,
  No. 2:20-cv-00521-KJM-KJN, 2022 WL 2052639 (E.D. Cal. June
  7, 2022) ......................................................................................................... 3

*Sarmiento v. Marquez*,
  No. 21-cv-06712-PJH, 2022 WL 2918906 (N.D. Cal. July 25, 2022) ............. 4, 5

*Sarmiento v. Marquez*,
  No. 4:21-cv-06712-PJH, 2022 WL 16856103 (N.D. Cal. Nov. 10,
  2022) ............................................................................................................. 4

*Travelers Cas. Ins. Co. of Am. v. Geragos and Geragos*,
  495 F. Supp. 3d 848 (C.D. Cal. 2020) ............................................................... 7

*White v. Anywhere Real Est. Inc.*,
  No. 2:22-cv-04557-GW-MAAx, 2023 WL 9065954 (C.D. Cal. Nov.
  9, 2023) ....................................................................................................... 14

*Whitsitt v. Industrial Empl. Dist. Ass'n*,
  No. 4:13-cv-00396-SBA, 2014 WL 3615352 (N.D. Cal. July 22,
  2014) ............................................................................................................. 5

*Wynder v. McMahon,*
    360 F.3d 73 (2d Cir. 2004) ................................................................. 6

*Yuga Labs, Inc. v. Ripps,*
    144 F.4th 1137 (9th Cir. June 23, 2025).................................... 17, 18

**Other Authorities**

Fed. R. Civ. P. Rule 8 ...........................................................*passim*

Fed. R. Civ. P. Rule 11 .................................................................. 3, 5

Fed. R. Civ. P. Rule 12 .........................................................*passim*

Fed. R. Civ. P. Rule 41(b)................................................................ 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Defendants are not seeking "perfection," as Alcon suggests.  Dkt. 75 ("Opp.") 9:17, 9:20.[1]    Nor do Defendants move to dismiss "just because the [SAC] is excessively long." *Id.* 5:4-5.  Defendants have been seeking fair notice of Plaintiff's claims and their supporting facts since Alcon filed its first complaint.  The SAC, far worse than the two complaints before it, is so convoluted and confusing that it continues to be impossible to discern the basis and scope of Alcon's claims.

Alcon attempts to defend the SAC's complexity and justify its lengthy and contradictory allegations with yet another prolix brief and superfluous attachments, with little to no attempt to address many of the specific Rule 8 issues Defendants identified or justify the significant burdens the SAC places on Defendants and the Court.  Defendants believe that a dismissal of Alcon's claims with prejudice is warranted under the circumstances and the law.

Because Alcon never cured—and concedes it cannot cure—the fatal deficiencies noted in the Court's Tentative Ruling on Alcon's direct copyright infringement claim against WBDI, vicarious copyright infringement claim against all Defendants, and Lanham Act claim against all Defendants, should the Court not dismiss the SAC in its entirety with prejudice, Defendants request the Court dismiss these claims under Rule 12(b)(6), as it tentatively ruled previously.  Indeed, Alcon, itself, invites the Court to conduct a Rule 12 analysis.

Should Alcon be granted *a fourth* attempt to adequately plead its claims, Defendants strongly and respectfully urge the Court to set guardrails on any additional

---

[1] This reply is filed on behalf of all Defendants, even though Defendants Tesla and Musk and Defendant WBDI filed separate motions to dismiss the SAC—Dkt. 73-1 ("Tesla Mot.") and Dkt. 74-1 ("WBDI Mot.") (collectively, "Motions").  Citations to the parties' briefs and the Court's tentative ruling on Defendants' motions to dismiss the FAC (Dkt. 61; "Tentative Ruling") are to the page numbers at the bottom of the pages, not the page numbers assigned by ECF.

1

1  complaint. Although a page limit may not resolve all of Alcon's circuitous arguments
2  and confusing allegations, Defendants submit that it appears to be one mechanism by
3  which Alcon *might* be able to comply with Rule 8, or at least come closer.

4  **II.    ARGUMENT**

5  **A.    Dismissal with Prejudice Is Warranted Under Rules 8 and 41(b)**

6  As the Ninth Circuit has noted, "[c]omplaints that are filed in repeated and
7  knowing violation of Federal Rule 8's pleading requirements are a great drain on the
8  court system, and the reviewing court cannot be expected to fish a gold coin from a
9  bucket of mud." *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) (internal
10 quotation omitted). "Our district courts are busy enough without having to penetrate
11 a tome approaching the magnitude of War and Peace to discern a plaintiff's claims
12 and allegations." *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc*., 637 F.3d
13 1047, 1059 (9th Cir. 2011). Yet, this is precisely what Alcon's SAC demands of both
14 the Court and Defendants—for the *third* time. Under the present circumstances, and
15 in consideration of the briefing on these Motions, Defendants request that the Court
16 dismiss this case with prejudice.

17 Defendants maintain that dismissal with prejudice is appropriate because this
18 is not Alcon's first Rule 8 issue in this case or in its other cases. Tesla Mot. 2:12-18;
19 WBDI Mot. 1:26-2:5; Dkt. 75-2 ("Anderson Decl.") ¶¶ 13, 19-22, 39-40, 49, 73(q).
20 Even in the relatively short history of this case, Alcon and its counsel have shown that
21 they are incapable of drafting short, plain statements free of confusing prose. *See*
22 *generally* SAC; Anderson Decl.[2] And Alcon's Opposition admits (over and over) that
23 the SAC is just another example of Alcon violating the Federal Rules of Civil

---

[2] The Anderson Declaration, which spans 45 pages (not including its four exhibits) and 80 paragraphs (with additional sub-paragraphs), attempts to justify Alcon's amendments to its prior pleadings and explain slight changes Alcon might make to the SAC if given another opportunity to amend (among many other things). This declaration is an improper attempt to skirt the word limit in L.R. 11-6.1.

Procedure in this and other cases.  Opp. 7:18-20 (explaining that alternative theories were pled using "techniques" that previously "worked" in *Alcon v. Peugeot* (No. 19-cv-00245)); Anderson Decl. ¶¶ 13, 19-22, 39 (noting prior allegations "unnecessarily pressing up against the limits of Rule 8"), 40 (suggesting that there were "potentially also other Rule 8 issues in the FAC" beyond those discussed in ¶ 39), 49 (noting prior mistake in Rule 8 notice pleading compliance), 73(q) (explaining counsel's "preferred practice" of "red-flagging" questionable claims under the "teaching of Rule 11").

Alcon's statements that the defendants in *Peugeot* did not challenge the sufficiency of the second amended complaint and its representations that the court approved that complaint's pleading style are inaccurate.  *See* Anderson Decl. ¶ 23 (describing Alcon's interpretation of "an implicit finding by Judge Carney" and hearsay from the *Peugeot* defendants concerning the sufficiency of the second amended complaint).  In fact, Alcon had to meet and confer with the *Peugeot* defendants about the need for greater pleading clarity, Alcon voluntarily agreed to file a *third* amended complaint in that case, and the court granted leave to allow the third amended complaint (i.e., the court found that a further amendment was warranted). *Id.* ¶¶ 27-28.    Counsel's repeated testing-the-system approach fails to comply with Rule 8 and is not in good faith (despite counsel's repeated proclamations to the contrary).

Alcon also does not respond to Defendants' arguments concerning the undue burden the SAC imposes on the Court or the undue prejudice to Defendants.  Tesla Mot. § III.C; WBDI Mot. § III.D.  It ignores these arguments even when the "multiple factors" district courts consider in deciding whether to dismiss a pleading with prejudice (Opp. 15:1-2) include the "public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants." *Rosales v. United States Dep't of Interior*, No. 2:20-cv-00521-KJM-KJN, 2022 WL 2052639, at *2-3 (E.D. Cal. June 7, 2022) (finding, *inter alia*, the

court's need to manage its docket favored dismissal with prejudice because "[c]onfusing complaints unnecessarily burden the courts…"), *aff'd*, No. 22-16196, 2023 WL 5524755 (9th Cir. Aug. 28, 2023). Alcon also does not appear to appreciate the magnitude of these issues. For example, Alcon's suggestion that the Court strike certain paragraphs of the SAC or otherwise excuse Defendants from responding to them (Opp. 14:12-19) fails to acknowledge that its Rule 8 violations infect almost the entire SAC. Striking factual detail would not, for example, resolve any of the issues with respect to Alcon's incoherent legal theories or unclear citations. Even if it were possible, identifying the paragraphs to strike would be ***highly*** burdensome on the Court and Defendants. *See, e.g.*, *Sarmiento v. Marquez*, No. 21-cv-06712-PJH, 2022 WL 2918906, at *4 (N.D. Cal. July 25, 2022) (dismissing FAC for violating Rule 8 rather than striking certain paragraphs, and noting that "the court is under no obligation to clarify…allegations for plaintiffs by striking the surplusage"); *Sarmiento v. Marquez*, No. 4:21-cv-06712-PJH, 2022 WL 16856103, at *4 (N.D. Cal. Nov. 10, 2022) (dismissing with prejudice for not complying with court's instruction and again violating Rule 8); *see also Alcon Ent., LLC v. Automobiles Peugeot SA*, No. 2:19-cv-00245-CJC-AFMx, 2020 WL 8365240, at *1, 4 (C.D. Cal. Feb. 26, 2020) (dismissing FAC for violating Rule 8 rather than striking portions of it).

Alcon also fails to appreciate the significant burden that responding to the SAC would place on Defendants when it argues that Defendants should "make another Rule 12 motion." Opp. 19:18-22. But a fulsome Rule 12 motion would require Defendants to address all possible combinations of Alcon's alternative and inconsistent legal and factual theories. This is essentially impossible when issues as basic as what allegedly protectable elements of BR2049 were purportedly copied (Tesla Mot. 11:25-12:21) and what level of knowledge WBDI is alleged to have for contributory copyright liability (WBDI Mot. 14:17-15:24 (describing inconsistent allegations in a single paragraph)), for example, are still unclear. This is not only

unfair but highly prejudicial. As the Ninth Circuit has noted, prolix and confusing complaints put defendants "at risk…that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all." *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996). Similarly, if Defendants instead were to answer the SAC, they would be required to investigate each factual allegation in the 95-page, 257-paragraph (plus sub-paragraphs) SAC to meet their Rule 11 obligations, including all of Alcon's alternative and inconsistent theories— even the ones Alcon's counsel admits are unlikely or mere "guesses." Anderson Decl. ¶¶ 67, 73(o); *Sarmiento*, 2022 WL 2918906, at *4 ("As it is written, the FAC creates an unfair burden on defendants 'just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated.'" (quoting *Cafasso*, 637 F.3d at 1059)); *Whitsitt v. Industrial Empl. Dist. Ass'n*, No. 4:13-cv-00396-SBA, 2014 WL 3615352, at *8 (N.D. Cal. July 22, 2014) (37-page complaint dismissed where the ability of the defendants to respond to the complaint consistent with Rule 8(b) was "particularly challenging").

**B.    The SAC Is Not Only Excessively Long, It Fails to Give Defendants Fair Notice of Alcon's Claims in Violation of Rule 8**

Alcon does not dispute that the purpose of Rule 8's pleading requirement is to provide defendants with fair notice of plaintiffs' claims and the bases for them, and that complaints that do not provide fair notice should be dismissed for violating Rule 8. Opp. § IV; Tesla Mot. 3:7-11, 14:25-15:4, 18:20-22; WBDI Mot. 2:19-23, 10:11-16, 17:20-18:4. Instead, Alcon's Opposition wastes significant space arguing that excessive length alone is not a reason to dismiss a complaint under Rule 8. Opp. 5:3-7:5. But Defendants are not requesting dismissal with prejudice due ***only*** to the SAC's excessive length.

Defendants explained in detail, with specific examples, that Alcon's legal and factual theories are pled in such a confusing and convoluted manner that they are

incomprehensible, deprive Defendants of fair notice, and prevent Defendants from meaningfully responding to the SAC.  Tesla Mot. § III.B; WBDI Mot. §§ III.B-C. These issues are the crux of Defendants' Motions.

In response, Alcon relies on *Hearns v. San Bernardino Police Department*, 530 F.3d 1124 (9th Cir. 2008), for the proposition that excessive length alone, even when due to excessively detailed factual allegations, is not a reason to dismiss a complaint under Rule 8.  Opp. 5:3-6:4.  But the defendants in *Hearns* did "not assert that the complaint fail[ed] to set forth cognizable causes of action" or that "the legal theories [were] incoherent."  530 F.3d at 1130.  *Hearns*, and other cases cited by Alcon (Opp. § IV.A), affirm that confusing and convoluted pleadings, such as the SAC here, should be dismissed for violating Rule 8.[3]  In reversing the district court's Rule 8 dismissals, the Ninth Circuit in *Hearns* noted that the complaint was *not* "replete with redundancy and largely irrelevant" and *not* "confusing and conclusory."  530 F.3d at 1132.  In stark contrast to the SAC, and as Alcon acknowledges, the Ninth Circuit found that the defendants could respond to the complaint because it was "logically organized," "intelligible," and "clearly delineate[d] the claims and the Defendants against whom the claims [were] made."  *Id.*; Opp. 5:15-6:4. This is not the case here.

Despite claiming "The Fundamental Question is Fair Notice to Defendants and the SAC Gives Defendants Fair Notice of Plaintiff's Claims" (Opp. § IV.A

---

[3] *E.g.*, *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming Rule 8 dismissal with prejudice of "verbose, confusing and conclusory" complaint); *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("Dismissal pursuant to [Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (internal quotation omitted)); *In re Oldapco, Inc.*, 622 B.R. 140, 147-48 (Bankr. D. Del. 2020) (similar); *Burke v. Dowling*, 944 F. Supp. 1036, 1049 (E.D.N.Y. 1995) (similar).

subheading), Alcon does not explain how the SAC provides fair notice. Its counsel merely states that he tried to satisfy the Court's concerns in the Tentative Ruling and used "markers or guides from pleadings in other cases" that "worked" before. *Id.* 7:6-20. But this is a non-sequitur, and as discussed below, Alcon ignores even *this* opportunity to provide notice of its claims by failing to address the specific Rule 8 issues Defendants identified.

### C.    Alcon Ignores Specific Rule 8 Violations Defendants Raised

Defendants provided numerous examples of Alcon's Rule 8 violations including incomprehensible legal theories, meandering alternative theories, and confusing use of internal references, appendices, and shotgun pleading style. Tesla Mot. § III.B; WBDI Mot. §§ III.B-C. Alcon fails to substantively address virtually all of these issues or provide adequate clarity, thereby conceding them. *Travelers Cas. Ins. Co. of Am. v. Geragos and Geragos*, 495 F. Supp. 3d 848, 854 (C.D. Cal. 2020) ("Arguments to which no response is supplied are deemed conceded.").

### 1.    Confusing Allegations and Incomprehensible Legal Theories

A fundamental issue with the SAC is the indefinite scope of the allegedly "protectable elements of BR2049" that Tesla and Musk purportedly copied. As previously noted, Alcon's "Non-Exhaustive List" of those elements (SAC, Appx. 2 ¶ 13) leaves the door open for an indefinite number of allegedly protected elements and even the first element—"Iconic Still Images which Evoke Qualitatively Important Scenes or Sequences of BR2049"—is vague and described in a circular and subjective manner. Tesla Mot. 11:25-12:21. Alcon made no effort to clarify its "Non-Exhaustive List." And its suggested solution, simply moving its confusing list from Appendix 2 to the body of the pleading (Anderson Decl. ¶ 73(h)), does not resolve this issue.

With respect to Defendants' arguments concerning the "novel" "derivative work reference leveraging theory" purportedly applicable to Alcon's copyright claim

(Tesla Mot. § III.B.1.a; WBDI Mot. § III.B.1.a.), Alcon's counsel merely cites to the SAC paragraph alleging this theory as one of several paragraphs where he "red-flagg[ed]" "potentially tough issues" and legal theories that he recognizes are "potentially under pressure." Anderson Decl. ¶ 73(q) (citing SAC ¶ 194). Alcon's explanation of this so-called "red-flagging" pleading style is itself confusing and is not responsive to the Rule 8 issue. *Id.* Because Alcon fails to also respond to Defendants' additional arguments about the "derivative work reference leveraging theory"—namely, the improper references to legal arguments in a previously filed brief, that "derivative work reference leveraging" is not a theory that exists in copyright law, and the nonsensical "novel theory" that Musk and Tesla's intentions should be considered in analyzing substantial similarity—those arguments are conceded by Alcon.[4]

Alcon also concedes WBDI's arguments concerning the confusing allegations of WBDI's volitional conduct in paragraphs 191-193 of the SAC, including that volitional conduct was not, in fact, pled. WBDI Mot. § III.B.1.b; Opp. 21:10-11 (requesting leave to amend paragraph 193); Anderson Decl. ¶ 79 (same; explaining that Alcon would "argue" another type of volitional conduct).

Another "red-flagg[ed]" legal theory is the vicarious copyright infringement claim that Alcon admits it "drop[ped]" against Tesla and Musk. Anderson Decl. ¶¶ 66, 73(q) (citing SAC ¶ 208). Alcon's counsel, however, further explains that he "crafted what one might call a 'hedged' drop" (*id.* ¶ 66; Opp. 3:19-22), meaning it is *still* asserted against Tesla and Musk "to the extent that there is any argument that ordinary *respondeat superior* liability for copyright infringement needs to be properly plead as a vicarious copyright claim," as opposed to a direct infringement claim.

---

[4] Alcon argues that intent is relevant to its Lanham Act claim (Opp. 20:11-20), but Defendants' critique relates to the copyright claim, which is based on strict liability principles.

Anderson Decl. ¶ 66 (noting it is "exceedingly likely" that a "vicarious liability theory" does not reach Tesla or Musk).  If anything, Alcon's explanation of its "hedged drop" underscores exactly why Defendants are confused.  This manner of pleading is particularly violative of Rule 8.  And here again, Alcon sidesteps most of Tesla and Musk's arguments concerning this confusing claim.  Tesla Mot. § III.B.1.c (explaining that the allegations are confusing, contradictory, and based on an incorrect legal argument).  Alcon's counsel merely reiterates that he "find[s] the case law less than fully clear" (Anderson Decl. ¶ 66)—ignoring the Ninth Circuit's decision in *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001), concerning the doctrine of vicarious liability, ***cited by Tesla and Musk in their opening brief***, that shows the law is clear and Alcon's attempt to conflate direct and vicarious liability is improper.  Tesla Mot. 15:4-14 & n.4.

Alcon also fails to respond to and thus concedes WBDI's arguments about the internally inconsistent and argumentative vicarious copyright infringement claim against WBDI, which Alcon also "red-flagg[ed]."  Anderson Decl. ¶ 73(q) (citing SAC ¶ 212); WBDI Mot. § III.B.2 (explaining that the vicarious claim is confusing and based on improper legal argument).  Alcon's argument that "vicarious copyright infringement law should adjusted [*sic*] so that it does in fact cover what happened here" explains why it was drafted so awkwardly and is an admission that it is not legally supported.  Opp. 20:21-21:8.

As to the Lanham Act claim, Alcon does not reconcile the contradictory allegations in the SAC that it (a) "owns" the BLADE RUNNER word mark and (b) owns only *non-exclusive* licensed rights to BLADE RUNNER.  Tesla Mot. § III.B.2.c.  Though Alcon states in its Opposition that it "claims…***non-exclusive*** Lanham Act rights in the wordmark 'Blade Runner'" (Opp. 1:11-13 (emphasis added)), it is unclear whether Alcon is striking its own allegation of ownership in paragraph 245 of the SAC or perhaps even the trademark claim itself.  Anderson Decl. ¶ 73(n)

1  (providing a non-responsive and confusing statement that does not confirm Alcon's

2  trademark rights and questions whether Alcon "can do anything about [what Musk

3  referenced] legally").   Nor does Alcon address any of the other reasons why its

4  Lanham Act theories are incomprehensible.  *See* Tesla Mot. § III.B.2 (arguing, *inter*

5  *alia*, that Alcon's theory under the "explicitly misleading" prong of the *Rogers* test is

6  unclear, Alcon's theory of "commercial speech" is unclear, and the scope of Alcon's

7  alleged trade dress rights is not finite and is unclear).   And in fact, Alcon confirms

8  that it provided only "pictures of trade dress ***examples***" underscoring the

9  indefiniteness issue.  Anderson Decl. ¶ 73(n) (emphasis added).

10              **2.    Inaccurate Internal References**

11       Defendants also provided specific examples of inaccurate internal references

12  that further add to the confusion.  Tesla Mot. 19:7 at n.7; WBDI Mot. 11:15 at n.6.

13  Alcon does not bother to try to clarify the confusion wrought by its inaccurate internal

14  references; in fact, it does not address this issue at all.  Counsel claims he took "care

15  to cite to specific factual allegation paragraphs" in the claims for relief "to guard

16  against prejudice to Defendants from potential 'shotgun pleading' issues" (Anderson

17  Decl. ¶ 73(p)), but Defendants fail to see how that is the case when ***every*** Claim for

18  Relief in the SAC starts with a statement that it is based on "each and every allegation

19  set forth in all of the foregoing paragraphs," with a further catch-all that "[t]o the

20  extent any of the allegations or theories in this [claim]…are inconsistent with other

21  allegations or theories pled in [the] SAC, they are pled in the alternative."   SAC

22  ¶¶ 187-188, 205-206, 224-225, 243-244.

23              **3.    Alternative and Inconsistent Factual Theories**

24       Although Defendants identified specific issues with each of Alcon's alternative

25  and inconsistent factual theories relating to the direct and contributory copyright

26  infringement claims against Tesla and Musk (Tesla Mot. § III.B.1.b) and all of the

27  copyright infringement claims against WBDI (WBDI Mot. § III.C), Alcon makes little

28

to no effort, either in the SAC or in the Opposition, to make sense of how these theories fit into each of Alcon's claims for relief. Alcon merely argues that Rule 8(d)(2) expressly allows alternative pleading. But pleading in the alternative under Rule 8(d)(2) does not immunize a pleading from the requirement that "[e]ach allegation…be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Alternative pleadings must still give the defendant fair notice of the claims against it—and that has not occurred here.

Alcon cites *Molsbergen v. U.S.*, 757 F.2d 1016, 1019 (9th Cir. 1985), and *Coleman v. Standard Life Ins. Co.*, 288 F. Supp. 2d 1116, 1120, n.1 (E.D. Cal. 2003), to support its use of alternative theories—but neither case allows for inconsistent and incomprehensible pleadings. In both, the courts allowed plaintiffs to bring alternative claims, consistent with Rule 8. *Molsbergen*, 757 F.2d at 1018 (finding "the district court erred in construing count two…as an admission against count one"); *Coleman*, 288 F. Supp. 2d at 1119 (allowing plaintiff to plead federal and state claims in the alternative if state claims were preempted). Neither court allowed a plaintiff to make inconsistent factual allegations in support of the same claim for relief. *Cf.* SAC ¶¶ 187, 205, 224, 243 (incorporating by reference all alternative factual theories, including contradictory facts); *id.* ¶¶ 208 (alleging contradictory facts for one claim), 229 (same).

As just one example, Alcon does not respond to the fact that it does not expressly cite to "WBDI Action on Alcon Event Directions to WBDI Theory 2" in *any* claim for relief. WBDI Mot. § III.C.1. This begs the question of why this theory is even in the SAC. Perhaps it is too much of a "guess" for even Alcon to rely on. Anderson Decl. ¶¶ 67, 73(o) (noting that certain "information and belief" allegations are "guesses"). Especially when Alcon's counsel explains that he "subjectively believe[s]" that the "Alternative Theory 1s" in the SAC "are likely very close to what actually happened (but I do not actually know; it is still a guess)" (*id.* ¶ 73(o)), it is

unclear how any of the "Alternative Theory 2s" are pled in good faith.  Clearly, they were alleged without a proper basis, and to try to circumvent dismissal by confusion and subterfuge.[5]

### D.    Alcon's Attempts to Deflect Blame Are Not Well-Taken

Rather than take accountability, Alcon deflects blame on Defendants—and the Court.  Alcon argues that because "the Court has identified information gaps [Alcon] needs to try to cure on amendment," the Court has "arguably raise[d] the specificity bar on [Alcon] for the [SAC]."  Opp. 12:14-21.  Alcon also contends that the law "arguably dictate[s]" that it "should be given greater leeway under Rule 8 notice pleading requirements in an amended pleading to plead more facts rather than fewer facts."  *Id.*  This is not the law.  While it is true that a party must correct pleading deficiencies to survive a subsequent motion to dismiss (*see id.* 12:4-13:3), there is nothing in the cases relied upon by Alcon that remotely suggests that a Rule 12 dismissal gives a party "greater leeway" to violate Rule 8.  And Alcon did not plead "more facts."  It pled alternative theories that have no basis in fact including "guesses" that even Alcon's counsel implies he does not subjectively believe.  *See* Anderson Decl. ¶ 73(o).  While Alcon's counsel insists that he was "mindful" in "investigating, preparing, and crafting the SAC" (Opp. 13:4-10), dumping all of his "guesses" into an overly long and confusing pleading and arguing that they may fit into all, some, or perhaps none of its claims for relief is improper.  As the Court acknowledged in the Tentative Ruling, Alcon could potentially "later uncover information that supports the viability of [its copyright claims]" and "may seek leave to amend at that point to attempt to 'revive' them."  Tentative Ruling at 35.  Rather than help this case move forward, Alcon's confusing and contradictory "kitchen sink" pleading style has only

---

[5] Despite ignoring many of Defendants' arguments, Alcon addresses an argument that Defendants did not make and a case that Defendants did not cite.  *See* Opp. § V (citing *Earth Island Institute v. United States Forest Serv.*, 87 F.4th 1054, 1071-72 (2023)).  Defendants are confounded as to why this argument is included.

DEFENDANTS' REPLY ISO MOTIONS TO DISMISS SAC
Case No. 2:24-cv-09033-GW-RAO

burdened the parties and the Court and delayed this case from moving forward expeditiously.

Alcon's intimations about L.R. 7-3 (Opp. 10:5-9 (citing Anderson Decl. ¶¶ 26-28, 34-37, 41-42, 62, 74-78)) are another example of its deflection. Alcon's expectation that Defendants essentially redline its SAC is much more than what L.R. 7-3 requires and would be highly unusual and likely even prejudicial to Defendants. Anderson Decl. ¶ 75 (explaining that he asked Defendants' counsel if "Defendants have any proposed specific solutions or edits"). Defendants have no obligation to show Alcon how to plead correctly and, frankly, "specific solutions or edits" would not have resolved the matter given the volume of issues that infect the entirety of the SAC. Moreover, as discussed herein, Alcon has not addressed many of the issues raised by Defendants, so it is unclear how additional time meeting and conferring would have made a difference.

### E. Alternatively, the Court Can Dismiss Certain Claims Under Rule 12(b)(6)

For the reasons explained in Defendants' moving papers and above, *supra* § II.A, Defendants could not reasonably move under Rule 12(b)(6)—but Alcon *invites* such a dismissal, and Defendants do not object. Alcon argues the Court should "consider Rule 12(b)(6)" in addressing this Motion and explains that the Court has "the power to dismiss claims *sua sponte* under Rule 12(b)(6) for failure to state a claim for relief." Opp. 10:12-13, 14:19-21. In his declaration, Alcon's counsel explains that his "red-flagging" approach provides a possible "exit ramp" (i.e., dismissal) and invites the Court to "attack [its] theory." Anderson Decl. ¶ 73(q) (citing SAC ¶¶ 208, 212 (vicarious infringement theories against Tesla and Musk); SAC ¶¶ 251, 254 (trademark infringement)).

Indeed, a "trial court may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6)…[and] such dismissal may be made without notice where

the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citing *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981), and 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)).  This Court, and others in this circuit, have used this inherent authority to efficiently adjudicate disputes.  *See, e.g.*, *White v. Anywhere Real Est. Inc.*, No. 2:22-cv-04557-GW-MAAx, 2023 WL 9065954, at *7 n.6 (C.D. Cal. Nov. 9, 2023) (citing *Omar*, 813 F.2d at 991), *adopted*, 2023 WL 9065956 (C.D. Cal. Nov. 21, 2023), *aff'd*, No. 23-4378, 2025 WL 1009559 (9th Cir. Apr. 4, 2025); *Naranjo v. Bank of Am.*, No. 5:23-cv-00546-KK-ASX, 2024 WL 1651914 (C.D. Cal. Feb. 23, 2024) (same).

In its Tentative Ruling, the Court explained that it intended to dismiss under Rule 12(b)(6) Alcon's (i) direct copyright infringement claim against WBDI without leave to amend; (ii) vicarious copyright infringement claim against all Defendants without leave to amend; and (iii) Lanham Act claim against all Defendants with prejudice.[6]  Tentative Ruling at 35.  Despite being on notice of its pleading deficiencies, Alcon has not fixed the issues previously noted by the Court, and indeed, has conceded it cannot.  The Court should dismiss at least the direct copyright infringement claim against WBDI without leave to amend, the vicarious copyright infringement claims against all Defendants without leave to amend, and the Lanham Act claims with prejudice, as it previously contemplated.  *Election Integrity Project California, Inc. v. Weber*, 113 F.4th 1072, 1099-1100 (9th Cir. 2024) (failure to come forward with available facts or legal theories to cure pleading deficiencies after being granted leave to amend, or to explain why such acts or legal theories were unavailable can warrant dismissal without further leave to amend).

### 1.    The Direct Copyright Infringement Claim Against WBDI

In its Tentative Ruling, the Court held that Alcon merely alleged that WBDI is a passive supplier of equipment and/or means, which is insufficient to plead volitional

---

[6] Alcon has since dropped its Lanham Act claim against WBDI.  Opp. 3:19-20.

conduct.  Tentative Ruling at 19.  The Court noted that "[n]othing that Plaintiff has indicated that it could add by way of amendment would make any difference to that observation/conclusion, because that additional material still relates only to Warner's (failed) efforts at clearance," which "were in no way demonstrative of Warner 'exercising control' or of Warner selecting any material that actually wound up in, or contributed to, the 'We Robot' event."  *Id*.  There was "nothing *factual* (or that the Court must credit as true) that Warner played any selection-role beyond that failure." *Id*.[7]  The SAC still merely alleges that WBDI is a passive supplier of equipment and/or means; it also advances an argument that the Court previously rejected and adds new conclusory allegations despite the Court's warning that they were conclusory.  WBDI Mot. 9:18-11:2 & n.4; Tentative Ruling at 25 (finding Alcon's allegations on WBDI's right/ability to supervise/control to be insufficient or "entirely conclusory").  In its Opposition, Alcon seeks leave to "make one specific small amendment to paragraph 193" (Opp. 21:10-11) to "argue," "essentially," that WBDI selected material for upload or storage by "choosing what content Tesla could choose from for the Event from the WBDI conglomerate library, and what content was off limits."  Anderson Decl. ¶ 79.  But this proposed addition still asserts that *Tesla*—not WBDI—chose the content for Tesla's event.  WBDI does not understand what *facts* (rather than argument) Alcon proposes to plead or how they would fit into the already inconsistent narrative pled in the SAC.  Even if Alcon could plausibly allege that WBDI chose the content Tesla could choose from for Tesla's event, this falls short of alleging that *WBDI* selected material for upload or storage.  Even Alcon's counsel characterizes this as only "***arguably*** a form of selection of material."  *Id*. (emphasis added).

---

[7] The Court also noted that some of Alcon's allegations made "on information and belief" "[did] not have sufficient facts surrounding the allegation [for Alcon] to make it in this manner."  *Id.*; *see also id.* at 24 (describing the same paragraphs of the FAC as "simply assert[ing] – without citation to any facts supporting the assertion, making it an improper/insufficient information-and-belief allegation").

DEFENDANTS' REPLY ISO MOTIONS TO DISMISS SAC
Case No. 2:24-cv-09033-GW-RAO

Critically, he adds that he "do[es] not know of any other facts [he] could reasonably allege for Alcon without discovery." *Id.* The Court should not allow Alcon any more attempts to plead this claim—and Alcon has conceded that it has no other facts to plead.

## 2. The Vicarious Copyright Infringement Claim Against All Defendants

Alcon's statement that it "drop[ped]" this claim against Tesla and Musk should be reason enough alone to dismiss this claim now. *See supra* § II.C.1. Dismissal with prejudice is also appropriate because Alcon admits it does not plead the two elements of vicarious liability against Tesla and Musk. Tesla Mot. 14:11-18 & n.3; SAC ¶ 208; *see also* Anderson Decl. ¶ 66 (admitting that "legal acrobatics" would be "required to fit Musk and Tesla into a vicarious copyright infringement claim going beyond ordinary *respondeat superior*" and that it is "a game not worth the candle"). Moreover, Alcon conceded Tesla and Musk's arguments concerning this claim, including that vicarious copyright infringement is not tied to the employer/employee relationship, and therefore cannot apply to Tesla and Musk. Tesla Mot. 15:4-14 & n.4.

Alcon also concedes WBDI's arguments. WBDI Mot. § III.B.2. Alcon mentions a new case it believes "seem[s] to start to get pretty close to what it looks like WBDI may have done here" (Opp. 20:21-25), but that case is non-binding and easily distinguishable (and Alcon's description makes clear that not even *it* thinks the case is on point). In *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1119-20 (N.D. Cal. 2025), the plaintiff alleged that his copyrighted sound recording had been "upload[ed]…without his knowledge or permission," copied, and distributed on defendant's online gaming platform. Though the online gaming platform did not itself upload the infringing sound recording, it "approved [the] upload," "**created a copy**," and "stored that copy on [its] server." *Id.* at 1123 (emphasis added). The online

DEFENDANTS' REPLY ISO MOTIONS TO DISMISS SAC
Case No. 2:24-cv-09033-GW-RAO

gaming platform was also "paid for each upload or download of the specific infringing work" thereby creating "a clear causal link between infringement and the financial benefit." *Id.* at 1126. Alcon does not allege that WBDI took any such action or had such a direct financial benefit. Dismissal of this claim with prejudice is appropriate because the Court has already considered Alcon's claim in the FAC (Tentative Ruling at 27), and the issues raised at that time have not been resolved.

### 3. The Lanham Act Claim

Nothing has altered the conclusion that Alcon does not have "any viable Lanham Act claim based on the allegations in the FAC" for several reasons, including that Alcon "cannot succeed under the test set forth in *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989)," because the accused work "was an 'expressive' promotional presentation where Musk employed 'Blade Runner' for an 'artistically relevant' purpose, and clearly did not explicitly mislead any consumers as to source or content." Tentative Ruling at 31-32 (footnotes omitted), 34. The Court noted that Alcon had not "suggested a way in which it can amend its Lanham Act claim to overcome the [Court's] analysis. Nor can the Court possibly envision any such way." *Id.* at 34-35. At the hearing on Defendants' motions to dismiss the FAC, Alcon's counsel repeatedly admitted that he did not believe he could overcome *Rogers*. 2025-04-07 Hr'g Tr. at 6:13-15, 10:10-17, 12:4-7, 15:3-8, 16:8-11; Tesla Mot. 17:6-8. As explained in Tesla and Musk's Motion, the SAC nevertheless advances a theory under the "explicitly misleading" prong of the *Rogers* test, and that theory is unclear. Tesla Mot. 16:8-17:12. As noted, Alcon does not address this theory in its Opposition. Alcon instead references a potential new argument, citing *Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137 (9th Cir. June 23, 2025), which, while also unclear, is not relevant.[8]

---

[8] Notably, Alcon's counsel is unsure whether Alcon will have any arguments to make about the meaning and effects of the *Yuga Labs* decision. Anderson Decl. ¶ 79 (referring to "briefing and argument…*if we have any*" (emphasis added)). He asserts

17
DEFENDANTS' REPLY ISO MOTIONS TO DISMISS SAC
Case No. 2:24-cv-09033-GW-RAO

Opp. 20:1-4; Anderson Decl. ¶ 79.  Alcon admits that Rule 12 is an appropriate avenue
to dispose of its Lanham Act claim.  *See* Opp. 19:18-20:10.[9]  The Court should dismiss
the claim under Rule 12(b)(6) with prejudice now and not entertain any further
briefing on *Rogers*.

### F.    If An Additional Pleading Is Allowed, Guardrails Are Necessary

While dismissal with prejudice is justified, should the Court allow Alcon a
*fourth* attempt to plead any of its claims, Defendants respectfully request that certain
guardrails be imposed; at a minimum that the Court order a reasonable page limit
commensurate with the number of claims Alcon is allowed to replead and prohibit
Alcon's use of appendices.  *Olfati v. City of Sacramento*, No. 2:21-cv-00606-WBS-
CKD, 2021 WL 5204300, at *2 (E.D. Cal. Nov. 9, 2021) (imposing 40-page limit and
collecting cases imposing limits of 25, 40, or 50 pages); Anderson Decl. ¶ 73(h)
(conceding that Alcon could remove paragraphs of its appendices or move them into
the body of the pleading).  Defendants also request that the Court order that the
amended pleading not contain legal arguments or case citations.  *Morris v. California
State Prison, Los Angeles Cnty.*, No. 2:24-cv-04036-RGK(E), 2024 WL 3362852, at
*1 (C.D. Cal. July 9, 2024) (collecting cases noting that it is not appropriate for a
complaint to contain legal arguments, case citations, or refutation of anticipated
arguments).  The proper place for legal argument is the parties' briefing.  Defendants
do not comment on Alcon's counsel proposal for a "chaperone" (Anderson Decl. ¶ 80)

---

it is merely "possible" that "facts [he] already know[s] of but ha[s] not alleged, or not
alleged in particular combinations, ***could be*** relevant under *Yuga Labs*" but he has
"***not yet considered***" it.  *Id.* (emphasis added).  The Ninth Circuit's decision in *Yuga
Labs* pertains to a trademark claim based on the defendant's use of plaintiff's
trademark on and competing copies of NFTs, perhaps for satirical reasons.
Defendants fail to see that significance of that decision here.

[9] Defendants cited *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443 (9th
Cir. 2020) for the two prongs of the *Rogers* test (Tesla Mot. 16 n.5) and did not make
the argument Alcon claims they made.  Opp. 19:22-20:1.

except to say that it should be Alcon's obligation to determine what to replead within the page limit mandate.

## III.    CONCLUSION

For the reasons stated above and in Defendants' Motions, the Court should dismiss the SAC in its entirety with prejudice, or alternatively, dismiss Alcon's direct copyright infringement claim against WBDI, vicarious copyright infringement claim against all Defendants, and Lanham Act claim against Tesla and Musk with prejudice. Should the Court allow Alcon a further opportunity to replead, Defendants respectfully request the Court impose reasonable guardrails on an amended complaint.

Dated: August 28, 2025              FISH & RICHARDSON P.C.

                                    /s/ Kristen McCallion
                                    Christopher S. Marchese (SBN 170239)
                                    marchese@fr.com
                                    FISH & RICHARDSON P.C.
                                    4695 MacArthur Court, Suite 1100
                                    Newport Beach, CA 92660
                                    Tel: (213) 533-4240
                                    Fax: (858) 678-5099

                                    John S. Goetz (*pro hac vice*)
                                    goetz@fr.com
                                    Kristen McCallion (*pro hac vice*)
                                    mccallion@fr.com
                                    Vivian Cheng (*pro hac vice*)
                                    cheng@fr.com
                                    FISH & RICHARDSON P.C.
                                    7 Times Square, 20th Floor
                                    New York, NY 10036
                                    Tel: (212) 765-5070
                                    Fax: (212) 258-2291

                                    Matthew A. Colvin (*pro hac vice*)
                                    colvin@fr.com
                                    FISH & RICHARDSON P.C.
                                    1717 Main Street, Suite 5000

DEFENDANTS' REPLY ISO MOTIONS TO DISMISS SAC
Case No. 2:24-cv-09033-GW-RAO

1

2

Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

3

4

5

6

7

Kayleigh E. McGlynn (*pro hac vice*)
mcglynn@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210
Tel: (617) 542-5070
Fax: (617) 542-8096

8

9

Attorneys for Defendants
Tesla, Inc., Elon Musk, and Warner Bros.
Discovery, Inc.

10

11

12

13

14

15

16

A. Louis Dorny (SBN 212054)
ldorny@tesla.com
Terry W. Ahearn (SBN 216543)
tahearn@tesla.com
Krista M. Carter (SBN 225229)
kricarter@tesla.com
TESLA, INC.
3000 Hanover St.
Palo Alto, CA 94304
Tel: (510) 298-8516

17

Attorneys for Defendants
Tesla, Inc. and Elon Musk

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned, counsel of record for Defendants Tesla, Inc., Elon Musk, and Warner Bros. Discovery, Inc., certifies that this brief contains 6,154 words, which complies with the word limit of L.R. 11-6.1.

*/s/* Kristen McCallion
Kristen McCallion