A. Louis Dorny (SBN 212054)
ldorny@tesla.com
Terry W. Ahearn (SBN 216543)
tahearn@tesla.com
TESLA, INC.
3000 Hanover St.
Palo Alto, CA 94304
Tel: (510) 298-8516

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (213) 533-4240 / Fax: (858) 678-5099

*Additional counsel listed on signature page*

Attorneys for Defendants
Tesla, Inc. and Elon Musk

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:24-cv-09033-GW-RAO<br><br>**DEFENDANTS TESLA, INC. AND ELON MUSK'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>*[Filed concurrently with Reply in Support of Motion to Dismiss Third Amended Complaint]*<br><br>Hearing Date: January 29, 2026<br>Hearing Time: 8:30 a.m.<br>Courtroom: 9D<br>Judge: Hon. George H. Wu |

## I. INTRODUCTION

Defendants Tesla, Inc. and Elon Musk (collectively, "Tesla") requested that the Court take judicial notice that certain elements are generic, scènes-à-faire, and common, particularly in the genre of dystopian science-fiction works, and did not originate with Plaintiff's Blade Runner 2049 ("BR2049"), and cited thirty exhibits in support of their Request. Dkt. 89-1 ("RJN") § III. Alcon does not oppose the Court taking judicial notice of the dictionary definition of "dystopian" (*id.* 7:15-21; Dkt. 89-27; Dkt. 91 ("Obj.") 17:14-18), but it does object to the Court taking judicial notice of Exhibits 1-25 and 27-30 (Obj. 2:4-17:13, 17:19-20:4) and each of the elements Tesla identified. *Id.* 20:5-25:11.[1] For the reasons below, the Court should grant Tesla's Request for Judicial Notice.

## II. THIS COURT CAN AND SHOULD TAKE JUDICIAL NOTICE OF GENERIC ELEMENTS AND SCÈNES-À-FAIRE

### A. Exhibits 1-25 and 27-30

While the Court can take judicial notice of the publicly available novels, films, television shows, and videogames referenced in the exhibits attached to Tesla's Request (RJN 3:23-28 n.1), Tesla is not asking the Court to take judicial notice of the particular exhibits attached to its Request, as Plaintiff implies. *See, e.g.*, Obj. 2:4-10. Rather, Tesla provides the exhibits as credible sources that discuss examples of the generic elements of dystopian science-fiction works of which Tesla requests judicial notice. *See, e.g., DuMond v. Reilly*, No. 2:19-cv-08922-GW-AGR, 2021 WL 733311, at *3 n.1 (C.D. Cal. Jan. 14, 2021) (discussing the "numerous examples" the defendant provided in support of its request for judicial notice of generic literary elements). The Court may disregard Plaintiff's objections that Exhibits 1-25 and 27-30 themselves

---

[1] Plaintiff also objects to three statements in Tesla's Motion to Dismiss (Obj. 25:12-26), but those statements are part of Tesla's fair use arguments, and Tesla has not requested that the Court take judicial notice of them. The Court can determine whether Alcon's allegations in the TAC are plausible in light of those arguments and the law Tesla cited.

are not judicially noticeable as irrelevant because Tesla makes no such request. *See* Obj. 2:4-17:3, 17:19-20:4.

### B. Generic Elements and Scènes-à-Faire

Plaintiff does not dispute that courts in this District routinely take judicial notice of elements common to a genre at the pleading stage in copyright infringement cases or attempt to distinguish any of Tesla's cases. *See* RJN 1:11-3:17 (citing cases). Of the cases cited by Tesla, Plaintiff addresses only *Zella v. E.W. Scripps Co.*, 529 F.Supp.2d 1124 (C.D. Cal. 2007), and rather than attempting to distinguish it, Plaintiff acknowledges that the court in *Zella* granted a request for judicial notice of elements common to a genre—in that case, the genre of cooking/talk shows. *See, e.g.*, Obj. 2:10-17 (citing *Zella*, 529 F.Supp.2d at 1129).

Plaintiff does not provide any explanation for its assertion that the Court should not take judicial notice of generic elements of dystopian science-fiction works here. Plaintiff merely cites a few cases where courts denied requests for judicial notice, without explaining how those cases purportedly apply. *See* Obj. 20:5-25:11. And in fact, those cases are readily distinguished. *See, e.g.*, *id.* 2:17-20 (citing *Silas v. Home Box Off., Inc.*, 201 F.Supp.3d 1158 (C.D. Cal. 2016), *aff'd*, 713 F. App'x 626 (9th Cir. 2018)); *id.* 20:9-21:3 (citing *Dillon v. NBCUniversal Media LLC*, No. 12-cv-09728-SJO-AJWx, 2013 WL 3581938 (C.D. Cal. June 18, 2013); *Capcom Co. v. MKR Grp., Inc.*, No. 08-cv-00904-RS, 2008 WL 4661479 (N.D. Cal. Oct. 20, 2008)). In *Silas*, *Dillon*, and *Capcom*, "the common elements which Defendants [sought] to have the Court judicially notice…[were] not 'verified simply by watching television for any length of time' in the same way that cooking on a cooking show is readily verified." *Silas*, 201 F.Supp.3d at 1170 (quoting *Zella*, 529 F.Supp.2d at 1129, and discussing similarity to *Dillon* and *Capcom*). To illustrate, in *Silas*, the defendants requested judicial notice of common elements of "the off-field lifestyles of professional football players," including, *inter alia*, "cocky football players driving flashy sports cars," "football players wearing flashy chains or neck 'bling,'" "infidelity and players

cavorting with numerous beautiful women," "players getting into fights," and "hard partying and drug use (including at clubs and bars)." *Id.* at 1169. In *Dillon*, the defendants requested judicial notice of elements common to reality television shows such as "celebrities competing for the benefit of charity and contestants being eliminated by vote." *Silas*, 201 F.Supp.3d at 1170 (citing *Dillon*, 2013 WL 3581938, at *5 n.3). And in *Capcom*, while the defendants requested judicial notice of elements common to zombie-related movies and videogames, the movies and videogames presented in their exhibits were not "'generally known,' especially in light of the fact that many of these movies were made long ago, indeed in some instances as far back as 1932." 2008 WL 4661479, at *4.[2]

Here, in contrast, the generic elements of dystopian science-fiction works of which Tesla requests judicial notice are "generally known," Fed. R. Evid. 201(b)(1), and can be "'verified simply by watching television for any length of time' in the same way that cooking on a cooking show is readily verified." *Silas*, 201 F.Supp.3d at 1170 (quoting *Zella*, 529 F.Supp.2d at 1129). The generic elements here are analogous to the generic literary elements of which this Court took judicial notice in *DuMond* because they relate to the characters, setting, and plot of literary and other kinds of expressive works. 2021 WL 733311, at *3 n.1 (taking judicial notice of generic elements of romance novels and other expressive works, including characters, setting, and plot points); *see also* RJN 2:10-26. And the exemplary novels, films, television shows, and videogames referenced in Tesla's Request and exhibits include modern, famous, widely accessible, and known works such as *The Matrix* and *The Terminator*, as well as well-known classic Westerns, such as *Once Upon a Time in*

---

[2] Plaintiff also cites *Blye v. California Supreme Court*, No. 11-cv-05046-DWM, 2014 WL 295022 (N.D. Cal. Jan. 21, 2014), which is inapplicable here. *See, e.g.*, Obj. 21:4-11. In *Blye*, after motion to dismiss briefing was closed, the plaintiffs sought judicial notice of various documents, and their "submissions distort[ed] the Rules of Evidence by attempting to shoehorn argument on the claims presented in the pending Motion to Dismiss into a Request for Judicial Notice." 2014 WL 295022, at *1-2.

*the West*—which show the prevalence and longevity of the generic elements to be noticed. RJN 4:11-12, 5:14-25, 6:5-9. The elements also can be seen by watching television, including on channels dedicated to the genres of science-fiction (e.g., Syfy channel) and Westerns (e.g., Grit and Outlaw channels).

Additionally, Tesla has provided credible sources from which the generic elements of dystopian science-fiction works "can be accurately and readily determined." Fed. R. Evid. 201(b)(2); RJN 4:1-8:23. Courts in this District have taken judicial notice of generic elements of expressive works confirmed by IMDb.com and other webpages. For example, in *Fillmore v. Blumhouse Productions, LLC* (cited at RJN 1:22-24, 3:7-12), the court took judicial notice of generic literary elements that the defendants had supported with citations to exhibits that included IMDb.com, SparkNotes.com, and other webpages and online sources. No. 2:16-cv-04348-AB-SS, 2017 WL 4708018, at *3 (C.D. Cal. July 7, 2017), *aff'd*, 771 F. App'x 756 (9th Cir. 2019); Defendants' Request for Judicial Notice at 6:18-9:15 & Exs. 3, 6-8, *Fillmore*, No. 2:16-cv-04348-AB-SS (C.D. Cal. Apr. 7, 2017), Dkts. 51-1, 51-4, 51-5. As another example, in *DuMond* (cited at RJN 2:10-26), this Court found that generic elements of literary works were "supported…with numerous examples" and could be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." 2021 WL 733311, at *3 n.1 (quoting Fed. R. Evid. 201(b)). The supporting examples in *DuMond* included SparkNotes.com, Amazon.com, the online version of Encyclopedia Britannica, and excerpts of novels downloaded from Amazon.com and Google Books. Defendants' Request for Judicial Notice at 5:1-8:4 & Exs. E-I, *DuMond*, No. 2:19-cv-08922-GW-AGR (C.D. Cal. Jan. 24, 2020), Dkts. 28, 28-4–28-8. The Court may likewise take judicial notice of the generic elements of dystopian science-fiction works confirmed by the exhibits to Tesla's Request here.

III.  **CONCLUSION**

For the reasons in its Request for Judicial Notice and above, Tesla respectfully requests that the Court grant its Request.

Dated: January 15, 2026

FISH & RICHARDSON P.C.

*/s/ Kristen McCallion*
Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (213) 533-4240
Fax: (858) 678-5099

John S. Goetz (*pro hac vice*)
goetz@fr.com
Kristen McCallion (*pro hac vice*)
mccallion@fr.com
Vivian Cheng (*pro hac vice*)
cheng@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070
Fax: (212) 258-2291

Matthew A. Colvin (*pro hac vice*)
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Kayleigh E. McGlynn (*pro hac vice*)
mcglynn@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210
Tel: (617) 542-5070
Fax: (617) 542-8096

A. Louis Dorny (SBN 212054)
ldorny@tesla.com
Terry W. Ahearn (SBN 216543)
tahearn@tesla.com
TESLA, INC.
3000 Hanover St.
Palo Alto, CA 94304
Tel: (510) 298-8516

Attorneys for Defendants
Tesla, Inc. and Elon Musk