| | |
|---|---|
| 1 | Christopher S. Marchese (SBN 170239) |
| 2 | marchese@fr.com |
| | FISH & RICHARDSON P.C. |
| 3 | 4695 MacArthur Court, Suite 1100 |
| 4 | Newport Beach, CA 92660 |
| | Tel: (213) 533-4240 / Fax: (858) 678-5099 |
| 5 | |
| 6 | *Additional counsel for Defendants listed on signature page* |
| 7 | Attorneys for Defendants |
| 8 | Tesla, Inc., Elon Musk, and Warner Bros. Discovery, Inc. |
| 9 | Edward M. Anderson (SBN 198183) |
| 10 | edward@andersonyehlaw.com |
| | Regina Yeh (SBN 266019) |
| 11 | regina@andersonyehlaw.com |
| 12 | ANDERSON YEH PC |
| | 1055 E. Colorado Blvd. Ste 500 |
| 13 | Pasadena, California  91106 |
| 14 | Tel: (626) 204-4092  Fax: (888) 744-0317 |
| 15 | Attorneys for Plaintiff |
| 16 | ALCON ENTERTAINMENT, LLC |

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company, | Case No. 2:24-cv-09033-GW-RAO |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| | District Judge: George H. Wu |
| v. | Magistrate Judge: Rozella A. Oliver |
| TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation, | **Scheduling Conference**: Date: February 12, 2026 Time: 8:30 a.m. Courtroom: 9D Judge: Hon. George H. Wu |
| Defendants. | |

JOINT RULE 26(f) REPORT
Case No. 2:24-cv-09033-GW-RAO

|   |   |
|---|---|
| 1 | Pursuant to this Court's February 5, 2026 Order, Federal Rule of Civil |
| 2 | Procedure 26(f) ("Rule 26(f)"), and Local Rule 26-1, Plaintiff Alcon Entertainment, |
| 3 | LLC ("Alcon" or "Plaintiff") and Defendants Tesla, Inc. ("Tesla"), Elon Musk |
| 4 | ("Musk"), and Warner Bros. Discovery Inc. ("WBDI") ("Defendants") (together, |
| 5 | the "Parties") hereby jointly submit the following Joint Rule 26(f) Report.  As |
| 6 | required by Rule 26(f)(1), (2) and (3), the Parties have met and conferred in an |
| 7 | effort to reach agreement on this report.  A short explanatory statement from each |
| 8 | party is included on matters where the Parties' positions differ. |
| 9 | **I.  STATEMENT OF THE CASE** |
| 10 | **A.  Joint Statement** |
| 11 | The operative pleading is Plaintiff's Third Amended Complaint ("TAC") |
| 12 | (ECF 81).  The TAC alleges one count of direct copyright infringement against |
| 13 | Tesla and Musk and one count of contributory copyright infringement against |
| 14 | WBDI.  Alcon alleges that it is the ultimate exclusive copyright owner of all rights |
| 15 | in the motion picture "Blade Runner 2049" ("BR2049").  Alcon alleges that Tesla |
| 16 | and Musk directly infringed BR2049 by (1) literal copying, by exactly copying all or |
| 17 | qualitatively significant portions of BR2049 into an AI image generator, and (2) |
| 18 | substantial similarity copying in violation of Alcon's exclusive copyright rights in |
| 19 | BR2049 under 17 U.S.C. §§ 106(1), (2) and (5), by creating and publicly displaying |
| 20 | an image (referred to as "Image C") for 11 seconds during Mr. Musk's keynote |
| 21 | speech at an October 10, 2024 "We, Robot" event conducted by Tesla on WBDI's |
| 22 | studio lot (the "Event"), which presentation including Image C was also recorded |
| 23 | ("Event Recording").  Alcon alleges that Image C, including as it appears and was |
| 24 | presented at Musk's keynote speech and as it appears in the Event Recording is |
| 25 | substantially similar to alleged protectable elements of BR2049 including character, |
| 26 | theme, mood, setting, and the selection and arrangement of elements.  (Defendants |
| 27 | all contend that only Image C is relevant for substantial similarity, *i.e.,* that despite |
| 28 | Alcon's allegations that there are two infringing works for substantial similarity, |

there really is only one.)  Alcon alleges that WBDI induced, caused or materially contributed to Tesla and Musk's alleged direct infringement in WBDI's conduct of Event relative to Tesla and Musk's desired and alleged actual use of BR2049 elements.

All Defendants dispute some or all of Alcon's factual allegations, and all Defendants deny liability to Plaintiff of any kind.

### B.     Plaintiff's Statement

None of the Defendants have yet answered the TAC or any prior pleading and Alcon has not yet had any discovery in the case.  Alcon understands from the substantial record of motion practice, including pursuant to Fed. R. Civ. Pro. 12(b)(6) ("Rule 12(b)(6)"), and communications between counsel and colloquy with the Court at hearings, that Tesla and Musk factually deny that they engaged in any literal copying of BR2049 at all and that they intend as the case goes forward to present information in discovery, including information which they believe will be admissible on Fed. R. Civ. Pro. 56 ("Rule 56") summary judgment practice, to support their position on this point.  Alcon acknowledges that if it turns out that there is no genuine issue of material fact that Tesla and Musk (or their agents or employees) factually did not engage in any literal copying of BR2049 at all, then Tesla and Musk would prevail on the literal copying aspect of Alcon's direct infringement claim and at the summary judgment stage.  Alcon disputes Defendants' views of potential procedural efficiencies related to that issue for the reasons more specifically discussed in the Discovery Plan and other sections below.

On a substantive basis, Alcon respectfully submits that even on the facts that appear to be relatively incontestable so far, there are important and not necessarily easy to resolve issues of copyright law, and in a context with at least some novel facts.  As just one example, the line between arguments that an infringing work is not substantially similar to the plaintiff's work, and arguments that a use is in any event fair use, is not always easy to draw.  Alcon submits that putting such matters

as the evidence of substantial similarity, and the evidence supporting or contradicting the fair use factors, all in front of the Court at the same time will facilitate the Court's analysis. This seems especially appropriate and just here, because Alcon's understanding is that Tesla and Musk in particular believe very strongly that they should be legally allowed to make uses of this nature in their ongoing marketing and advertising practice, and it seems clear that they made a conscious choice to invite the exact type of scrutiny of that position which this case now presents.

As to WBDI, Alcon submits that WBDI's characterization of Alcon's allegations are not giving them full and fair credit: for instance, Alcon's understanding is that, at least prior to Alcon's filing of the action, there was no dispute that WBDI was claiming a direct or indirect (through a subsidiary) right to authorize Tesla and Musk to make public display use of protected elements of BR2049 in the Event, and that WBDI in fact did so. Further, WBDI under one alternative theory refused or failed to take protective steps to guard against infringement once Alcon flagged the problem to WBDI, and, in any event, WBDI also strongly appears to have information that could help Alcon in its pursuit of relief against Tesla and Musk, but refuses to provide Alcon with that information, meaning Alcon is going to have to seek it from WBDI in discovery, after around nine months of efforts between Alcon and WBDI to settle without doing that.

    **C.**    **Defendants' Statement**

        **1.**    **Tesla and Musk's Statement**

Neither Tesla nor Musk infringed any of Alcon's rights in BR2049.

*First*, Tesla and Musk did not literally copy BR2049. To generate the accused image, i.e., Image C, Tesla lawfully licensed an image from a stock photo agency and prompted an AI-driven image editor to add "Elon Musk in a trench coat looking into the city." Tesla and Musk have already explained this to Plaintiff and previously filed the licensed image with the Court. Dkts. 22-1 at 2:16-18, 48-1 at

14:14-16, 50-2. Nevertheless, Plaintiff continues to plead "literal copying" in Tesla's creation of Image C, which is false. Tesla did not copy (into an AI image generator or otherwise), reference, or otherwise use BR2049, or any part thereof, to generate Image C.  Musk was not involved in the generation of Image C. To address a point made by Plaintiff below, any purported training of Grok, a product owned by a party *not* named in this case, is not relevant to this case.

<u>Second</u>, Image C does not infringe BR2049 because it is not substantially similar to BR2049, in whole or in part. The elements of BR2049 that Plaintiff alleges were copied, i.e., a character, mood, theme, setting, and the selection and arrangement of such elements, are not protectable, including because they are generic or stock elements and scènes-à-faire.  Many elements also are not present in Image C.  Any observable similarities between Image C and BR2049 flow necessarily from their shared post-apocalyptic setting and do not give rise to copyright liability.

<u>Third</u>, to the extent the works share protectable similarities—which Tesla and Musk expressly deny—the use of Image C to comment on BR2049 and juxtapose the dystopian future depicted in that film and a brighter future where society embraces autonomous vehicles to solve problems related to human driving is classic fair use under Section 107 of the Copyright Act.  17 U.S.C. § 107.

### 2. WBDI's Statement

WBDI did not contributorily infringe any of Alcon's rights in BR2049. WBDI neither materially contributed, caused, nor induced Tesla and Musk's alleged copyright infringement.  WBDI's subsidiary simply leased space and provided event services to Tesla; expressly informed Tesla that Warner Bros. did not have worldwide rights in BR2049 and that Tesla would need additional licensing through another company if it wanted to broadcast a still image from BR2049 outside the U.S. and Canada; and did not have any advance knowledge of or control over the

content of Musk's presentation, including Image C. Alcon's conspiracy theories will only result in a significant amount of time and resources wasted on discovery.

## II. SUBJECT MATTER JURISDICTION

Alcon's claims of copyright infringement arise under the Copyright Act, 17 U.S.C. § 101 *et seq*., conferring subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## III. LEGAL ISSUES

This case presents the following legal issues:

- Whether Tesla or Musk infringed Alcon's reproduction right in BR2049 by literally copying all or qualitatively significant portions of BR2049 into an AI image generator;
- Whether Tesla or Musk infringed Alcon's reproduction, derivative work, or public display rights in BR2049 by generating and displaying Image C as part of Musk's speech during Tesla's presentation at the Event (both public display to an audience present in person and livestreamed to an audience not present in person);
- If literal copying occurred, whether the alleged copying of all or part of BR2049 into an AI image generator is a fair use under the circumstances here;
- If substantial similarity copying occurred, whether the alleged creation of Image C and its public display in connection with the Event is a fair use;
- Whether WBDI knowingly and materially contributed to, caused, or induced any of the alleged infringement of Tesla or Musk; and
- Whether and to what extent Alcon is harmed by any of the allegedly infringing activity and whether it is entitled to monetary damages or other remedies.

## IV. DISCOVERY PLAN

### A. Phased Versus Non-Phased Discovery As to Literal Copying

<u>Defendants' Proposal</u>.  Defendants propose a limited, expedited discovery period of eight weeks that will be narrowly tailored to Alcon's allegations of literal copying by Tesla and Musk.  TAC ¶¶ 39-40, 48.  The purpose of this limited discovery period is to allow the Parties to focus on this foundational claim, which is a discrete issue of fact that can, and should, be resolved quickly, and before the Parties engage in—and can possibly avoid altogether—broader merits discovery on Alcon's allegations of substantial similarity copying by Tesla and Musk and contributory infringement by WBDI and Defendants' related defenses.

An expedited, short discovery period on literal copying is warranted here because it will promote judicial efficiency, reduce unnecessary expense, and potentially eliminate the issues that require full discovery.  In its Order denying Tesla and Musk's motion to dismiss the TAC, the Court declined to decide substantial similarity based on the view that the TAC plausibly pleads literal copying.  Yet Alcon's literal copying allegations are based on the false premise that Tesla and Musk copied the full BR2049 work or qualitatively significant portions into an AI image generator and asked it to make "an image from the K surveying ruined Las Vegas sequence of 'Blade Runner 2049,'" or a similar direction. TAC ¶¶ 39-40, 48. Because disproving this literal copying theory requires little fact discovery on a discrete issue, it makes logical sense to address it first so that the claim can be disposed of.  The Court would then be free to determine substantial similarity—without any further discovery needed—thereby possibly avoiding discovery and further litigation on all other issues in the case including, for example, copyright ownership, fair use, and damages or harm to Alcon.  This phased approach not only conserves the Parties' resources but also aligns with the Court's responsibility "to secure the ***just***, ***speedy***, and ***inexpensive*** determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).  *See also Gibson v.*

*City of Portland*, --- F.4th ----, No. 24-1663, 2026 WL 235118, at *18 (9th Cir. Jan. 29, 2026) ("[T]he district court has inherent authority to control its docket and ensure the prompt resolution of lawsuits.").

As the image below shows, Defendants' proposal serves judicial economy because it ensures that discovery proceeds in a manner that is proportional, targeted, and consistent with principles of fairness and efficiency. Discovery on Plaintiff's substantial similarity claim will be voluminous, involving many fact witnesses including third parties and experts, on a wide variety of issues including copyright ownership, lack of copyrightability, the Event, the Recording, WBDI, audience perceptions, and damages. See:

**Phased Discovery = Judicial Economy**

Case with Literal Copying Only:
- SJ Briefing
- Fact Discovery
- Discovery on literal copying only—not on Event, Recording, or Plaintiff's alleged copyright ownership
- 1-2 Tesla fact witnesses (Warner not involved)
- Minimal use of experts (if any)
- No substantial similarity analysis
- No harm alleged by Plaintiff
- May eliminate any further discovery

Case with Literal Copying and Substantial Similarity:
- SJ Briefing
- Expert Discovery
- Fact Discovery
- Significant fact discovery on Event; Recording; Plaintiff's ownership; purported harm to Plaintiff; Defendants' defenses; Warner
- Third party discovery: Plaintiff's ownership; scènes-à-faire/merger; third-party ability to license accused use
- Dozens of fact depositions
- Dueling liability and damages experts (MILs)
- Experts on audience perception (per Plaintiff)
- Damages

<u>Defendants' Response to Plaintiff's Proposed Schedule</u>.  Plaintiff's proposed schedule fails to consider (or willfully ignores) the vast amount of discovery that

Tesla and Musk will take—and are entitled to take—on Plaintiff's substantial similarity claim. As the Parties and the Court are well aware, a material issue in this case is the uncopyrightability of Alcon's pleaded elements and whether these elements are owned by Alcon or are generic, stock elements, and scènes-à-faire. Tesla will thus appropriately seek discovery not only from Alcon, but from the third parties who created and developed BR2049, including the imagery Alcon has specifically alleged in this case (Images A and B), on the topics of, *inter alia*, their source materials, prior and third-party works used for inspiration, their use of stock elements, and their knowledge of other works that embody the same elements Alcon alleges ownership of here. These third parties include at least the film's writers and cinematographers. Another material issue is Alcon's claim that only it has the right to grant the license sought by Tesla. Indeed, it is no secret that both Warner Bros. and Sony entities have domestic and international rights in BR2049, thus calling into question Plaintiff's allegations against WBDI *and* its entire infringement claim. Tesla believes that *at least* six months of fact discovery are required, which should be *followed by* expert discovery, that is then *followed by* summary judgment briefing. Plaintiff's proposed schedule improperly proposes that the Parties work on expert reports before the close of fact discovery (serving opening expert reports a month before the close of fact discovery and rebuttal expert reports the same day as the close of fact discovery)—even though fact discovery could be relevant to expert discovery. It also proposes that Defendants work on summary judgment motions while working on expert reports and file their motions before the close of expert discovery—knowing that expert reports are at least material to summary judgment on substantial similarity. Plaintiff's proposed schedule is prejudicial to Defendants and appears purposefully designed to prevent them from gathering material fact and

expert discovery to support their defenses, filing a comprehensive summary judgment motion, and adequately litigating this case.[1]

If the Court is not inclined to grant Defendants' proposal on expedited discovery, Defendants propose an alternative case schedule that provides approximately six months for fact discovery, has expert reports due *after* the close of fact discovery, and has the last day to hear dispositive or partially dispositive motions *after* the close of expert discovery. *See* Exhibit A.

Plaintiff's Proposal. Alcon disagrees with proceeding next exclusively to litigate the literal copying issue, to the exclusion of other issues. Alcon does not agree that is likely to be efficient or fair essentially now to bifurcate the case such that all aspects of the case not directly dealing with the literal copying aspect of Alcon's direct infringement claim be put on hold to allow Tesla and Musk to pursue disposition of that aspect of Alcon's direct infringement claim on partial summary judgment. *First*, Tesla and Musk have clearly been on notice about Alcon's literal

---

[1] Plaintiff Comment: Alcon is seeing Defendants proposed non-literal copying discovery needs for the first time at about noon on February 10, 2026, the time of the original filing deadline, which is also true of Defendants' proposed non-phased discovery case schedule on Schedule A. If the Court will accept the parties having a trial date in the February or March 2027 time frame, Alcon is agreeable to that, with corresponding lengthening of event deadlines, provided initial disclosures and fact discovery open at about the time Alcon proposes.
Defendants' Comment: In response to Plaintiff's comment, Defendants' counsel noted at the February 5, 2026 hearing that allowing discovery on both the literal copying and substantial similarity theories would lead to voluminous discovery, including expert discovery, that could otherwise be avoided. Further, Plaintiff alleges infringement of certain elements of BR2049 that Defendants have argued in multiple motions to dismiss are unprotectable. It should be no surprise that Defendants intend to take discovery on the uncopyrightability of Plaintiff's pleaded elements, or about the Plaintiff's ownership of the asserted copyright. As to Defendants' alternative proposed schedule, after Defendants shared their draft proposed schedule with an expedited discovery phase on literal copying with Plaintiff, Plaintiff proposed a schedule that is highly prejudicial to Defendants for the reasons stated above. Defendants had to propose its alternative schedule the morning that this filing in response to Plaintiff's prejudicial proposed schedule.

copying allegations since at least Alcon's filing of its First Amended Complaint ("FAC") (ECF 37) on February 13, 2026 and since at least the Court's April 7, 2025 Order (ECF 62) on Defendants' motions to dismiss the FAC that the literal copying allegations were resistant to Rule 12(b)(6) disposition and would likely require at least partially summary judgment practice to address. The current TAC with essentially the same literal copying allegations was filed on October 2, 2025, over four months ago. There has not been anything preventing Tesla and Musk from introducing their claimed factual evidence that they believe to be so strongly dispositive of the literal copying allegations significantly before this point in the case. For their own reasons, they elected not to do so. The "licensed image" information Defendants provided to the Court during Rule 12(b)(6) practice would not satisfy Rule 56 rigor on its face, as it is not offered through a declaring witness with cognizable knowledge, the information offered by the declaring witness was vague and incomplete even if it had been from a witness with knowledge, and the licensed image on its face simply does not look very much like Image C, leaving many questions to be answered on that ground alone.

*Second*, the Court has now been very clear with Defendants, including at the February 5, 2026 hearing on Tesla and Musk's Rule 12(b)(6) motion to dismiss the TAC, that even if the literal copying aspect of Alcon's direct copyright infringement claim were eliminated, that is unlikely to streamline the case at the level Defendants presume. The Court has seen the parties' competing arguments on Alcon's substantial similarity copying allegations at least twice, and the Court communicated to the parties at the February 5, 2026 hearing that it is not necessarily inclined to dispose of Alcon's substantial similarity allegations on pleading challenge practice, but may find them better addressed in this particular matter at the summary judgment stage. As a result, even if the parties engaged in phased litigation where the literal copying allegations of Alcon's direct copyright infringement claim were litigated first to the exclusion of other issues, there is a

high chance that, even if Defendants successfully eliminated the literal copying issue (which result, respectfully, should not be presumed), the rest of the case would still remain to be litigated very much as before, resulting in delayed resolution of the case with little or no corresponding gain in efficiency.

*Third*, Alcon respectfully submits that Defendants are exaggerating the discovery burdens.  There are some discovery burdens for all sides, but the events at issue took place over a short period of time, and the moving parts on what factually matters and what does not are also relatively limited in scope, such that discovery should not take over a year from this point to complete, as Alcon understands Defendants to be proposing.  The relevant time period for most factual issues appears to be from about August 6, 2024 (about 30 days before Defendants entered into what they say is the written Event agreement) to about October 21, 2024 (11 days after the Event, when Alcon filed the Complaint).  It simply seems unlikely that there are that many documents or other items of discoverable information that exist from that period, relative to the parties' claims and defenses in the case.  If anything, the subject matter of discovery which seems most likely to be the most onerous and burdensome is discovery of potential market harm and/or damage to the value of Alcon's copyright in BR2049, and, while the burden of seeking that discovery falls on Defendants, the burden of producing it seems likely to fall disproportionately on Alcon.  Alcon would have preferred not to have to spend its resources on producing that information, but it understands that it will likely have to do so where the parties have been unable to settle after an extended period of trying, and where Defendants will be entitled to such discovery on their fair use defense.

**B.  Initial Disclosures - Rule 26(f)(3)(A)**

The Parties propose to exchange initial disclosures under Rule 26(a)(1) by no later than March 19, 2026.  *See* Exhibit A.  The Parties do not believe that other changes in the timing, form, or requirement for disclosures under Rule 26(a) are necessary at this time.

**C.     Discovery Subjects, Timing, and Phasing - Rule 26(f)(3)(B)**

Without waiving their right to propound or object to discovery to the full extent allowed by the Federal Rules of Civil Procedure and Local Rules, the Parties anticipate that party, third-party, and expert discovery will be sought in this case. As noted, the Parties have a disagreement about whether first to conduct discovery pursuant to an early, expedited phase of discovery that will focus on Alcon's allegations of literal copying by Tesla and Musk.  The remainder of fact discovery is expected to include the following subjects (with the Parties all reserving rights as against each other as to the appropriate scope or relevance of any of the particular topics below):

- Whether Alcon owns a valid copyright in the motion picture BR2049;
- Third party rights in, and their ability to license clips of, BR2049 for uses like the Event;
- The October 10, 2024 "We, Robot" Event, and the events leading up to the Event, but as limited to the aspects of the Event and events leading up to the Event relevant to the claims and defenses of the Parties;
- The Tesla-WBDI event contract and its negotiation and implementation, relevant to content usage, licensing and policing issues;
- Use of WBDI's facilities, systems, and resources for the Event, but limited to content usage, licensing and policing issues;
- Tesla's policies at the relevant time period, if any, regarding use of BR2049 and similar properties for Tesla marketing and advertising purposes;
- Expert opinions regarding copyrightability and protectability, including scènes-à-faire, merger doctrine, and audience perception of content in the advertising context specifically;

- Damages, including any actual harm to Alcon or the value of its copyright in BR2049 incurred as a result of any alleged infringement.

Timing:

Defendants' Proposal. All discovery will be completed by January 14, 2027. In response to Plaintiff's suggestion, while certain written discovery and document production may proceed before certain depositions, Defendants will not agree that a particular "order" of discovery must occur (unless the order of discovery is Defendants' proposed phased approach) as there are numerous fact witnesses, including third parties, from whom Tesla intends to seek discovery and the parties cannot predict or necessarily control the order of events. Each party should pursue discovery in the manner that is most efficient for that party, as decided by that party.

Plaintiff's Proposal. All discovery will be completed by August 27, 2026. Plaintiff believes that after the issue of whether there will or will not be a literal-copying only phase of the litigation is resolved by the Court one way or the other, the Parties should have a more specific discussion about the order of discovery. Plaintiff and Plaintiff's counsel both believe that doing written discovery including document production before proceeding to notice and take depositions is the better and more efficient way for all sides to proceed in this matter, and that is what Plaintiff and Plaintiff's counsel would propose the Parties agree to do.

D.    **Electronically Stored Information (ESI) - Rule 26(f)(3)(C)**

The Parties are in the process of discussing the existence of electronically stored information (ESI) in this matter and expect to be able to work cooperatively to enter into an ESI Protocol governing the production of ESI.

E.    **Privilege - Rule 26(f)(3)(D)**

The Parties recognize that in the course of litigation they may inadvertently disclose content that is privileged or otherwise protected from disclosure, such as attorney work product. To minimize the risk of waiving applicable privileges and protections and to establish a party's obligations upon the receipt of another party's

privileged or protected content, the Parties jointly request that the Court sign and enter a proposed Federal Rule of Evidence 502(d) order that the Parties intend to submit as part of their proposed Protective Order regarding Confidential Information.

F.   **Limitations on Discovery - Rule 26(f)(3)(E)**

**Interrogatories:**

Defendants' Proposal: Defendants propose that Tesla and Musk will be treated as one party for purposes of written interrogatories such that: (1) Alcon will be permitted a maximum of 25 interrogatories, including contention interrogatories, to Tesla and Musk, and a maximum of 25 interrogatories, including contention interrogatories, to WBDI; (2) Tesla and Musk will be permitted a maximum of 25 interrogatories, including contention interrogatories, to Alcon; and (3) WBDI will be permitted a maximum of 25 interrogatories, including contention interrogatories, to Alcon.  The training of Grok generally, a product that is not owned by a named Defendant, is not relevant to this case and, as noted, Musk was not involved in the creation of Image C. Plaintiff's proposal to serve Musk with a robust set of Interrogatories is an improper overreach designed to harass and seek discovery on irrelevant topics.

Plaintiff's Proposal: Plaintiff proposes that Tesla and Musk not be treated as one party for purposes of interrogatories, such that each of Tesla and Musk may propound and be subject to an initial maximum of 25 interrogatories, including contention interrogatories.  Musk potentially has knowledge of matters not necessarily chargeable to Tesla, including for example, whether or not the Grok AI image generation software of Musk's X.AI company has or has not been trained on BR2049, which is relevant to testing Alcon's literal copying allegations and Musk's denials of any literal copying of BR2049 in connection with the Event – a subject which seems efficiently tested with interrogatories, at least in the first instance.  Furthermore, Alcon agrees with Tesla and Musk that Musk is at some level (the

Parties likely disagree on exactly what level) entitled to some deference and care in the handling of his deposition if one is necessary, and allowing Alcon more interrogatories toward Musk versus fewer seems at least reasonably likely to facilitate deposition deference to Musk.

The Parties do not believe that other modifications of the limitations on written discovery set forth in the Federal Rules of Civil Procedure or the Local Rules are necessary at this time.

**Depositions:** The Parties do not believe modifications of the limitations on depositions set forth in the Federal Rules of Civil Procedure or the Local Rules are necessary at this time.

<u>Plaintiff's Anticipated Percipient Depositions</u>.  Subject to what initial disclosures, written discovery, and further information and understanding of the Defendants' positions and defenses may arise, Plaintiff tentatively anticipates seeking depositions of the following percipient witnesses, and also anticipates that these might be sufficient as to percipient depositions on the Plaintiff side: (1) A Rule 30(b)(6) witness for Tesla; (2) a Rule 30(b)(6) witness for WBDI; (3) Julie Heath (WBDI employee who interacted with Alcon and Tesla in connection with BR2049 usage requests); (4) David Adametz (Tesla video production executive who appears to potentially have been the Tesla lead on BR2049 usage and permission issues); (5) Franz von Holzhausen (Tesla product design executive who participated with Musk in the keynote presentation); and (6) (if necessary, as Plaintiff submits it likely would be if the case did not settle) Elon Musk.  Plaintiff is receptive to discussing Musk going last or near the end, reserving all rights.

G.     Other Orders - Rule 26(f)(3)(F)

The Parties believe that entry of a protective order regarding confidential information is warranted and will jointly submit a proposed Protective Order for the Court's approval.  This Plaintiff in litigation in this district typically has not requested or required that a protective order regarding confidentiality have

attorneys-eyes only provisions, but is not opposed to having them in this matter and understands that Defendants likely want such provisions.

## V. ADDITIONAL MATTERS RAISED BY L.R. 26-1

### A. Complex Case - L.R. 26-1(a)

The Parties do not believe that there is a need to utilize the Manual for Complex Litigation.

### B. Motion Schedule - L.R. 26-1(b)

<u>Defendants' Statement</u>. Defendants intend to file dispositive or partially dispositive motions including motions for summary judgment. Defendants' proposed schedule is in Exhibit A.

<u>Plaintiff's Statement</u>. Plaintiff believes it is highly unlikely that Plaintiff would file any dispositive motions in this case. Plaintiff also believes that, regardless of the outcome of the literal copying issue, unless the Court changes its mind and becomes receptive to ruling on substantial similarity and/or fair use on a Rule 12 motion, or the case settles first, it is virtually certain that Defendants will file one or more Rule 56 motions seeking to resolve the case on (claimed lack of) substantial similarity and, alternatively, fair use grounds. Plaintiff proposes August 27, 2026 as the cutoff date by which all such motions shall be heard.

### C. ADR - L.R. 26-1(c)

The Parties previously participated in private mediation (ADR Procedure No. 3 under L.R. 16-15.4) on April 24, 2025, pursuant to the Court's April 7, 2025 Order that they do so. Plaintiff's understanding based on the discussion at the February 5, 2026 hearing is that the Court intends the Parties to participate in an ADR Procedure under L.R. 16-15 at least one more time before the Court will deem the Parties to have fulfilled their L.R. 16-15 obligations. The Parties are open to discussing participating in another ADR session regardless. Defendants believe such discussion would be most productive after an expedited discovery period on literal copying, if the Court imposes one. Plaintiff believes that Defendants are

overestimating the significance of the literal copying allegations to the overall case, and that to delay further settlement discussions because of lack of resolution of the literal copying issue is a mistake, if that is occurring.

D.  **Trial Estimate - L.R. 26-1(d)**

The Parties estimate that trial will require approximately 5 court days.

E.  **Additional Parties - L.R. 26-1(e)**

The Parties do not anticipate joinder of additional parties.

F.  **Expert Witnesses - L.R. 26-1(f)**

The Parties' respective proposals on timing of disclosures under Rule 26(a)(2) is included in Exhibit A, *infra*.

## VI.  CASE SCHEDULE

The Parties' respective proposals for case schedule are detailed in Exhibit A.

Plaintiff's comment: Defendants' proposed non-phased discovery case schedule on Schedule A has only been provided to Alcon after the deadline to file the Joint Report, and so Alcon does not have time to make a specific response to it. Generally, however, if the Court will accept the parties having a trial date in the February or March 2027 time frame, Alcon is agreeable to that, with corresponding lengthening of event deadlines, provided initial disclosures and fact discovery open at about the time Alcon proposes.

Dated: February 10, 2026

| /s/ *Edward M. Anderson* | /s/ *Kristen McCallion* |
|---|---|
| Edward M. Anderson (SBN 198183) | Christopher S. Marchese (SBN 170239) |
| edward@andersonyehlaw.com | marchese@fr.com |
| Regina Yeh (SBN 266019) | FISH & RICHARDSON P.C. |
| regina@andersonyehlaw.com | 4695 MacArthur Court, Suite 1100 |
| ANDERSON YEH PC | Newport Beach, CA 92660 |
| 1055 E. Colorado Blvd. Ste 500 | Tel: (213) 533-4240 |
| Pasadena, California  91106 | Fax: (858) 678-5099 |
| Tel: (626) 204-4092  Fax: (888) 744-0317 | |
| | John S. Goetz (*pro hac vice*) |

17

JOINT RULE 26(f) REPORT
Case No. 2:24-cv-09033-GW-RAO

|   |   |   |
|---|---|---|
| 1 |   | goetz@fr.com |
| 2 | Attorneys for Plaintiff | Kristen McCallion (*pro hac vice*) |
|   | Alcon Entertainment, LLC | Mccallion@fr.com |
| 3 |   | Vivian Cheng (*pro hac vice*) |
| 4 |   | cheng@fr.com |
|   |   | FISH & RICHARDSON P.C. |
| 5 |   | 7 Times Square, 20th Floor |
| 6 |   | New York, NY 10036 |
|   |   | Tel: (212) 765-5070 |
| 7 |   | Fax: (212) 258-2291 |

Matthew A. Colvin (*pro hac vice*)
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Kayleigh E. McGlynn (*pro hac vice*)
mcglynn@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210
Tel: (617) 542-5070
Fax: (617) 542-8096

*Attorneys for Defendants Tesla, Inc., Elon Musk, and Warner Bros. Discovery, Inc.*

A. Louis Dorny (SBN 212054)
ldorny@tesla.com
Terry W. Ahearn (SBN 216543)
tahearn@tesla.com
TESLA, INC.
3000 Hanover St.
Palo Alto, CA 94304
Tel: (510) 298-8516

*Attorneys for Defendants Tesla, Inc. and Elon Musk*