1  A. Louis Dorny (CA 212054)
   ldorny@tesla.com
2  Terry W. Ahearn (CA 216543)
   tahearn@tesla.com
3  TESLA, INC.
4  3000 Hanover St.
   Palo Alto, CA 94304
5  Tel: (510) 298-8516

6  Christopher S. Marchese (SBN 170239)
   marchese@fr.com
7  FISH & RICHARDSON P.C.
8  4695 MacArthur Court, Suite 1100
   Newport Beach, CA 92660
9  Tel: (213) 533-4240 / Fax: (858) 678-5099

10 *Additional counsel listed on signature page*

11 Attorneys for Defendant Tesla, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:24-cv-09033-GW-RAO<br><br>**DEFENDANT TESLA, INC.'S ANSWER AND DEFENSES TO PLAINTIFF ALCON ENTERTAINMENT LLC'S THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>District Judge: Hon. George H. Wu<br><br>Magistrate Judge: Hon. Rozella A. Oliver |

Defendant Tesla, Inc. ("Tesla"), by its attorneys, hereby files this Answer and Defenses to Alcon Entertainment, LLC's ("Alcon" or "Plaintiff") Third Amended Complaint ("TAC"). Any responses in this Answer do not constitute acknowledgement or admission of the validity or relevance of any allegation.

## ANSWER

Except as expressly admitted below, Tesla denies each and every allegation set forth against it in the TAC.

Tesla has included the headings reflected in the TAC to simplify comparison of the TAC and this Answer. In doing so, Tesla makes no admissions regarding the substance of the headings or any other allegations of the TAC. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Tesla specifically denies all such allegations.

Tesla responds to the allegations against it in the TAC to the extent those allegations are intelligible. The TAC contains a convoluted web of various theories and factual alternatives that are difficult to parse and decipher, with many paragraphs containing numerous allegations, alternatives, and theories.

Additionally, certain paragraphs in the TAC are simply Plaintiff's descriptions of its own theories that are not phrased as allegations, but rather as partial sentences, explanations, and self-serving characterizations that are convoluted, confusing, and theoretical or hypothetical. Other paragraphs in the TAC are argumentative and/or constitute legal conclusions—rather than facts. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

Tesla responds to the numbered paragraphs of the TAC as follows:

## SUBJECT MATTER JURISDICTION

1. Paragraph 1 consists of legal conclusions to which no response is required.

## NATURE OF THE ACTION

2. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 2 and therefore denies the same. Otherwise denied. Tesla objects to Plaintiff's definition of the term "Event" and therefore denies all uses of the defined term below.[1]

3. Tesla denies that it and Musk engaged in infringing conduct, denies use of BR2049, and lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3 directed to WBDI and WBP and therefore denies the same.

4. Paragraph 4 consists of legal conclusions to which no response is required.

## FACT CHRONOLOGY

5. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies the same.

7. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

---

[1] In the answers below, Tesla refers to the October 10, 2024 Tesla event held in Burbank, California as the "Event."

10. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12. Tesla admits that a DVD of BR2049 is in the record at ECF 51. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies the same.

13. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same

15. Tesla admits that it is a developer and manufacturer of electric cars, that Tesla was founded in about 2003, and that Musk is Tesla's CEO. Otherwise denied.

16. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17. Tesla denies all allegations directed to it in Paragraph 17. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies the same.

18. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the fourth and fifth sentences in Paragraph 19 and therefore denies the same. Otherwise denied.

20. Tesla lacks sufficient knowledge of information to form a belief as to the truth of the allegation in the first sentence in Paragraph 20 because it is vague and ambiguous to what "any of the foregoing uses of BR2049 elements" refers and

1  therefore denies the same.  Tesla admits that Tesla and Musk have never engaged in
2  literal copying or actionable substantial similarity copying of BR2049 elements,
3  before, during, or after the Event.
4      21.    Tesla lacks sufficient information or knowledge to form a belief as to
5  the truth of the allegations in Paragraph 21 and therefore denies the same.
6      22.    Tesla admits that sometime before September 6, 2024, Tesla decided to
7  hold the Event.  Tesla admits that the Event was titled "We, Robot."  Otherwise
8  denied.
9      23.    Denied.
10     24.    Tesla admits that the Event had an in-person presentation and activities
11 for physically present attendees and that parts of the Event were livestreamed, a
12 copy of which is in the record at ECF 25.  Otherwise denied.
13     25.    Tesla admits that on September 6, 2024, it contracted with Warner
14 Bros. Studio Operations for an in-person event and that the copy of this contract that
15 is in the record is authentic.  Tesla denies all remaining allegations in Paragraph 25.
16     26.    Tesla denies the allegations in the first and second sentences in
17 Paragraph 26.  Tesla lacks sufficient information or knowledge to form a belief as to
18 the truth of the allegations that "Mad Max" IP appears on social media of Event
19 attendees and about what "studios generally require" and therefore denies the same.
20 Otherwise denied.
21     27.    Denied.
22     28.    Tesla lacks sufficient information or knowledge to form a belief as to
23 the truth of the allegations in Paragraph 28 and therefore denies the same.
24     29.    Tesla lacks sufficient information or knowledge to form a belief as to
25 the truth of the allegations in Paragraph 29 and therefore denies the same.

1  30. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations pertaining to WBDI, WBP, and Heath and therefore denies the same. Otherwise denied.

31. Tesla admits that Tesla agreed to and actually did pay money for its use of the event area under certain terms and conditions. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the phrase "WBDI's Relative Motivations" and the remaining allegations in Paragraph 31 and therefore denies the same.

32. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

33. Tesla admits that it told WBDI the Event would be livestreamed. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the last sentence in Paragraph 33 and therefore denies the same. Otherwise denied.

34. Tesla denies the allegations in the second sentence in Paragraph 34. Tesla admits that Heath communicated to Tesla that if Tesla intended to broadcast anything containing the image outside the U.S./Canada it needed additional licensing through another company. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore denies the same.

35. Tesla admits that it first contacted SPE, separately from WBDI, at about noon PDT on October 20, 2024, and that David Adametz, a Tesla Senior Manager of Creative Content, was involved in this communication. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations pertaining to WBDI and therefore denies the same. Tesla denies the remaining allegations in Paragraph 35.

1    36.    Tesla admits that it did not contact Alcon directly.  Tesla lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore denies the same.

4    37.    Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the same.

6    38.    Tesla denies that WBDI or WBP authorized use of Image A or promised to give such authorization and therefore denies the allegations in the third sentence in Paragraph 38.  Tesla also denies that Musk received information as alleged in the fourth sentence of Paragraph 38.  Tesla lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations, characterizations, and arguments in Paragraph 38 and therefore denies the same.

12   39.    Tesla admits that its employees created Image C using an Adobe Stock Photo (ECF 50-2 at 2) and Adobe Photoshop.  Otherwise denied.

14   40.    Denied.

15   41.    Paragraph 41 contains no allegations to which Tesla is required to respond.

17   42.    Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies the same.

19   43.    Tesla denies that Musk used Image C to set the Event's theme.  Otherwise admitted.

21   44.    Tesla denies the allegations in the last sentence in Paragraph 44.  Otherwise admitted.

23   45.    Tesla admits that the keynote presentation was livestreamed and re-posted by Tesla.  Tesla denies that the display occurred on WBDI systems.  Tesla lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore denies the same.

46. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the heading and allegations in Paragraph 46 and therefore denies the same.

### FIRST CLAIM FOR RELIEF

47. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 47 and therefore denies the same. The portion of the last sentence in Paragraph 47 that states "their copying constituted unlawful appropriation as follows" is a conclusion of law to which no response is required. Tesla denies all remaining allegations in Paragraphs 47-49.

48. The phrase "Literal Copying" and Paragraph 48 are not sentences. To the extent they can be construed as allegations of fact, they are denied

49. The phrase "Substantial Similarity Copying" and first part of Paragraph 49 are not sentences. To the extent they can be construed as allegations of fact, they are denied. The remainder of Paragraph 49 and the following paragraphs that are based on Paragraph 49 (i.e., paragraphs 50-54) consist of Plaintiff's characterizations, legal conclusions, and arguments to which no response is required. To the extent that they can be construed as allegations of fact, they are denied.

50. Denied.
51. Denied.
52. Denied.
53. Denied.
54. Denied.
55. Paragraph 55 contains legal conclusions to which no response is required.
56. Denied.

57. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 57 and therefore denies the same. Otherwise denied.

58. Paragraph 58 consists of legal conclusions to which no response is required

## SECOND CLAIM FOR RELIEF

59. Tesla denies that there was any infringement or infringing conduct. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations directed to WBDI and therefore denies the same.

60. Tesla denies the allegations in the first sentence in Paragraph 60. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 60 and therefore denies the same.

61. Denied.

62. Tesla denies that it or Musk had the alleged beliefs or assessments. Tesla lacks sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 62 and therefore denies the same.

63. Tesla denies the existence of "livestreaming terms." Tesla lacks sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 63 and therefore denies the same.

64. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies the same.

65. Tesla denies that any infringement occurred. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 65 and therefore denies the same.

66. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies the same.

67. Tesla lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies the same.

68. Paragraph 68 consists of legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Alcon's Prayer for Relief contains no allegations to which Tesla is required to respond. To the extent a response is required, Tesla denies that Alcon is entitled to any relief, and Tesla denies the allegations in Alcon's Prayer for Relief.

## DEMAND FOR JURY TRIAL

Alcon's Demand for Jury Trial contains no allegations to which Tesla is required to respond. In accordance with Federal Rule of Civil Procedure 38(b), Tesla similarly demands a trial by jury on all issues so triable.

## DEFENSES

Tesla asserts the following affirmative and other defenses. By pleading the defenses set forth below, Tesla does not agree or concede that it bears the burden of proof or burden of persuasion on any of these issues, either in whole or in part.

## FIRST DEFENSE

### (Failure to State a Claim for Relief)

Alcon's direct infringement claim is barred, in whole or in part, due to Alcon's failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

### (First Amendment)

Plaintiff's claims and/or remedies are barred by the First Amendment to the United States Constitution.

### THIRD DEFENSE

### (No Infringement)

Tesla did not infringe BR2049 under any theory because, *inter alia*, it did not literally copy BR2049 in whole or in part, the allegedly copied elements of BR2049 are not protectable, the alleged use was de minimis, and Image C lacks the allegedly copied elements of BR2049. Image C (including the Event Recording containing Image C) and BR2049 are not substantially similar.

### FOURTH DEFENSE

### (Independent Creation)

Tesla did not infringe BR2049 under any theory because Image C was independently created from a lawfully licensed stock image.

### FIFTH DEFENSE

### (Fair Use)

Alcon's direct infringement claim is barred, in whole or in part, by the doctrine of fair use. While Tesla did not copy BR2049, its alleged conduct and purported reproduction, public display, and derivation of any valid copyrighted material is a fair use that is protected by 17 U.S.C. § 107 because it is transformative, non-commercial, limited, and not a market substitute for BR2049.

### SIXTH DEFENSE

### (Merger Doctrine)

Alcon's direct infringement claim is barred, in whole or in part, by the merger doctrine. The elements in which Alcon asserts copyright protection, including at least the elements described in TAC ¶¶ 50-54, are inseparable from the underlying ideas and concepts and are thus unprotectable under copyright law. 17 U.S.C. § 102(b). Any similarities between Image C and BR2049 arise from shared unprotectable ideas or from expression that necessarily follows from shared ideas. Because the accused copying constitutes merged expression, it is not subject to copyright protection, and

Alcon's claims fail as a matter of law.

## SEVENTH DEFENSE

### (Scènes à Faire)

Alcon's claim is barred, in whole or in part, by the scènes à faire doctrine. The elements in which Alcon asserts copyright protection, including at least the elements described in TAC ¶¶ 50-54, are situations and incidents that flow necessarily or naturally from a basic plot premise and are thus unprotectable under copyright law. Any similarities between Image C and BR0249 arise from unprotectable scènes à faire—i.e., elements that are stock, standard, customary, common, generic, or otherwise indispensable and necessarily follow from a work's subject matter, setting, genre, premise, or theme. Because the accused copying constitutes scènes à faire, it is not subject to copyright protection, and Alcon's claims fail as a matter of law.

## EIGHTH DEFENSE

### (No Standing)

Because Alcon does not hold the rights that Alcon alleges were violated, Alcon lacks standing to sue for copyright infringement.

## NINTH DEFENSE

### (No Damages)

Alcon has not sustained any injury, damage, or economic harm by reason of any act by Tesla alleged in the Third Amended Complaint. Further, in the event that Image C is found to be infringing, the only damage sustained was the loss of a clip license, which, on information and belief, is economic harm suffered only by SPE and WBP—not Alcon—in light of their licensed rights to BR2049.

## TENTH DEFENSE

### (No Injunctive Relief)

Alcon is not entitled to injunctive relief because any injury to Alcon is neither immediate nor irreparable, and Alcon has adequate remedies at law for its alleged

injuries.

## ELEVENTH DEFENSE

### (No Willful Conduct; Innocence)

Should Tesla be found to have infringed any valid copyright owned by Alcon, Tesla's conduct was not willful. Tesla acted with good faith at all times and innocently such that, should it be found to have infringed, it did not intend to infringe.

## RESERVATION OF ADDITIONAL DEFENSES

Tesla reserves the right to amend its Answer to add any and all additional defenses available to it in law or equity, now existing or later arising, as may be discovered over the course of this litigation.

## PRAYER FOR RELIEF

Tesla prays for relief and requests the Court to:

1. Dismiss Alcon's Third Amended Complaint in its entirety, with prejudice;
2. Enter judgment in Tesla's favor;
3. Deny Alcon's request for injunctive relief;
4. Deny Alcon's requests for monetary relief in any form including reimbursement of fees and costs;
5. Award Tesla its costs of court and attorneys' fees;
6. Award to Tesla all such other and further relief as this Court may deem proper and just.

Tesla further reserves all rights to seek other relief from Alcon for pursuing baseless claims against Tesla, including under Federal Rule of Civil Procedure 11.

| | | |
|---|---|---|
| Dated: March 5, 2026 | | FISH & RICHARDSON P.C. |
| | By: | /s/ Kristen McCallion |

Kristen McCallion (*pro hac vice*)
mccallion@fr.com
John S. Goetz (*pro hac vice*)
goetz@fr.com
Vivian Cheng (*pro hac vice*)
cheng@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070
Fax: (212) 258-2291

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (213) 533-4240
Fax: (858) 678-5099

Matthew A. Colvin (*pro hac vice*)
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Kayleigh E. McGlynn (*pro hac vice*)
mcglynn@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210
Tel: (617) 542-5070
Fax: (617) 542-8906

A. Louis Dorny (CA 212054)
ldorny@tesla.com
Terry W. Ahearn (CA 216543)
tahearn@tesla.com
TESLA, INC.
3000 Hanover St.

Palo Alto, CA 94304
Tel: (510) 298-8516

Attorneys for Defendant Tesla, Inc.