A. Louis Dorny (CA 212054)
ldorny@tesla.com
Terry W. Ahearn (CA 216543)
tahearn@tesla.com
TESLA, INC.
3000 Hanover St.
Palo Alto, CA 94304
Tel: (510) 298-8516

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (213) 533-4240 / Fax: (858) 678-5099

*Additional counsel listed on signature page*

Attorneys for Defendant Elon Musk

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:24-cv-09033-GW-RAO<br><br>**DEFENDANT ELON MUSK'S ANSWER AND DEFENSES TO PLAINTIFF ALCON ENTERTAINMENT LLC'S THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>District Judge: Hon. George H. Wu<br><br>Magistrate Judge: Hon. Rozella A. Oliver |

Defendant Elon Musk ("Defendant"), by his attorneys, hereby files this Answer and Defenses to Alcon Entertainment, LLC's ("Alcon" or "Plaintiff") Third Amended Complaint ("TAC"). Any responses in this Answer do not constitute acknowledgement or admission of the validity or relevance of any allegation.

## ANSWER

Except as expressly admitted below, Defendant denies each and every allegation set forth against him in the TAC.

Defendant has included the headings reflected in the TAC to simplify comparison of the TAC and this Answer. In doing so, Defendant makes no admissions regarding the substance of the headings or any other allegations of the TAC. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Defendant specifically denies all such allegations.

Defendant responds to the allegations against him in the TAC to the extent those allegations are intelligible. The TAC contains a convoluted web of various theories and factual alternatives that are difficult to parse and decipher, with many paragraphs containing numerous allegations, alternatives, and theories.

Additionally, certain paragraphs in the TAC are simply Plaintiff's descriptions of its own theories that are not phrased as allegations, but rather as partial sentences, explanations, and self-serving characterizations that are convoluted, confusing, and theoretical or hypothetical. Other paragraphs in the TAC are argumentative and/or constitute legal conclusions—rather than facts. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

Defendant responds to the numbered paragraphs of the TAC as follows:

## SUBJECT MATTER JURISDICTION

1. Paragraph 1 consists of legal conclusions to which no response is required.

## NATURE OF THE ACTION

2. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 2 and therefore denies the same. Defendant objects to Plaintiff's definition of the term "Event" and therefore denies all uses of the defined term below.[1]

3. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4. Paragraph 4 consists of legal conclusions to which no response is required.

## FACT CHRONOLOGY

5. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

---

[1] In the answers below, Defendant refers to the October 10, 2024 Tesla event held in Burbank, California as the "Event."

1  11.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15.   Defendant admits that Tesla is a developer and manufacturer of electric cars, that Tesla was founded in about 2003, and that Defendant is Tesla's CEO. Otherwise denied.

16.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17.   Denied.

18.   Denied.

19.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the fourth and fifth sentences in Paragraph 19 and therefore denies the same.  Otherwise denied.

20.   Defendant admits that he has never engaged in literal copying or actionable substantial similarity copying of BR2049 elements.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies the same.

21.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the phrase "Defendants Engage About the Event" and the allegations

1  in the first sentence of Paragraph 22 and therefore denies the same.  Defendant
2  admits that the Event was titled "We, Robot." Otherwise denied.
3      23.    Denied.
4      24.    Defendant admits that the Event had an in-person presentation and
5  activities and that parts of the in-person Event were livestreamed.  Defendant lacks
6  sufficient information or knowledge to form a belief as to the truth of the remaining
7  allegations in Paragraph 24 and therefore denies the same.
8      25.    Defendant lacks sufficient information or knowledge to form a belief as
9  to the truth of the allegations in Paragraph 25 and therefore denies the same.
10     26.    Defendant denies the allegations directed to him in Paragraph 26.
11 Defendant lacks sufficient information or knowledge to form a belief as to the truth
12 of the remaining allegations in Paragraph 26 and therefore denies the same.
13     27.    Defendant lacks sufficient information or knowledge to form a belief as
14 to the truth of the allegations in Paragraph 27 and therefore denies the same.
15     28.    Defendant lacks sufficient information or knowledge to form a belief as
16 to the truth of the allegations in Paragraph 28 and therefore denies the same.
17     29.    Defendant lacks information or knowledge sufficient to form a belief as
18 to the truth of the allegations in Paragraph 29 and therefore denies the same.
19     30.    Defendant lacks information or knowledge sufficient to form a belief as
20 to the truth of the allegations in Paragraph 30 and therefore denies the same.
21     31.    Defendant lacks information or knowledge sufficient to form a belief as
22 to the truth of the phrase "WBDI's Relative Motivations" and the allegations in the
23 first, second, and fourth sentences in Paragraph 31 and therefore denies the same.
24 Defendant denies the remaining allegations in Paragraph 31.
25     32.    Defendant lacks information or knowledge sufficient to form a belief as
26 to the truth of the allegations in Paragraph 32 and therefore denies the same.

33. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34. Defendant denies having relied on using Image A in planning the Event. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore denies the same.

35. Defendant denies that David Adametz and Shara Lili were in contact with him as alleged in Paragraph 35. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 35 and therefore denies the same.

36. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies the same.

37. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the same.

38. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies the same.

39. Defendant denies that he created Image C and denies all remaining allegations directed to him in Paragraph 39. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 39 and therefore denies the same.

40. Defendant denies that he generated Image C and denies all remaining allegations directed to him in Paragraph 40. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies the same.

41. Paragraph 41 contains no allegations to which Defendant is required to respond.

42. Paragraph 42 contains no allegations to which Defendant is required to respond.

1. 43. Defendant denies the allegation that he used Image C to set the Event's theme. Defendant admits the remaining allegations in Paragraph 43.

2. 44. Defendant denies the allegations in the last sentence in Paragraph 44. Defendant admits the remaining allegations in Paragraph 44.

3. 45. Defendant denies the allegations directed to him in Paragraph 45. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore denies the same.

4. 46. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies the same.

## FIRST CLAIM FOR RELIEF

47. Defendant denies all allegations directed to him in Paragraphs 47-49. The portion of the last sentence in Paragraph 47 that states "their copying constituted unlawful appropriation as follows" is a conclusion of law to which no response is required. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 47 and therefore denies the same.

48. The phrase "Literal Copying" and Paragraph 48 are not sentences. To the extent they can be construed as allegations of fact directed to Defendant, they are denied.

49. The phrase "Substantial Similarity Copying" and first part of Paragraph 49 are not sentences. To the extent they can be construed as allegations of fact directed to Defendant, they are denied. The remainder of Paragraph 49 and the following paragraphs that are based on Paragraph 49 (i.e., Paragraphs 50-54) consist of Plaintiff's characterizations, legal conclusions, and arguments to which no response is required. To the extent that they can be construed as allegations of fact directed to Defendant, they are denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Paragraph 55 contains legal conclusions to which no response is required.

56. Denied.

57. Defendant denies all allegations directed to him in Paragraph 57. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 57 and therefore denies the same.

58. Paragraph 58 contains legal conclusions to which no response is required.

## SECOND CLAIM FOR RELIEF

59. Defendant denies all allegations directed to him in Paragraph 59. The remainder of Paragraph 59 consists of legal conclusions to which no response is required and allegations to which Defendant lacks sufficient information or knowledge to form a belief as to their truth and therefore denies.

60. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies the same.

61. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies the same.

62. Defendant denies all allegations directed to him in Paragraph 62. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 62 and therefore denies the same.

63. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies the same.

64. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies the same.

65. Defendant denies all allegations directed to him in Paragraph 65. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 65 and therefore denies the same.

66. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies the same.

67. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies the same.

68. Paragraph 68 consists of legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Alcon's Prayer for Relief contains no allegations to which Defendant is required to respond. To the extent a response is required, Defendant denies that Alcon is entitled to any relief.

## DEMAND FOR JURY TRIAL

Alcon's Demand for Jury Trial contains no allegations to which Defendant is required to respond. In accordance with Federal Rule of Civil Procedure 38(b), Defendant similarly demands a trial by jury on all issues so triable.

## DEFENSES

Defendant asserts the following affirmative and other defenses. By pleading the defenses set forth below, Defendant does not agree or concede that he bears the burden of proof or burden of persuasion on any of these issues, either in whole or in part.

## FIRST DEFENSE

### (Failure to State a Claim for Relief)

Alcon's direct infringement claim is barred, in whole or in part, due to Alcon's failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

### (First Amendment)

Plaintiff's claims and/or remedies are barred by the First Amendment to the United States Constitution.

## THIRD DEFENSE

### (No Volitional Conduct; No Infringement)

Defendant did not infringe BR2049 under any theory because, *inter alia*, he did not copy, display, or make a derivative of BR2049 in whole or in part. Image C (including the Event Recording containing Image C) and BR2049 are not substantially similar.

## FOURTH DEFENSE

### (Fair Use)

Alcon's direct infringement claim is barred, in whole or in part, by the doctrine of fair use.  While Defendant did not copy BR2049, his alleged conduct is a fair use that is protected by 17 U.S.C. § 107 because it is transformative, non-commercial, limited, and not a market substitute for BR2049.

## FIFTH DEFENSE

### (Merger Doctrine)

Alcon's direct infringement claim is barred, in whole or in part, by the merger doctrine. The elements in which Alcon asserts copyright protection, including at least the elements described in TAC ¶¶ 50-54, are inseparable from the underlying ideas and concepts and are thus unprotectable under copyright law.  17 U.S.C. § 102(b).

Any similarities between Image C and BR2049 arise from shared unprotectable ideas or from expression that necessarily follows from shared ideas. Because the accused copying constitutes merged expression, it is not subject to copyright protection, and Alcon's claims fail as a matter of law.

## SIXTH DEFENSE

### (Scènes à Faire)

Alcon's claim is barred, in whole or in part, by the scènes à faire doctrine. The elements in which Alcon asserts copyright protection, including at least the elements described in TAC ¶¶ 50-54, are situations and incidents that flow necessarily or naturally from a basic plot premise and are thus unprotectable under copyright law. Any similarities between Image C and BR0249 arise from unprotectable scènes à faire—i.e., elements that are stock, standard, customary, common, generic, or otherwise indispensable and necessarily follow from a work's subject matter, setting, genre, premise, or theme. Because the accused copying constitutes scènes à faire, it is not subject to copyright protection, and Alcon's claims fail as a matter of law.

## SEVENTH DEFENSE

### (No Damages)

Alcon has not sustained any injury, damage, or economic harm by reason of any act by Defendant.

## EIGHTH DEFENSE

### (No Injunctive Relief)

Alcon is not entitled to injunctive relief because any injury to Alcon is neither immediate nor irreparable, and Alcon has adequate remedies at law for its alleged injuries.

## NINTH DEFENSE

### (No Willful Conduct; Innocence)

Defendant acted with good faith at all times and innocently.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant reserves the right to amend his Answer to add any and all additional defenses available to him in law or equity, now existing or later arising.

**PRAYER FOR RELIEF**

Defendant prays for relief and requests the Court to:

1. Dismiss Alcon's Third Amended Complaint in its entirety, with prejudice;
2. Enter judgment in Defendant's favor;
3. Deny Alcon's request for injunctive relief;
4. Deny Alcon's requests for monetary relief in any form including reimbursement of fees and costs;
5. Award Defendant his costs of court and attorneys' fees;
6. Award to Defendant all such other and further relief as this Court may deem proper and just.

Defendant further reserves all rights to seek other relief from Alcon for pursuing baseless claims against Defendant, including under Federal Rule of Civil Procedure 11.

Dated: March 5, 2026          FISH & RICHARDSON P.C.

By: /s/ Kristen McCallion
Kristen McCallion (*pro hac vice*)
mccallion@fr.com
John S. Goetz (*pro hac vice*)
goetz@fr.com
Vivian Cheng (*pro hac vice*)
cheng@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070
Fax: (212) 258-2291

Christopher S. Marchese (SBN 170239)

marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (213) 533-4240
Fax: (858) 678-5099

Matthew A. Colvin (*pro hac vice*)
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Kayleigh E. McGlynn (*pro hac vice*)
mcglynn@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210
Tel: (617) 542-5070
Fax: (617) 542-8906

A. Louis Dorny (CA 212054)
ldorny@tesla.com
Terry W. Ahearn (CA 216543)
tahearn@tesla.com
TESLA, INC.
3000 Hanover St.
Palo Alto, CA 94304
Tel: (510) 298-8516

Attorneys for Defendant Elon Musk