Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (213) 533-4240 / Fax: (858) 678-5099

John S. Goetz (*pro hac vice*)
goetz@fr.com
Kristen McCallion (*pro hac vice*)
mccallion@fr.com
Vivian Cheng (*pro hac vice*)
cheng@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070 / Fax: (212) 258-2291

*Additional counsel listed on signature page*

Attorneys for Defendant
Warner Bros Discovery, Inc.

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:24-cv-09033-GW-RAO<br><br>**DEFENDANT WARNER BROS. DISCOVERY, INC.'S ANSWER AND DEFENSES TO PLAINTIFF ALCON ENTERTAINMENT LLC'S THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>District Judge: Hon. George H. Wu<br><br>Magistrate Judge: Hon. Rozella A. Oliver |

Defendant Warner Bros. Discovery, Inc. ("WBDI"), by its attorneys, hereby files this Answer and Defenses to Alcon Entertainment, LLC's ("Alcon" or "Plaintiff") Third Amended Complaint ("TAC"). Any responses in this Answer do not constitute acknowledgement or admission of the validity or relevance of any allegation.

## **ANSWER**

Except as expressly admitted below, WBDI denies each and every allegation set forth against it in the TAC.

WBDI has included the headings reflected in the TAC to simplify comparison of the TAC and this Answer. In doing so, WBDI makes no admissions regarding the substance of the headings or any other allegations of the TAC. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, WBDI specifically denies all such allegations.

WBDI responds to the allegations against it in the TAC to the extent those allegations are intelligible. The TAC contains a convoluted web of various theories and factual alternatives that are difficult to parse and decipher, with many paragraphs containing numerous allegations, alternatives, and theories.

Additionally, certain paragraphs in the TAC are simply Plaintiff's descriptions of its own theories that are not phrased as allegations, but rather as partial sentences, explanations, and self-serving characterizations that are convoluted, confusing, and theoretical or hypothetical. Other paragraphs in the TAC are argumentative and/or constitute legal conclusions rather than facts. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

WBDI responds to the numbered paragraphs of the TAC as follows:

1

WBDI'S ANSWER AND DEFENSES TO ALCON'S TAC
Case No. 2:24-cv-09033-GW-RAO

## SUBJECT MATTER JURISDICTION

1.      Allege that Paragraph 1 contains legal argument or conclusion to which no answer is required.

## NATURE OF THE ACTION

2.      Admit that Tesla hosted an event on October 10, 2024 at 4000 Warner Boulevard in Burbank, California (the "Tesla Event"), but deny Paragraph 2's characterization of the Tesla Event as a "jointly conducted … Tesla marketing event from WBDI's studio lot" and object to all uses of the defined phrase "Event" on that basis.  As to the remainder of Paragraph 2, WBDI denies knowledge or information sufficient to form a belief as to the truth of these allegations and/or alleges that these allegations contain legal argument or conclusion to which no answer is required.

**3.**      Deny, and object to the inaccurate, improper term "BR2049 usage." Further object to the inaccurate term "WB Studio Enterprises, Inc."—the correct entity name is "WB Studio Enterprises Inc."

4.      Allege that Paragraph 4 contains legal argument or conclusion to which no answer is required; otherwise, admit that Alcon purports to bring direct copyright infringement claims against Musk and Tesla and a contributory copyright infringement claim against WBDI, but deny that there is any basis for these claims whatsoever.

## FACT CHRONOLOGY

5.      Admit that WBP is a dba of WB Studio Enterprises Inc. and functions as a studio that, among other things, produces and distributes motion pictures, but deny the remainder of Paragraph 5.

6.      Admit that the 1982 Picture starred Harrison Ford as a "blade runner" named Deckard; that Warner Bros. Distributing Inc. is the current distributor of the 1982 Picture; and that the copyright registration for the 1982 Picture (U.S. Copyright Office registration number PA0000157612) lists "The Blade Runner Partnership" as the author and copyright claimant and lists the title of the work as

2

WBDI'S ANSWER AND DEFENSES TO ALCON'S TAC
Case No. 2:24-cv-09033-GW-RAO

"Blade runner/produced by Michael Deeley; directed by Ridley Scott."  The remainder of Paragraph 6 consists of characterization and argument to which no answer is required.

7.    Admit that WBP and Alcon entered into a contractual arrangement whereby WBP and/or its affiliates would distribute Alcon-produced motion pictures, but object that the contract speaks for itself.  Deny knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 7, and deny that Alcon itself "had robust cash resources," given recent admissions made in other litigation.

8.    Admit that WBP and Alcon entered into a contractual arrangement whereby WBP and/or its affiliates would distribute Alcon-produced motion pictures, but object that the contract speaks for itself.  Admit that there had been no prior litigation between Alcon and WBP before the Tesla Event, but deny that Alcon and WBP had a "very amicable history" in recent years, and as confirmed in recent litigation.  Allege that the remainder of Paragraph 8 contains legal argument or conclusion to which no answer is required, but otherwise deny.

9.    Admit that Warner Bros. Distributing Inc. is the current distributor of the 1982 Picture, but otherwise deny.  Admit that Warner Bros. Studio Operations, a division of WB Studio Enterprises Inc., holds some physical chattel associated with the 1982 Picture, but deny that it (or WBP) owns 1982 Picture prop cars.  Deny knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 9.

10.    Admit that BR2049 was theatrically released in the United States on October 6, 2017; that Alcon is listed as the author of U.S. Copyright Registration No. PA0002056792 for "BLADE RUNNER 2049"; and that WBP has a Distribution Agreement with Alcon concerning BR2049 that has an initial twelve-

WBDI'S ANSWER AND DEFENSES TO ALCON'S TAC
Case No. 2:24-cv-09033-GW-RAO

year term that expires in 2029. Deny knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 10.

11. Admit that "K" is a main character in BR2049, played by Ryan Gosling, who is a replicant "blade runner" tasked with hunting and killing his own kind, that K's human supervisor assigns K to find a child suspected to be from natural childbirth to a replicant mother, and that K drives a flying vehicle that has autonomous features, but object that BR2049 speaks for itself. The remainder of Paragraph 11 consists of characterization and argument to which no answer is required.

12. Admit that BR2049 has been available on U.S. SVOD and digital rental services and is currently available on U.S. digital rental services, and that a DVD of BR2049 is in the record at ECF 51. Deny knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 12.

13. Admit that Warner Bros. Pictures, a division of WB Studio Enterprises Inc., has entered into agreements with auto manufacturers to use their vehicles in motion pictures or TV shows, but object to the inaccurate, improper term "established market." Deny knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 13.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

4

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.     Admit that WBDI indirectly owns Warner Bros. Entertainment Inc., the legal entity that holds title to the Burbank studio lot and its improvements.  Deny that "WBDI was formed in April 2022 by merger of Discovery, Inc. with WBP's then-direct or -indirect parent, AT&T Inc."  Allege that the remainder of Paragraph 21 consists of characterization and argument to which no answer is required, but to the extent an answer is required, deny.

22.     Admit that WBDI has been informed that sometime before September 6, 2024, Tesla contacted WBDI's indirect subsidiary WB Studio Enterprises Inc. to discuss a Tesla Event, which was later titled "We, Robot."  Deny knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 22.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.     Admit that the Tesla Event was in-person and that a recording of the Tesla Event is in the record (ECF 25).  Deny the last sentence of Paragraph 24, which is vague, ambiguous, and contains characterization and argument to which no answer is required.  Deny knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 24.

25.     Admit that on September 6, 2024, Warner Bros. Studio Operations and Tesla contracted for an in-person Tesla event ("Tesla Event Contract") and that the copies of this contract in the record at ECF 23-3 (redacted) / ECF 32-1 (redacted) /

ECF 33-1 (sealed unredacted) are authentic.  Deny the remainder of Paragraph 25, and object that Alternative Theories 1A and 1B consist of characterization, argument, and legal conclusion to which no response is required.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Studios generally require paid licenses for IP uses," and deny the remainder of Paragraph 26.

27.    Admit that Tesla requested use of a still image from BR2049 for a keynote speech at the Tesla Event, but deny the remainder of Paragraph 27 and object to the inaccurate, improper term "shopping-in-the-WBDI-content-store in-person Event preparation process."

28.    Deny that "Image A appears In BR2049 at about run-time 1:37:55." Deny knowledge or information sufficient to form a belief as to the truth of the allegation that Image A "was the publicity image for theatrical release promotion." Admit that Image A appears in BR2049 trailers on YouTube and other platforms and is used as the cover image for the official trailer. Admit that in BR2049, K explores a ruined, radioactive Las Vegas to encounter Deckard (reprised by Harrison Ford), there is orange lighting, and K is shown duster-clad, but allege that the remainder of Paragraph 28 contains improper characterization, legal argument, and/or conclusion to which no answer is required.

29.    Admit that WBDI has been informed that its indirect subsidiary WB Studio Enterprises Inc. communicated to Tesla that images from BR2049 were not approved for worldwide broadcast, and that if Tesla intended to broadcast anything containing images from BR2049 outside the U.S. or Canada, it needed additional licensing through another company.  Admit that Ms. Heath communicated with Alcon regarding the request from Tesla, including in a telephone conversation between Ms. Heath and Ms. Jeannette Hill at Alcon on October 10, 2024.  Admit that in 2024, Ms. Heath was employed by WB Studio Enterprises Inc., and used an

6

@wbd.com email address and Warner Bros. Discovery logo in her signature block. Deny the remainder of Paragraph 29.

30.    Admit that at about 3:45 PM PDT on October 8, 2024, a digital copy of a still image from BR2049 was emailed by Warner Bros. Studio Operations, a division of WB Studio Enterprises Inc., to Tesla, but deny that the still image was Image A or that WBDI promised or gave authorization to use the still image and deny the remainder of Paragraph 30.

31.    Admit that Tesla agreed to pay, and in fact did pay, Warner Bros. Studio Operations pursuant to the Tesla Event Contract, which speaks for itself. Deny the remainder of Paragraph 31.

32.    Admit that disputes arose between WBDI and/or some of its indirect subsidiaries and Alcon prior to the Tesla Event, including with respect to "The Blind Side." Allege that the remainder of paragraph 32 contains legal argument or conclusion to which no answer is required, but otherwise deny.

33.    Admit that WBDI has been informed that its indirect subsidiary WB Studio Enterprises Inc. learned on the day of the Tesla Event that Tesla sought the rights to use an image from BR2049 in a keynote presentation that would be livestreamed online and that WB Studio Enterprises Inc. communicated to Tesla that images from BR2049 were not approved for worldwide broadcast, and that if Tesla intended to broadcast anything containing images from BR2049 outside the U.S. or Canada, it needed additional licensing through another company. Deny the remainder of Paragraph 33.

34.    Admit that WBDI has been informed that its indirect subsidiary WB Studio Enterprises Inc. communicated to Tesla that images from BR2049 were not approved for worldwide broadcast, and that if Tesla intended to broadcast anything containing images from BR2049 outside the U.S. or Canada, it needed additional licensing through another company. Deny the remainder of Paragraph 34.

7

35.    Admit that at about noon PDT on October 10, 2024, Ms. Heath contacted non-party Sony Pictures Entertainment ("SPE"), and that Tesla, through at least David Adametz, also contacted SPE separately.  Deny knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 35.

36.    Admit that at about 1:00 PM PDT on October 10, 2024, Ms. Heath sent an email to Ms. Hill at Alcon and Margarita Diaz at SPE stating:  "Adding Jeannette Hill from Alcon to advise (attached is an email from Jeannette from earlier this year clarifying the clip rights)."  Admit that at about 1:30 PM PDT, in response to Ms. Hill's request that Ms. Heath "confirm that you have received this email and will not be proceeding with the use of our property at this event," Ms. Heath responded, "Received Margie, can you let them know since coming from your side?"  Admit that Ms. Heath and Ms. Hill had a telephone conversation about these issues at about 2:00 PM PDT on October 10, 2024.  Allege that the remainder of Paragraph 36 contains improper characterization and argument to which no answer is required; to the extent an answer is required, deny.

37.    Admit that Ms. Heath and Ms. Hill had a telephone conversation at about 2:00 PM PDT on October 10, 2024, during which Ms. Hill communicated that Alcon would not authorize use of its films at events associated with Mr. Musk.  Allege that the remainder of Paragraph 37 contains improper characterization and argument to which no answer is required; to the extent an answer is required, deny.

38.    Admit that WBDI has been informed that its indirect subsidiary WB Studio Enterprises Inc. communicated to Tesla that images from BR2049 were not approved for worldwide broadcast, and that if Tesla intended to broadcast anything containing images from BR2049 outside the U.S. or Canada, it needed additional licensing through another company.  Deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding what "Alcon reasonably

WBDI'S ANSWER AND DEFENSES TO ALCON'S TAC
Case No. 2:24-cv-09033-GW-RAO

understood." Allege that the remainder of Paragraph 38 contains improper characterization, legal argument, and/or conclusion to which no answer is required; to the extent an answer is required, deny.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41. Paragraph 41 contains no allegation to which WBDI is required to answer.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Admit that the livestream recording of the Tesla Event contains the words quoted in Paragraph 43 (among others), but object that the recording speaks for itself. Deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 43 that "[t]he Event was scheduled to begin at 7:00 p.m. PDT, but at least the livestream did not begin until about 8:00 p.m. PDT."

44. Admit that the livestream recording of the Tesla Event contains the words quoted in Paragraph 44 (among others), but object that the recording speaks for itself.

45. Deny that "[t]he display occurred on the WBDI lot over WBDI systems," and deny knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 45.

46. Admit that on or around October 16, 2024, Ms. Heath had a telephone conversation with Ms. Hill at Alcon during which they discussed the Tesla Event. Deny that Ms. Heath "refused to provide any meaningful information about what happened" or that WBDI "withheld" information from Alcon. Allege that the

9

WBDI'S ANSWER AND DEFENSES TO ALCON'S TAC
Case No. 2:24-cv-09033-GW-RAO

remainder of Paragraph 46 contains characterization, legal argument, and/or conclusion to which no answer is required, but otherwise deny.

## FIRST CLAIM FOR RELIEF

47. Allege that no response is required to the allegations of Paragraph 47, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain legal argument or conclusion to which no answer is required.

48. Allege that no response is required to the allegations of Paragraph 48, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain legal argument or conclusion to which no answer is required.

49. Allege that no response is required to the allegations of Paragraph 49, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain legal argument or conclusion to which no answer is required.

50. Allege that no response is required to the allegations of Paragraph 50, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain characterization, legal argument, or conclusion to which no answer is required and object that BR2049 speaks for itself.

51. Allege that no response is required to the allegations of Paragraph 51, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or

WBDI'S ANSWER AND DEFENSES TO ALCON'S TAC
Case No. 2:24-cv-09033-GW-RAO

allege that these allegations contain characterization, legal argument, or conclusion to which no answer is required and object that BR2049 speaks for itself.

52. Allege that no response is required to the allegations of Paragraph 52, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain characterization, legal argument, or conclusion to which no answer is required and object that BR2049 speaks for itself.

53. Allege that no response is required to the allegations of Paragraph 53, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain characterization, legal argument, or conclusion to which no answer is required and object that BR2049 speaks for itself.

54. Allege that no response is required to the allegations of Paragraph 54, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain characterization, legal argument, or conclusion to which no answer is required and object that BR2049 speaks for itself.

55. Allege that no response is required to the allegations of Paragraph 55, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain legal argument or conclusion to which no answer is required.

56. Allege that no response is required to the allegations of Paragraph 56, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain legal argument or conclusion to which no answer is required.

WBDI'S ANSWER AND DEFENSES TO ALCON'S TAC
Case No. 2:24-cv-09033-GW-RAO

57. Allege that no response is required to the allegations of Paragraph 57, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain legal argument or conclusion to which no answer is required.

58. Allege that no response is required to the allegations of Paragraph 58, asserted solely against Tesla and Musk, but otherwise deny knowledge or information sufficient to form a belief as to the truth of these allegations and/or allege that these allegations contain legal argument or conclusion to which no answer is required.

## SECOND CLAIM FOR RELIEF

59. Allege that Paragraph 59 contains legal argument or conclusion to which no answer is required, but otherwise deny.

60. Admit that on September 6, 2024, Warner Bros. Studio Operations and Tesla entered into the Tesla Event Contract, which speaks for itself. Allege that the remainder of Paragraph 60 contains legal argument or conclusion to which no answer is required, but otherwise deny.

61. Allege that Paragraph 61 contains legal argument or conclusion to which no answer is required, but otherwise deny.

62. Allege that Paragraph 62 contains legal argument or conclusion to which no answer is required, but otherwise deny.

63. Deny that there were "WBDI-Tesla livestreaming terms," and object to use of that misleading term. Allege that the remainder of Paragraph 63 contains improper characterization, legal argument, and/or conclusion to which no answer is required; to the extent an answer is required, deny.

64. Allege that Paragraph 64 contains legal argument or conclusion to which no answer is required, but otherwise deny.

65.    Allege that Paragraph 65 contains legal argument or conclusion to which no answer is required, but otherwise deny.

66.    Deny that "Post-Event, WBDI refused to provide Alcon with information" that Alcon requested.  Allege that the remainder of Paragraph 66 contains legal argument or conclusion to which no answer is required, but otherwise deny.

67.    Deny.

68.    Deny and/or allege that Paragraph 68 contains legal argument or conclusion to which no answer is required.

*    *    *    *

## DEFENSES

WBDI asserts the following defenses to the TAC.  In asserting such defenses, WBDI does not admit to any allegation in the TAC or assume any burden of proof it would not otherwise bear.  WBDI reserves the right to amend its Answer and to assert any other applicable legal or equitable defense.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (No Infringement)

Plaintiff's claims are barred, in whole or in part, because there was no infringement.

**THIRD DEFENSE**

**(First Amendment)**

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the U.S. Constitution.

**FOURTH DEFENSE**

**(No Knowledge of Infringement)**

Plaintiff's claims are barred, in whole or in part, because neither WBDI nor any of its subsidiaries had knowledge, either actual or constructive, of the allegedly infringing activity alleged in the TAC.

**FIFTH DEFENSE**

**(No Material Contribution)**

Plaintiff's claims are barred, in whole or in part, because neither WBDI nor any of its subsidiaries materially contributed to, or had any intention to materially contribute to, the allegedly infringing activity described in the TAC.

**SIXTH DEFENSE**

**(No Inducement)**

Plaintiff's claims are barred, in whole or in part, because neither WBDI nor any of its subsidiaries induced, or had any intention to induce, the allegedly infringing activity described in the TAC.

**SEVENTH DEFENSE**

**(No Knowledge, Authorization, or Ratification)**

Plaintiff's claims are barred, in whole or in part, because to the extent that any person engaged in the unlawful conduct alleged in the TAC, such person did so

without the knowledge, authorization, or ratification of WBDI or any of its subsidiaries.

## EIGHTH DEFENSE

### (Non-Willfulness and Innocence)

Plaintiff's claims are barred, in whole or in part, because any infringement was innocent and non-willful.

## NINTH DEFENSE

### (Lack of Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damage attributable to WBDI or any of its subsidiaries or stated a claim upon which exemplary or punitive damages may be granted.

## TENTH DEFENSE

### (Injunctive Relief Improper)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state facts sufficient to support an award of injunctive relief and the damage that Plaintiff claims to have suffered (if any) would be adequately compensated in an action at law for damages.

## ELEVENTH DEFENSE

### (No Proximate Cause)

Plaintiff's claims are barred, in whole or in part, because no act or omission attributable to WBDI or any of its subsidiaries was a substantial factor, contributing factor, or proximate cause of any damage that Plaintiff claims to have suffered.

## TWELFTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate and/or avoid the damage they claim to have suffered.

## THIRTEENTH DEFENSE

### (No Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have the rights that Plaintiff alleges were violated and therefore Plaintiff lacks standing to sue for copyright infringement.

## RESERVATION OF ADDITIONAL DEFENSES

WBDI reserves all rights to amend its Answer and to assert additional defenses, counterclaims, cross-claims, or third-party claims as they may become known during the course of this litigation.  WBDI also reserves all rights to rely on defenses asserted by the other defendants in this action.

## PRAYER FOR RELIEF

WHEREFORE, WBDI prays for judgment against Alcon and in favor of WBDI, and for such other relief as the Court deems proper, including attorneys' fees under 17 U.S.C. § 505.  WBDI further reserves all rights to seek other relief from Alcon for pursuing baseless claims against WBDI, including under Federal Rule of Civil Procedure 11.

16

WBDI'S ANSWER AND DEFENSES TO ALCON'S TAC
Case No. 2:24-cv-09033-GW-RAO

## DEMAND FOR JURY TRIAL

Alcon's Demand for Jury Trial contains no allegations to which WBDI is required to respond.  In accordance with Federal Rule of Civil Procedure 38(b), WBDI similarly demands a trial by jury on all issues so triable.

Dated:  March 5, 2026        FISH & RICHARDSON P.C.

By: */s/ Kristen McCallion*
Kristen McCallion (*pro hac vice*)
mccallion@fr.com
John S. Goetz (*pro hac vice*)
goetz@fr.com
Vivian Cheng (*pro hac vice*)
cheng@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070
Fax: (212) 258-2291

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (213) 533-4240
Fax: (858) 678-5099

Matthew A. Colvin (*pro hac vice*)
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Kayleigh E. McGlynn (*pro hac vice*)
mcglynn@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210

17
WBDI'S ANSWER AND DEFENSES TO ALCON'S TAC
Case No. 2:24-cv-09033-GW-RAO

Tel: (617) 542-5070
Fax: (617) 542-8906

Attorneys for Defendant
Warner Bros. Discovery, Inc.

WBDI'S ANSWER AND DEFENSES TO ALCON'S TAC
Case No. 2:24-cv-09033-GW-RAO