Edward M. Anderson (SBN 198183)
edward@andersonyehlaw.com
Regina Yeh (SBN 266019)
regina@andersonyehlaw.com
**ANDERSON YEH PC**
1055 E. Colorado Blvd. Ste 500
Pasadena, California 91106
Tel: (626) 204-4092 / Fax: (888) 744-0317

Attorneys for Plaintiff Alcon Entertainment, LLC

Arwen R. Johnson (SBN 247583)
Arwen.Johnson@kslaw.com
Lennette W. Lee (SBN 263023)
Llee@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 443-4355 / Fax: (213) 443-4310
Attorneys for Defendants Tesla, Inc. and Elon Musk

*Additional counsel listed on following page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:24-cv-09033-GW-RAO<br><br>**STIPULATED [PROPOSED] FEDERAL RULE OF EVIDENCE 502(d) CLAWBACK ORDER**<br><br>District Judge: George H. Wu<br><br>Magistrate Judge: Rozella A. Oliver |

Matthew T. Kline (SBN 211640)
mkline@omm.com
Cassandra L. Seto (SBN 246608)
cseto@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Tel:  (310) 553-6700 / Fax:  (310) 246-6779

Attorneys for Defendant Warner Bros. Discovery, Inc.

James W. Irey (SBN 150640)
jirey@yukelaw.com
Hassan Elrakabawy (SBN 248146)
helrakabawy@yukelaw.com
Celeste S. Del Rio (SBN 275969)
cdel_rio@yukelaw.com
**YUKEVICH CAVANAUGH**
355 South Grand Avenue, 15th Floor
Los Angeles, CA  90071
Tel: (213) 362-7777/ Fax: (213) 362-7788

Additional Attorneys for Plaintiff Alcon Entertainment, LLC

A. Louis Dorny (SBN 212054)
ldorny@tesla.com
Terry W. Ahearn (SBN 216543)
tahearn@tesla.com
Helen Trac (SBN 285824)
htrac@tesla.com
David Lee (SBN 264467)
dlee@tesla.com
**TESLA, INC.**
1501 Page Mill Building 6U
Palo Alto, CA 94304
Tel: (510) 298-8516

Additional Attorneys for Defendants Tesla, Inc. and Elon Musk

## 1.    **PURPOSE**

Pursuant to Rule 502(d) of the Federal Rules of Evidence ("Rule 502(d)"), the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, or the joint defense or common interest privilege (collectively "privilege or protection"), and accompanying metadata ("Protected Documents"), does not, alone, result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the Receiving Party or any Non-Party in this Action or in any other state or federal proceeding regardless of the circumstances of the disclosure. This Stipulated Rule 502(d) Clawback Order ("Order")  provides the maximum protection allowed by Rule 502(d) with regard to Protected Documents. In this Action, Rule 502(b) does not apply to any disputes regarding Protected Documents, and instead this Order governs all disputes regarding Protected Documents produced in this Action.  Nothing contained herein requires the production of Protected Documents

## 2.    **DEFINITIONS**

2.1    Action: *Alcon Entertainment, LLC v. Tesla, Inc., Elon Musk, and Warner Bros. Discovery, Inc.*, No. 2:24-cv-09033-GW-RAO (C.D. Cal.).

2.2    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.3    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this Action.

2.4    House Counsel:  attorneys who are employees of a Party to this Action and contract attorneys, secondees, and other attorneys or legal professionals working under the supervision or direction of attorneys who are employees of a

Party to this Action or any of its subsidiaries.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.5    House Counsel of Record: attorneys who are employees of a Party to this Action, have no involvement in competitive decision-making, and who represent or advise a Party to this Action and have appeared in this Action on behalf of that Party. House Counsel of Record does not include Outside Counsel of Record or any other outside counsel.

2.6    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

2.7    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party.

2.8    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.9    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.10   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    CLAWBACK AGREEMENT**

In the event that a Producing Party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the Receiving Party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within ten (10) business days after discovery, unless the review requires additional time, in which case the Producing Party shall notify Counsel of Record and shall provide a date by which it will provide the identification.

Any Producing Party that complies with this Order will be deemed to have

taken reasonable steps to rectify disclosures of privileged or protected information or materials.

### 4.    PROCEDURES FOLLOWING CLAWBACK NOTICE

(a)    Within five (5) business days following service of the Clawback Notice, the Producing Party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privileged or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld.  Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the Parties or ordered by the Court.

(b)    Within five (5) business days of receiving the Clawback Notice (regardless of whether the Receiving Party agrees with or plans to challenge the Producing Party's claim of privilege or protection), the Receiving Party must promptly return, destroy, or sequester the Protected Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and shall cease use or disclosure of them pending resolution of the claim. The Receiving Party may retain one sequestered copy solely for purposes of seeking a judicial determination under seal. No certification of destruction shall be required while a challenge is pending.

(c)    If a Receiving Party challenges a claim that the Protected Document(s) specified in the Clawback Notice is privileged or protected, the Receiving Party shall notify the Producing Party of its challenge within five (5) business days of receiving the Clawback Notice.

(d)    If a Receiving Party challenges a claim that a Protected Document specified in the Clawback Notice is privileged or protected, the Receiving Party

STIPULATED PROPOSED FRE 502(d) CLAWBACK ORDER
Case No. 2:24-cv-09033-GW-RAO

must promptly sequester the Protected Document and any and all notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents—including all copies of such notes in electronic form—and the Receiving Party shall not use such information for any purpose, except as provided herein, until further Order of the Court or upon agreement by the Parties. If the Producing Party's challenged clawback is ultimately successful or the Receiving Party withdraws or fails to pursue its challenge to the Clawback Notice, or the Receiving Party does not challenge the claim within five (5) business days the Receiving Party must promptly return and/or destroy the Protected Document and any and all notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the Producing Party when this return and/or destruction is complete.

(e)    Within five (5) business days of the Producing Party receiving the challenge, the Parties shall meet and confer in an effort to resolve their disagreement. If the Parties cannot resolve a challenge without court intervention, they shall comply with the Informal Discovery Dispute Resolution procedure outlined in Judge Oliver's Procedures prior to filing any discovery motion.

(f)    The Producing Party wishing to assert a claim of privilege retains the burden, upon challenge pursuant to Section 4(c) above, of establishing the applicability of the claimed privilege.

(g)    The Receiving Party must not use or disclose the Protected Document(s) covered by the Clawback Notice during the time in which the Receiving Party is challenging the Protected Document(s).

(h)    This Order does not preclude a Party or Non-Party from voluntarily waiving any claims of privilege.

## 5.    PROCEDURES DURING DEPOSITION AND HEARING

(a)    If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the

subject of examination) contains material that is privileged or protected, the Producing Party may object and instruct a witness not to answer only to the extent necessary to preserve a privilege or protection under Rule 30(c)(2). Nonprivileged foundational questioning may proceed, including questions concerning authorship, receipt, transmission, possession, routing, handling, and other facts not calling for disclosure of privileged content.  In all events, once the Protected Document is no longer in use at the deposition, the Receiving Party shall immediately sequester all copies of the document, pursuant to Paragraph 4(b).  As to any testimony subject to a claim of privilege or protection, the Producing Party shall serve a Clawback Notice within four (4) business days after receiving the final transcript of the deposition, after which the Parties shall follow the procedures set forth in Sections 3 and 4, as applicable.  Pending determination of any challenge to such a Clawback Notice, all Parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 4.  In the event the Court decides the clawback dispute in the Receiving Party's favor and the Receiving Party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

(b)    If a Receiving Party uses a Protected Document in a brief or at a hearing, and the Producing Party has not served a Clawback Notice as to the Protected Document in advance of the briefing event or hearing, the Producing Party must promptly serve a Clawback Notice after receiving the briefing or the hearing. Thereafter, the procedures set forth in Section 4 apply.  The Producing Party, with the assistance of the Receiving Party as necessary, shall coordinate the removal of any privileged or protected material from the public record and file, or prepare a document to be filed by the Receiving Party, any necessary amended public and/or redacted filings that contain the privileged or protected material.  A Producing Party that learns that material used in a deposition, filing, or hearing is a Protected

Document shall act promptly to assert the claim. Any issue regarding delay may be presented to the Court for appropriate case-management or remedial relief, but delay alone shall not automatically constitute waiver.

## 6. **MISCELLANEOUS**

Nothing in this Order creates an obligation for a Party to conduct a privilege review for another Party.  Notwithstanding, if the Receiving Party reasonably knows or reasonably should know that material was inadvertently produced and is potentially a Protected Document, the Receiving Party shall promptly sequester the material and notify the Producing Party that it has received or examined document(s) that are or may be subject to a claim of privilege or protection, promptly sequester the document(s), and, within five (5) business days of such discovery, notify the Producing Party by identifying the Bates ranges of the documents. Such notification will not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the Producing Party determines that the documents are privileged or protected, the Producing Party must then provide a Clawback Notice in accordance with the procedures set forth in this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 14, 2026                           ANDERSON YEH PC

*/s/ Edward M. Anderson*
Edward M. Anderson (SBN 198183)
edward@andersonyehlaw.com
Regina Yeh (SBN 266019)
regina@andersonyehlaw.com
**ANDERSON YEH PC**
1055 E. Colorado Blvd. Ste 500
Pasadena, California 91106
Tel: (626) 204-4092
Fax: (888) 744-0317

Counsel for Plaintiff
Alcon Entertainment, LLC

8

STIPULATED PROPOSED FRE 502(d) CLAWBACK ORDER
Case No. 2:24-cv-09033-GW-RAO

Dated: May 14, 2026              KING & SPALDING LLP

                                 /s/ Arwen Johnson
                                 Arwen Johnson (SBN 247583)
                                 Arwen.Johnson@kslaw.com
                                 Lennette Lee (SBN 263023)
                                 LLee@kslaw.com
                                 **KING & SPALDING LLP**
                                 633 West Fifth Street
                                 Suite 1600
                                 Los Angeles, California 90071
                                 Tel: (213) 443-4355
                                 Fax: (213) 443-4310

                                 Counsel for Defendants
                                 Tesla, Inc. and Elon Musk

Dated: May 14, 2026              O'MELVENY & MYERS LLP.

                                 /s/ Matthew T. Kline
                                 Matthew T. Kline (SBN #211640)
                                 mkline@omm.com
                                 **O'MELVENY & MYERS LLP**
                                 1999 Avenue of the Stars, 8th Floor
                                 Los Angeles, California 90067
                                 Telephone:  (310) 553-6700
                                 Facsimile:  (310) 246-6779

                                 Counsel for Defendant Warner Bros.
                                 Discovery, Inc.

### ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

                                 /s/ Hassan Elrakabawy

                                 Hassan Elrakabawy

STIPULATED PROPOSED FRE 502(d) CLAWBACK ORDER
Case No. 2:24-cv-09033-GW-RAO

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:_____




_____
HON. ROZELLA A. OLIVER
United States Magistrate Judge

STIPULATED PROPOSED FRE 502(d) CLAWBACK ORDER
Case No. 2:24-cv-09033-GW-RAO

11

STIPULATED PROPOSED FRE 502(d) CLAWBACK ORDER
Case No. 2:24-cv-09033-GW-RAO