Edward M. Anderson (SBN 198183)
edward@andersonyehlaw.com
Regina Yeh (SBN 266019)
regina@andersonyehlaw.com
**ANDERSON YEH PC**
1055 E. Colorado Blvd. Ste 500
Pasadena, California 91106
Tel: (626) 204-4092 / Fax: (888) 744-0317

Attorneys for Plaintiff Alcon Entertainment, LLC

Arwen R. Johnson (SBN 247583)
Arwen.Johnson@kslaw.com
Lennette W. Lee (SBN 263023)
Llee@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 443-4355 / Fax: (213) 443-4310

Attorneys for Defendants Tesla, Inc. and Elon Musk

*Additional counsel listed on following page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation, <br><br><br> Defendants. | Case No. 2:24-cv-09033-GW-RAO <br><br> **STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER**[1] <br><br> District Judge: George H. Wu <br><br> Magistrate Judge: Rozella A. Oliver |

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

Matthew T. Kline (SBN 211640)
mkline@omm.com
Cassandra L. Seto (SBN 246608)
cseto@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Tel:  (310) 553-6700 / Fax:  (310) 246-6779

Attorneys for Defendant Warner Bros. Discovery, Inc.

James W. Irey (SBN 150640)
jirey@yukelaw.com
Hassan Elrakabawy (SBN 248146)
helrakabawy@yukelaw.com
Celeste S. Del Rio (SBN 275969)
cdel_rio@yukelaw.com
**YUKEVICH CAVANAUGH**
355 South Grand Avenue, 15th Floor
Los Angeles, CA  90071
Tel: (213) 362-7777/ Fax: (213) 362-7788

Additional Attorneys for Plaintiff Alcon Entertainment, LLC

A. Louis Dorny (SBN 212054)
ldorny@tesla.com
Terry W. Ahearn (SBN 216543)
tahearn@tesla.com
Helen Trac (SBN 285824)
htrac@tesla.com
David Lee (SBN 264467)
dlee@tesla.com
**TESLA, INC.**
1501 Page Mill Building 6U
Palo Alto, CA 94304
Tel: (510) 298-8516

Additional Attorneys for Defendants Tesla, Inc. and Elon Musk

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

1.   A. PURPOSES AND LIMITATIONS

Discovery in this Action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

This Action is likely to involve highly sensitive commercial, financial, strategic, personal, or other confidential or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. The Parties anticipate that such confidential and proprietary materials and information may include, among other things: confidential business and financial information; confidential licensing and distribution agreements; confidential business communications, including those concerning commercially sensitive licensing negotiations and/or intellectual property rights; confidential marketing strategies and event-production materials; information regarding confidential and proprietary business practices, trade secrets, or other non-public commercial information which is commercially sensitive at a level warranting confidentiality protection under a protective order; third-party information implicating privacy rights and/or subject to contractual confidentiality obligations; and information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. These materials are not publicly available and are maintained in confidence in

3

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

the ordinary course of business. The disclosure of such information outside the confines of this Action could result in competitive harm, impairment of business relationships, invasion of privacy interests, or violation of existing confidentiality agreements.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of this Action, and to serve the ends of justice, a protective order for such information is justified in this Action. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The Parties further acknowledge, as set forth in Section 12.4, below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

respect to Protected Material that a Party seeks to file under seal.  The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    DEFINITIONS

2.1    Action: *Alcon Entertainment, LLC v. Tesla, Inc., Elon Musk, and Warner Bros. Discovery, Inc.*, No. 2:24-cv-09033-GW-RAO (C.D. Cal.).

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

5

how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this Action.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel:  attorneys who are employees of a Party to this Action and contract attorneys, secondees, and other attorneys or legal professionals working under the supervision or direction of attorneys who are employees of a Party to this Action or any of its subsidiaries.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   House Counsel of Record: attorneys who are employees of a Party to this Action, have no involvement in competitive decision-making, and who

6

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

represent or advise a Party to this Action and have appeared in this Action on behalf of that Party. House Counsel of Record does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

2.12   Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party.

2.13   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, graphics or design services, document imaging and database services, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

7

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.     DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY or otherwise maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

After final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

        5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

9

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to fourteen (14) days,from the first date that the Designating Party has notice that the final transcript is available, to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the fourteen (14) days from the first date that the Designating Party has notice that the final transcript is available shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to fourteen (14) days  from the first date that the Designating Party has notice that the final transcript is available, if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present for the portions of such proceedings in which protected material is used in a manner that exposes Protected Material to persons present at such proceedings, other than a deponent for whom there has been compliance with the provisions of this order applicable to disclosure of Protected Material to deponents.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the

11
STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

Designating Party. The Designating Party shall inform the court reporter of these requirements. Any rough, draft, or unofficial transcript that is prepared before the expiration of a fourteen (14) day period for designation as set forth in Section 5.2(b) herein shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information contained in written discovery responses, the responses may be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by means of a statement in a reasonable place associated with each response that contains such information specifying the level of designation of the Protected Material and by placing a legend on the front page of such discovery responses stating: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted for each protected portion.

(d)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating

12
STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

Party's right to secure protection under this Order for such material.  If any Producing Party inadvertently produces or discloses any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item without marking it with an appropriate legend, the Producing Party or a Designating Party that discovers the inadvertent failure to designate shall promptly notify the Receiving Party that the information or item should be treated in accordance with the terms of this Order, and forward a substitute copy of the information or item stamped with an appropriate legend. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, which may require, to the extent reasonably practicable, a Party to withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation. In addition, within five (5) days of the receipt of the substitute copy, the Receiving Party shall return the previously unmarked items and all copies thereof or confirm that they have been destroyed or, if electronically stored information, permanently deleted.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    Meet and Confer.  The provisions of this section shall be deemed to replace and satisfy the meet and confer requirements of Local Rule 37-1 with respect to challenges under Section 6 of this Order.  The Challenging Party shall

13

initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, which notice may be transmitted by email. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of the Order. The Parties shall attempt to resolve each challenge in good faith and must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In the notice, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper, with sufficient information to allow the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation during the meet and confer process.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner, or if a Challenging Party is relieved of the meet and confer process by written order of the Court upon good cause shown.

       6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, they shall comply with either the Informal Discovery Dispute Resolution procedure outlined in Judge Oliver's Procedures ("IDDR") prior to filing any discovery motion, or the discovery motion procedures of L.R. 37-1, *et seq.*, with the Parties to give preference to using the IDDR if such use will not prejudice any Party's ability to prosecute the Action under the Scheduling Order.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has withdrawn the

14

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

confidentiality designation or waived the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees and support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party's House Counsel of Record in this Action;

(c) the Receiving Party's House Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(d) the officers, directors, and employees of the Receiving Party or any

15
STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

one of its subsidiaries to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  the Court and its personnel;

(g)  court reporters, videographers, and their staff and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) employees of a Party or any of its subsidiaries who reasonably need such information in order to preserve and collect Disclosure or Discovery Material;

(k)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(l)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and

16

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees and support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party's House Counsel of Record in this Action;

(c) for each Receiving Party, designated House Counsel (who are not House Counsel of Record) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall mean Adam Phillips and Wayne Smith for WBDI, David Lee for Tesla and Elon Musk, and Jeannette Hill for Alcon, as well as later-designated House Counsel (i.e., those not named herein) (i) to whom disclosure is reasonably necessary for this Action, (ii) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), (iii) to whom the procedures set forth in Section 7.4(a), below, have been followed, and (iv) who are identified by name in writing to the other Parties to this Order as House Counsel.

(d) Experts of the Receiving Party (i) to whom disclosure is reasonably necessary for this Action, (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (iii) as to whom the procedures set forth in Section 7.4(b)-(d), below, have been followed;

(e) the Court and its personnel;

(f) court reporters, videographers, and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17

STIPULATED <s>PROPOSED</s> PROTECTIVE ORDER<br>Case No. 2:24-cv-09033-GW-RAO

(g) professional jury or trial consultants and Professional Vendors retained by Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j) the author of a document containing the information; and

(k) employees of a Party or any of its subsidiaries who reasonably need such information in order to preserve and collect Disclosure or Discovery Material.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts and House Counsel.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, and except for the House Counsel already designated in Section 7.3(c), a Receiving Party that seeks to designate additional House Counsel to view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items pursuant to Section 7.3(c) first must make a written request to the Designating Party that includes the full name and title of the additional House Counsel. Within three

18

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

(3) business days following such written request, the Parties receiving such request will advise in writing whether they object to that House Counsel's receipt of "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" information or items and set forth in detail the basis for the objection, if any.  Within two (2) business days of the Receiving Party's receipt of an objection, the Parties shall hold a telephone conference to determine whether they can agree on terms relating to whether and how the Receiving Party can disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and items to the House Counsel. If the Parties are still in disagreement regarding the matter, the Parties shall comply with the Informal Discovery Dispute Resolution Procedure outlined in Judge Oliver's Procedures. In any such proceeding, the Designating Party that objects to the disclosure shall bear the burden of proving that the risk of harm that disclosure would entail (under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the House Counsel in question.

(b) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 7.3(c) first must make a written request to the Designating Party that (i) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (ii) sets forth the full name of the Expert and the city and state of his or her primary residence, (iii) attaches a copy of the Expert's current resume, and (iv) identifies the Expert's current employer(s).

(c) A Party that makes a request and provides the information specified in the preceding subsection (a) may disclose the subject Protected Material to the identified Expert unless, within three (3) business days of delivering the request, the

Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(d) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within three (3) business days of the written objection. If no agreement is reached, the Parties shall comply with either the IDDR procedures or the discovery motion procedures of L.R. 37-1, *et seq.*, (except that the meet and confer procedures in this section shall be deemed to satisfy the requirements of L.R. 37-1 specifically) with the Parties to give preference to using the IDDR if such use will not prejudice any Party's ability to prosecute the Action under the Scheduling Order.  In any such proceeding, the Designating Party that objects to the disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
        IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with the Non-Party;

(2)  promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain material it produced inadvertently is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The Parties and Court will enter a separate

22

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

Order under Federal Rule of Evidence 502(d) that governs the production of documents protected from discovery.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   Export Control. The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The Producing Party shall be responsible for identifying any such technical data subject to export control laws so that the Receiving Party can take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material subject to export control laws may leave the territorial boundaries of the United States of America. This prohibition extends to Protected Material (including copies) subject to export control laws in physical and electronic form. The viewing of Protected Material subject to export control laws through electronic means outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this section may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this section is intended to remove any obligation that may otherwise

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

exist to produce documents currently located in a foreign country.

12.4    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file Protected Material with the Court in this Action shall comply with the procedures set forth in Local Civil Rule 79-5.2.2. A Party that seeks to file under seal any Protected Material must also otherwise comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.5    GenAI.  The Receiving Party, may not, under any circumstances, upload to, share with, or otherwise use Protected Material on any generative artificial intelligence (GenAI) or large language model (LLM) tools or platforms including any third-party, public or internal tools whatsoever.

Notwithstanding the foregoing, if a Receiving Party determines to use a litigation, discovery, or case management tool that utilizes a closed Generative AI or LLM (i.e., one that does not share outside the tool data beyond the individual instance of the platform on which the underlying document resides), it must notify the Producing Party in advance of such use. The Receiving Party must specify the name of the vendor, the name and version of the tool to be used as well as any technical specifications provided by the vendor confirming that the tool uses a closed Generative AI or LLM and describing the tool's functionality, security, and data exposure (the "AI Disclosures"). Further, the Receiving Party must be able to delete the Protected Material from these systems at the resolution of the matter. To the extent Receiving Party is contractually prohibited from providing such

24

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

information in the AI Disclosures, the Parties shall meet and confer in good faith regarding those limitations. The Producing Party shall have five (5) calendar days from its receipt of the AI Disclosures to inform the Receiving Party of any objection and the bases therefore, and ten (10) calendar days from the receipt of the AI Disclosures and information to file any objection to the disclosure. If disputed, the Protected Material cannot be submitted to the Generative AI or LLM until the dispute is resolved by the Court. Under no circumstances may the Protected Material be shared with an open or public Generative AI or LLM.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

14.    <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 14, 2026            ANDERSON YEH PC
                               Edward M. Anderson
                               Regina Yeh

                               */s/ Edward M. Anderson*
                               Edward M. Anderson
                               Attorneys for Plaintiff
                               Alcon Entertainment, LLC

Dated: May 14, 2026            KING & SPALDING LLP
                               Arwen Johnson
                               Lennette Lee

                               */s/ Arwen Johhnson*
                               Arwen Johnson

                               Counsel for Defendants
                               Tesla, Inc. and Elon Musk.

Dated: May 14, 2026            O'MELVENY & MYERS LLP.
                               Matthew T. Kline
                               Cassandra L. Seto
                               Ellen V. Ward

                               */s/ Matthew T. Kline*
                               Matthew T. Kline
                               Counsel for Defendant Warner Bros.
                               Discovery, Inc.

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and

26

STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

/s/ Hassan Elrakabawy

Hassan Elrakabawy

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 05/15/2026

_____
HON. ROZELLA A. OLIVER
United States Magistrate Judge

27
STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Alcon Entertainment, LLC v. Tesla, Inc., Elon Musk, and Warner Bros. Discovery, Inc.*, No. 2:24-cv-09033-GW-RAO (C.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

28
STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER
Case No. 2:24-cv-09033-GW-RAO