ARWEN R. JOHNSON (SBN 247583)
 *arwen.johnson@kslaw.com*
LENNETTE W. LEE (SBN 263023)
 *llee@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 443-4355 / Fax: (213) 443-4310

A. LOUIS DORNY (SBN 212054)
 *ldorny@tesla.com*
TERRY W. AHEARN (SBN 216543)
 *tahearn@tesla.com*
HELEN TRAC (SBN 285824)
 *htrac@tesla.com*
DAVID LEE (SBN 264467)
 *dlee8@tesla.com*
**TESLA, INC.**
1501 Page Mill Building 6U
Palo Alto, California 94304
Tel: (510) 298-8516

Attorneys for Defendants Tesla, Inc. and Elon Musk

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation, <br><br> Defendants. | Case No. 2:24-cv-09033-GW-RAO <br> *Hon. George H. Wu, Courtroom 9D* <br><br> **DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFF'S MOTION TO COMPEL [L.R. 37-2.1]** <br><br> Magistrate Judge: Rozella A. Oliver <br><br> Hearing Date:  July 15, 2026 <br> Hearing Time:  10:00 a.m. <br> Courtroom:  590, 5th Floor <br><br> Discovery Cut-Off:  July 24, 2026 <br> Pre-Trial Conf.:  November 19, 2026 <br> Trial Date:  December 1, 2026 |

DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

Plaintiff offers no serious argument to satisfy the requirements for an apex deposition of either Elon Musk or Franz von Holzhausen. Plaintiff must show that (1) it "has exhausted other less intrusive discovery methods" as to each witness, *Tradewinds Ltd. v. Grupo Dolphin Discovery*, 2024 WL 3086665, at *3 (C.D. Cal. May 17, 2024) (Oliver, M.J.), **and** (2) each witness has "*unique* first-hand knowledge" of material facts in dispute. *Ceiva Logic, Inc. v. Amazon.com, Inc.*, 2021 WL 12349625, at *9 (C.D. Cal. Nov. 10, 2021) (emphasis in original). Plaintiff has not made either of these showings, and the Court should deny its motion.[1]

## I.    Plaintiff has not exhausted less intrusive discovery.

The most basic reason Plaintiff cannot take apex depositions of Musk or von Holzhausen is that Plaintiff has not exhausted less intrusive discovery methods.

As a threshold issue, Plaintiff has not pursued a Rule 30(b)(6) deposition of Tesla. This Court has held that a plaintiff cannot properly seek an apex deposition until it "complete[s]" a Rule 30(b)(6) deposition on the proposed topics of the apex deposition. *Tradewinds*, 2024 WL 3086665, at *3; *accord Tradewinds Ltd. v. Grupo Dolphin Discovery*, 2023 WL 11877605, at *3 (C.D. Cal. Sept. 20, 2023) (Oliver, M.J.) (plaintiff had not "exhausted less intrusive discovery methods" where it "ha[d] not yet deposed [defendant's] Rule 30(b)(6) witness"). Not only has Plaintiff not *taken* a Rule 30(b)(6) deposition, it has not even *served a notice* for such a deposition. Plaintiff's portions of the joint stipulation do not even *mention* the possibility of a Rule 30(b)(6) deposition, despite Tesla's repeated suggestion that Plaintiff first take a Rule 30(b)(6) deposition, consistent with the apex rules, before pursuing such depositions. *See* Dkt. 146-01 (Joint Stip.) 16-17. That alone forecloses Plaintiff's motion. *Tradewinds*, 2024 WL 3086665, at *3; *Tradewinds*, 2023 WL 11877605, at

---

[1] Because Plaintiff is not entitled to depose Musk, it necessarily is not entitled to a production of documents at Musk's deposition. Plaintiff's motion to compel a document production thus fails along with its motion to compel Musk's deposition.

DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

*3.[2]

Nor did Plaintiff exhaust fact depositions or written discovery before seeking to compel apex depositions. Plaintiff has not sought the depositions of relevant fact witnesses, such as the Tesla employee who made the final edits to Image C or the employee who crafted the narrative portion of the keynote presentation—both of whom were disclosed to Plaintiff long ago. The depositions Plaintiff has taken have been focused on irrelevant subject matters rather than the topics Plaintiff says require apex depositions. Joint Stip. at 41. Plaintiff also effectively admits it did not review all of Tesla's document production before rushing to file its motion. Anderson Decl., ¶ 22. Those productions confirm that Alcon's speculative "literal copying" theories have no merit, and that Musk had nothing to do with Image C.

Plaintiff asserts that Musk has not yet produced documents or verified interrogatory responses, but that complaint fails for all the reasons set forth in the joint stipulation. Joint Stip. at 29–30. Any supposed deficiencies in Musk's written responses, moreover, cannot excuse Plaintiff's failure to seek a Rule 30(b)(6) deposition or fact depositions of lower-level employees. In any event, Plaintiff has not taken the steps necessary to address any supposed deficiencies in Musk's written discovery responses through the IDDR process or motion practice. Until Plaintiff exhausts these and other avenues for discovery, an apex deposition is improper. *See Un-Housed People of City of LA v. Garcetti*, 2024 WL 5424387, at *3 (C.D. Cal. Aug. 27, 2024) (denying apex depositions where plaintiff did not complete a Rule 30(b)(6) deposition, fact depositions, or written discovery); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *4-5 (N.D. Cal. Jan. 25, 2007) (holding a party "may only depose [apex witnesses] after either interrogatories or the depositions of

---

[2] *See also Abraham v. U.S. Auto. Ass'n*, 2026 WL 1773259, at *3 (C.D. Cal. May 27, 2026) (denying apex deposition because a "Rule 30(b)(6) deposition" was a "less intrusive method[]"); *River City Testing v. Cohen*, 2021 WL 4805443, at *3 (C.D. Cal. July 8, 2021); *Ceiva Logic*, 2021 WL 12349625, at *21; *Fabritex, Inc. v. Target Corp.*, 2016 WL 11743231, at *1 (C.D. Cal. Dec. 9, 2016).

DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

lower-level employees have failed to provide the discovery it seeks").

## II.    Musk and von Holzhausen both lack unique firsthand knowledge.

Even if Plaintiff had exhausted less intrusive discovery, it still cannot show, as it must, that Musk and von Holzhausen possess "*unique* first-hand knowledge" of any material fact. *Ceiva Logic*, 2021 WL 12349625, at *9 (emphasis added).

***First***, as to Musk, Plaintiff fails to make the threshold showing that he possesses "first-hand knowledge" of *any* material fact. *Id.* at *13. Plaintiff asserts a single copyright infringement claim, based on alleged similarities between a still image ("Image A") from the film Blade Runner 2049 ("BR2049") and a new image ("Image C") used at a Tesla event on October 10, 2024 ("Event"). Every witness has testified that Musk had ***no*** involvement in Tesla's efforts to license Image A, the decision to create Image C, the creation of Image C, or its selection and placement in the Event. *See* Joint Stip. at 21–24; Johnson Decl., Exh. B at 122:7–17, 140:15–18, 142:22–143:2, 145:18–146:2, 147:23–148:4, 151:11–14, 151:24–152:3, 152:20–23; Exh. C at 105:21–23, 108:8–9, 109:2–19; Exhs. D–G, P, Q. And Plaintiff has adduced no evidence suggesting otherwise.

The "evidence" on which Plaintiff relies to suggest Musk's knowledge is a collection of meeting invites from July 24, October 8, and October 9 that went to many individuals, not just Musk. *See* Anderson Decl., Exh. 18. But courts have rejected identical attempts to depose apex witnesses based on meeting invitations. For example, in *Ceiva Logic*, the plaintiff sought to depose Amazon CEO Jeff Bezos based on an email "to Mr. Bezos regarding a purported meeting [at] a TED conference." 2021 WL 12349625, at *12. The court denied the plaintiff's request, finding that "there is no evidence before the [c]ourt that the meeting actually took place or that Mr. Bezos actually received the email or responded to it." *Id.*; *see also id.* at *9 (citing authority that "that the appearance of an executive's name on certain emails and business documents [is] insufficient to establish that executive's involvement in the events at issue, so as to justify taking his deposition"). Moreover,

3

DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

as Plaintiff knows from the depositions that have occurred, there is no evidence that the July 24 or October 8 meetings even happened, and Musk's feedback from the October 9 dress rehearsal was merely that the presentation needed to be shorter. Plaintiff's rank speculation that Musk may have attended meetings well before the creation of Image C does not negate what every witness has already confirmed—that Musk had no involvement with Image C. It certainly does not justify his deposition.

The mere fact that Musk gave the presentation in which Image C appeared is also irrelevant. Because it is undisputed that Musk played **no** role whatsoever with respect to the creation or selection of Image C, any statements he made at the Event *after* it was created are irrelevant. *See* Joint Stip. at 21–24. *Ceiva Logic* is also instructive on this obvious point. There, a patent infringement plaintiff argued that Bezos should be deposed "regarding the role he went onto [sic] play in developing the accused products." 2021 WL 12349625, at *9. The court held that Bezos's involvement was irrelevant because "[t]he infringement inquiry requires comparing the claims of the asserted patents to the accused patents." *Id.* Plaintiff's purported need to inquire into Musk's "intentions" fails for similar reasons, as that "theory of relevance is marginal at best," *Abraham*, 2026 WL 1773259, at *3. Musk's subjective intent when giving his speech, *after* Image C was created by others and without his involvement, has no bearing on substantial similarity, fair use, damages, or any of the other topics that Plaintiff identifies. Joint Stip. 24–28; *see also Reinsdorf v. Skechers U.S.A., Inc.*, 2012 WL 12883889, at *2 (C.D. Cal. May 9, 2012) (in copyright infringement action, denying apex deposition of CEO who "exercised final approval over advertisements" where plaintiff "failed to show any direct personal knowledge by [CEO] of the exact photographs at issue in this case or how such photos came to be used").

**Second**, as to von Holzhausen, Plaintiff has not established that his knowledge is unique and cannot be obtained through other witnesses or evidence. *See Reinsdorf*, 2012 WL 12883889, at *2. Tesla's other witnesses have testified extensively about

DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

the creation and selection of Image C, and Plaintiff does not identify any information missing from those depositions that only von Holzhausen possesses. Nor can Plaintiff explain why written interrogatories regarding von Holzhausen's knowledge, which have been blessed by other courts, would be inadequate here. Joint Stip. at 30–32; *see Celerity,* 2007 WL 205067, at *4-5 (denying apex deposition before "interrogatories or the depositions of lower-level employees have failed to provide the discovery").

## III. The Court should sanction Plaintiff.

Plaintiff cannot establish that it acted reasonably or in good faith in connection with its motion to compel. Plaintiff rushed into court to compel apex depositions without appropriately meeting and conferring. And it did so *before* (i) noticing a Rule 30(b)(6) deposition (something Plaintiff still has not done), (ii) completing fact depositions of lower-level employees, (iii) finishing its review of Defendants' productions, or (iv) exhausting less intrusive written discovery. Joint Stip. at 14–19, 40–42. In light of the unambiguous caselaw holding that apex depositions cannot proceed until less intrusive means of discovery establish that only the apex witness can provide material information, no reasonable attorney could believe apex depositions were appropriate in these circumstances.

There is also no exception to the apex deposition rules for cases with "tightly condensed discovery schedule[s]." Joint Stip. at 7. Plaintiff does not contend that it lacked time to seek a Rule 30(b)(6) deposition or other less intrusive discovery. Even if it did, Plaintiff had the obligation to seek relief from the scheduling order rather than disregard the law governing apex depositions. Indeed, Defendants proposed a stipulation to extend the schedule to alleviate Plaintiff's purported scheduling concerns, but Plaintiff did not respond to Defendants' proposal before hurrying to file its motion. Johnson Decl., ¶ 15. Accordingly, Plaintiff's motion is not "substantially justified" under Rule 37(a)(5)(B), entitling Defendants to their fees. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

5

DEFENDANTS' SUPPLEMENTAL BRIEF RE PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

DATED: July 1, 2026

**KING & SPALDING LLP**

By: */s/ Arwen R. Johnson*
    ARWEN R. JOHNSON
    LENNETTE W. LEE

**TESLA, INC.**
HELEN TRAC (SBN 285824)
 *htrac@tesla.com*
DAVID LEE (SBN 264467)
 *dlee8@tesla.com*
1501 Page Mill, Bldg 6U
Palo Alto, California 94304
Telephone: (510) 298-8516

Attorneys for Defendants
TESLA, INC. and ELON MUSK

6