A. LOUIS DORNY (SBN 212054)
  ldorny@tesla.com
TERRY W. AHEARN (SBN 216543)
  tahearn@tesla.com
HELEN TRAC (SBN 285824)
  htrac@tesla.com
DAVID LEE (SBN 264467)
  dlee8@tesla.com
**TESLA, INC.**
1501 Page Mill, Bldg 6U
Palo Alto, California 94304
Telephone: (510) 298-8516

ARWEN R. JOHNSON (SBN 247583)
  arwen.johnson@kslaw.com
LENNETTE W. LEE (SBN 263023)
  llee@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants
TESLA, INC. and ELON MUSK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas corporation; ELON MUSK, an individual; and WARNER BROS. DISCOVERY, INC., a Delaware corporation,<br><br>Defendants. | Case No. 2:24-cv-09033-GW-RAO<br><br>**DEFENDANT TESLA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY [L.R. 37-2.3]**<br><br>Magistrate Judge: Rozella A. Oliver<br><br>Hearing Date:  July 15, 2026<br>Hearing Time:  10:00 a.m.<br>Courtroom:     590, 5th Floor |

As set forth in Tesla's portions of the Joint Stipulation (ECF No. 150-2 ("Joint Stip.")), Plaintiff's discovery requests to Tesla are an improper fishing expedition into issues that have no bearing on this case, which is about Tesla's use of Image C at the October 10, 2024 "We, Robot" Event. Tesla established why Plaintiff's motion fails and is not substantially justified in the Joint Stipulation, and writes briefly here to emphasize the following points.

**First**, Plaintiff's discovery requests seeking references to the films "Blade Runner" from 1982 or BR2049 in social media posts for the past seven years (Interrogatories Nos. 11-14, Request Nos. 26-27) are not only unworkable and unduly burdensome but also predicated on a misunderstanding of copyright law. Plaintiff admits in its operative Third Amended Complaint ("TAC") that "up until the October 2024 Event, to Alcon's knowledge, Musk and Tesla had never engaged in literal copying or actionable substantial similarity copying of BR2049 elements." ECF No. 81 (TAC), ¶ 20. That admission ends the inquiry as to whether social media posts predating October 10, 2024 on any subject have relevance to this dispute—they do not. Plaintiff nonetheless intends to argue that such non-actionable references are admissible evidence of "willful" copyright infringement that could entitle Plaintiff to increased statutory damages. 17 U.S.C. § 504(c). There are many reasons why this argument is flawed. *See* Joint Stip. at 5-8, 11-14, 15-16, 18-19, 20, 35, 38. Most fundamentally, the "willfulness" inquiry under 17 U.S.C. § 504(c) has nothing to do with the alleged infringer's personal motives. *See Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019) (citations omitted) (holding that the standard for willfulness requires "(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights" under 17 U.S.C. § 504(c)).

Thus, "willfulness" depends on whether the alleged infringer knew or acted with reckless disregard about whether its conduct violated Plaintiff's rights; it has nothing to do with whether the alleged infringer had a **motive** to copy the plaintiff's

King & Spalding LLP
Attorneys at Law
Los Angeles

1

DEFENDANT TESLA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

work based on the alleged infringer's personal preferences. As a matter of law, whether Defendants mentioned "Blade Runner" in the social media posts years ago—conduct Plaintiff admits was non-actionable, TAC ¶ 20—does not answer whether, in using Image C at the event, Defendants knew they were infringing Plaintiff's rights in BR2049. Plaintiff is importing a "motive" element into the infringement claim where none exists.

*Second*, setting aside the many valid objections to the disputed requests, Plaintiff cannot escape that the discovery it seeks is disproportionate to the single claim that remains against Tesla and Musk. *See* Fed. R. Civ. P. 26(b)(1) (setting forth the proportionality factors, including the importance of discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit). Here, Tesla provided Plaintiff with responsive information that is proportional to the needs of this case, which concerns the use of Image C at the Event:

- Tesla confirmed that it is not aware of any "@Tesla X" posts mentioning BR2049, the sole work alleged to be infringed. Joint Stip. at 18-19.
- Tesla confirmed that it did not profit from the use of Image C, which is the relevant damages inquiry. *See* 17 U.S.C. § 504(b); Joint Stip. at 7.
- Tesla explained that the "written materials" referenced in the keynote presentation are publicly available SEC filings that have nothing to do with this case. Joint Stip. at 32-33.
- Tesla explained that the value of the license for its contemplated use of Image A is known—$500 for the Warner license, and $500 for the Sony license. *Id*. at 7, 22, 25-26, 30-31.
- Tesla admitted that Warner did not license Image A to Tesla to exhibit or use at the Event. *Id*. at 41.
- Tesla's documents and witnesses unequivocally confirmed that no wrongful use of Image A is even at issue. *Id*. at 7-8.

Plaintiff cannot establish that the balance of information it seeks in its

motion—*e.g.*, years of social media posts, including whether any posts were deleted (Interrogatories Nos. 11-14, RFPs Nos. 26-27); the number of individuals who viewed the Event "livestream" (Interrogatory No. 16); the "financial benefits" that Tesla may attribute to the Event (Interrogatory No. 18); license agreements about works ***other*** than BR 2049 (RFP No. 17)—comes anywhere close to meeting Rule 26(b)(1)'s proportionality requirement. None of this information would resolve the issues in dispute, and the burden on Tesla in responding to these requests far outweighs the (non-existent) benefit to Plaintiff. Plaintiff may not send Tesla on wasteful fishing expeditions merely because it is unhappy that proportionate discovery has demonstrated its claim is meritless.

***Finally***, Plaintiff cannot deny that it failed to meet and confer with Tesla about Tesla's amended RFA responses before rushing to file this motion. There is no excuse for Plaintiff's failure to comply with Local Rule 37.

Plaintiff should never have brought its motion to compel. For all the foregoing reasons, as well as those set forth in the Joint Stipulation, the Court should deny Plaintiff's motion to compel in its entirety and award Tesla its reasonable expenses, including attorneys' fees, under Fed. R. Civ. P. 37(a)(5)(B).

DATED: July 1, 2026

**KING & SPALDING LLP**

By: */s/ Arwen R. Johnson*
    ARWEN R. JOHNSON
    LENNETTE W. LEE

**TESLA, INC.**
HELEN TRAC (SBN 285824)
 *htrac@tesla.com*
DAVID LEE (SBN 264467)
 *dlee8@tesla.com*

Attorneys for Defendant TESLA, INC. and ELON MUSK

KING & SPALDING LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT TESLA, INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL