

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, California 90071

T: +1 213 443 4355
F: +1 213 443 4310

kslaw.com

**Arwen R. Johnson**
*Managing Partner-LAX*

T: +1 213 218 4002

arwen.johnson@kslaw.com

July 2, 2026

**VIA ECF**

The Honorable Rozella A. Oliver
United States Magistrate Judge
Edward R. Roybal Federal Building & United States Courthouse
Courtroom 590, 5th Floor
225 East Temple Street
Los Angeles, CA 90012

Re:    *Alcon Entertainment, LLC v. Tesla, Inc., et al.*
       Case No. 2:24-CV-09033-GW-RAO (C.D. Cal.)
       Letter Brief Regarding Plaintiff's Deficient Responses and Objections to Tesla's First Set
       of Requests for Production and Interrogatories

Dear Judge Oliver:

Defendant Tesla, Inc. ("Tesla") respectfully submits its opening letter brief in connection with the Request for Informal Telephonic Discovery Conference ("Request") submitted via email on June 18, 2026. Two of three disputes identified in the Request remain unresolved,[1] and Tesla requests that the Court enter an order requiring Plaintiff Alcon Entertainment, LLC ("Alcon") to promptly: (1) produce the three settlement agreements Alcon identified in response to Tesla's RFP No. 26 and (2) amend its deficient responses to Tesla's Interrogatory Nos. 1 and 4.

 I.    **Background**

In this copyright infringement case, even assuming liability could be established,[2] Alcon must still prove its entitlement to damages. Copyright damages are measured by the plaintiff's actual

---

[1] Tesla withdraws Issue 1 in the Request, as Alcon subsequently served amended responses and documents on or about June 22. But because Alcon has not yet produced all the responsive documents it committed to produce, and states in its amended responses that such documents will not be produced until July 7, Tesla reserves the right to seek further relief.

[2] The myriad flaws in Alcon's claim against Tesla are summarized in Tesla's Introductory Statements in the Joint Stipulation re Plaintiff's Motion to Compel Further Responses to Written Discovery, *see* ECF No. 150-2 at pp. 4-8, and Joint Stipulation re Plaintiff's Motion to Compel Depositions, *see* ECF No. 149-2 at pp. 3-5.

July 2, 2026
Page 2 of 5

damages and infringer's profits, or by statutory damages. *See* 17 U.S.C. § 504. Alcon has **no actual damages** (indeed, the two licenses for Image A were offered to Tesla at approximately $500 apiece) and there are **no profits from the alleged infringement**. *See* ECF No. 150-2 at p. 21, Nevertheless, Alcon resorts to theorizing that its damages can be established with a valuation of a "hypothetical license Alcon could have commanded" in similar contexts.[3] *Id.* at pp. 4, 20, 23, 26-27, 32. Yet, Alcon refuses to produce information related to this supposed damages theory.

Alcon argues, including in the operative complaint (ECF No. 81, ¶ 13) and in its initial disclosures, that its hypothetical license damages calculation primarily relies on a "brand association" contract it allegedly entered into with French car manufacturer, Peugeot, amounting to "a $500,000 cash payment . . . to Alcon, plus a $30 million media spend commitment" by Peugeot for co-promotional marketing, in exchange for on-screen Peugeot-brand displays in BR2049. Exh. B at 12, 21-22. But what Alcon fails to disclose is that the Peugeot agreement was disputed in litigation, *Alcon Entertainment, LLC v. Automobiles Peugeot SA et al.*, C.D. Cal. Case No. 19-cv-00245-CJC-AFM. Exh. C. Alcon sued Peugeot and others for breach of contract and fraud, seeking to enforce the contract, *see* Exh. D, ¶ 13, whereas Peugeot asserted in cross-claims that it "had not been informed of and never agreed to the agreement"—realities that Alcon knew when entering into and attempting to enforce the invalid agreement. Exh. E, ¶¶ 19-21. Alcon's lawsuit with Peugeot about their agreement ended in a settlement. *See* Exh. C, ECF Nos. 232-234.

In order to test the merits of Alcon's infringement claim and damages theories, including the factual bases for its hypothetical license theory, Tesla propounded discovery requests seeking, *inter alia*, documents sufficient to show Alcon's enforcement of BR2049 copyrights, including any settlement agreements concerning its alleged copyrights in BR2049 (RFP 26); a statement of the "factual and legal basis for seeking actual damages and infringement-derived profits" (Interrogatory 1); and identification of all third-party works containing the same characteristics of the BR2049 image at issue in this case (Interrogatory 4). Because Alcon stands on responses that are patently deficient—*i.e.*, refusal to settlement agreements responsive to RFP 26, and making winding and non-responsive arguments in response to Interrogatories 1 and 4—Tesla has no choice but to seek the Court's assistance.

## II.    Meet and Confer Efforts Related to Discovery Disputes

On March 18, 2026, Tesla served its First Set of RFPs and Interrogatories on Alcon. On May 8, 2026, Alcon served its Responses and Objections to Tesla's RFPs and Interrogatories. Exhs. A, B. In light of the deficiencies discussed above, Tesla sent Alcon a Rule 37-1 Meet and Confer Letter on May 26. Exh. F.

The parties met and conferred on June 5. On June 10, Tesla sent Alcon an email memorializing the results of that conference. Exh. G. Relevant to this dispute, Tesla confirmed that the parties were at an impasse as to: (1) Alcon's refusal to produce settlement agreements responsive to RFP

---

[3] Alcon's theory ignores that Warner and Sony had the exclusive rights to license clips from BR2049 in the United States/Canada and worldwide, respectively.

July 2, 2026
Page 3 of 5

26; and (2) Alcon's refusal to amend prolix responses to Interrogatory Nos. 1 and 4. *Id.* Tesla requested that Alcon advise by June 15 whether its position changed, otherwise Tesla would proceed with informal discovery dispute procedures. *Id.*

Alcon never responded to Tesla's June 10 email and thus Tesla initiated the Request seeking resolution of the two current disputes.

### III.    Alcon Should Be Ordered to Produce the Three Settlement Agreements Responsive to RFP No. 26

RFP No. 26 seeks documents regarding Alcon's efforts to enforce its copyright in BR2049, including settlement agreements. In response, Alcon identified three settlement agreements pertaining to "(1) an 'Event' dispute; (2) a 'Venue' dispute; and (3) an automobile brand affiliation dispute." Exh. A at pp. 28-29. Alcon, however, refused to produce these settlement agreements, invoking Federal Rule of Evidence 408 and confidentiality concerns. In the June 5 meet and confer, Alcon represented that if Tesla intended to compel the production of these agreements, it would attempt to obtain the consent of the relevant parties. To date, Alcon has provided no updates regarding its efforts, if any, to obtain such consents. Alcon's objections to producing these highly relevant agreements are invalid for several reasons.

*First*, pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The settlement agreements, by Alcon's own admissions, are highly relevant, and the production of these materials is plainly proportional to the needs of the case. The agreements bear directly on Alcon's alleged rights in BR2049 and the monetary valuation Alcon places on those rights in this case. In particular, Tesla understands that the third agreement identified by Alcon, regarding the "automobile brand affiliation dispute" with Peugeot, resolved Alcon's lawsuit against Peugeot. Alcon cannot premise its damages theory on an agreement, the validity of which was disputed and the performance of which remains unknown, while disclaiming the subsequent history of that agreement. In short, Alcon must produce the settlement agreement that modifies or supplants the very terms of that agreement.[4]

*Second*, FRE 408 does not provide a basis to withhold documents in discovery. FRE 408 restricts the *admissibility* of settlement communications and agreements for certain purposes; it does not provide a blanket shield against *discovery* of such materials. *See, e.g.*, *Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, 2007 WL 963975, at 3 (N.D. Cal. Mar. 30, 2007) ("The inescapable conclusion is that a privilege against **disclosure** cannot be found in Rule 408."); *Teck Metals, Ltd. v. London Mkt. Ins.*, 2010 WL 11507595, at 4 (E.D. Wash. Oct. 20, 2010) ("The Court finds that FRE 408 does not purport to limit discovery and on its face is not a discovery rule."). And documents "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

*Third*, perceived concern over confidentiality is not a barrier. The Court entered the Stipulated

---

[4] Absent production of the settlement agreement, Alcon should be precluded from relying on the Peugeot contract and any reference thereto for any purpose in this case.

July 2, 2026
Page 4 of 5

Protective Order on May 15 (ECF No. 142), which protects any confidential party or third-party information. *See, e.g.*, *Arrow Elecs., Inc. v. Aetna Cas. & Sur. Co.*, 2018 WL 4792014, at *2 (C.D. Cal. Apr. 12, 2018) (finding that "the fact that parties to a settlement agreement agreed to its confidentiality does not shield it from discovery" and stating that the confidentiality agreement between the parties to the litigation "mitigates the disclosure"). Notably, Alcon has yet to articulate what confidentiality restrictions it is supposedly bound by. Nor has it explained why it cannot produce the materials pursuant to valid discovery demands and the robust confidentiality protections in the Stipulated Protective Order. Its silence confirms that there exists no legitimate basis for the refusal.

Tesla respectfully requests an order compelling Alcon to produce all three settlement agreements.

### IV.    Alcon Should Be Ordered to Provide Focused, Responsive Answers to Interrogatory Nos. 1 and 4

Interrogatory No. 1 seeks the factual and legal basis for Alcon's damages claim. Rather than give a focused answer, Alcon provided an approximately thirty-page narrative that obscures any responsive content within argumentative and irrelevant material. Exh. B at pp. 3–31. For example, the response contains a disquisition on Tesla's November 2019 Cybertruck reveal event (which is not at issue in this litigation); a multi-paragraph essay invoking historian Yuval Noah Harari and his books about humanity's "transcending evolutionary superpower" or shared imagination"; and pejorative characterizations of Mr. Musk.

Interrogatory No. 4 seeks identification and description of the third-party works containing one or more of the elements Alcon claims are protected. Instead of answering, Alcon offered a multi-page argument concerning the Ninth Circuit's extrinsic-filtration test and its disagreement with Tesla's supposed "misinterpretation" of this test. Other than a grudging reference to the "Dune" films, Alcon refused to identify any responsive third-party works. Exh. B at pp. 35–37.

Alcon's responses to Interrogatory Nos. 1 and 4 are improper. An interrogatory response is not a platform for Alcon to engage in editorial commentary, legal argumentation, or philosophical musings. Courts have ordered the amendment of interrogatory responses in similar circumstances. For example, in *Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*, the court ordered plaintiffs to "amend each of their narrative responses . . . to plainly and directly answer the specific inquiry presented by each of those particular interrogatories without the inclusion of non-responsive information." 2021 WL 5087362, at *7 (D. Minn. Jan. 5, 2021). *See also In re Lockhart-Johnson*, 2023, WL 2534592, at 1 (Bankr. C.D. Cal. Mar. 15, 2023) ("All supplemental responses should answer the questions posed or provide the information requested and should not contain additional commentary or argument that is extraneous or not responsive to the question posed.").

Tesla respectfully requests an order requiring Alcon to amend Interrogatories Nos. 1 and 4 to provide non-evasive, focused, responsive answers.

July 2, 2026
Page 5 of 5

Sincerely,

**KING & SPALDING LLP**

ARWEN R. JOHNSON
LENNETTE W. LEE

*Attorneys for Defendants Tesla, Inc. and Elon
Musk*