**King & Spalding**

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, California 90071
T: +1 213 443 4355
F: +1 213 443 4310
kslaw.com

**Arwen R. Johnson**
*Managing Partner-LAX*
T: +1 213 218 4002
arwen.johnson@kslaw.com

July 9, 2026

**VIA ECF**
The Honorable Rozella A. Oliver
United States Magistrate Judge
Edward R. Roybal Federal Building & United States Courthouse
Courtroom 590, 5th Floor
225 East Temple Street
Los Angeles, CA 90012

Re:     *Alcon Entertainment, LLC v. Tesla, Inc., et al.*; Case No. 2:24-CV-09033-GW-RAO
        Reply Letter Brief Regarding Plaintiff's Deficient Discovery Responses

Dear Judge Oliver:

Tesla respectfully submits this reply letter brief in the above-referenced matter.

## I.     Alcon Should be Ordered to Produce the Settlement Agreements

It is undisputed that the three settlement agreements are relevant. Because Alcon's arguments against production do not withstand scrutiny, the Court should compel production.

*First*, nothing in *Elizabeth Arden, Inc. v. Merchant of Tennis, Inc.*, 2012 WL 13006026 (C.D. Cal. 2012) supports Alcon's withholding of relevant settlement agreements. As *Arden* correctly observed, "there is **no federal privilege preventing the discovery of settlement agreements**" and "whether a settlement agreement is discoverable falls under the general standards of [FRCP] Rule 26(b)(1)." *Id.* at *2 (emphasis added). Tellingly, the court in *Arden* ordered production of the settlement agreements in that case. *Id.* at *2–3. This Court should do the same.

*Second*, to the extent there exists a "balancing test"[1] evaluating whether the agreements are being sought for purposes prohibited by Rule 408, it easily weighs in favor of production here. Tesla seeks the agreements to determine the value Alcon places on its rights in BR2049 and to test the basis of Alcon's hypothetical license damages theory. ECF No. 161 at 3. In particular, the Peugeot settlement unquestionably pertains to Alcon's alleged damages: thus far, Alcon's *only* evidence for its hypothetical license damages theory is a product placement deal with Peugeot, the financial terms of which may have been supplanted, voided, or confirmed by the subsequent settlement agreement. ECF No. 161-4 at 21. Tesla is entitled to these agreements to test the factual bases of Alcon's damages. Nothing about these efforts runs afoul of Rule 408. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002) ("Rule 408 is inapplicable because this evidence was [offered]

---

[1] Contrary to Alcon's unsupported assertion, *Arden* does not expressly adopt such a test. *See id.*

July 9, 2026
Page 2 of 3

… to indicate [the plaintiff's] assessment of the value of the [intellectual property].”); *Heritage-Nevada VIII, LLC v. World Mkt. Ctr. Venture, LLC*, 2009 WL 10693182, at *6–7 (D. Nev. Sept. 11, 2009) (ordering production of all responsive settlement agreements in trademark dispute).

*Third*, Alcon's concern that an order requiring production of the agreements will compromise third party rights is without merit. Alcon has been on notice since June 10 that Tesla would seek to compel the production of these agreements (if not well before, when Tesla first propounded discovery on March 18). *See* ECF No. 161-7. Any third party opposing the production should have filed objections or a motion protective order far sooner, and yet nothing has been submitted. It is woefully insufficient for Alcon to say now, at the eleventh hour and without supporting evidence, that the third parties intend to object at some unspecified time. Nor does the “informal” posture of this process alter the analysis. As is apparent from this Court's procedures, substantive discovery orders may be issued from the informal discovery dispute process. Tesla should not be prejudiced by any third party's failure to timely object to the disclosure of the agreements.

*Fourth*, Alcon's suggestion that third party confidential information is not adequately protected by the Stipulated Protective Order should be rejected. *See Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (ordering production of confidential settlement agreements and noting adequate safeguards in protective order). Speculation that Tesla employees may improperly access “Highly Confidential” information is especially inappropriate: the only Tesla employees with access to such information under the Protective Order are attorneys. Any assertion they would disregard their obligations for competitive advantage is absurd.

## II.    Alcon Should be Ordered to Amend its Responses to Interrogatory Nos. 1 and 4

Alcon's attempts to justify its 30+ page response to Interrogatory No. 1 only confirm that Alcon failed to provide the “factual and legal basis” for its damages as requested. Merely copying narratives from the complaint is insufficient, as pleadings are not facts.[2] *See, e.g.*, *A.K.L. v. Moreno Valley Unified Sch. Dist.*, 2021 WL 4352362, at *3 (C.D. Cal. May 21, 2021). Nor is the fair use defense (even assuming past conduct is part of the analysis, which it is not) relevant to this interrogatory, which seeks the factual and legal basis for Alcon's *damages*, not Tesla's defenses. And Alcon's “explanatory references” to nonfiction works are clearly not facts or authorities.

Alcon's defense of its response to Interrogatory No. 4 fares no better. Alcon's assertion that the request is “poorly framed” and required “significant interpretation” is disingenuous. Interrogatory No. 4 directly quotes from the Third Amended Complaint the many “protected elements” of BR2049 that Alcon claims are at issue, TAC ¶¶ 49–54, and seeks to test whether those elements are unique and protectable by asking Alcon to identify third-party works containing the same elements. *See, e.g.*, *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822–23 (9th Cir. 2002).

Alcon should be required to amend both interrogatory responses.

---

[2] Indeed, Alcon has been admonished multiple times for its pattern of noncompliant, prolix pleadings. *See, e.g.*, ECF No. 61 at 35 n.28.

July 9, 2026
Page 3 of 3

Sincerely,

**KING & SPALDING LLP**

ARWEN R. JOHNSON
LENNETTE W. LEE

*Attorneys for Defendants Tesla, Inc. and Elon Musk*