UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 2:24-09033-GW (RAOx)                   Date:  July 14, 2026
Title:       Alcon Entertainment, LLC v. Tesla, Inc. et al.

Present:         The Honorable  **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

|  C. Delgado  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter/Recorder: N/A  |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

           N/A                                                  N/A

**Proceedings:**        (In  Chambers)  **ORDER  DENYING  WITHOUT  PREJUDICE MOTION  TO  COMPEL  DEPOSITIONS  [149];  DIRECTING FURTHER  MEET  AND  CONFER  ON  MOTION  TO  COMPEL FURTHER  RESPONSES  TO  WRITTEN  DISCOVERY  [150];  AND PERMITTING FILING OF NON-PARTY LETTER BRIEF**

Pending before the Court are two motions to compel and one discovery dispute that has been  letter  briefed.    Plaintiff  Alcon  Entertainment,  LLC  ("Alcon")  moves  to  compel  the depositions of Defendant Elon Musk ("Musk") and Franz von Holzhausen ("von Holzhausen"), Defendant Tesla, Inc.'s ("Tesla") Senior Design Executive.  Dkt. No. 149.  Alcon also moves to compel Tesla to provide further responses to written discovery.  Dkt. No. 150.  Tesla moves to compel three settlement agreements that Alcon has entered into with non-parties and to compel Alcon to provide "focused" responses to two interrogatories.  Dkt. No. 161.  The Court VACATES the July 15, 2026 hearing noticed by the two motions to compel and addresses each set of disputes as follows.

I.        **Alcon's Motion to Compel Depositions**

Prior  to  Alcon  initiating  the  process  to  draft  this  motion  and  accompanying  joint stipulation, the parties had been discussing the proper approach for fact depositions.  *See* Joint Stip. Pl.'s Mot. to Compel Depositions at 15.  Tesla proposed that the parties complete production and review of documents and Rule 30(b)(6) depositions before assessing the necessity of the Musk and von Holzhausen depositions.  *Id.* at 17.  The parties agreed that Tesla would propose alternative approaches or narrowing of any Rule 30(b)(60 apex deposition, and Alcon would evaluate whether such alternatives were acceptable.  *Id.* at 17-18.  Before that process could be completed, Plaintiff

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    CV 2:24-09033-GW (RAOx)                    Date:    July 14, 2026

Title:        Alcon Entertainment, LLC v. Tesla, Inc. et al.

began preparing the L.R. 37-2 joint stipulation due to fact discovery cut-off, which was July 24, 2026 at the time of the filing of Alcon's motions to compel. *See id.* at 18.

Under the apex doctrine, when deciding whether to allow a party to take the deposition of a high-level executive of another party, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Apple Inc. v. Samsung Elec. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).

In light of Judge Wu granting the parties' stipulation and request to amend the scheduling order and the extended fact discovery cut-off of October 2, 2026, *see* Dkt. No. 164, the Court directs the parties to continue their meet and confer efforts regarding this dispute. Tesla should propose alternative approaches or narrowing of any Rule 30(b)(1) apex deposition, as it had previously agreed to do. *See* Dkt. No. 17-18. The parties must conduct good faith and robust meet and confer discussions to attempt to resolve or narrow this dispute without further Court intervention.

The Court denies Alcon's motion without prejudice to Alcon moving for the depositions at a later date. In light of Alcon's need to move to compel prior to the fact discovery cut-off, the Court denies Defendants' request for sanctions. However, the Court will order Alcon to proceed by the Court's informal dispute resolution procedures if it decides to renew this dispute. The Court is not persuaded that this is a dispute that cannot be resolved by its informal procedures, as the Court permits and often directs parties to letter brief discovery disputes that cannot be resolved at an informal discovery conference ("IDC"). The parties should ensure that they raise the dispute with the Court with sufficient time to permit letter briefing and so that any ordered depositions can take place prior to the October 2, 2026 fact discovery cut-off.[1]

**II.        Alcon's Motion to Compel Further Responses to Written Discovery**

The Court has reviewed the motion and supplemental memoranda and orders the parties to meet and confer further on all the discovery at issue. The Court offers some guidance below to assist the parties in their meet and confer efforts, but these observations should not be construed as imposing any limitation on the parties' discussions. By **July 28, 2026**, the parties shall file a

---

[1] Judge Wu's order states that no further continuances will be granted. Dkt. No. 164.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 2:24-09033-GW (RAOx)                    Date:   July 14, 2026
Title:        Alcon Entertainment, LLC v. Tesla, Inc. et al.


joint status report setting forth their meet and confer efforts.  The joint status report shall set forth each side's most recent position of compromise for each dispute.

With respect to the interrogatories and requests for production ("RFPs") regarding social media posts, the parties should meet and confer regarding Alcon's statement that "Alcon did note that Tesla could agree that Alcon could use social media posts which Alcon has already found and is able to find on social media platforms without Tesla objecting to such uses."  Joint Stip. Pl.'s Mot. to Compel Written Discovery at 10.  It appears that the parties have not exhausted their meet and confer efforts regarding this proposal.  Alcon should also be prepared to discuss narrowing of its interrogatories and requests, particularly with respect to those that refer to the original Blade Runner movie.  The parties should also discuss whether they can agree to limit the scope of the discovery to specific social media accounts.

With respect to Interrogatory Nos. 16 and 18, Alcon should be prepared to be flexible, as it has indicated that it would be, and Tesla should be prepared to offer positions of compromise in light of its responses to both interrogatories that it was willing to meet and confer about the scope of these interrogatories.  That response suggests that Tesla would be open to providing some information if the interrogatories are narrowed.

With respect to the requests for admission ("RFAs"), Tesla notes that Plaintiff moved on these RFAs before meeting and conferring on the amended responses. Joint Stip. at 38.  The parties shall complete their meet and confer efforts regarding Tesla's amended responses.  The Court also notes that while Alcon argues that the word "authorized" has specific relevance or is incorporated into the statutory scheme, Alcon does not appear to provide an actual clear definition of the term. Absent the use of the word "authorization" or "authorize" by WBDI, it is not clear to the Court how to construe any directive or suggestion as "authorization" given Tesla's position that WBDI did not license the right to exhibit or use the image at issue.  The parties' meet and confer discussions should address this concern.

**III.     Tesla's Motion to Compel Settlement Documents and Responses to Interrogatories**

Although the Court will not order further meet and confer on these disputes, the Court strongly encourages the parties to do so to reach further agreement.  If the parties narrow or resolve any of these disputes, they shall include the update in the joint status report.

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 2:24-09033-GW (RAOx)                          Date:   July 14, 2026

Title:   Alcon Entertainment, LLC v. Tesla, Inc. et al.

The Court has received an email communication from non-parties Automobiles Peugeot S.A. (France) and Publicis Media France, S.A.  These non-parties entered into confidential settlement agreements with Alcon.  Tesla seeks these agreements as responsive to its RFP No. 26. The Court grants Peugeot and Publicis' request to make a limited appearance to file a short (two-page) letter brief with their objections.  The Court orders Alcon to serve a copy of this order on counsel for Peugeot and Publicis.  The letter brief shall be filed by **July 28, 2026**.

**IT IS SO ORDERED.**

: 

Initials of Preparer    cd

---