Edward M. Anderson (SBN 198183)
edward@andersonyehlaw.com
Regina Yeh (SBN 266019)
regina@andersonyehlaw.com
**ANDERSON YEH PC**
1055 E. Colorado Blvd. Ste 500
Pasadena, California 91106
Tel: (626) 204-4092 / Fax: (888) 744-0317

Attorneys for Plaintiff Alcon Entertainment, LLC

Arwen R. Johnson (SBN 247583)
Arwen.Johnson@kslaw.com
Lennette W. Lee (SBN 263023)
Llee@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 443-4355 / Fax: (213) 443-4310

Attorneys for Defendants Tesla, Inc. and Elon Musk

*Additional counsel listed on following page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation, <br><br> Defendants. | Case No. 2:24-cv-09033-GW-RAO <br><br> **JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER (DKT. 171)** <br><br> District Judge: George H. Wu <br><br> Magistrate Judge: Rozella A. Oliver <br><br> Filing Date: July 28, 2026 <br> Discovery Cut-Off: October 2, 2026 <br> Final Pre-Trial Conf: March 4, 2027 <br> Trial Date: March 16, 2027 |

JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-cv-09033-GW-RAO

James W. Irey (SBN 150640)
jirey@yukelaw.com
Hassan Elrakabawy (SBN 248146)
helrakabawy@yukelaw.com
Celeste S. Del Rio (SBN 27596)
cdel_rio@yukelaw.com
**YUKEVICH CAVANAUGH**
355 South Grand Avenue, 15th Floor
Los Angeles, CA  90071
Tel: (213) 362-7777/ Fax: (213) 362-7788

Additional Attorneys for Plaintiff Alcon
Entertainment, LLC

Jesse D.H. Snyder (*Pro Hac Vice*)
jsnyder@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 900
Washington, D.C.  20006-4707

A. Louis Dorny (SBN 212054)
ldorny@tesla.com
Terry W. Ahearn (SBN 216543)
tahearn@tesla.com
David Lee (SBN 264467)
dlee8@tesla.com
**TESLA, INC.**
1501 Page Mill Road, Building 6U
Palo Alto, CA 94304
Tel: (510) 298-8516

Additional Attorneys for Defendants
Tesla, Inc. and Elon Musk

**JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER (DKT. 171)**

Pursuant to the Court's July 14, 2026 Order (Dkt. 171) (the "Order"), Plaintiff Alcon Entertainment, LLC ("Alcon") and Defendants Tesla, Inc. ("Tesla") and Elon Musk ("Musk") submit this Joint Status Report.

Broadly here, the Order, *inter alia*, (i) denied without prejudice Alcon's motion to compel the depositions of Musk and Franz von Holzhausen ("von Holzhausen") and directed the parties to continue their meet-and-confer efforts on that dispute; (ii) ordered further meet-and-confer efforts on all of the written discovery at issue in Alcon's motion to compel further responses and directed the parties to file this Report setting forth their meet-and-confer efforts and "each side's most recent position of compromise for each dispute"; and (iii) strongly encouraged further conferral on the disputes presented in Tesla's letter brief and directed the parties to report any narrowing or resolution of those disputes. This Report addresses the three sets of disputes in the order in which the Order addresses them.

As used below, the "Event" means Tesla's October 10, 2024 "We, Robot" event at 4000 Warner Boulevard in Burbank, California; the "Keynote" means Musk's live and livestreamed audiovisual presentation at the Event; "BR2049" means the 2017 motion picture *Blade Runner 2049*; "Image A" means the image identified in paragraph 27 of the Third Amended Complaint ("TAC") (Dkt. 81) and "Image C" means the image identified in paragraph 39 of the TAC.

## I. MEET-AND-CONFER EFFORTS

The parties received and considered the Order.

On July 17, 2026, counsel for Tesla and Musk transmitted to Alcon a meet-and-confer letter setting forth Tesla's positions on each set of disputes addressed in the Order.

On July 21, 2026, Alcon transmitted its responsive meet-and-confer letter,

JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-CV-9033-GW-RAO

stated its availability to confer on July 24 or July 27, and advised that it would serve a Federal Rule of Civil Procedure 30(b)(6) deposition notice on Tesla by July 23.

On July 23, 2026, Alcon served Tesla with a notice of deposition under Federal Rule of Civil Procedure 30(b)(6) identifying twenty-nine matters for examination, requesting that Tesla identify its proposed designees and the matters each is expected to cover by August 7, 2026, and facially noticed the deposition to begin on August 14, 2026, subject to meeting and conferring with Tesla on a mutually agreeable date or dates. The same day, in an effort to narrow or eliminate the issues concerning the potential depositions of von Holzhausen and Musk, Alcon served Musk with Interrogatory Nos. 10–17 and Requests for Admission Nos. 17–38, and served Tesla with Interrogatory Nos. 24–25 and Requests for Admission Nos. 30–36. Responses and objections by Musk and Tesla respectively to the foregoing written discovery requests are currently due August 24, 2026, absent extensions which may be requested or granted.

On July 27, 2026, counsel for Alcon, Tesla, and Musk met and conferred by videoconference. The positions set forth below reflect the parties' post-Order correspondence and the positions, ideas, and proposals discussed at the July 27 conference.

**II. ALCON'S MOTION TO COMPEL DEPOSITIONS (DKT. 149)**

**A. Current Positions on Sequencing**

***Alcon's Communicated Position.***

Alcon's position is that the discovery already taken—including the depositions of Tesla employees—establishes that both von Holzhausen and Musk have "unique first-hand, non-repetitive knowledge of the facts at issue in the case" and that Alcon has "exhausted other less intrusive discovery methods" under the standard the Order identified. Dkt. 171 at 2 (quoting *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)). Reserving all rights, Alcon is nonetheless proceeding with a

JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-CV-9033-GW-RAO

further discovery sequence—including the Rule 30(b)(6) notice and the targeted written discovery served on July 23—in an effort to narrow or eliminate the remaining issues without further Court intervention. That sequencing accommodation is not a concession concerning uniqueness, exhaustion, relevance, proportionality, the adequacy of other discovery, or whether either deposition ultimately will be necessary. Alcon further notes that the Order directed that "Tesla should propose alternative approaches or narrowing of any Rule 30(b)(1) apex deposition, as it had previously agreed to do." Dkt. 171 at 2. Alcon invited such proposals in its July 21 letter and again at the July 27 conference, and remains willing to consider any proposal Tesla or Musk makes.

### *Tesla's Communicated Position.*

For all the reasons set forth in Tesla's portions of the joint stipulation re Alcon's motion to compel, Dkt. 149, Tesla disputes that von Holzhausen and Musk have unique first-hand knowledge of facts at issue in this case and that Alcon has exhausted less intrusive discovery methods to obtain any facts sought from von Holzhausen and Musk.

In response to the Order, Tesla reiterated in its July 17 letter that Alcon should issue and take Tesla's Rule 30(b)(6) deposition as a threshold step before determining whether either individual deposition is warranted. At the July 27 conference, counsel for Tesla and Musk confirmed receipt of Alcon's July 23 discovery, including the Rule 30(b)(6) deposition notice, and stated that they were discussing the witnesses it would designate for each topic and Tesla's position on the topics.

### B. Proposals That Could Eliminate or Narrow the Individual Depositions

#### *Alcon's Communicated Position.*

**Proposed factual stipulation.** Subject to Alcon's client approval if the proposal is something which Tesla and Musk indicated is worthy of further discussion, Alcon's counsel proposed that the individual depositions might not be

JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-CV-9033-GW-RAO

needed at all if Tesla and Musk would stipulate that: (1) Tesla intended, in what Alcon contends was Tesla's process of creating potential replacement images for Image A, including ultimately selecting and using Image C, to reference and evoke BR2049; (2) Musk intended his remarks while Image C was displayed to reference and evoke BR2049; and (3) neither Tesla nor Musk considered using any work other than BR2049 to convey the message Tesla attributes to Image C and to Musk's remarks made at the Event.

**Deposition of von Holzhausen.** Also subject to Alcon's client confirmation if the proposal is something which Tesla indicates is worthy of further discussion, Alcon's counsel proposed that, if Tesla agrees to produce von Holzhausen for deposition, Alcon would limit its examination of von Holzhausen to no more than two (2) hours and would take the deposition at a location of Tesla's and von Holzhausen's choice, or remotely.  In response to Tesla's query of clarification, Alcon also confirmed that if Tesla produced von Holzhausen as a designated Rule 30(b)(6) testifying individual for Tesla in response to Alcon's Rule 30(b)(6) notice, Alcon would not seek a separate deposition of von Holzhausen as a percipient witness.

**Deposition of Musk.** Alcon understands Tesla and Musk presently to oppose a Musk deposition and to contend that the Rule 30(b)(6) deposition should occur first, after which the parties should further discuss whether any individual deposition is necessary. Because Tesla and Musk have not proposed terms for a Musk deposition, Alcon does not have a comparably specific duration or logistical proposal as to Musk, other than to proceed through the sequence described above, and the floated possibility of eliminating need for a Musk deposition altogether by a factual stipulation along the lines above. Alcon remains willing to consider any alternative or narrowing proposal from Tesla and Musk.

**Document requests in Musk's deposition notice.** Alcon proposed that Musk respond to the document requests in his deposition notice, without waiver of

6

JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-CV-9033-GW-RAO

objections, and that if any or all of Musk's responses state that, after reasonable inquiry, Musk has no responsive documents that are not in Tesla's possession, custody, or control and not already covered by Tesla's prior responses and productions, Alcon would accept that response, subject to any applicable duty to supplement.

### Tesla's Communicated Position.

Tesla and Musk maintain that a Rule 30(b)(6) deposition of Tesla—which Alcon has now served and for which Telsa is identifying witnesses and their availability—will further confirm that there is no need for any apex deposition. Additionally, Alcon's additional written discovery requests recently propounded on Tesla and Musk further demonstrate that all relevant information can be obtained without deposing Musk or von Holzhausen. Nevertheless, Tesla is evaluating the four proposals described above, communicated by Alcon the day before this Joint Status Report, but does not yet have a substantive response to the proposals as of the filing of this report.

## C. Scheduling

### Alcon's Communicated Position.

Alcon stated in the July 27, 2026 meet and confer that Alcon is concerned that the time needed to complete the sequence described above—completing the Rule 30(b)(6) deposition, exchanging narrowing positions, invoking the Court's informal dispute-resolution procedures if necessary, and conducting any resulting deposition—remains very tight even under the amended scheduling order. Alcon is further mindful of the Order's direction that any renewed dispute proceed through the Court's informal procedures and be raised with sufficient time "to permit letter briefing and so that any ordered depositions can take place prior to the October 2, 2026 fact discovery cut-off." Dkt. 171 at 2. In the July 27, 2026 meet and confer, Alcon thus stated its belief that the parties and the Court might be well served by an order from

Judge Wu addressed solely to the potential depositions of von Holzhausen and Musk, permitting the Magistrate Judge to issue any related orders and permitting any resulting depositions of those two witnesses to occur by October 30, 2026—that is, beyond the October 2, 2026 fact-discovery cut-off—while all other fact discovery would remain subject to the existing cut-off, and the rest of the schedule in the amended scheduling order remain otherwise unchanged. Alcon stated that it is willing to join in a stipulation and request to Judge Wu for that limited relief, if Musk and Tesla were also willing. Alcon recognizes that Dkt. 164 states that no further continuances will be granted and Alcon's understanding is that this narrow scheduling relief would have to be granted by Judge Wu, and only if Judge Wu regarded it as consistent with his directive of no further continuances being granted; no scheduling relief is requested in this Report.

Alcon also communicated to Tesla's and Musk's counsel in connection with the above possibility that Alcon would prefer to have more flexibility to do such things as grant requested extensions (if any are requested) to Tesla and Musk on Alcon's proposed narrowing discovery served on July 23 (as the parties have been doing mutually with each other on written discovery to date), and that Alcon also has concerns about the schedule being tight to a place where, if the Musk and von Holzhausen deposition issues are not resolved by mutual agreement, that Alcon would feel compelled to present the issue to the Magistrate Judge for a ruling, win or lose, rather than Alcon not be able to take the depositions or even receive a ruling on the issue, simply because the clock runs out.

### *Tesla's Communicated Position.*

Tesla is evaluating the proposal described above, communicated by Alcon for the first time the day before this Joint Status Report, but does not yet have a substantive response to the proposals as of the filing of this report.

JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-CV-9033-GW-RAO

### III. ALCON'S MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY (DKT. 150)

As directed by the Order, the parties met and conferred further on all of the written discovery at issue in Dkt. 150. Each side's most recent position of compromise on each dispute is set forth below.

**A. Interrogatory Nos. 11–14 and Requests for Production Nos. 26–27 (Social-Media Posts)**

The parties conferred regarding Alcon's statement, quoted in the Order, that "Tesla could agree that Alcon could use social media posts which Alcon has already found and is able to find on social media platforms without Tesla objecting to such uses." Dkt. 171 at 3. Alcon transmitted to Tesla the social-media exhibits to the Second Amended Complaint (since superseded by the TAC), which exhibits contained the posts Alcon proposes to use. Tesla observed that the documents as transmitted are unclear, and requested that Alcon identify each post with greater specificity and what further information Alcon seeks from Tesla as to each such post, and Alcon agreed to provide a post-specific and use-specific list.

*Alcon's Communicated Position*.

Alcon addresses each of the three subjects the Order identified. *First*, Alcon agreed to provide Tesla with a list identifying each social-media post that Alcon intends to be the subject of the proposed compromise. *Second*, Alcon's tentative thought at present is to propose that, for each listed item, Tesla and/or Musk agree not to dispute that the item is an authentic copy of an actual social-media post by the identified poster, and that the post be usable as if it had been identified by Tesla in a verified response to a verified Interrogatory (or alternatively, Tesla could actually identify each such post in a verified interrogatory response, with such qualifying statements as Tesla and Musk might desire to make, but without denying authenticity). If Tesla accepts that proposal or a similar one, Alcon would not further

9

JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-CV-9033-GW-RAO

pursue the discovery requests at issue. *Third*, Alcon will consider limiting the scope of this discovery to specific social-media accounts, and has already done so in its Rule 30(b)(6) notice, which limits the corresponding matter to Tesla's official account on X, Tesla's official YouTube channel, and Musk's @elonmusk account on X (although Alcon notes that said account may have had other names in the past).

***Tesla's Communicated Position.***

Given that the exhibits Alcon provided include extraneous information such as redacted posts by individuals and copies of articles, Tesla requested a list of the specific posts Alcon would like Tesla to review as well as an explanation as to the specific information Alcon seeks. Tesla is willing to consider Alcon's proposal once Alcon has provided Tesla with sufficient information for it to do so.

The parties have not yet resolved this dispute.

## B. Interrogatory No. 16 (Livestream Viewership)

***Alcon's Communicated Position.***

Consistent with the Court's guidance that Alcon be prepared to be flexible, Alcon confirmed that it remains very flexible concerning the manifestation of viewership information which Tesla might propose to present and is willing to consider any additional information or proposal Tesla identifies. Alcon has also framed the corresponding Rule 30(b)(6) matter around the live and post-Event reach and viewership of the Event and the Live Keynote, including available United States and worldwide views, impressions, and engagement by platform and over time, and Tesla's sources and methods for measuring those figures.

***Tesla's Communicated Position.***

Subject to its objections, Tesla stated in its July 17 letter that it had identified further information concerning livestream viewership that it could provide in a supplemental response. At the July 27 conference, Tesla stated that it would provide the data it has obtained and serve a supplemental response.

The parties have not yet resolved this dispute.

## C. Interrogatory No. 18 (Financial Benefits from the Event)

### *Alcon's Communicated Position.*

Alcon's understanding of Tesla's July 17 letter position was that Tesla intended to stand on its objections and to decline to respond to Interrogatory No. 18, in favor of Alcon serving discovery directed to categories which Tesla contends are more relevant, such as Tesla's "profits from infringement."  The Order directed Alcon to be prepared to be flexible, as Alcon had indicated it was willing to be.

Alcon proposed in the meet and confer that Tesla reconsider its position of standing on objections and non-response, and instead make a response that identifies the financial benefits in the way that Tesla has recorded such financial benefits of the Event internally in its own books and records.  Alcon explained in the meet and confer that Tesla is perhaps focusing on too narrow a concept of relevance in referencing such limited descriptors as "profits from infringement," and not considering that where Tesla asserts a fair use defense, Tesla necessarily is going to have to put forth affirmative evidence of the "purpose and character of the use," and it thus seems reasonable that Tesla will have to explain as part of that how Tesla justified the sums of money Tesla expended on the Event (which sums Tesla has identified to Alcon in other responses, not at issue in the present motion).

Alcon also notes the Court's observation that Tesla's responses to Interrogatory Nos. 16 and 18 stated that Tesla was willing to meet and confer about the scope of those interrogatories, and that this "suggests that Tesla would be open to providing some information if the interrogatories are narrowed." Dkt. 171 at 3.  Alcon is open to narrowing, but respectfully submits that a category so narrow as "profits from infringement" is too narrow, for the reasons stated above.

### *Tesla's Communicated Position.*

In its July 17 letter, Tesla stated that it stands on its objections for the reasons

11

JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-CV-9033-GW-RAO

stated in the Joint Stipulation and that it was willing to discuss a proposal from Alcon to narrow the interrogatory so that it would call for information that is relevant to the claims or defenses in this case.  As Tesla has received no such proposal from Alcon, Tesla stands on its response and objections.

The parties did not resolve this dispute.

**D. Requests for Admission Nos. 4, 5, and 6 ("Authorization")**

### *Alcon's Communicated Position.*

The parties completed the meet-and-confer efforts the Order directed as to Tesla's amended responses. Alcon has decided not to pursue further enforcement efforts as to the three requests at issue—Requests for Admission Nos. 4, 5, and 6— and does not seek relief as to them at this time. Alcon will instead pursue the underlying information through its Rule 30(b)(6) examination, including matters directed to the specific acts, communications, and documents underlying the disputed characterization rather than to the term "authorization" itself, which responds directly to the definitional concern the Court identified. *See* Dkt. 171 at 3. Alcon reserves the possibility of serving new requests for admission, although it may elect not to do so.

### *Tesla's Communicated Position.*

In its July 17 letter, Tesla stated that it stands on its amended responses and objections to Requests for Admission Nos. 4–6 given the use of the undefined term "authorization" and asked Alcon to identify with specificity the reasons Alcon regarded those responses as insufficient.  However, as Alcon has decided not to pursue further the Requests for Admissions at issue, this dispute is now resolved.

**IV. TESLA'S MOTION TO COMPEL SETTLEMENT DOCUMENTS AND INTERROGATORY RESPONSES (DKT. 161)**

Although the Order did not require further meet-and-confer efforts on these disputes, the parties conferred on each of them as the Court encouraged. The parties report the following.

JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-CV-9033-GW-RAO

**A. The Three Settlement Agreements (Request for Production No. 26)**

Alcon represented to Tesla that Alcon served a copy of the July 14 Order on counsel for non-parties Automobiles Peugeot S.A. ("Peugeot") and Publicis Media France, S.A. ("Publicis"). Dkt. 171 at 4. The Order permits Peugeot and Publicis to file a two-page letter brief stating their own positions by July 28, 2026.

***Tesla's Communicated Position.***

As for the settlement agreement involving Peugeot, Tesla has reviewed the letter brief filed by Peugeot and Publicis on July 28, 2026, Dkt. 173, and respectfully requests leave to file a two-page letter brief in response.  Tesla has also sought to compromise with Alcon on this particular settlement agreement, offering in its July 17 letter to consider withdrawing its demand for the settlement agreement if Alcon confirmed that it will not seek to introduce, rely on, or refer to any part of the August 31, 2016 Promotions License Agreement that is Exhibit 1 to Alcon's Initial Disclosures, or any related agreements in this case.  As Tesla further advised, absent such a confirmation from Alcon, the settlement agreement must be produced, as it directly relates to whether the August 31, 2016 agreement was valid, enforceable, and/or performed.  Alcon declined this proposal in its July 21 letter.

Tesla continues to request an order compelling production of all three settlement agreements, particularly as these are relevant documents that Alcon has identified and put at issue.  Tesla relies on the relevance and discoverability arguments stated in Dkt. 161, including its arguments concerning Federal Rule of Evidence 408 and the Stipulated Protective Order.

***Alcon's Communicated Position.***

Responding to Tesla's request that Alcon identify the specific confidentiality concerns at issue, Alcon states that its objection is not merely a general confidentiality objection: each of the three agreements restricts Alcon's ability to disclose it absent the consent of the counterparties or a court order, and the Stipulated Protective Order

does not supply that consent. Alcon's position as to each agreement is as follows.

The "Event" settlement agreement. Following the July 14 Order, Alcon again asked the third parties to this agreement whether they would permit production and on what terms. Those third parties expressly responded, reiterated their objection to any production, and stated that they would not consent to production. Alcon accordingly continues to oppose production.

The "Venue" settlement agreement. Alcon has provided more than the contractually required notice to the third parties to this agreement, and those third parties have not responded. By the terms of the agreement, Alcon is unable to produce it without a court order where the third parties have not affirmatively consented to production. Alcon does not invite such an order and does not agree that such an order is justified.

The "Automobile Brand Affiliation" settlement agreement. Alcon declined Tesla's July 17 conditional proposal, stating in its July 21 letter that it would not agree to refrain from relying on the August 31, 2016 Promotions License Agreement or related agreements. Barring an unexpected change in Peugeot's and Publicis's positions, Alcon's position remains that it is unwilling and contractually unable to produce the agreement without a court order, does not consent to production, and does not agree that such an order would be appropriate.

The parties did not resolve this dispute.

**B. Interrogatory No. 1**

### *Tesla's Communicated Position*.

Tesla continues to seek the focused, responsive answer requested in Dkt. 161. As counsel for Alcon represented at the July 27 conference, Alcon will consider the issues Tesla has raised in preparing its amended response, Tesla is willing to review such a response prior to renewing its request for a motion to compel.

### *Alcon's Communicated Position*.

14

JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-CV-9033-GW-RAO

Alcon's position remains that its response to Interrogatory No. 1 was proper as served and that Tesla's arguments to the contrary are unjustified. However, for reasons unrelated to Tesla's request for a discovery order on this issue, Alcon intends in any event to serve an amended and/or supplemental response to Interrogatory No. 1, and expects to serve that response by the earlier of: (a) August 10, 2026 (fourteen days after the July 27, 2026 conference) or (b) one day before the deposition of Alcon's Co-CEO Andrew Kosove (which deposition Tesla has noticed and the specific date on which Mr. Kosove will appear the parties are discussing). Alcon suggested that Tesla may wish to await that response, although Alcon does not represent that the amended and/or supplemental response will eliminate the parties' disputes, as Alcon expects the response to remain of substantial length and detail.

The parties will assess, after Alcon serves that response, whether it narrows or resolves the dispute.

**C. Interrogatory No. 4**

***Tesla's Communicated Position.***

Tesla continues to seek an order compelling Alcon to make an amended response to this Interrogatory, as requested in Dkt. 161, and respectfully requests that the Court enter such an order.

***Alcon's Communicated Position.***

Alcon continues to stand on its objections and its response to Interrogatory No. 4 is proper as is, such that no order is justified.

The parties did not resolve this dispute.

**V. CONTINUING EFFORTS AND RESERVATION OF RIGHTS**

The parties will continue to meet and confer concerning the open issues described above. Except for the express agreements and compromises stated in this Report, nothing in this Report waives or limits any party's objections, claims, defenses, or positions, or any party's right to seek or oppose relief. No proposal

15

described above as subject to client approval is represented as finally authorized unless and until that approval is communicated.

Dated: July 28, 2026

ANDERSON YEH PC
YUKEVICH CAVANAUGH

By: /s/ Edward M. Anderson
Hassan Elrakabawy
Edward M. Anderson
Regina Yeh
James W. Irey
Celeste S. Del Rio
Attorneys for Plaintiff
ALCON ENTERTAINMENT, LLC

Dated: July 28, 2026

KING & SPALDING LLP

By: /s/ Arwen R. Johnson
Arwen R. Johnson
Lennette W. Lee
Attorneys for Defendants
TESLA, INC. and ELON MUSK

Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

_____

16
JOINT STATUS REPORT PURSUANT TO JULY 14, 2026 ORDER
Case No. 2:24-CV-9033-GW-RAO