

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, California 90071
T: +1 213 443 4355
F: +1 213 443 4310
kslaw.com

**Arwen R. Johnson**
*Managing Partner-LAX*
T: +1 213 218 4002
arwen.johnson@kslaw.com

August 5, 2026

**VIA ECF**
The Honorable Rozella A. Oliver
United States Magistrate Judge
Edward R. Roybal Federal Building & United States Courthouse
Courtroom 590, 5th Floor
225 East Temple Street
Los Angeles, CA 90012

Re:     *Alcon Entertainment, LLC v. Tesla, Inc., et al.*; Case No. 2:24-CV-09033-GW-RAO
        Reply Re: Letter Brief of Non-Parties Peugeot and Publicis (ECF 173)

Dear Judge Oliver:

Tesla respectfully submits this reply to address points raised in the letter brief filed by non-parties Automobiles Peugeot S.A. and Publicis Media France, S.A. (together, the "Non-Parties").

*First*, the Non-Parties ignore that Alcon placed the August 31, 2016 Promotions License Agreement (the "Peugeot License") at the center of this case by resting its hypothetical-license damages theory on the Peugeot License's financial terms. Alcon has argued that when evaluating a hypothetical-license for damages, courts consider "the amount a willing buyer would have been reasonably required to pay a willing seller," ECF No. 161-2 at 20. But the lawsuit between Alcon and the Non-Parties—in which the validity of the Peugeot License was disputed, and which ultimately resolved with execution of the Settlement Agreement—indicates that Peugeot was *not* a willing buyer. Indeed, the Non-Parties' letter brief represents that the Settlement Agreement "does not indicate that any consideration was provided for any licenses or similar aspects of [BR2049]." ECF No. 173 at 2. Tesla is entitled to discovery that addresses whether the Peugeot License was valid and performed, and whether Alcon received any monies pursuant to the Peugeot License. *See Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1091 (9th Cir. 2014) (explaining that "hypothetical-license damage awards" require "sufficient non-speculative evidence"). Because the Settlement Agreement is likely to shed light on these critical issues, the Court should order Alcon to produce it.

*Second*, *Alcon* identified the agreement as responsive to Tesla's document requests. Alcon has not tried to walk back that admission. Given that Alcon, the plaintiff, considers the agreement responsive to Tesla's RFP No. 26, Alcon should be required to produce it. The Non-Parties, who have a limited understanding of the claims, defenses, and disputes at issue, are not the appropriate arbiters of responsiveness.

August 5, 2026
Page 2 of 3

Regardless, the Settlement Agreement is also responsive to at least two other document requests. Tesla's RFP No. 14 to Alcon seeks "All 'licensed affiliation' agreements for any work You own or control, including for BR2049 and BR2099," citing TAC ¶ 57. Alcon identified the Peugeot License as responsive to this RFP. A settlement agreement resolving the parties' dispute over the formation, validity, and performance of that "licensed affiliation" is part and parcel of the same arrangement. In addition, RFP No. 37 seeks documents that "support or *refute* any claim or defense in this action," (emphasis added), but Alcon unilaterally narrowed its response to the documents listed in its Initial Disclosures. Alcon cannot volunteer the only license it contends supports its damages claim, while also withholding the Settlement Agreement that may invalidate it.

*Third*, FRE 408 does not prohibit "production" of the Settlement Agreement as the Non-Parties claim. The rule governs admissibility, not discoverability. Courts in this circuit have held that "FRE 408 does not purport to limit discovery and on its face is not a discovery rule." *Teck Metals, Ltd. v. London Mkt. Ins.,* 2010 WL 11507595, at 4 (E.D. Wash. Oct. 20, 2010). Significantly, the Non-Parties' cited cases all deal with admissibility, not discoverability, and are therefore not applicable. In any event, as Tesla articulated in its earlier Reply Letter brief (which the Non-Parties do not address, much less refute) Tesla's purpose for seeking the production of the Settlement Agreement—*i.e.*, to investigate and test Alcon's assertion of damages—simply does not run afoul of FRE 408. ECF No. 168 at 1-2 (citing supporting authorities).

*Fourth*, the Stipulated Protective Order resolves the Non-Parties' confidentiality concerns; indeed, the non-Parties do not suggest otherwise. The Settlement Agreement may be designated "Highly Confidential – Attorneys' Eyes Only," a designation specifically intended to protect "extremely sensitive" information. ECF 142. The only Tesla personnel with access to highly confidential documents are specific litigation attorneys—not product, sales, or marketing employees—who take their ethical obligations seriously and do not participate at all in Tesla's business or strategic operations.[1]

*Finally*, the deposition of Rule 30(b)(6) witness Andrew Kosove, Alcon's co-CEO, is occurring on August 19. Alcon has designated Mr. Kosove to testify about any disputes arising out of Alcon's brand-affiliation and product-placement agreements for BR2049 and any resulting settlement agreements. *See* Ex. 1. Tesla cannot meaningfully examine Mr. Kosove about the dispute arising out of the Peugeot License and its resolution if Tesla's counsel has never been permitted to read the Settlement Agreement.

Tesla therefore respectfully requests an order compelling production of the Settlement Agreement by August 12. Alternatively, and consistent with the compromise Tesla previously offered Alcon, *see* ECF 174 at p. 13, Tesla respectfully requests an order precluding Alcon from introducing, relying on, or referring to the Peugeot License or any related agreements in this case.

---

[1] If the Court nonetheless has concerns about Tesla's in-house litigation counsel having access to the Settlement Agreement, an option would be to limit access to Tesla's outside counsel at K&S.

August 5, 2026
Page 3 of 3

Sincerely,

**KING & SPALDING LLP**

ARWEN R. JOHNSON
LENNETTE W. LEE

*Attorneys for Defendants Tesla, Inc. and Elon
Musk*