UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No.: | CV 2:24-09033-GW (RAOx) | Date:  August 12, 2026 |
| Title: | Alcon Entertainment, LLC v. Tesla, Inc. et al. | |

Present:  The Honorable  **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**          (In Chambers) **ORDER RE: DISCOVERY DISPUTES**

Pending before the Court are a number of discovery disputes.  Previously, Plaintiff Alcon Entertainment, LLC ("Alcon") moved to compel the depositions of Defendant Elon Musk ("Musk") and Franz von Holzhausen ("von Holzhausen"), Defendant Tesla, Inc.'s ("Tesla") Senior Design Executive.  Dkt. No. 149.  Alcon also moved to compel Tesla to provide further responses to written discovery.  Dkt. No. 150.  Tesla moved to compel three settlement agreements that Alcon entered into with non-parties and to compel Alcon to provide "focused" responses to two interrogatories.  Dkt. No. 161.  The Court denied without prejudice Alcon's motion to compel depositions and directed the parties to meet and confer.  Dkt. No. 171.  The parties have since filed two joint status reports.  Dkt. Nos. 174, 178.  The Court issues a ruling on one dispute as requested by the parties and directs the parties to continue to meet and confer on most of the remaining disputes.  A further joint status report shall be due by **August 21, 2026**.

## I.      Deposition Scheduling

The Court previously denied Alcon's motion to depose Musk and von Holzhausen without prejudice in light of the extension of the fact discovery cut-off.  Dkt. No. 171.

Alcon has generally agreed to a sequence of taking Tesla's Rule 30(b)(6) deposition and receiving Musk and Tesla's responses to targeted written discovery before seeking the individual depositions of Musk and von Holzhausen.  Dkt. No. 178 at 4-5.  However, Alcon has expressed concern that if the Rule 30(b)(6) deposition does not take place early enough in September, there would be insufficient time to use the Court's informal dispute resolution procedures and conduct any ordered individual depositions prior to the October 2, 2026 fact discovery cut-off.  *Id.* at 5.  Alcon has suggested the parties file a stipulated request for any ordered depositions of Musk and von Holzhausen to occur by October 30, 2026.  *Id.*  Tesla is considering this proposal.  *Id.* at 6-7.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 2:24-09033-GW (RAOx)                     Date:   August 12, 2026

Title:       Alcon Entertainment, LLC v. Tesla, Inc. et al.


Given the current fact discovery cut-off, the Court will set a schedule for the parties to return to the Court on the dispute regarding the depositions of Musk and von Holzhausen.  The Court strongly encourages Tesla to produce its Rule 30(b)(6) witnesses prior to this schedule and/or for the parties to present any stipulated request to Judge Wu as soon as possible to the extent they agree on Alcon's proposal regarding the timing of any deposition of Musk and von Holzhausen.

By **September 4, 2026**, the parties shall meet and confer and jointly propose a letter briefing schedule with proposed page limits by email to RAO_Chambers@cacd.uscourts.gov.  Letter briefing must be completed by September 16, 2026.  If the Court determines a hearing is necessary, the Court will reach out to counsel by email.  Otherwise, the dispute will be taken under submission based on the briefing.  Any depositions ordered will take place the week of September 28, 2026.

If Judge Wu grants a stipulated request to continue the deadline for any ordered depositions of Musk and von Holzhausen, the Court will adjust the above schedule accordingly.

## II.      Alcon's Motion to Compel Further Responses to Written Discovery

The parties continue to meet and confer on the interrogatories and requests for production ("RFPs") at issue in Alcon's motion to compel written discovery, and Alcon has decided not to pursue further enforcement of the requests for admission ("RFAs") at issue at this time.  *See* Dkt. No. 178 at 8-12.  The Court directs the parties to continue their meet and confer efforts on the interrogatories and RFPs and to file a further joint status report by **August 21, 2026**.

## III.     Tesla's Motion to Compel Settlement Documents and Responses to Interrogatories

As to the two interrogatories at issue, it appears that these remain in dispute.  Unless any further progress is made following Tesla's review of Alcon's amended and supplemental response to Interrogatory No. 1, the parties do not need to include these interrogatories in their next joint status report and the Court will issue a ruling on these interrogatories at a later date based on the submissions to date.

The other dispute raised by Tesla relates to three settlement agreements responsive to Tesla's RFP No. 26.  *See* Tesla Br. at 3, Dkt. No. 161.  The parties agree that the dispute over the settlement agreements is fully briefed and that a ruling prior to the scheduled August 19, 2026

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:    CV 2:24-09033-GW (RAOx)                Date:    August 12, 2026
Title:         Alcon Entertainment, LLC v. Tesla, Inc. et al.


deposition of Alcon's Co-CEO would be helpful.  Dkt. No. 178 at 13-14.  The Court therefore provides its ruling on this one dispute below.

###    A.    RFP No. 26 and Response

**Tesla's RFP No. 26**: Documents sufficient to show any efforts You have made to enforce Your alleged copyrights in BR2049, including any cease-and-desist letter(s) sent to third parties, copyright-related litigation, and settlement agreements concerning Your alleged copyrights in BR2049.

**Alcon's response to RFP No. 26**:  Plaintiff objects to this Request as seeking information which is confidential, commercially sensitive, or proprietary information, or which invades the privacy rights of third parties, including in some instances contractual confidentiality obligations which Plaintiff owes to one or more third parties. Plaintiff further objects that the word "any" makes the breadth of the Request sweep in more information than is within what should be discoverable, under the principles of proportionality of the relevance of the information to the claims and defenses in the copyrights in BR2049, including by relatively frequent cease-and-desist letters; BR2049 has been in distribution for nearly nine years and is a very popular movie, including with infringers; and there is thus a significant volume of material responsive to this request. Plaintiff further objects that the Request violates the policies underlying FRE 408 and related policies regarding the confidentiality of settlement communications and settlement agreements. Subject to and without waiver of Plaintiff's objections, Plaintiff responds to this Request as follows:

Subject to Plaintiff complying with contractual confidentiality obligations or restrictions which may be required in some instances, and further subject to actual entry by the Magistrate Judge of a stipulated protective order allowing designation of protected material, Plaintiff will produce a representative selection of cease-and- desist letters and similar communications showing when and under what circumstances Plaintiff actively enforces its copyrights in BR2049 against infringement by third parties.  Plaintiff is not going to produce settlement agreements with third parties about such disputes, and stands on its objections as to settlement agreements. There are, however, very few such potentially responsive settlement agreements, as the vast majority of infringers cease their infringing activity voluntarily upon receipt of a cease-and-desist communication, such that the vast majority of matters where Alcon pursues enforcement of its rights in BR2049 do not proceed to the stage of a settlement agreement. To the best of Alcon's current corporate recollection and awareness, there are three (3) disputes with third parties at least arguably within the scope of what Alcon understands Tesla to be seeking, and as to those disputes,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 2:24-09033-GW (RAOx)                    Date:   August 12, 2026
Title:         Alcon Entertainment, LLC v. Tesla, Inc. et al.


Alcon stands on its objections and is not going to produce documents reflecting the disputes themselves including due to the terms and circumstances under which those disputes resolved: (1) an "Event" dispute; (2) a "Venue" dispute; and (3) an automobile brand affiliation dispute. The first two have a relatively small volume of documents. The third is a large volume of documents, and some of them are subject to protective orders and other confidentiality issues and restrictions.

### B.    The Parties' and Non-Parties' Arguments

Tesla asserts that the settlement agreements are highly relevant because they bear on Alcon's alleged rights in BR 2049 and Alcon's monetary valuation of such rights. Tesla Br. at 3. Tesla contends that Alcon premises its damages theory on an agreement with Peugeot but refuses to produce subsequent history of that agreement. *Id.* Tesla argues that absent production of the settlement agreement, Alcon should be precluded from relying on the Peugeot contract. *Id.* at 3 n.4. Tesla also contends that Federal Rule of Evidence 408 ("FRE 408") does not provide a basis to withhold documents as it restricts admissibility of settlement communications and agreements for certain purposes, but not discoverability. *Id.* Tesla claims that the stipulated protective order protects any confidential information. *Id.* at 3-4.

Alcon requests that the Court apply a balancing test set forth in *Elizabeth Arden, Inc. v. Merchant of Tennis, Inc.*, CV 10-9949-PA (AGR), 2012 WL 13006026, at *1-2 (C.D. Cal. 2012), in determining whether the settlement agreements should be disclosed. Alcon Br. at 4, Dkt. No. 165. Alcon contends that Tesla appears to be seeking the settlement agreements for inadmissible purposes under FRE 408 and that Tesla does not articulate any admissible purposes. *Id.* Alcon also objects to the extent the affected third parties are not provided an opportunity to object or respond to disclosure. *Id.* Alcon provided contractually required notice to the parties to each of the three settlement agreements at issue. *Id.* There has been no response from the other party or parties to the "venue" dispute, whereas the parties to the two other settlement agreements have requested an opportunity to object to disclosure. *Id.*

In reply, Tesla notes that the *Arden* court ordered production. Tesla Reply Br. at 1, Dkt. No. 168. Tesla argues that it seeks the agreements to determine the value Alcon places on its rights in BR2049 and to test the basis of Alcon's hypothetical license damages theory. *Id.*

Non-parties Automobiles Peugeot S.A. (France) ("Peugeot") and Publicis Media France, S.A. ("Publicis") (collectively, "Non-parties") object to disclosure of the agreement they entered into with Alcon. Non-party Br. at 1, Dkt. No. 173. The Non-parties argue that their confidential agreement with Alcon is not relevant or responsive because there were no copyrights at issue or

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| | | | |
|---|---|---|---|
| Case No.: | CV 2:24-09033-GW (RAOx) | Date: | August 12, 2026 |
| Title: | Alcon Entertainment, LLC v. Tesla, Inc. et al. | | |


any consideration for licenses or similar aspects of the film Blade Runner 2049. *Id.* at 2. The Non-parties contend that the purpose asserted by Tesla is one of the prohibited purposes under FRE 408. *Id.* Finally, the Non-Parties assert that because Peugeot directly competes with Tesla in the sale of electric cars, disclosure of the settlement agreement would be extremely prejudicial to Peugeot. *Id.*

During a meet and confer discussion, Tesla proposed a compromise to Alcon that it would consider withdrawing its demand for the settlement agreement with the Non-parties if Alcon confirmed that it would not rely on the August 31, 2016 Promotions License Agreement (the "Peugeot License") that is Exhibit 1 to Alcon's Initial Disclosures, or any related agreements. Dkt. No. 174 at 13. Alcon declined this proposal. *Id.* Alcon noted in the July 28, 2026 that the third parties to the "Event" settlement agreement continue to object to production and that the third parties to the "Venue" settlement agreement have yet to respond. *Id.*

In reply to the Non-parties' letter brief, Tesla contends that Alcon placed the Peugeot License at issue by resting its hypothetical-license damages theory on the Peugeot License's financial terms and that Alcon identified the agreement as responsive to RFP No. 26. Tesla Further Reply Br. at 1, Dkt. No. 176. Tesla suggests that the settlement agreement be designated "Highly Confidential – Attorneys' Eyes Only," and proposes a further option to limit access to Tesla's outside counsel at K&S if the Court has concerns about access by Tesla's in-house counsel. *Id.* at 2 & n.1.

In the August 11, 2026 Further Joint Status Report, Alcon objects to the inclusion of a new alternative request for relief in Tesla's August 5, 2026 brief that Alcon be prohibited from relying on the Peugeot License if the settlement agreement is not produced. Dkt. No. 178 at 13.

### C.      Discussion

With respect to Alcon's objection regarding a new alternative request for relief, Tesla argued in a footnote in its opening letter brief that absent production of the settlement agreement, Alcon should be precluded from relying on the Peugeot contract. Tesla Br. at 3 n.4. Assuming the Peugeot License referenced in Tesla's reply brief to the Non-parties' brief refers to the Peugeot contract referenced in Tesla's opening letter brief, the Court does not consider this to be a new argument.

As to relevance, it does not appear that Alcon disputes relevance. And in light of Alcon's refusal of Tesla's proposal that Alcon agree to not rely on the Peugeot License, it appears that both

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| | | | |
|---|---|---|---|
| Case No.: | CV 2:24-09033-GW (RAOx) | Date: | August 12, 2026 |
| Title: | Alcon Entertainment, LLC v. Tesla, Inc. et al. | | |


the Peugeot License and the subsequent settlement agreement regarding that license would be relevant. Although the Non-parties contend that the confidential agreement they entered with Alcon is not relevant, this appears to conflict with Alcon's position. Given that there is no dispute among the parties to this litigation regarding relevance, the Court will assume relevance for purposes of its ruling.

Turning to FRE 408, there is no federal privilege over settlement agreements and FRE 408 addresses admissibility of settlement material, not discoverability. *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008); *see also Beazley Ins. Co., Inc. v. Foster Poultry Farms*, No. 1:21-cv-01806-JLT-SKO, 2022 WL 17343867, at *3 n.1 (E.D. Cal. Nov. 30, 2022) (finding FRE 408 does not purport to limit discovery and is not on its face a discovery rule). Federal Rule of Civil Procedure 26(b)(1) expressly provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Moreover, the Advisory Committee Note to the 2015 Amendment to Rule 26 explains that the phrase "reasonably calculated to lead to the discovery of admissible evidence" was deleted and confirms that "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery." Fed. R. Civ. P. 26 Advisory Committee's Note to 2015 Amendment. The Court has reviewed the cases cited by the parties but finds that the appropriate standard is that set forth by Rule 26(b)(1). However, even under Rule 26(b), it is appropriate to balance relevance against confidentiality concerns.

Under Rule 26(b)(1), the Court finds that the settlement agreements are discoverable, so long as adequate protections are imposed to preserve the confidentiality of those agreements. *See Madrid v. CertainTeed, LLC*, No. C20-1285-JCC, 2021 WL 3367, at *3 (W.D. Wash. Aug. 3, 2021) (ordering production of certain settlement agreements under protective order where defendant did not dispute relevance but objected based on FRE 408); *Hem & Thread, Inc. v. Wholesalefashionsquare.com*, No. 2:19-cv-00283-CBM-AFMx, 2020 WL 5044610, at *2-3 (C.D. Cal. June 16, 2020) (ordering production of settlement agreement with settlement amount unredacted because settlement amount was relevant to value of trademark and amount of monetary claim and protective order addressed confidentiality). The Court adopts Tesla's proposal that the settlement agreements be designated "Highly Confidential – Attorneys' Eyes Only" ("AEO") under the protective order, and additionally imposes the further limitation suggested by Tesla to limit access to Tesla's outside counsel at King and Spalding LLP to address Peugeot's concerns that Tesla is a direct competitor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 2:24-09033-GW (RAOx) | Date: | August 12, 2026 |
| Title: | Alcon Entertainment, LLC v. Tesla, Inc. et al. | | |

The Court orders Alcon to produce the settlement agreements at issue with the AEO confidentiality designation and Tesla shall abide by the further limitation that access shall be limited to outside counsel at King and Spaulding.  In light of the August 19, 2026 deposition, Alcon shall produce the settlement agreements by **August 14, 2026**.[1]

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer        cd

---

[1] To the extent the Non-parties intend to request review of this order by Judge Wu, they shall promptly inform the parties to the litigation and the parties and Non-parties shall meet and confer.