Edward M. Anderson (SBN 198183)
edward@andersonyehlaw.com
Regina Yeh (SBN 266019)
regina@andersonyehlaw.com
**ANDERSON YEH PC**
1055 E. Colorado Blvd. Ste 500
Pasadena, California 91106
Tel: (626) 204-4092 / Fax: (888) 744-0317

Attorneys for Plaintiff Alcon Entertainment, LLC

Arwen R. Johnson (SBN 247583)
Arwen.Johnson@kslaw.com
Lennette W. Lee (SBN 263023)
Llee@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 443-4355 / Fax: (213) 443-4310

Attorneys for Defendants Tesla, Inc. and Elon Musk

*Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:24-cv-09033-GW-RAO<br><br>**FURTHER JOINT STATUS REPORT PURSUANT TO JULY 14, JULY 29, AUGUST 12 AND AUGUST 26, 2026 ORDERS (DKTS. 171, 175, 179 AND 187)**<br><br>District Judge: George H. Wu<br>Magistrate Judge: Rozella A. Oliver<br><br>Action Filed: October 21, 2024<br>Discovery Cut-Off: October 2, 2026<br>Final Pre-Trial Conf: March 4, 2027<br>Trial Date: March 16, 2027 |

James J. Yukevich (SBN 159896)
jyukevich@yukelaw.com
Hassan Elrakabawy (SBN 248146)
helrakabawy@yukelaw.com
James W. Irey (SBN 150640)
jirey@yukelaw.com
**YUKEVICH CAVANAUGH**
355 South Grand Avenue, 15th Floor
Los Angeles, CA 90071
Tel: (213) 362-7777/ Fax: (213) 362-7788

Additional Attorneys for Plaintiff Alcon Entertainment, LLC

Jesse D.H. Snyder (*Pro Hac Vice*)
jsnyder@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 900
Washington, D.C. 20006-4707

A. Louis Dorny (SBN 212054)
ldorny@tesla.com
Terry W. Ahearn (SBN 216543)
tahearn@tesla.com
David Lee (SBN 264467)
dlee8@tesla.com
**TESLA, INC.**
1501 Page Mill Road, Building 6U
Palo Alto, CA 94304
Tel: (510) 298-8516

Additional Attorneys for Defendants Tesla, Inc. and Elon Musk

**FURTHER JOINT STATUS REPORT PURSUANT TO JULY 14, JULY 29, AUGUST 12 AND AUGUST 26, 2026 ORDERS (DKTS. 171, 175, 179, 187)**

Pursuant to the Court's July 14, 2026 Order (Dkt. 171), July 29, 2026 Order (Dkt. 175), August 12, 2026 Order (Dkt. 179) and August 26, 2026 Order (Dkt. 187) (together, the "Orders"), Plaintiff Alcon Entertainment, LLC ("Alcon") and Defendants Tesla, Inc. ("Tesla") and Elon Musk ("Musk") submit this Further Joint Status Report.

On August 21, 2026, Alcon, Tesla, and Musk filed a Further Joint Status Report (Dkt. 185) describing their meet-and-confer efforts and then-current positions concerning the discovery disputes addressed in Dkt. 171. This Report addresses material developments since Dkt. 185. Except as stated below, the parties' positions and reservations articulated in their prior joint status reports remain unchanged.

Capitalized terms not defined in this Report have the meanings assigned to them in Dkt. 174, including "Event," "Keynote," "BR2049," "Image A," and "Image C."

**I. FURTHER MEET-AND-CONFER EFFORTS AND RELATED DEVELOPMENTS GENERALLY**

By Order dated August 21, 2026 (Dkt. 186), Judge Wu granted Alcon's, Musk's and Tesla's joint request for a timing exception to the fact discovery cutoff, permitting Alcon, Musk, Tesla and the Magistrate Judge until October 30, 2026 to resolve the disputes raised by Alcon's Motion to Compel Depositions (Dkt. 149) as to whether Musk or Tesla employee Franz von Holzhausen should be required to appear for depositions (the "Disputed Depositions").

Between August 21 and 24, 2026, counsel for Alcon and Tesla communicated about Alcon's designations and related scheduling issues for some of Alcon's designated corporate representatives on selected topics in Tesla's Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6)") Notice of Deposition, such that Alcon and Tesla mutually

agreed to reschedule the deposition date of Alcon corporate representative Jason Kummer from August 27 to September 9, 2026.

On August 24, 2026, Musk and Tesla served their responses and objections to Alcon's July 23, 2026 Requests for Admissions and Interrogatories (which written discovery Alcon perceives as designed to narrow or eliminate Alcon's perceived need for the Disputed Depositions).

On August 26, 2026, witness Scott Edel, Alcon's designated corporate representative on selected topics in Tesla's Rule 30(b)(6) Notice of Deposition of Alcon, appeared and gave deposition testimony.

On August 27, 2026, counsel for Alcon, Musk and Tesla participated in a meet-and-confer videoconference regarding Tesla's objections and responses to Alcon's Rule 30(b)(6) Notice of Deposition of Tesla and related issues. In the meet-and-confer, Alcon also communicated to Tesla that witness Jeannette Hill, Alcon's designated corporate representative on selected topics in Tesla's Rule 30(b)(6) Notice of Deposition of Alcon, was ill and requested to reschedule her deposition then-scheduled for August 31 to a later date. Tesla and Alcon then subsequently reached agreement to reschedule Ms. Hill's Rule 30(b)(6) deposition for September 8, 2026.

Also on August 27, 2026, Tesla served its Objections and Responses to Alcon's Request for Production of Documents Set 4, and Tesla served its Requests for Production of Documents Set 2 to Alcon.

On August 28, 2026, Tesla served a subpoena for production of documents to non-party Amazon.

On September 1, 2026, witness Joshua Ravetch, Alcon's designated corporate representative on selected topics in Tesla's Rule 30(b)(6) Notice of Deposition of Alcon, appeared and gave deposition testimony. Mr. Ravetch had previously cancelled two prior scheduled sessions (July 23 and August 20, 2026) on late notice, for illness. Alcon and Tesla agreed on a set of expenses unnecessarily incurred by

Tesla due to Mr. Ravetch's prior late cancellation of the August 20, 2026 deposition date and for which Alcon would reimburse Tesla, and Alcon delivered payment of the agreed amount to Tesla on September 1, 2026.

Also on September 1, 2026, Tesla served its Second Set of Requests for Admissions and Third Set of Requests for Production of Documents to Alcon.

On September 2, 2026, Alcon transmitted a further meet-and-confer letter to Tesla regarding Alcon's Rule 30(b)(6) Notice of Deposition to Tesla and related issues; Alcon served Musk and Tesla with a letter pursuant to L.R. 37-1 requesting a meet-and-confer on Tesla's objections and responses to Alcon's Request for Production of Documents Set No. 4; and Tesla served an Amended and Supplemental Response to Alcon's Interrogatory No. 16 (part of the proposed resolution process for issues raised by Alcon in Dkt. 150).

On September 3, 2026, Alcon served a Supplemental Disclosure of Additional Percipient Witness formally identifying Ridley Scott as an additional percipient witness whom Alcon may rely on in the case. Alcon also transmitted Alcon's portion of a Request for Informal Discovery Telephone Conference form to Tesla regarding disputes the parties have about four (4) of the topics in Alcon's Rule 30(b)(6) Notice of Deposition to Tesla and Tesla's responses and objections to certain requests for production of documents in Alcon's Request for Production Set No. 3.

Also on September 3, 2026, Tesla served a Notice of Deposition for Non-Party Roger Deakins and Notice of Deposition Subpoena for Production of Documents to Non-Party BMW of North America, LLC; Tesla completed identification to Alcon of its corporate representatives who will testify in response to Alcon's Rule 30(b)(6) Notice of Deposition to Tesla, subject to Tesla's objections and responses to said Notice; counsel for Alcon, Musk and Tesla conducted a meet-and-confer videoconference on Musk's and Tesla's objections and responses to Alcon's request for admissions and interrogatories which Alcon perceived as designed to narrow or

eliminate Alcon's perceived need for the Disputed Depositions; and Musk served his Objections and Responses to Alcon's April 2, 2026 Request for Production of Documents and Things at Deposition (part of proposed resolution of the issues Alcon had raised in connection with Dkt. 149 re the Disputed Depositions).

The upcoming discovery schedule includes:

Witness Jeannette Hill, Alcon's designated corporate representative on selected topics in Tesla's Rule 30(b)(6) Notice of Deposition of Alcon, is scheduled to appear and give deposition testimony on September 8, 2026.

Witness Jason Kummer, Alcon's designated corporate representative on selected topics in Tesla's Rule 30(b)(6) Notice of Deposition of Alcon, is scheduled to appear and give deposition testimony on September 9, 2026.

One of Tesla's three designated corporate representatives on selected topics in Alcon's Rule 30(b)(6) Notice of Deposition of Alcon is scheduled to appear on September 15, 2026, a second is scheduled to appear on September 16, 2026, and the third has been identified by Tesla by name and designated topics, with Tesla still working on providing specific availability dates for said third Tesla Rule 30(b)(6) designee.

## II. ALCON'S MOTION TO COMPEL DEPOSITIONS (DKT. 149)

### A. Discovery Sequencing or "Ladder" For Potentially Eliminating Alcon Perceived Need for Depositions of Franz Von Holzhausen or Elon Musk or Reducing the Scope of Said Depositions

***Alcon's Communicated Positions and Concerns***.

As Tesla and Musk have requested, and consistent with Alcon's proposed ladder of narrowing discovery, while reserving its rights and positions, Alcon is continuing to proceed with the discovery sequence described in Dkt. 174 before asking the Court to revisit whether either individual deposition is necessary. That sequence consists of taking Tesla's Rule 30(b)(6) deposition and receiving Musk's

and Tesla's responses to the targeted written discovery Alcon served on July 23, 2026. As stated in Dkt. 174, this sequencing accommodation is not a concession concerning uniqueness, exhaustion, relevance, proportionality, the adequacy of other discovery, or whether either deposition ultimately will be necessary.

As of the time of preparation of this Further Joint Status Report, Tesla has identified the three designees who will cover all of the topics in Alcon's Rule 30(b)(6) Notice of Deposition of Tesla for which Tesla is agreeing to produce a testifying witness, and, as discussed above, the deposition dates for two of the three designees have been agreed, with Alcon awaiting further information from Tesla as to dates for the third designee.

Most directly relevant to the Disputed Depositions issue, as Alcon understands Tesla's position following meet-and-confer, Tesla is standing on its objections and refusing to produce any witness to testify on Alcon's Rule 30(b)(6) topics 18 and 20, which go to, *inter alia*, the subjective knowledge and intentions of Musk and von Holzhausen on BR2049 usages and Image C usages, and facts which Alcon contends must be fundamental to Musk's and Tesla's fair use defenses, including what their required compelling justification was for specifically evoking BR2049 to convey a message, and what that intended message precisely was. Alcon is concerned that this position by Musk and Tesla both deprives Alcon of relevant discovery and also necessarily frustrates the potential effectiveness of a Rule 30(b)(6) deposition to reduce or eliminate Alcon's perceived need to obtain such discovery by the Disputed Depositions. Accordingly, Alcon transmitted a Request for Informal Discovery Teleconference form to Tesla seeking guidance or relief from the Magistrate Judge as to the parties' dispute about Rule 30(b)(6) topics 18 and 20. Alcon believes that guidance on topics 18 and 20 from the Magistrate Judge prior to the Rule 30(b)(6) deposition sessions scheduled to begin on September 15 would be helpful to both sides.

Similarly, Alcon considers Musk's and Tesla's responses to Alcon's July 23, 2026 Requests for Admissions and Interrogatories to be both deficient in depriving Alcon of written discovery on the same topics identified in the foregoing paragraph, and also frustrating the potential effectiveness of written discovery to reduce or eliminate Alcon's perceived need to obtain such discovery by the Disputed Depositions. Musk refused to provide any substantive interrogatory responses at all, and to date in the case, has responded to every interrogatory served on him with objections only, with no substantive responses made to a single interrogatory. As of the preparation of this Further Joint Status Report, Alcon has not yet served an IDTC request form to Musk and Tesla about said responses and objections, but expects to do so later today or shortly.

***Tesla's Communicated Positions and Concerns.***

The above-mentioned responses and objections to Alcon's 30(b)(6) Notice and Requests for Admissions and Interrogatories are expected to be the subject of requests for informal telephonic discovery conferences sought by Alcon, and not part of the disputes at issue in this joint status report. Tesla therefore does not set forth its positions in this status report, but instead will address them at the appropriate time if/when an IDTC request is submitted.

**B. Potential Factual Stipulation To Eliminate Alcon's Perceived Need for Depositions of von Holzhausen or Musk.**

The parties' respective positions on this potential solution remain unchanged from the last Further Joint Status Report.

**C. Alcon Proposal For Limited Scope Deposition of von Holzhausen.**

The parties' respective positions on this potential solution remain unchanged from the last Further Joint Status Report.

**D. Musk Written Responses to Document Requests in Deposition Notice.**

***<u>Alcon's Communicated Position and Concerns.</u>***

Alcon previously communicated that Alcon would accept a written response stated in valid form to the effect that Musk has no responsive documents outside Tesla's possession, custody, or control and none that are not already covered by Tesla's prior responses and productions, subject to any applicable duty to supplement. Musk served what Alcon understands to be an execution of this proposed solution yesterday evening, September 3, 2026. Alcon has not yet had time to review and assess whether what was served will achieve a full resolution of this aspect of Dkt. 149 issues, but it might.

***<u>Tesla's Communicated Position and Concerns.</u>***

Musk's Responses and Objections to Alcon's Requests for Production of Documents and Things at Deposition (Nos. 1-8) were served on Alcon on September 3, 2026. Based on the parties' earlier meet and confer discussions regarding this dispute, Tesla and Musk believe the Responses and Objections fully resolve the matter.

## <u>III. ALCON'S MOTION TO COMPEL FURTHER RESPONSES TO WRITTEN DISCOVERY (DKT. 150)</u>

The parties continued to confer on the written-discovery disputes addressed in Dkt. 174. Their current positions follow.

**A. Interrogatory Nos. 11–14 and Requests for Production Nos. 26–27 (Social-Media Posts)**

The parties' position on these items remain unchanged from the last Further Status Report: the parties have an agreement in principle for a resolution method, but still must formally execute it, but both sides expect that they will able to do so without further judicial intervention.

**B. Interrogatory No. 16 (Livestream Viewership)**

***Alcon's Communicated Position and Concerns.***

Tesla had previously agreed to provide viewership numbers for both YouTube and X, by Alcon's understanding, and Alcon communicated that it would accept that as a resolution. Tesla had previously communicated that it expected to serve said amended and supplemental responses by the week of August 17, 2026 (*i.e.*, by no later than Friday, August 21, 2026). As of September 1, 2026, Tesla had not yet done so and Alcon requested that Tesla do so by close of business on September 2, 2026. Tesla complied, but only as to YouTube numbers, with no viewership numbers for X. In the parties' September 3, 2026 meet-and-confer, Tesla's counsel represented that Tesla is still working on providing the viewership numbers for X, but intends to do so. Alcon is concerned that the parties are at the end of the period where Alcon will be able to obtain enforcement of Tesla's agreement to produce viewership numbers which include X and requests the Magistrate Judge's guidance to Alcon and Tesla as to either a briefing schedule on this issue if required, or a firm date by which Tesla should be required to complete the agreed resolution by providing the numbers for X.

***Tesla's Communicated Position and Concerns.***

To comply with Alcon's request to serve a supplemental response on September 2, 2026, Tesla served such a response containing the requested viewership information as to YouTube. Tesla is actively working to obtain the requested information as to X, and will supplement the interrogatory with responsive information.

**C. Interrogatory No. 18 (Financial Benefits from the Event)**

***Alcon's Communicated Position and Concerns.***

Given the guidance in the Magistrate Judge's August 26, 2026 Order (as Alcon understands it, that Interrogatory No. 18 did not ask specifically enough for what Alcon says it now wants), Alcon does not intend further to pursue enforcement of

Interrogatory No. 18. However, as Alcon reported in the last Further Joint Status Report, Alcon is pursuing the financial benefits information Alcon seeks regarding the Event, other than under the specific categories of revenues and profits attributable to the Event, through alternative discovery tools, including Rule 30(b)(6) topics. Alcon provided detailed articulation to Tesla of what Alcon wants, with supporting relevance explanations, including with case law, in Alcon's September 2, 2026 further meet-and-confer letter to Tesla on disputed Rule 30(b)(6) topics (with disputed topics 26 and 27 being about the financial benefits issue). These disputed topics are part of Alcon's IDTC form request submitted to Tesla on September 3. By Alcon's understanding from the parties' September 3, 2026 meet-and-confer discussions, the parties will not be able to resolve their fundamental discoverability dispute about the types of financial information which is properly discoverable, and will require the Magistrate Judge's assistance (although no longer specifically about Interrogatory No. 18 enforcement).

***Tesla's Communicated Position and Concerns.***

As to Interrogatory No. 18, Tesla understands from Alcon's above-stated position that this dispute is resolved. As to Alcon's Rule 30(b)(6) Topics 26 and 27, Tesla does not believe the issue to be appropriate for discussion in this status report and will address it at the appropriate time if/when an IDTC request is submitted. Tesla notes, however, that the same fundamental flaws in Interrogatory No. 18 appear in Topics 26 and 27.

**D. Request for Production No. 17 (Event Licenses for Properties Other Than BR2049)**

***Alcon's Communicated Position and Concerns.***

On August 5, Alcon proposed limiting Request for Production No. 17 to the identified categories of documents concerning "Westworld" only, provided that Tesla served a written response and produced responsive documents. After Tesla rejected

the proposal, Alcon said that, subject to timing and without waiver, it was willing to assess whether the Rule 30(b)(6) deposition provides the information it seeks. Alcon also reiterated in its August 5 email compromise proposal that the requested license agreements are relevant to how Tesla characterized the Event, including whether it described the Event in any such licenses as a product reveal or as serving another commercial purpose, where Tesla has taken the position to Alcon that the Event was not a product reveal and had no commercial or marketing purposes.

Subsequently, Alcon re-reviewed discovery responses from WBDI and saw that WBDI had stated clearly that there was no license at all to Tesla for "Westworld" for the Event. Accordingly, in the August 28, 2026 meet-and-confer between Alcon and Tesla, Alcon said that it would accept resolution of the dispute about RFP No. 17 if Tesla would provide a written response confirming that there was no "Westworld" license. By Alcon's understanding, Tesla is either still considering or has declined that proposal (unclear to Alcon which). However, whichever is the case, Alcon is again concerned that the parties are at the end of the period where Alcon can seek formal resolution of this issue from the Magistrate Judge should the parties fail to reach agreement, and Alcon believes that it has been reasonable in proposing solutions. Accordingly, Alcon requests the Magistrate Judge's guidance to Alcon and Tesla as to either a briefing schedule on this issue if required (and limited now to the "Westworld" license only), or other guidance from the Magistrate Judge.

***<u>Tesla's Position.</u>***

Tesla appreciates Alcon's clarification that its proposal is for Tesla to provide written confirmation, consistent with written discovery already provided by WBDI, that there was no license issued by WBDI to Tesla for "Westworld" for the Event. With that clarification, Tesla expects that it will be able to advise Alcon on its position regarding this proposal in the next week.

**E. Request for Production No. 23 (Written Materials Referenced in the Event Recording's Securities-Law Disclaimer)**

Tesla previously served the agreed supplemental response on this request and the parties agree that this dispute is resolved.

**F. Requests for Admission Nos. 4, 5, and 6 ("Authorization")**

There has been no material change concerning these requests. As reported in Dkt. 174, Alcon has decided not to pursue further enforcement of Requests for Admission Nos. 4, 5, and 6 at this time and will instead pursue the underlying information through its Rule 30(b)(6) examination, while reserving the possibility of serving new requests for admission. The dispute remains resolved on that basis.

## IV. TESLA'S MOTION TO COMPEL SETTLEMENT DOCUMENTS AND INTERROGATORY RESPONSES (DKT. 161)

The parties agree that, with the prior rulings and productions by Alcon, and the additional rulings made by the Magistrate Judge in the August 26, 2026 Order, all of the disputes at issue in Dkt. 161 have been resolved.

To date, Tesla has strictly adhered to the limitation imposed by the Court on access to the settlement agreements. *See* Dkt. 179 at 7 ("The Court orders Alcon to produce the settlement agreements at issue with the AEO confidentiality designation and Tesla shall abide by the further limitation that access shall be limited to outside counsel at King and [Spalding]."). As expert discovery will soon commence, however, Tesla respectfully requests that the Court modify the limitation so that the settlement agreements may be disclosed to the categories of persons who may access documents designated as "Highly Confidential – Attorneys Eyes Only" as set forth in the parties' Stipulated Protective Order, Dkt. 142 § 7.3, *except* for any employee of Tesla (including House Counsel of Record and House Counsel, as those terms are defined in the Stipulated Protective Order).

///

## V. CONTINUING EFFORTS AND RESERVATION OF RIGHTS

The parties will continue to meet and confer concerning the open issues described above. Except for the express agreements and compromises stated in this Report, nothing in the Report waives or limits any party's objections, claims, defenses, positions, or right to seek or oppose relief.

Dated: September 4, 2026

**ANDERSON YEH PC**
**YUKEVICH CAVANAUGH**

By: /s/ Edward M. Anderson
Hassan Elrakabawy
Edward M. Anderson
Regina Yeh
James W. Irey
Attorneys for Plaintiff
ALCON ENTERTAINMENT, LLC

Dated: September 4, 2026

**KING & SPALDING LLP**

By: /s/ Arwen R. Johnson
Arwen R. Johnson
Lennette W. Lee
Attorneys for Defendants
TESLA, INC. and ELON MUSK

Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.