Sheppard

September 15, 2026

+1.310.228.3730
kraygor@sheppard.com

Ms. Cindy Delgado (by email to: RAO_Chambers@cacd.uscourts.gov)
Courtroom Deputy to the Honorable Rozella A. Oliver
Edward R. Roybal Federal Building & United States Courthouse
225 East Temple Street, Courtroom 590, 5th Floor
Los Angeles, California 90012

Re: *Alcon Entertainment v. Tesla, et al.*, No. 2:24-cv-09033-GW-RAO – 2-page objection

Dear Judge Oliver:

Non-Parties Automobiles Peugeot S.A. (France) ("**Peugeot**") and Publicis Media France, S.A. ("**Publicis**") submit this letter brief pursuant to the Court's September 8 *Order* [ECF 189, p.1].

## FACTUAL BACKGROUND

As previously represented to the Court, Peugeot and Publicis were defendants in a lawsuit Alcon filed in 2019 [C.D. Cal. Case No. 2:19-cv-00245] that was dismissed in 2021 following all parties entering into a confidential settlement agreement (the "***Confidential Agreement***"). [ECF 173.] As further represented to this Court, nothing in that *Confidential Agreement* indicates that any consideration was provided for any licenses, copyrights, or other aspects of the film *Blade Runner 2049*. Instead, the Agreement's sole stated purpose was to end the litigation, and all parties stipulated that there was no admission of any liability. [*Id.*]

On August 12, Tesla expressly asked that this Court allow disclosure to just Tesla's outside counsel, King & Spalding ("**K&S**"). [ECF 176, p.2 and n.1.] The Court granted that request. [ECF 179, p.7.] The *Confidential Agreement* then was provided only to K&S on August 14. [*Id.*; ECF 185, p.4.] In none of Tesla's filings since K&S saw that *Confidential Agreement* on August 14 has Tesla ever disputed any of the following representations the Non-Parties made to this Court in ECF 173, namely that: (1) nothing in the *Agreement* indicates that any consideration was provided for any licenses, copyrights, or other aspects of the film *Blade Runner 2049*; (2) the sole purpose stated in the *Agreement* was to end the 2019 litigation; and (3) Alcon and the Non-Parties stipulated in it that there was no admission of any liability.

On September 9, K&S met and conferred with counsel for the Non-Parties as ordered in ECF 189. Afterward, Tesla stated the following to this Court: "The Non-Parties indicated that they are considering Tesla's request [*to disclose the entire agreement*] and asked whether Tesla anticipates needing to share the entire agreement. Tesla is considering whether access to a redacted version of the agreement would be sufficient." [ECF 190.] Tesla, however, failed to disclose that the Non-Parties also asked that Tesla confidentially disclose the name of the expert witness to whom Tesla desires to disclose the *Confidential Agreement* so the Non-Parties could run a conflict check. As of the date of this filing, K&S has not further communicated with the Non-Parties about either of those two requests or any matter at all.

## DISCUSSION

Despite the fact that Tesla, just three weeks ago, represented to this Court that it was fine with limiting disclosure of the *Confidential Agreement* to just K&S, during the September 9 meet-and-confer K&S stated that Tesla now also wants to disclose it to a testifying "rebuttal damages expert". Tesla previously asserted it intends to "to test the merits of Alcon's infringement claim and damages theories, including the factual bases for its hypothetical license theory" [*see, e.g.*, ECF 161-1, p.2 (July 2, 2026)] and certainly has known of a potential need for damages experts since at least then, yet it did not ask for disclosure to anyone other than K&S in its request to

this Court. [ECF 176, p.2 & n.1.] Having obtained the exact relief it sought (*i.e.*, disclosure only to K&S), Tesla should not now be allowed to complain that it should have asked for more.

In granting Tesla's request for disclosure limited to just K&S, this Court found that the Non-Parties' Rule 408 objections in ECF 173 to disclosure of the *Confidential Agreement* [ECF 173] went to *admissibility* while Tesla's request was directed at *discoverability*:

> "Turning to FRE 408, there is no federal privilege over settlement agreements and FRE 408 addresses admissibility of settlement material, not discoverability. [Citations omitted.] Federal Rule of Civil Procedure 26(b)(1) expressly provides that '[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable.' Moreover, the Advisory Committee Note to the 2015 Amendment to Rule 26 explains that the phrase 'reasonably calculated to lead to the discovery of admissible evidence' was deleted and confirms that '[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery.' Fed. R. Civ. P. 26 Advisory Committee's Note to 2015 Amendment. The Court has reviewed the cases cited by the parties but finds that the appropriate standard is that set forth by Rule 26(b)(1)."

[ECF 179, at p.6.] Now, however, Tesla itself invokes *admissibility*, as opposed to just *discoverability*, by informing the Non-Parties that it wants to share their *Confidential Agreement* with a testifying damages expert *for purposes of challenging Tesla's potential liability in the present action*. As previously stated by the Non-Parties, such use is prohibited by Rule 408:

> "Rule 408 broadly prohibits the introduction of settlement agreement amounts when offered to prove or disprove the validity or amount of a disputed claim. [Rule] 408(a) ('Evidence of the following is not admissible — on behalf of any party — either to prove or disprove ***the validity or amount of a disputed claim*** . . .: (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim . . . .') (emphasis added). Such evidence is prohibited because there is a public policy favoring the compromise and settlement of disputes and an offer to settle might be motivated by a desire for peace, as opposed to any concession based on the purported merits of the claim. *See Hudspeth v. Comm'r of Internal Revenue Service*, 914 F.2d 1207, 1213-14 (9th Cir. 1990); *United States v. Contra Costa County Water District*, 678 F.2d 90, 92 (9th Cir. 1982). This rule is given heightened importance when, like here, a party (*i.e.*, Tesla) in the current litigation . . . was not a party to the original settlement in a different case with different parties and claims *(i.e.,* the 2019 Action). *See Contra Costa County Water District*, 678 F.2d at 92 ("we give additional importance to the fact that appellant was not a party to the Hanford litigation or the settlement conferences"); *Hudspeth*, 914 F.2d at 1213 ("Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise."). *See also County of Maricopa v. Office Depot Inc.*, No. CV-14-01372-PHX-DWL, 2019 WL 5066808 at *10 (D. Ariz. 2019) ('The Ninth Circuit has interpreted Rule 408(a) as prohibiting a party from introducing evidence of a settlement in an unrelated case in which it was not a party.'). The same prohibition applies when a party (*i.e.*, Tesla) attempts to use a settlement in another case (*i.e.*, the 2019 Action) against a party (*i.e.*, Alcon) that compromised that other case. *See Green v. Baca*, 226 F.R.D. 624, 640 (C.D. Cal. 2005) ('The same [*Rule 408*] prohibition extends to evidence of completed settlements in other cases where the evidence is offered against the compromiser.')."

[ECF 173, p.2.] The Non-Parties respectfully request that Tesla's request for expanded disclosure be denied. If the Court is inclined to allow disclosure to this expert, then the Non-Parties ask that the Court order that the settlement amount cannot be included in his or her expert report or otherwise disclosed to Tesla as such information cannot be both inadmissible under Rule 408 and be part of Tesla's calculation of Alcon's damages. Alcon has already stipulated that it does not intend to rely on the *Agreement* for any purpose. [ECF 185, p.14.]

Respectfully submitted,

| | |
|---|---|
| Kent R. Raygor, Cal. Bar No. 117224<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>1901 Avenue of the Stars, 16th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 228-3700<br>Email: kraygor@sheppard.com<br><br>*/s/ Kent R. Raygor* | Michael Dockterman, Ill. Bar No. 3121675<br>Betsy G. Zyrkowski, Ill. Bar No. 6330583<br>McDERMOTT WILL & SCHULTE LLP<br>444 West Lake Street, Suite 4000<br>Chicago, Illinois 60606<br>Telephone: (312) 372-2000<br>Email: mdokterman@mcdermottlaw.com<br>bzyrkowski@mcdermottlaw.com<br><br>*/s/ Michael Dockterman* |
| Counsel for Non-Party<br>AUTOMOBILES PEUGEOT S.A. (FRANCE) | Counsel for Non-Party<br>PUBLICIS MEDIA FRANCE, S.A. |

cc: Edward M. Anderson, Cal. Bar No. 198183
ANDERSON YEH PC
1055 E. Colorado Boulevard, Suite 500
Pasadena, California 91106
Email: edward@andersonyehlaw.com

Counsel for Plaintiff ALCON ENTERTAINMENT, LLC

Arwen R. Johnson, Cal. Bar No. 247583
Lennette W. Lee, Cal. Bar No. 263023
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Email: arwen.johnson@kslaw.com
llee@kslaw.com

Counsel for Defendant TESLA, INC.