Sheppard

October 1, 2026

+1.310.228.3730
kraygor@sheppard.com

**BY EMAIL (RAO_Chambers@cacd.uscourts.gov)**

Ms. Cindy Delgado,
Courtroom Deputy to the Honorable Rozella A. Oliver
Edward R. Roybal Federal Building & United States Courthouse
225 East Temple Street, Courtroom 590, 5th Floor
Los Angeles, California 90012

Re: *Alcon v. Tesla*, 2:24-cv-09033-GW-RAO—**Request To Be Heard**

Dear Judge Oliver:

Non-Parties Automobiles Peugeot S.A. (France) ("**Peugeot**") and Publicis Media France, S.A. ("**Publicis**") submit this request for a short hearing in response to Tesla's September 29 letter brief [ECF 206] on the issues raised by Tesla's attempts to disclose and use in the present action the 2021 confidential settlement agreement entered into by Alcon and the Non-Parties in an action that was dismissed in 2021 and the settlement amount contained therein.

**INDEX OF COURT FILINGS ADDRESSING THIS ISSUE**

For the Court's convenience, the following are the court filings that address this issues raised by Tesla:

ECF 161 (letter brief filed by Tesla), at pp. 2-4
ECF 171 (order), at p. 4
ECF 173 (letter brief filed by Non-Parties Peugeot and Publicis)
ECF 174 (joint status report filed by Alcon and Tesla), at pp. 12-14
ECF 175 (order)
ECF 178 (further joint status report filed by Alcon and Tesla), at pp. 12-14
ECF 179 (order), at pp. 2-7
ECF 185 (further joint status report filed by Alcon and Tesla), at pp. 4, 13-14
ECF 187 (order), a p. 5
ECF 188 (further joint status report filed by Alcon and Tesla), at p. 13
ECF 189 (order), at p. 1
ECF 190 (status report filed by Tesla), at p. 2
ECF 192 (further joint status report filed by Alcon and Tesla), at p. 3
ECF 193 (letter brief filed by Non-Parties Peugeot and Publicis)
ECF 202 (order), at pp. 1 and 9
ECF 204 (further status report filed Tesla), at p. 2
ECF 206 (letter brief filed by Tesla)

**THE NON-PARTIES' REQUEST FOR A HEARING TO RESOLVE THE ISSUES RAISED BY THE COURT FILINGS LISTED ABOVE**

Non-Parties Peugeot and Publicis request an opportunity to be fully heard before the Court issues its decision on Tesla's attempts to get and use as admissible evidence as to its liability in this action the 2021 confidential settlement agreement and settlement amount disclosed therein. Tesla's most recent filing on this issue [September 29, 2026, ECF 206] does not adequately

disclose the Non-Parties' positions presented to Tesla in the meet-and-confer process ordered by this Court. Attached hereto as **EXHIBIT A** is a true and correct copy of the Non-Parties' position presented to Tesla on September 29 before Tesla filed ECF 206 later that day. Non-Parties Peugeot and Publicis respectfully suggest that the most efficient way for the Court to be fully apprised of Tesla's and the Non-Parties' respective positions following all of the court filings listed above is to hold a short hearing to allow them to present those positions and answer any questions the Court might have.

Respectfully submitted,

| | | |
|---|---|---|
| Kent R. Raygor, Cal. Bar No. 117224<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>1901 Avenue of the Stars, 16th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 228-3700<br>Email: kraygor@sheppard.com<br><br>*/s/ Kent R. Raygor* | | Michael Dockterman, Ill. Bar No. 3121675<br>Betsy G. Zyrkowski, Ill. Bar No. 6330583<br>McDERMOTT WILL & SCHULTE LLP<br>444 West Lake Street, Suite 4000<br>Chicago, Illinois 60606<br>Telephone: (312) 372-2000<br>Email: mdokterman@mcdermottlaw.com<br>bzyrkowski@mcdermottlaw.com<br><br>*/s/ Michael Dockterman* |
| Counsel for Non-Party<br>AUTOMOBILES PEUGEOT S.A. (FRANCE) | | Counsel for Non-Party<br>PUBLICIS MEDIA FRANCE, S.A. |

cc: Edward M. Anderson, Cal. Bar No. 198183
ANDERSON YEH PC
1055 E. Colorado Boulevard, Suite 500
Pasadena, California 91106
Email: edward@andersonyehlaw.com

Counsel for Plaintiff ALCON ENTERTAINMENT, LLC

Arwen R. Johnson, Cal. Bar No. 247583
Lennette W. Lee, Cal. Bar No. 263023
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Email: arwen.johnson@kslaw.com
llee@kslaw.com

Counsel for Defendant TESLA, INC.

# EXHIBIT A

**From:** Kent Raygor
**Sent:** Tuesday, September 29, 2026 3:58 PM
**To:** 'Arwen Johnson' <arwen.johnson@kslaw.com>
**Cc:** Dockterman, Michael <mdockterman@mcdermottlaw.com>; Zyrkowski, Betsy <bzyrkowski@mcdermottlaw.com>; Lennette Lee <llee@kslaw.com>; Sarah Landry-Reed <SLandry@kslaw.com>
**Subject:** Activity in Case 2:24-cv-09033-GW-RAO Alcon Entertainment, LLC v. Tesla, Inc. - Call re Peugeot/Publicis

Hi Arwen,

I have spoken with our client, non-party Peugeot, about your proposal. Unfortunately, it cannot agree to share the settlement agreement and the amount stated therein with your proposed rebuttal expert on damages liability.

The only reason for such disclosure to Tesla's proposed rebuttal expert on damages liability would be so Tesla at some point could put the agreement and/or its settlement amount in front of a trier of fact in support of an argument that its alleged liability to Alcon in your pending lawsuit is limited. As previously noted by as, and as you have seen in the settlement agreement itself, there is no mention of any license, copyrights, or other aspects of the *Blade Runner 2049* film in the settlement agreement. Instead, the only thing that can be gleaned from it is that there was a monetary payment in some amount to simply end ongoing litigation.

Confidentiality was a key term bargained for by Peugeot in deciding to end Alcon's litigation against it in 2021. As mentioned in our submissions to the Court in your matter [ECF Nos. 173 and 193], FEDERAL RULE OF EVIDENCE 408(a)(1) prohibits the introduction of a settlement agreement amount when offered to prove or disprove the validity or amount of a disputed claim because there is a public policy favoring the compromise and settlement of disputes and an offer to settle might simply be motivated by a desire for peace, as opposed to any concession based on the purported merits of the claim. That rule is given heightened importance when, like here, a party (*i.e.*, Tesla) in the current litigation was not a party to the original settlement between Alcon, Peugeot, and Publicis—an entirely different case with different claims resolved by that settlement in 2021. *See United States v. Contra Costa County Water District*, 678 F.2d 90, 92 (9th Cir. 1982) ("we give additional importance to the fact that appellant was not a party to the Hanford litigation or the settlement conferences"); *Hudspeth v. Comm'r of Internal Revenue Service*, 914 F.2d 1207, 1213-14 (9th Cir. 1990) ("Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise."). *See also County of Maricopa v. Office Depot Inc.*, No. CV-14-01372-PHX-DWL, 2019 WL 5066808 at *10 (D. Ariz. 2019) ("The Ninth Circuit has interpreted Rule 408(a) as prohibiting a party from introducing evidence of a settlement in an unrelated case in which it was not a party."). The same prohibition applies when a party (*i.e.*, Tesla) attempts to use a settlement in another case (*i.e.*, the 2019 lawsuit between Alcon, Peugeot, and Publics) against a party (*i.e.*, Alcon) that compromised that other case. *See Green v. Baca*, 226 F.R.D. 624, 640 (C.D. Cal. 2005) ("The same [*Rule 408*] prohibition extends to evidence of completed settlements in other cases where the evidence is offered against the compromiser.").

For these reasons, Peugeot cannot agree to the requested disclosure to Tesla's possible rebuttal expert on damages liability. If, at some point, Tesla or its experts learn of the terms of the settlement agreement and the monetary amount stated therein and then try to introduce that as admissible evidence to the trier of fact, Peugeot will again renew this objection to the introduction of any such evidence.

**Kent Raygor**
Partner

Sheppard

1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
Direct +1.310.228.3730 | Office +1.310.228.3700
Mobile +1.213.999.0778
kraygor@sheppard.com | Bio | LinkedIn | sheppard.com