KENT R. RAYGOR, Cal Bar No. 117224
kraygor@sheppard.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067-6055
Telephone: (310) 228-3700

Attorneys for Non-Party
AUTOMOBILES PEUGEOT S.A. (FRANCE)

MICHAEL DOCKTERMAN, Ill. Bar No. 3121675
mdokterman@mcdermottlaw.com
BETSY G. ZYRKOWSKI, Ill. Bar No. 6330583
bzyrkowski@mcdermottlaw.com
McDERMOTT WILL & SCHULTE LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000

Attorneys for Non-Party PUBLICIS MEDIA FRANCE, S.A.

ARWEN R. JOHNSON, Cal Bar No. 247583
arwen.johnson@kslaw.com
LENNETTE W. LEE, Cal. Bar No. 263023
llee@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355

Attorneys for Defendants TESLA, INC. and ELON MUSK

[*Additional counsel on signature page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware limited liability company,,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas corporation; ELON MUSK, an individual and WARNER BROS. DISCOVERY, INC., a Delaware corporation,<br><br>Defendants. | Case No. 2:24-cv-09033-GW-RAO<br><br>**JOINT STATUS REPORT FROM THE NON-PARTIES, DEFENDANT TESLA, AND PLAINTIFF ALCON PURSUANT TO THE COURT'S OCTOBER 5, 2026 MINUTE ORDER [ECF 214]** |

TO THE ABOVE-CAPTIONED COURT:

Pursuant to the Court's October 6, 2026 Minute Order [ECF 214] concerning Tesla's request to further disclose and use the 2021 confidential settlement agreement, and its settlement amount, entered into by Alcon Entertainment, LLC ("**Alcon**"), Automobiles Peugeot S.A. (France) ("**Peugeot**"), and Publicis Media France, S.A. ("**Publicis**") in an action that was dismissed in 2021, Defendant Tesla, Plaintiff Alcon, and Non-Parties Peugeot and Publicis (hereinafter the "**Non-Parties**") met and conferred on this subject on October 7.

## I. PROPOSAL MADE BY THE NON-PARTIES

After the October 6 hearing, the Non-Parties provided the following proposed language to Tesla and Alcon:

> "The 2021 *Confidential Settlement Agreement* entered into by Alcon Entertainment, Automobiles Peugeot S.A. (France) ('**Peugeot**'), and Publicis Media France, S.A. ('**Publicis**'), previously disclosed to Tesla's outside counsel King & Spalding LLP on August 14, 2026 [*see* ECF 185, at p. 4], can be disclosed by King & Spalding to the rebuttal damages expert they identified to Peugeot and Publicis (the '**Non-Parties**') on September 24, 2026. Neither that expert nor any persons working with him shall further disclose that *Confidential Settlement Agreement* or any terms stated therein to any other person, including but not limited to Tesla, unless further ordered by the Court. Disclosure to that expert is only to allow the expert to view the settlement agreement. If that expert then decides that he wants to use it in his rebuttal report as support for an assessment of Tesla's liability in this action, he shall so inform King & Spalding who then shall inform counsel for the Non-Parties. If the Non-Parties object to such disclosure, they shall have seven (7) days in which to file a motion for a protective order to preclude any further disclosure of the settlement agreement and/or its settlement amount. Until the Court rules on any such motion, the settlement agreement and its settlement amount shall remain confidential and cannot be used as the basis for any assessment of Tesla's liability in this action."

## II. THE NON-PARTIES' OBJECTION TO A SENTENCE DEFENDANT TESLA WANTS TO ADD TO THAT LANGUAGE

Plaintiff Alcon responded on October 6, stating:

> "Alcon does not have any comments. If Musk and Tesla and Peugeot and Publicis come to agreement on this language, Alcon will not object to it."

Defendant Tesla responded on October 8 as follows:

> "Defendants are good with the proposed language, and have additional suggested language. As noted in our Sept 29 letter brief (Dkt 206), Tesla may need to share the settlement agreement with other rebuttal experts, in addition to the identified rebuttal damages expert, and would like to include a process for that possibility."

Defendant Tesla wants the following sentence added to the language proposed by the Non-Parties:

> "If Tesla identifies any additional rebuttal experts with whom it wishes to share the *Confidential Settlement Agreement*, Tesla will disclose the name of the additional rebuttal expert(s) to the Non-Parties for conflicts purposes. The Non-Parties shall inform Tesla within three (3) days whether any conflicts were found. If no conflicts were found, King & Spalding may disclose the *Confidential Settlement Agreement* to the additional rebuttal expert(s) pursuant to the same terms and procedures described above."

The Non-Parties object to the addition of that last sentence.

This is a continually moving target from Tesla. Tesla never discussed with the Non-Parties potential disclosure to multiple other rebuttal experts, and the Non-Parties only learned of it when they saw Tesla's September 29 submission to the Court [ECF 206]. In fact, all of their previous discussions had been limited to disclosure to just one rebuttal expert.

Tesla first asked that disclosure only be made to its outside counsel, King & Spalding LLP. [ECF 176 (August 5, 2026 letter brief from Tesla), p. 2 and n.1.] The Court granted that request. [ECF 179 (August 12, 2026 order), at p. 7.]

Tesla and the Non-Parties met and conferred on September 9, 2026, as ordered by the Court. Before their meet-and-confer, Tesla sent an email to the Non-Parties now stating that Tesla wanted to further disclose the confidential settlement agreement and its settlement amount to any retained expert. [September 9, 2026 email from King & Spalding (Arwen Johnson) to counsel for the Non-Parties ("we would like to be able to share the agreement as needed with any retained expert").] During their meet-and-confer discussion held shortly thereafter, counsel for Non-Party Peugeot (Kent R. Raygor) expressly asked Tesla twice if Tesla intended to disclose the confidential settlement agreement and its amount to just one rebuttal damages expert. Counsel for

Tesla (Arwen Johnson) responded by confirming Tesla only wanted to disclose it to that one rebuttal damages expert. [*See also* ECF 193 (September 15, 2026 letter brief filed by the Non-Parties), at p. 1.]

Indeed, Tesla's later writings confirmed that. On September 18, Tesla (Arwen Johnson of King & Spalding) wrote to the Non-Parties about "disclosure of the agreement to our rebuttal **expert** only (whose **name** we are comfortable disclosing to you)". On September 24, 2026, Tesla (Arwen Johnson) then disclosed to the Non-Parties the name of that one rebuttal expert.

On September 25, 2026, Tesla then submitted the following to the Court, again confirming it intended that the agreement and settlement amount be disclosed to just one rebuttal expert:

> "On September 24, 2026, counsel for Tesla met and conferred with counsel for the Non-Parties. Counsel for Tesla explained that Tesla would like to disclose the agreement to **its rebuttal expert** (potentially in redacted form) but reiterated that the agreement would not be disclosed to any Tesla employee or included in any report. The Non-Parties indicated that they are considering this request. The Non Parties raised the concern, however, that should **the rebuttal expert's** report rely on the settlement amount, even designating those portions of the report as Highly Confidential–Outside Counsel Only may not prevent its contents from being deduced through t**he expert's** conclusion. Tesla agreed to consider whether there was a feasible way to address this concern. Additionally, Tesla agreed to share **the name of its rebuttal expert** so the Non-Parties may run conflict checks. Lastly, in response to the Non-Parties' inquiry as to whether Tesla is arguing for admissibility of the settlement amount, Tesla explained its view that admissibility considerations are premature at this stage. Tesla presently seeks evaluation of the agreement by **its rebuttal expert**, not admission of the agreement at trial."

[ECF 204 (September 25, 2026 status report from Tesla), p. 2 (emphasis added).]

On September 28, 2026, Tesla submitted a proposal to the Non-Parties for the mechanics of how it would disclose the settlement agreement and its amount to its rebuttal expert. Tesla's proposal only described disclosure to a single rebuttal expert and a single expert report. Tesla did not raise with the Non-Parties disclosure to many rebuttal experts. Indeed, that proposal was quoted in Tesla's September 29 letter brief to the Court. [ECF 206 (September 29, 2026 letter brief from Tesla), p. 2 (the

indented paragraph).] But Tesla's letter brief then went on to include a "Finally . . . ." paragraph that now stated that Tesla intended to disclose the Non-Parties' settlement agreement to "**any additional experts Tesla may retain**". [*Id.* (emphasis added).] Tesla never discussed that greatly expanded disclosure with the Non-Parties.

Finally, at the October 6, 2026 hearing before this Court, all of the discussion was about Tesla's potential disclosure to just one rebuttal damages expert.

As stated at the hearing, the Non-Parties are very concerned that this ever-expanding circle of who will get to see their confidential settlement agreement and the settlement amount stated therein will vitiate the settlement that the Non-Parties bargained for and will greatly increase the risk that Tesla and the public, through disclosure through the testimony of many rebuttal experts at trial, will learn just what the Non-Parties bargained for, thereby making the confidentiality they paid for and expected to be honored worthless and violating the policy behind Federal Rule of Evidence 408 that precludes the admission of evidence to the trier of fact obtained in the course of settlement communications for purposes of supporting or contesting liability.

The Non-Parties ask that the Court issue an order that includes the language stated in Section I, above—to which all parties and the Non-Parties have agreed—but that it not add the sentence being proposed by Tesla.

## III. TESLA'S RESPONSE TO NON-PARTIES' OBJECTION

Tesla respectfully responds to Non-Parties' objection to the additional sentence, as the assertions in their objection contain several mischaracterizations:

*First*, contrary to Non-Parties' suggestion otherwise, Tesla's request is not new. As Tesla stated in its September 29, 2026 letter brief, it requests as part of the Court's Order permission to disclose the Peugeot settlement agreement to additional rebuttal experts as needed. Those rebuttal experts had not yet been identified or retained, as initial expert reports were exchanged on September 29, and Tesla required time to evaluate Alcon's reports. But to alleviate Non-Parties' concerns

about conflicts, Tesla affirmatively stated its willingness to disclose in advance any such additional expert to Non-Parties. Dkt. No. 206. Non-Parties did not take issue with that proposal in its October 1, 2026 letter brief. *See* Dkt. No. 210.

*Second*, consistent with its request in the September 29, 2026 letter brief, Tesla sent to Alcon and Non-Parties on the morning of October 8 the proposed sentence reflected above—*i.e.*, that Tesla would first disclose the identity of any other rebuttal expert it wished to disclose the settlement agreement to, so that Non-Parties could check for conflicts, and if no conflicts were found, that disclosure could take place on the same terms Non-Parties have already proposed. Promptly after Tesla circulated the additional language for the proposal, Alcon responded to Tesla's additional proposed language, stating that it had no comments and was amenable to the language. Despite multiple inquiries by Tesla, Non-Parties did not provide any feedback on Tesla's additional proposed language or request further conferral on the language. Indeed, the first time that Non-Parties communicated their position on Tesla's proposed sentence was when they circulated a draft Joint Status Report late in the afternoon of October 9.

*Third*, had Non-Parties met and conferred with Tesla about their proposed additional language, Non-Parties' stated concern that Tesla seeks to circumvent the confidential nature of the settlement agreement would have been wholly dispelled. Tesla has no such intention. There has been no disclosure of the settlement agreement beyond Tesla's outside counsel of record at King & Spalding. Tesla simply requests the ability to show the settlement agreement to certain rebuttal experts—specifically one who was just very recently retained and who could not have been disclosed sooner—who will also be evaluating the 2016 license, so that these experts can determine whether the settlement agreement affects their opinions or will be relied upon at all. Furthermore, Tesla remains committed to first disclose the identity of any such rebuttal expert to Non-Parties in advance, so that they can first check for conflicts. Tesla does not understand, and Non-Parties do not articulate in their

Objection, why this approach, which continues to protect the confidential nature of the settlement agreement, is concerning.

Tesla respectfully requests that the Court issue an order adopting the proposed structure for disclosure of the settlement agreement that also allows Tesla to share the settlement agreement with other rebuttal experts, provided that Tesla first disclose the identities of those experts to Non-Parties and no conflicts are found. In the alternative, Tesla respectfully requests that the Court issue an order directing the Parties and Non-Parties to continue their meet and confer efforts and to file a further status report by October 14, 2026.

## IV. ALCON'S POSITION

Alcon reaffirmed at the October 6 hearing that Alcon has not relied on and does not intend to rely on the settlement agreement for any purpose in the action, further stated that Alcon has not provided the settlement agreement to any experts, that Alcon interprets the settlement agreement contractually to bar Alcon from using the settlement agreement in this action without the Non-Parties' approval and intends to honor that, and that Alcon believes that the Non-Parties' argument that the settlement agreement is inadmissible under FRE 408 is likely correct in any event. Alcon is generally supportive of solutions that are acceptable to the Non-Parties, and communicated in the post-hearing meet and confer that Alcon is unlikely to object to any solution that Defendants and Non-Parties can agree upon.

Dated: October 9. 2026

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By *Is/ Kent R. Raygor*
KENT R. RAYGOR

Attorneys for Non-Party
AUTOMOBILES PEUGEOT S.A. (FRANCE)

Dated: October 9. 2026

McDERMOTT WILL & SCHULTE LLP

By *Is/ Betsy G. Zyrkowski*
BETSY G. ZYRKOWSKI

Attorneys for Non-Party
AUTOMOBILES PEUGEOT S.A. (FRANCE)

Dated: October 9, 2026

KING & SPALDING LLP

A. LOUIS DORNY, Cal. Bar No. 212054
ldorny@tesla.com
TERRY W. AHEARN, Cal. Bar No. 216543
tahearn@tesla.com
DAVID LEE, Cal. Bar No. 264467
dlee8@tesla.com
TESLA, INC.
1501 Page Mill, Building 6U
Palo Alto, California 94304
Telephone: (510) 298-8516

By *Is/ Lennette W. Lee*
LENNETTE W. LEE

Attorneys for Defendants
TESLA. INC. and ELON MUSK

Dated: October 9, 2026

EDWARD M. ANDERSON, Cal. Bar No. 198183
edward@andersonyehlaw.com
REGINA YEH, Cal. Bar No. 266019
regina@andersonyehlaw.com
ANDERSON YEH PC
1055 East Colorado Boulevard, Suite 500
Pasadena, California 91106
Telephone: (626) 204-4092

By *Is/ Edward M. Anderson*
EDWARD M. ANDERSON

Attorneys for Plaintiff
ALCON ENTERTAINMENT. LLC