A. LOUIS DORNY (SBN 212054)
*ldorny@tesla.com*
TERRY W. AHEARN (SBN 216543)
*tahearn@tesla.com*
**TESLA, INC.**
1501 Page Mill Building 6U
Palo Alto, California 94304
Telephone: (510) 298-8516

ARWEN R. JOHNSON (SBN 247583)
*arwen.johnson@kslaw.com*
LENNETTE W. LEE (SBN 263023)
*llee@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

*Additional counsel listed on signature page*

Attorneys for Defendants
TESLA, INC. and ELON MUSK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:24-cv-09033-GW-RAO<br>*Hon. George H. Wu, Courtroom 9D*<br><br>**DEFENDANTS TESLA, INC.'S AND ELON MUSK'S APPLICATION TO SEAL**<br><br>Magistrate Judge Rozella A. Oliver |

Pursuant to Civil Local Rule 79-5.2.2(a), Defendants Tesla, Inc. ("Tesla") and Elon Musk (collectively, "Defendants") file this Application for Leave to File Under Seal portions of Defendants' Letter Brief Regarding Plaintiff's Request for Apex Depositions ("Defendants' Letter Brief") and Defendants' Exhibits B–I and M–N thereto.

Defendants request to redact the highlighted excerpts of Defendants' Letter Brief, the highlighted excerpts of the Declaration of Arwen R. Johnson in Support of Defendants' Letter Brief Regarding Plaintiff's Request for Apex Depositions (the "Declaration"), the entirety of Defendants' Exhibits B–I and M, and the highlighted excerpts of Defendants' Exhibit N, all of which contain confidential commercial information regarding its closely guarded trade secrets and business operations related to Tesla's marketing, design, and operations strategy. Sealed Declaration of Terry Ahearn ISO Application ("Ahearn Decl."), ¶ 3.

"One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (courts have refused "to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing"); *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 374 (9th Cir. 2002) (quoting *Nixon*, 435 U.S. at 374) (same). Tesla operates in an intensely competitive marketplace, so it has serious and legitimate concerns that competitors and bad actors will exploit any disclosure of its sensitive files, file paths, employee information (including their names, contact information, and specific titles), and internal details about Tesla's marketing, design, and operational strategy to gain a competitive advantage or to otherwise harm its business. Ahearn Decl., ¶ 3. Tesla takes great care to protect the confidentiality of this information, which it regards as sensitive, non-public information. *Id.* Public disclosure of such information would reveal to competitors confidential details about the strategies Tesla is employing, who

specifically at Tesla is working on such matters, the details of its processes, the projects it is prioritizing, and how those projects are managed. *Id.* Tesla could lose market advantage if competitors became privy to sensitive, non-public information. *Id.*

DATED: October 15, 2026

**KING & SPALDING LLP**

By: */s/ Arwen R. Johnson*

ARWEN R. JOHNSON
LENNETTE W. LEE

**TESLA, INC.**
DAVID LEE (SBN 264467)
*dlee8@tesla.com*
1501 Page Mill Building 6U
Palo Alto, California 94304
Telephone: (510) 298-8516