King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, California 90071
T: +1 213 443 4355
F: +1 213 443 4310
kslaw.com

**Arwen R. Johnson**
*Managing Partner-LAX*
T: +1 213 218 4002
arwen.johnson@kslaw.com

October 15, 2026 **REDACTED**

**VIA ECF**

The Honorable Rozella A. Oliver
United States Magistrate Judge
Edward R. Roybal Federal Building & United States Courthouse
Courtroom 590, 5th Floor
225 East Temple Street
Los Angeles, CA 90012

Re: *Alcon Entertainment, LLC v. Tesla, Inc., et al.*
Case No. 2:24-CV-09033-GW-RAO (C.D. Cal.)
Letter Brief Regarding Plaintiff's Request for Apex Depositions

Dear Judge Oliver:

Defendants respectfully submit this opening letter brief in connection with Plaintiff Alcon Entertainment, LLC's ("Alcon") request for apex depositions of Tesla CEO Elon Musk and Tesla Senior Design Executive Franz von Holzhausen. This Court previously held that Alcon could not take these apex depositions unless (1) Alcon established "the deponent has unique firsthand, non-repetitive knowledge of the facts at issue in the case," and (2) Alcon first "exhaust[s] other less intrusive discovery methods." Dkt. 171 at 2 (quoting *Apple Inc. v. Samsung Elec. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)). Now that Alcon has pursued certain less intrusive discovery into Mr. Musk's and Mr. von Holzhausen's (non-)involvement in the events underlying Alcon's claims, it is clear neither Mr. Musk nor Mr. von Holzhausen "has unique firsthand, non-repetitive knowledge of the facts at issue in this case." *Id.*

Alcon's infringement claim against Tesla and Mr. Musk relates to Image C, a still image that Tesla created and displayed for eleven seconds during a keynote presentation at Tesla's "We, Robot" event on October 10, 2024 (the "Event"). TAC ¶¶ 2, 22, 40. Alcon claims that Image C infringed Alcon's copyright in Image A, a single frame from BR2049. *Id.* ¶ 28. Discovery has confirmed that Mr. Musk had no involvement in any relevant conduct related to Image C, and that Mr. von Holzhausen's involvement was limited to a single decision about which Alcon does not need deposition testimony. The Court should therefore deny Alcon's request for apex depositions.

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

## I. Alcon Is Not Entitled to Depose Tesla CEO Elon Musk

Alcon cannot show that Mr. Musk "has unique firsthand, non-repetitive knowledge of the facts at issue in the case" (Dkt. 171 at 2), because discovery has proven that Mr. Musk had no involvement in the conduct relevant to Alcon's claims: the creation, selection, and use of Image C. Mr. Musk has sworn under penalty of perjury that he "was not personally involved in reviewing, selecting, approving, or using IMAGE C." Ex. A (Musk Supp. Resp. to Rog. No. 11). Tesla's witnesses with firsthand knowledge of Image C—including its relevant Rule 30(b)(6) witnesses, [redacted] and [redacted]—have likewise uniformly testified that Mr. Musk had no involvement in the design, creation, or selection of Image C. Ex. B [redacted] Dep. Tr. 155:24-156:1); Ex. C [redacted] Dep. Tr. 28:20-29:5, 109:1-2, 140:15-18); Ex. D [redacted] Dep. Tr. 189:5-192:2); Ex. E [redacted] Dep. Tr. 39:5-12, 43:5-8, 47:7-22).

It was [redacted] who oversaw the preparation of the keynote, who initially suggested using a still image in the keynote presentation for the Event. Ex. B at 82:23-83:1, 102:16-103:2; Ex. F [redacted] Dep. Tr. 214:9-215:9). [redacted], led Tesla's effort to license an image from BR2049. Ex. D at 32:7-22; Ex. B at 83:16-18. [redacted] never communicated with Mr. Musk about that process. Ex. D at 186:25–189:3; Ex. B at 102:16-103:2; Ex. G (TSLA-ALCON_000008896 at -898). Mr. Musk has sworn under oath that he "was unaware of Tesla's request for permission for a license to display IMAGE A during the LIVE KEYNOTE" and "had no knowledge of any response to any such request." Ex. A at Supp. Resp. No. 10.

Tesla then shifted to designing its own original image for the Event, a process in which Mr. Musk again played no role whatsoever. [redacted] primarily created Image C, with [redacted], adding finishing touches. *See* Dkt. 146-01 at 4, 22-23 (explaining the design process). Mr. Musk had no knowledge of or involvement in the design process. Ex. A at Supp. Resp. No. 11; Ex. C at 28:20-29:5, 109:1-2, 140:15-18; Ex. D at 189:5-192:2; Ex. E at 39:5-12, 43:5-8, 47:7-22. Mr. Musk also played no role in selecting Image C for use during the Event. Dkt. 146-01 at 23-24; Ex. B at 102:16-103:2, 118:4-10, 155:24-156:1, 172:10-173:19; Ex. C at 109:1-2, 109:23-110:2, 140:15-18; Ex. D at 189:13-192:2; Ex. H [redacted] Dep. Tr. 104:6-13, 112:11-13); Ex. E at 43:5-8.

The preparation for the keynote presentation was managed by [redacted]; and [redacted] and the central coordinator of the Event. Mr. Musk was not involved in the presentation's day-to-day preparations. Ex. B at 21:23-22:20, 24:24-25:3, 87:4-14; Ex. H at 104:6-13. Mr. Musk also did not receive updates about the presentation. Ex. B at 22:13-20.

Mr. Musk attended a meeting concerning the keynote presentation on October 4, 2024, when the presentation contained a still from BR2049 resembling Image A. Ex. B at 128:23-129:22, 139:20-22. Mr. Musk was present again for a draft review on October 8, when the presentation contained a different still from BR2049. *Id.* at 60:15-61:1; Ex. A at Supp. Resp. No. 12. At neither meeting did Mr. Musk make any comments about the presentation, Image A, or BR2049. Ex. B at 62:23-

63:1, 70:22-71:7; Ex. A at Supp. Resp. No. 12. The dress rehearsal for the presentation occurred on October 9, 2024, when the draft presentation still contained an image from BR2049. Mr. Musk simply clicked through the draft and read the speaker notes on the slides. Ex. B at 143:20-25. His only feedback on the substance of the presentation was that it should be shorter. Ex. B at 144:19-21, 145:16-17; Ex. H at 81:5-8, 87:23-24; Ex. A at Supp. Resp. No. 13; Ex. I (TSLA-ALCON_000013688 at -689). Mr. Musk again made no comments about any image. Ex. B at 144:4-14; Ex. D at 156:5-11; Ex. A at Supp. Resp. No. 12.

Just before the presentation on October 10, 2024, Mr. Musk attended a review of the revised presentation, now containing Image C. Ex. B at 115:7-10, 116:14-17; Ex. D at 193:3-15. [redacted] testified that she does not recall "explaining the switch in the keynote slide imagery" to Mr. Musk. Ex. B at 115:18-22. Mr. Musk provided no comment or instruction on the switch to Image C. *Id.* at 115:18-116:6, 118:2-15, 155:25-156:1, 159:3-5; Ex. A at Supp. Resp. No. 12.

Because all the evidence confirms that Mr. Musk played no role in the creation, selection, or use of Image C, Alcon cannot establish that Mr. Musk has any knowledge of relevant facts, let alone the sort of "unique firsthand, non-repetitive knowledge" required for an apex deposition. Dkt. 171 at 2; *see Reinsdorf v. Skechers U.S.A., Inc.*, 2012 WL 12883889, at *2 (C.D. Cal. May 9, 2012) (in copyright infringement action, denying apex deposition of CEO who "exercised final approval over advertisements" where plaintiff "failed to show any direct personal knowledge by [CEO] of the exact photographs at issue in this case or how such photos came to be used").

The mere fact that Mr. Musk attended a few meetings about the Event does not suggest otherwise. Those meetings included numerous Event stakeholders and other attendees who have already testified about what occurred during those meetings, making any testimony by Mr. Musk repetitive and unnecessary. In response to Alcon's interrogatories about these meetings—the "purpose" of which was "to avoid an unnecessary deposition of a high-level executive if that executive does not in fact have personal and unique knowledge of relevant facts" Dkt. 202 at 6—Mr. Musk swore under oath that he never "provide[d] any comment, instruction, or approval" concerning Image A, Image C, BR2049, or his keynote remarks about Image C. Ex. A at Supp. Resp. No. 12.

Alcon has no contrary evidence. Every witness agrees that Mr. Musk said nothing about Image A or Image C at these meetings. Alcon complains that Tesla's witnesses did not talk to Mr. Musk himself to prepare for their depositions, but they had no obligation to do so. Witnesses who personally attended the meetings could testify firsthand as to what Mr. Musk did at the meetings, and they all agree that Mr. Musk never commented on Images A or C. Rule 30(b)(6) witnesses are not required to speak to any particular person (much less a company's CEO) to prepare for their depositions, as long as they are reasonably able to testify on the noticed topics—which Tesla's witnesses were. *E.g.*, *Crystal Lakes v. Bed & Body Worls, LLC*, 2018 WL 10467489, at *2 (E.D. Cal. Aug. 15, 2018); *Cox v. Cty. of San Joaquin*, 2022 WL 4664181, at *7 (E.D. Cal. Sept. 30, 2022). [redacted] for example, spoke with [redacted] who proposed Image A and was present at all the relevant meetings. Ex. F at 185:5-8, 217:15-218:5. There is no reason to think she also needed to speak with Musk to adequately prepare.

Despite this undisputed evidence of Mr. Musk's lack of involvement in the relevant conduct, Alcon continues to insist that it is entitled to depose Mr. Musk about "his remarks during the keynote speech surrounding Image C." Ex. L (Oct. 13 Letter at 2-3). But this Court has already rejected that argument. Dkt. 202 at 6.

The remarks themselves are not relevant. The alleged infringing conduct is the creation and display of Image C, in which Mr. Musk undisputedly had no involvement. Mr. Musk's remarks, which occurred *after* other Tesla employees created and displayed Image C without his knowledge, have no bearing on whether Image C infringes Alcon's copyright. *Id.*; *see Ceiva Logic, Inc. v. Amazon.com, Inc.*, 2021 WL 12349625, at *9 (C.D. Cal. Nov. 10, 2021) (denying apex deposition of Jeff Bezos "regarding the role he went on to play in developing the [infringing] products" because "[t]he infringement inquiry requires comparing the claims of the asserted patents to the accused patents"). Moreover, Mr. Musk referred to the 1982 film *Blade Runner*, not BR2049, and Alcon does not own the *Blade Runner* copyright. Ex. J (Kosove Dep. Tr. 107:11-108:3); Ex. K (Kosove Errata 108:5-20). Mr. Musk's remarks are, therefore, irrelevant to Alcon's claims. But even if the remarks themselves were relevant, they have already been disclosed in discovery, and there is no need to depose Mr. Musk to determine what remarks he made.

Additionally, even if "the remarks themselves [could] be relevant to the objective inquiry regarding the character and purpose of the use of Image C," this Court already held that "the subjective intent behind those marks is too attenuated to be discoverable." Dkt. 202 at 6. The Court denied Alcon's motion to compel responses to interrogatories seeking an explanation of Mr. Musk's "subjective purpose and intent in making the CHALLENGED REMARKS" and a description of "how the CHALLENGED REMARKS originated." *Id.* at 5. This Court held that those interrogatories sought "irrelevant or minimally relevant information" because "Alcon does not allege that Musk's remarks during the Event amount to infringement." *Id.* at 6. Nor could it; Musk's remarks did not in any way "copy," "display," or create a "derivative work" from BR2049. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160-62 (9th Cir. 2007); *Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.*, 964 F.2d 965, 967 (9th Cir. 1992); *see* 17 U.S.C. § 101 (defining "copies," "display," and "derivative work"). As a result, this Court held, that "the subjective intent behind and the origination of those remarks is of little or no relevance to whether the use of Image C infringed Alcon's copyrights and/or constituted a fair use." Dkt. 202 at 6. Given that interrogatories seeking information about Mr. Musk's subjective intent are irrelevant, deposition testimony about his subjective intent is equally irrelevant.

For all these reasons, Alcon is not entitled to an apex deposition of Mr. Musk. Alcon's proposed alternative to a deposition—that Mr. Musk stipulate to eight "facts and/or issue positions" (*see* Ex. L)—is not viable either. Alcon's suggested stipulated facts, which seek admissions that Mr. Musk knew that Image A was in keynote drafts and gave directions or input regarding the use of Image A or Image C, are counterfactual and the exact opposite of what Mr. Musk has already sworn to in his discovery responses. While Alcon has expressed willingness to further refine their proposed facts, Defendants are not confident further discussions about this so-called "compromise" would be productive as long as Alcon insists that Musk stipulate to falsehoods.

## II. Alcon Is Not Entitled to Depose Tesla Senior Executive Franz von Holzhausen

Alcon also cannot meet its burden to justify an apex deposition of Mr. von Holzhausen, whose only role in the conduct underlying Alcon's claim was selecting Image C for use in the Event. Ex. C at 109:1-2, 109:23-110:2, 140:15-18; Ex. M (TSLA-ALCON_000011838 at -839). Although the fact that Mr. von Holzhausen selected Image C is not irrelevant, Alcon has not established that Mr. von Holzhausen has any *unique* knowledge about that topic that Alcon has not been able to obtain from multiple other witnesses or sworn interrogatory responses. *See Reinsdorf*, 2012 WL 12883889, at *2; Ex. N (Tesla Supp. Resp. to Rog. No. 10). Tesla's other witnesses have testified extensively about the creation and selection of Image C, and Plaintiff does not identify any information missing from those depositions that only Mr. von Holzhausen has.

Alcon argues Mr. von Holzhausen has unique knowledge about his subjective rationale for selecting Image C, but his subjective intent is not relevant to any issue in this case. Even if it were, Tesla's Rule 30(b)(6) witnesses testified at length as to Tesla's reasons for selecting Image A and Image C. *E.g.*, Ex. B at 85:14-86:20, 124:14-130:15; Ex. F at 202:21-218:5; *see also* Ex. D at 29:25-30:3, 154:13-15; Ex. C at 28:5-7. Alcon cannot identify any nonspeculative basis to believe that Mr. von Holzhausen has unique information that Alcon did not receive from Tesla's Rule 30(b)(6) witnesses.

Alcon also argues that it should be able to depose Mr. von Holzhausen about his communications with Mr. Musk, but Alcon again identifies no basis to believe that there *were* any communications about which Alcon has not already received sufficient evidence. Alcon served an interrogatory on Mr. Musk seeking "each nonprivileged COMMUNICATION between you and Franz von Holzhausen from July 24 through October 31, 2024" regarding the conduct underlying Alcon's claim, and Mr. Musk responded under oath that, "[f]ollowing the October 9, 2024, dress rehearsal, [he] informed Mr. von Holzhausen verbally that the KEYNOTE MATERIALS were too long and needed to be significantly shortened. Defendant has no other COMMUNICATIONS to identify that are responsive to this Interrogatory." Ex. A at Supp. Resp. No. 13. In addition to that sworn statement, Alcon has received Rule 30(b)(6) testimony about Mr. Musk's limited communications with Mr. von Holzhausen. Ex. B at 25:5-27:6, 142:10-25, 145:8-20; *see also* Ex. H at 87:23-88:3. Here too, Alcon can only speculate that Mr. von Holzhausen might have additional information. Such bare "speculation" is "simply inadequate" to justify the burden of an apex deposition. *Abraham v. U.S. Automobile Ass'n*, 2026 WL 1773259, at *3 (C.D. Cal. May 27, 2026).

For these reasons, Alcon is not entitled to take an apex deposition of Mr. von Holzhausen.

## III. Conclusion

The Court should deny Alcon's request for apex depositions of Elon Musk and Franz von Holzhausen.

[Signatures on following page]

Sincerely,

**KING & SPALDING LLP**

ARWEN R. JOHNSON
LENNETTE W. LEE

*Attorneys for Defendants Tesla, Inc. and Elon Musk*