King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, California 90071
T: +1 213 443 4355
F: +1 213 443 4310
kslaw.com

**Arwen R. Johnson**
*Managing Partner-LAX*
T: +1 213 218 4002
arwen.johnson@kslaw.com

October 20, 2026

**VIA ECF**

The Honorable Rozella A. Oliver
United States Magistrate Judge
Edward R. Roybal Federal Building & United States Courthouse
Courtroom 590, 5th Floor
225 East Temple Street
Los Angeles, CA 90012

Re: *Alcon Entertainment, LLC v. Tesla, Inc., et al.*
Case No. 2:24-CV-09033-GW-RAO (C.D. Cal.)
Reply to Plaintiff's Letter Brief Regarding Request for Apex Depositions

Dear Judge Oliver:

Defendants respectfully submit this reply to Alcon's October 15, 2026 letter brief. Nothing in Alcon's brief justifies apex depositions; Alcon falls far short of its burden to show that either Mr. Musk or Mr. von Holzhausen "has unique firsthand, non-repetitive knowledge of the facts at issue in this case." Dkt. 171 at 2.

***Musk.*** Alcon cannot rebut the undisputed evidence proving that Mr. Musk was not involved in the creation, approval, or use of Image C. *See* Def. Br. 2-3. Alcon simply string-cites evidence that Mr. Musk attended several meetings before the Event, and that Mr. Musk made brief unscripted remarks during the Event in which he referenced the 1982 film *Blade Runner* (not BR2049). Alcon Br. 5. But Alcon does not and cannot explain how anything Mr. Musk alone could say about those meetings or his remarks would be relevant to Alcon's claim or Defendants' defenses.

Mr. Musk's mere attendance at pre-Event meetings cannot support an apex deposition. Every witness, including Tesla's Rule 30(b)(6) witnesses, testified that Musk never offered any comments or feedback on any image, at any meeting. Ex. B at 62:23-63:1, 70:22-71:7, 144:4-21, 145:16-17; Ex. D at 156:5-11; Ex. H at 81:5-8, 87:23-24. Mr. Musk himself swore under oath that he never "provide[d] any comment, instruction, or approval" concerning any image or his keynote remarks. Ex. A at Supp. Resp. No. 12; *accord id.* at Supp. Resp. No. 13. Alcon has no contrary evidence.[1]

[1] Even if those attending the final pre-Event review of the keynote presentation "understood his lack of objection to Image C … to be his tacit approval" (Alcon Br. 5), there is nothing *Mr. Musk* can say about that. He cannot testify as to how others subjectively understood his silence.

Mr. Musk's spoken remarks at the Event also do not support an apex deposition. To the extent his remarks were relevant at all (and they are not, *see* Def. Br. 4), all that would be relevant is *what* he said. That has already been fully disclosed in discovery. Alcon wants to ask Mr. Musk about "why" he made his remarks and "who [he] believed the figure in Image C to be," Alcon Br. 5, but this Court has already held that Mr. Musk's "subjective purpose and intent in making the CHALLENGED REMARKS" are irrelevant to infringement and fair use. Dkt. 202 at 5-6. Alcon ignores that holding and offers no theory of how Mr. Musk's subjective beliefs could be relevant.[2]

Finally, there is nothing "inconsistent," "evasive," "equivocal," or otherwise improper in Mr. Musk's discovery responses. Alcon Br. 5. The relevant responses, in which Mr. Musk denies any knowledge of or involvement in the creation, review, selection, or approval of Image C, are not based on his "having 'no present recollection.'" *Id.* Mr. Musk's denials are unequivocal and confirmed by every witness and piece of documentary evidence in the case. Ex. A at Supp. Resp. Nos. 10-13. Alcon cannot cite any evidence inconsistent with any of Mr. Musk's responses.

***Von Holzhausen.*** Alcon focuses on Mr. von Holzhausen's approval of Image C, but Alcon has not established that Mr. von Holzhausen has any *unique* knowledge about that topic that Alcon has not been able to obtain from multiple other witnesses or sworn interrogatory responses.[3] *See* Ex. N (Tesla Supp. Resp. to Rog. No. 10). Tesla's other witnesses have testified extensively about the creation and selection of Image C, including Tesla's *reasons* for selecting Image C. *E.g.*, Ex. B at 85:14-86:20, 124:14-130:15; Ex. C at 28:5-7; Ex. D at 29:25-30:3, 154:13-15; Ex. F at 202:21-218:5. Contrary to Alcon's contention, further testimony about why Mr. von Holzhausen chose Image C over other alternatives has nothing to do with what this Court previously held was relevant—"the reasons for using BR2049." Dkt. 202 at 3. Even if Mr. von Holzhausen's stated desire for an image that "feels familiar" were relevant, Alcon Br. 4, a Tesla 30(b)(6) witness already testified about the meaning of that statement. Ex. B at 172:10-25. Alcon does not identify anything important missing from her testimony.

Alcon also argues that Mr. von Holzhausen "appears to have been the main channel of communication between Musk and the rest of the Tesla team," Alcon Br. 4, but here too, Alcon has already received extensive discovery into any communications between Mr. Musk and Mr. von Holzhausen. *E.g.*, Ex. A at Supp. Resp. No. 13; Ex. B at 25:5-27:6, 142:10-25, 145:8-20; Ex. H at 87:23-88:3. Alcon can only speculate that von Holzhausen might have additional undisclosed evidence, which is not sufficient to support an apex deposition. *Abraham v. U.S. Automobile Ass'n*, 2026 WL 1773259, at *3 (C.D. Cal. May 27, 2026).

---

[2] Alcon misunderstands Defendants' position. Defendants have not argued that "the Event Recording cannot … be a separate infringing work." Alcon Br. 2. If Image C were substantially similar to Image A (it is not) and not subject to any other defenses (it is), then the Event Recording containing Image C could be infringing. But because Image C is not substantially similar to Image A, the Event Recording is not infringing either. Mr. Musk's remarks, which Alcon concedes are "not copyright infringement," *id.*, cannot convert display of a *non-infringing* image into infringement. Musk obviously did not "label Image C to the audience as intended to illustrate BR2049," *id.* at 3; his remarks are not remotely like the title of a work, and he referenced *Blade Runner*, not BR2049. *See* Dkt. 61 at 30-32.

[3] All of Defendants' interrogatory responses have now been verified.

Sincerely,

**KING & SPALDING LLP**

ARWEN R. JOHNSON
LENNETTE W. LEE

*Attorneys for Defendants Tesla, Inc. and Elon Musk*