Edward M. Anderson (SBN 198183)
edward@andersonyehlaw.com
Regina Yeh (SBN 266019)
regina@andersonyehlaw.com
**ANDERSON YEH PC**
1055 E. Colorado Blvd. Ste 500
Pasadena, California 91106
Tel: (626) 204-4092 / Fax: (888) 744-0317

Attorneys for Plaintiff Alcon Entertainment, LLC

Arwen R. Johnson (SBN 247583)
Arwen.Johnson@kslaw.com
Lennette W. Lee (SBN 263023)
Llee@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 443-4355 / Fax: (213) 443-4310

Attorneys for Defendants Tesla, Inc. and Elon Musk

*Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:24-cv-09033-GW-RAO<br><br>**JOINT STATUS REPORT PURSUANT TO OCTOBER 21, 2026 ORDER (DKT. 231)**<br><br>Magistrate Judge: Rozella A. Oliver<br><br>Action Filed: October 21, 2024<br>Discovery Cut-Off: October 2, 2026<br>Pre-Trial Conf.: March 4, 2027<br>Trial Date: March 16, 2027 |

James J. Yukevich (SBN 159896)
jyukevich@yukelaw.com
Hassan Elrakabawy (SBN 248146)
helrakabawy@yukelaw.com
James W. Irey (SBN 150640)
jirey@yukelaw.com
**YUKEVICH CAVANAUGH**
355 South Grand Avenue, 15th Floor
Los Angeles, CA 90071
Tel: (213) 362-7777/ Fax: (213) 362-7788

Additional Attorneys for Plaintiff Alcon Entertainment, LLC

Jesse D.H. Snyder (*Pro Hac Vice*)
jsnyder@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 900
Washington, D.C. 20006-4707

A. Louis Dorny (SBN 212054)
ldorny@tesla.com
Terry W. Ahearn (SBN 216543)
tahearn@tesla.com
David Lee (SBN 264467)
dlee8@tesla.com
**TESLA, INC.**
1501 Page Mill Road, Building 6U
Palo Alto, CA 94304
Tel: (510) 298-8516

Additional Attorneys for Defendants Tesla, Inc. and Elon Musk

**JOINT STATUS REPORT PURSUANT TO OCTOBER 21, 2026 ORDER (Dkt. 231)**

Pursuant to the Court's October 21, 2026 Order ("Order") (Dkt. 231), Plaintiff Alcon Entertainment, LLC ("Alcon") and Defendants Tesla, Inc. ("Tesla") and Elon Musk ("Musk") ("Defendants") submit this Joint Status Report concerning their continued meet-and-confer efforts to resolve their disputes regarding Alcon's renewed request for ordered depositions of Musk and Tesla executive Franz von Holzhausen ("von Holzhausen") (Dkt. 222, Defendants' initial letter brief opposition at Dkt. 220), including whether and on what terms each side might agree to entry of the substance of the Court's tentative ruling in Dkt. 231 as a final order.

## I. FACTUAL UPDATE

The parties agree that from the language of the Order and tentative ruling therein, the Court may not know or understand that during the course of the briefing schedule on Alcon's renewed request (specifically on October 19, 2026) Tesla served verifications to the previously unverified discovery responses discussed in the briefing after the discovery cutoff.

## II. MEET AND CONFER EFFORTS

Alcon sent Defendants the October 26, 2026 meet-and-confer letter ("October 26, 2026 Alcon Letter") attached hereto as Exhibit A, proposing five numbered conditions on which Alcon would accept the substance of the Court's tentative ruling. Counsel then conferred by videoconference on both October 27 and 28.

Subject to reaching a complete agreement, the parties appear to have agreement, or likely to be able to reach agreement, on whether and how to resolve the first three of the five (which Defendants see as really only four) conditions in Alcon's October 26, 2026 Letter. The parties have not reached agreement on Alcon's numbered condition 4 (going to restrictions on summary judgment arguments regarding Musk's individual conduct or intentionality).

Specifically, subject to reaching a complete agreement for entry of the tentative ruling as the final order:

- Defendants are willing to agree to entry of and performance of an order that Tesla produce von Holzhausen for a deposition of up to two (2) hours of examination time at a mutually convenient time and location, provided that Musk is not also required to be deposed. Alcon is willing to consider von Holzhausen's deposition potentially being slightly later than the current November 6 deadline, but not significantly so.
- Tesla would like the opportunity to provide a further supplemental response to Interrogatory No. 25, going to the basis of Tesla's fair use defense, and if permitted to do so would then agree that the response is complete. Alcon would have to see the substance of the proposed supplemental response before Alcon would be able to make a decision as to how the supplemental response affects Alcon's position as related to the tentative ruling.
- The parties have discussed agreeing to stipulate that Tesla's verifications served after the discovery cutoff will be treated as valid, based on Tesla's representation that there is legal authority holding that untimely verification responses signed under penalty of perjury, as Defendants' verifications were here, comply with Rule 33(d). As of the time of submission of this Joint Status Report, Alcon has not yet had time to assess Tesla's authority on that point.
- Defendants agree that Musk will not submit a Rule 56 declaration for any purpose.
- The parties also agree that, if they are able to reach a complete agreement for entry of the tentative ruling as the final order, both sides will actually perform the order and neither side will challenge the order

to Judge Wu.

The remaining disputed item 4 as stated in the October 26, 2026 Letter reads:

> Neither Musk nor Tesla will move for summary judgment on the grounds that there is no genuine dispute of material fact that Musk did not authorize, direct, participate and/or serve as the "guiding light" for any infringing conduct (or on any issue where Musk's lack of subjective intentionality would be dispositive), or that Alcon is unable to produce admissible evidence that Musk did so authorize, direct, participate and/or serve as the "guiding light" (or that Musk had any requisite subjective intentionality). If Musk or Tesla want to move for summary judgment on other grounds, such as lack of substantial similarity, that is expected. This is not a proposal that neither Musk nor Tesla move for summary judgment on any grounds – just not on the specific grounds identified in this item 4. It is also not a proposal that Musk and Tesla agree not to dispute these issues or assert such defenses at trial.

(Exhibit A at 2.)

## II. PARTIES' POSITIONS ON ALCON'S ITEM 4

**Alcon's Communicated Position and Concerns.**

Alcon has significant concerns about essentially voluntarily submitting to an order that effectively precludes Alcon from taking any deposition of Musk at all, where Musk is a named individual defendant (such that apex deposition doctrine is either not strictly applicable or at least should be considered differently than where the executive in question is not an individual defendant), and where Alcon believes it has demonstrated that Musk has unique percipient knowledge of relevant facts warranting his deposition even under apex doctrine, for the reasons discussed in Alcon's briefing. Alcon believes that such an order is not warranted or supportable under existing case law and the facts here. Alcon also advises the Court that after the close of briefing and after the Court issued its Order and tentative there was at least one new ruling of potential interest and relevance: on October 27, 2026 Magistrate Judge Pedro V. Castillo of this district entered an order deciding a

discovery dispute regarding whether an individual who was both an apex executive of a corporate defendant and also an individual defendant should be deposed, and ruling that the defendant was not entitled to any protection against being deposed. *United States of America, et al. ex. Rel. Integra Med Analytics, LLC v. Nelson*, CV 21-5265 JFW (PVCx) 2026 WL 3223210 at *2-3 (C.D. Cal. October 27, 2026).

However, Alcon also both respects the Court, and Alcon itself believes, that there is value in the parties reaching an agreement that reduces or eliminates discovery disputes, including this one, if a fair compromise can be reached.

Alcon believes that its proposal is a fair and reasonable compromise. Alcon believes that the discovery already taken makes it highly unlikely in any event that Musk or Tesla could prevail on any motion pursuant to Fed. R. Civ. P. 56 ("Rule 56") premised on establishing that the facts are either undisputed in Defendants' favor, or that Alcon is unable to present admissible evidence, as to whether Musk authorized, directed, participated and/or was the "guiding light" behind infringing conduct. As discussed in Alcon's briefing, Musk is a named individual defendant, and, like all corporate executives, is subject to individual liability "for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." (Dkt. 229 at 2).

Alcon believes that it is true that the results of discovery to date would prevent Musk or Tesla from prevailing on a Rule 56 basis that Alcon is unable to establish here any of the above elements of Musk's potential individual liability. For example, as explained in Alcon's motion briefing, Tesla's Rule 30(b)(6) witness on the topic testified that Musk did approve Image C by silence following his review of it, and for that reason alone there is at least a disputed factual issue precluding summary judgment as to Musk's individual liability. As to any Rule 56 motion by Defendants dependent on showing that Alcon is not able to produce sufficient evidence of Musk's subjective intentionality, Defendants have argued to the Court

here (perhaps successfully) that such subjective intentionality is not relevant to any claim or defense. Alcon disagrees with Defendants' arguments in that regard, and with the Court's interpretation of the law on that particular point – but, if Defendants believe they are correct, then that aspect of Alcon's Item 4 is not even any meaningful give by Defendants.

Thus, from Alcon's perspective, for Defendants to agree to forego only the identified Rule 56 arguments in Item 4 – a limited set of arguments on which they are either not likely to succeed in any event, and/or which they have (perhaps successfully) argued are not relevant to any claim or defense -- while still being able to move for summary judgment (including as to Musk) on other bases (lack of substantial similarity, lack of actual copying, *etc.*), seems to Alcon a fair bargain for essentially guaranteeing no deposition of Musk.

By Alcon's understanding, Defendants are unwilling to agree to the condition (or most of it), either because they already know that they in fact intend to make such a Rule 56 motion of the type Alcon is seeking assurances against, or because they are unwilling to commit not to do so in the time frame available for decision here.

As to the first possible reason, Alcon cannot and will not agree essentially voluntarily to cease to seek a deposition of Musk, if Defendants are going to make a Rule 56 motion of the type which Alcon seeks assurances will not be made. Alcon believes that for Defendants to be allowed to make that type of Rule 56 motion without Alcon being allowed to take even a one (1) hour deposition of Musk, especially where Musk is a party, and this case is not either (a) a case brought by a *pro se* plaintiff where courts are far more willing to apply apex doctrine considerations to bar depositions of high level named individual defendants, or (b) a case where the individual defendant was not directly involved in the conduct in question (Musk *was* the presenter here), but rather was named as an individual

defendant based on conduct remote in time and/or place from the main events creating alleged liability, might be unprecedented under the case law (there are many apex cases, and Plaintiff does not represent that Plaintiff has examined all of them), and fundamentally inconsistent with the Federal Rules of Civil Procedure.

As to the second possible reason (Defendants need more time to decide), then as another effort at compromise, Alcon suggests (here in this status report) the possibility that an order denying Alcon an ordered deposition of Musk be without prejudice to Alcon renewing its request for an ordered deposition of Musk, if and as soon as Defendants give notice pursuant to L.R. 7-3 that they intend to make a Rule 56 motion of the type which Alcon's Item 4 seeks assurances against, and that such a renewed motion by Alcon would be deemed timely if made promptly by Alcon after such L.R. 7-3 notice by Defendants, notwithstanding current discovery cutoff deadlines and their operation.

Alcon notes that it appears that none of the Defendants' cited cases -- other than *Integra Med Analytics, LLC*, 2026 WL 3223210 (October 27, 2026) which, as Alcon notes above, was just decided – are cases that either were not already discussed in the parties' prior briefing or could have been. It also appears that, in any event, all of the cases cited by Defendants below are in fact consistent with, and support rather than refute, Alcon's characterization of apex doctrine jurisprudence where the individual deponent is a named party defendant: if the case is not a case brought by a *pro per* where the named defendant is a high level official or executive, and not a case where the named individual defendant's alleged liability is based on conduct remote in time and/or place to the main events creating liability, then at least some short deposition is *allowed*, especially if the party seeking the deposition has first pursued alternative discovery, as here.

**Defendants' Position.**

Alcon's proposal that it will only agree to the Court's tentative ruling *if* Musk

agrees to waive all arguments as to his individual liability (as opposed to grounds common to both defendants, like lack of substantial similarity in protected expression) is based on incorrect legal standards. Musk thus cannot agree to the concession Alcon seeks to extract in light of the Court's tentative ruling.

*First*, Alcon is wrong that the apex doctrine is applied differently merely because the plaintiff named the proposed deponent as a defendant. Alcon contends that it would be "unprecedented under the case law" for Musk to be able to file a summary judgment motion based on his lack of individual liability without first being deposed, but Alcon has identified no authority in which apex relief is denied on these grounds. Indeed, it is not unprecedented at all for courts to grant summary judgment to a defendant on a claim for individual liability after denying an apex deposition of the defendant. *Compare Owens v. Cnty. of Orange*, 2026 WL 2749553, at *13-14 (C.D. Cal. Sept. 16, 2026) (granting summary judgment to sheriff on claim for individual liability), *with Owens v. Cnty. of Orange*, 2025 WL 819082, at *1-2 (C.D. Cal. Jan. 28, 2025) (denying apex deposition of sheriff).

Contrary to Alcon's contention, courts regularly bar "'apex' depositions even when the deponent is a named defendant." *City of Sterling Heights Gen. Empls.' Ret. Sys. v. Prudential Fin., Inc.*, 2015 WL 9434782, at *2 (E.D. Cal. Dec. 24, 2015) (*citing K.C.R. v. Cnty. of L.A.*, 2014 WL 3434257 (C.D. Cal. 2014)); *see also Est. of Strieter v. Cnty. of Sonoma*, 2026 WL 2078124, at *1 (N.D. Cal. July 17, 2026) (rejecting argument that "the apex doctrine may not apply because [deponent] is a named defendant who is being sued individually for his role in the alleged constitutional violations" because plaintiffs had "no authority for the proposition that as a matter of law, the apex doctrine is rendered moot simply by naming the high-ranking official or high-level executive as an individual defendant"); *see also Bos. Ret. Sys. v. Uber Techs., Inc.*, 2023 WL 6132961, at *2 (N.D. Cal. Sept. 19, 2023) ("There is no bright-line exception to the apex doctrine for named defendants because such an exception

would be inconsistent with the doctrine's aim of thwarting harassment." (cleaned up)). The standard for permitting an apex deposition is the same in such cases: "the court … considers whether there are 'extraordinary circumstances' that justify deposing the high-ranking officials, based on '(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case; and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.'" *Givens v. Newsom*, 2021 WL 65878, at *4 (E.D. Cal. Jan. 7, 2021) (denying apex depositions of a defendant). That is the standard the Court correctly applied in reaching its tentative, and which the parties briefed in their joint stipulation this summer.

*Second*, the apex doctrine itself protects against the concern purportedly driving Alcon's demand that Musk waive his arguments against individual liability. The apex doctrine bars a deposition only where the deponent has no unique first-hand, non-repetitive knowledge in the case. As Musk's counsel explained to Alcon's counsel during the meet-and-confer, any argument that Musk should not be held personally liable will *not* be based on any fact about which Musk has unique first-hand, non-repetitive knowledge. Musk will not rely on his declaration or his testimony. As Defendants have repeatedly and successfully argued, Musk's subjective intent is not an element of any claim or defense. Musk thus will not make any arguments based on his own subjective intent. *Cf. U.S. ex rel. Integra Med Analytics, LLC v. Nelson*, 2026 WL 3223210 (C.D. Cal. Oct. 27, 2026) (denying protective order where apex witness's scienter was an element of the claim under the False Claims Act).

Having received these assurances, Alcon's counsel has not identified any basis for opposing summary judgment that would require deposition testimony from Musk. To the contrary, Alcon contends "that the *discovery already taken* makes it highly unlikely in any event that Musk or Tesla could prevail on any motion pursuant to Fed. R. Civ. P. 56 ('Rule 56') premised on establishing that the facts are either undisputed in Defendants' favor, or that Alcon is unable to present admissible evidence" to prove

its claim. *See* Section II, *supra* (emphasis added). Alcon also correctly observes that Defendants argued that Musk's "subjective intentionality" is not relevant. *See* Dkt. 202 at 6 ("[T]he subjective intent behind and the origination of [Musk's] remarks is of little or no relevance to whether the use of Image C infringed Alcon's copyrights and/or constituted a fair use."). To the extent there remains any doubt, Defendants reiterate that Musk will not bring a Rule 56 motion "dependent on showing that Alcon is not able to produce sufficient evidence of Musk's subjective intentionality." As this and the stipulations above confirm, there is thus no basis for conditioning a protective order on Musk's waiver of substantive defenses.

Dated: October 28, 2026

**ANDERSON YEH PC**
**YUKEVICH CAVANAUGH**

By: /s/ Edward M. Anderson
Edward M. Anderson
Regina Yeh
Hassan Elrakabawy
James W. Irey
Attorneys for Plaintiff ALCON ENTERTAINMENT, LLC

Dated: October 28, 2026

**KING & SPALDING LLP**

By: /s/ Arwen R. Johnson
Arwen R. Johnson
Lennette W. Lee
Attorneys for Defendants TESLA, INC. and ELON MUSK

Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.



Edward M. Anderson