Edward M. Anderson (SBN 198183)
edward@andersonyehlaw.com
Regina Yeh (SBN 266019)
regina@andersonyehlaw.com
**ANDERSON YEH PC**
1055 E. Colorado Blvd. Ste 500
Pasadena, California 91106
Tel: (626) 204-4092 / Fax: (888) 744-0317

Attorneys for Plaintiff Alcon Entertainment, LLC

Arwen R. Johnson (SBN 247583)
Arwen.Johnson@kslaw.com
Lennette W. Lee (SBN 263023)
Llee@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 443-4355 / Fax: (213) 443-4310

Attorneys for Defendants Tesla, Inc. and Elon Musk

*Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ALCON ENTERTAINMENT, LLC,
a Delaware Limited Liability Company,

Plaintiff,

v.

TESLA, INC., a Texas Corporation;
ELON MUSK, an individual;
WARNER BROS. DISCOVERY, INC.,
a Delaware Corporation,

Defendants.

Case No. 2:24-cv-09033-GW-RAO

**JOINT STATUS REPORT PURSUANT TO OCTOBER 30, 2026 ORDER (DKT. 246)**

Magistrate Judge: Rozella A. Oliver

Action Filed: October 21, 2024
Discovery Cut-Off: October 2, 2026
Pre-Trial Conf.: March 4, 2027
Trial Date: March 16, 2027

James J. Yukevich (SBN 159896)
jyukevich@yukelaw.com
Hassan Elrakabawy (SBN 248146)
helrakabawy@yukelaw.com
James W. Irey (SBN 150640)
jirey@yukelaw.com
**YUKEVICH CAVANAUGH**
355 South Grand Avenue, 15th Floor
Los Angeles, CA 90071
Tel: (213) 362-7777/ Fax: (213) 362-7788

Additional Attorneys for Plaintiff Alcon Entertainment, LLC

Jesse D.H. Snyder (*Pro Hac Vice*)
jsnyder@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 900
Washington, D.C. 20006-4707

A. Louis Dorny (SBN 212054)
ldorny@tesla.com
Terry W. Ahearn (SBN 216543)
tahearn@tesla.com
David Lee (SBN 264467)
dlee8@tesla.com
**TESLA, INC.**
1501 Page Mill Road, Building 6U
Palo Alto, CA 94304
Tel: (510) 298-8516

Additional Attorneys for Defendants Tesla, Inc. and Elon Musk

**JOINT STATUS REPORT PURSUANT TO**
**OCTOBER 30, 2026 ORDER (Dkt. 246)**

Pursuant to the Court's October 30, 2026 Order ("Order") (Dkt. 246), Plaintiff Alcon Entertainment, LLC ("Alcon") and Defendants Tesla, Inc. ("Tesla") and Elon Musk ("Musk") ("Defendants") submit this Joint Status Report concerning their continued meet-and-confer efforts to resolve their disputes regarding Alcon's renewed request for ordered depositions of Musk and Tesla executive Franz von Holzhausen ("von Holzhausen") (Dkt. 222, Defendants' initial letter brief opposition at Dkt. 220), including whether and on what terms each side might agree to entry of the substance of the Court's October 21, 2026 tentative ruling in Dkt. 231 as a final order.

## I. FURTHER MEET AND CONFER EFFORTS

The parties' respective counsel each conferred with their respective clients promptly upon receipt of the Court's Order, including on Friday evening October 30, 2026 and/or during the weekend. On Sunday afternoon, November 1, 2026, Defendants' counsel emailed a proposed stipulation including a possible resolution of the disputed Item 4 from Plaintiff's October 26, 2026 meet-and-confer letter. (Dkt. 242-1 at 2.) Defendants' counsel's Sunday afternoon email also proposed times today, Monday November 2, 2026, to have a videoconference meet-and-confer regarding Dkt. 246. Upon receipt of the foregoing Sunday afternoon email, Plaintiff's counsel promptly responded Sunday afternoon with available times to meet-and-confer by videoconference today and proceeded to consider the proposed Item 4 stipulation from Defendants. Counsel for both sides then held a substantive videoconference meet-and-confer at 1:00 p.m. today, November 2.

## II. PARTIES' POSITIONS

**Alcon's Communicated Position and Concerns.**

As articulated by Alcon in the parties' most recent joint status report filed on

October 28, 2026 (Dkt. 242), Alcon respectfully believes that Alcon has already established good cause for an ordered one (1) hour deposition of Musk. However, as also articulated by Alcon in the Dkt. 242 status report, Alcon respects the Court and believes in making strong efforts to eliminate or minimize discovery disputes, and is trying in good faith to go even further to do so in light of the Court's October 30, 2026 Order (Dkt. 246).

Accordingly, this is Alcon's position and resolution proposal:

As to an up to two (2) hour deposition of Franz von Holzhausen, which Alcon understands the Court is inclined to order, as previously communicated, Alcon is receptive to said deposition occurring even shortly after the current November 6, 2026 completion deadline, if Defendants so request and if Judge Wu will approve that.

As to Item 1 in Alcon's October 26, 2026 meet-and-confer letter ("October 26 Letter") essentially conditioning Alcon's agreement to submit to the Dkt. 231 tentative on confirmation from Defendants that Tesla's response to Alcon's Interrogatory No. 25 regarding fair use is a complete statement of the facts of Defendants' fair use positions, the parties have not yet reached agreement on that point, because Defendants reserved that they would like the opportunity to make a supplemental response, but also have not provided Alcon with what that supplemental response would be. However, for the sake of reaching mutual agreement to submit to the Dkt. 231 tentative ruling, Alcon withdraws Item 1 as a condition to such agreement (including based on faith that the parties will either work out an agreement about Interrogatory No. 25, or if they fail to do so, it can be resolved outside of the Dkt. 231 tentative ruling).

As to Item 2 in Alcon's October 26 Letter, going to the level of stipulation and potentially Judge Wu-approved certainty that Defendants' written discovery verifications served after the discovery cutoff will be treated as valid, the parties

have not yet reached full agreement as to what the case law which Defendants say they have on the subject actually says on procedures for validating late verifications. However, for the sake of reaching resolution regarding the Dkt. 231 tentative ruling, as long as Defendants will still enter into the offered stipulation for the validity of the verifications, Plaintiff will not insist on anything further as a condition to agreement to the Dkt. 231 tentative ruling.

As to Item 3 in Alcon's October 26 Letter (no Rule 56 declarations from Musk for any purpose), the parties are in agreement. Item 3 is thus not an obstacle to mutual agreement to entry of the Dkt. 231 tentative ruling.

Thus, if the parties can reach agreement for resolution of Item 4 from Alcon's October 26 Letter, then they should be able to reach full agreement for entry of the Dkt. 231 tentative ruling as the final order (the intent of which full agreement from Alcon's perspective includes the parties also mutually agreeing not to challenge such final order to Judge Wu, and/or to have agreement on what such terms for challenge would be).

Item 4 in Alcon's October 26 Letter again here reads:

> Neither Musk nor Tesla will move for summary judgment on the grounds that there is no genuine dispute of material fact that Musk did not authorize, direct, participate and/or serve as the "guiding light" for any infringing conduct (or on any issue where Musk's lack of subjective intentionality would be dispositive), or that Alcon is unable to produce admissible evidence that Musk did so authorize, direct, participate and/or serve as the "guiding light" (or that Musk had any requisite subjective intentionality). If Musk or Tesla want to move for summary judgment on other grounds, such as lack of substantial similarity, that is expected. This is not a proposal that neither Musk nor Tesla move for summary judgment on any grounds – just not on the specific grounds identified in this item 4. It is also not a proposal that Musk and Tesla agree not to dispute these issues or assert such defenses <u>at trial</u>.

(Dkt. 242-1 at 2.)

Alcon appreciated Defendants' counsel proactively sending a draft stipulation containing a proposed resolution of disputed Item 4. Plaintiff declined to agree to the proposed stipulation as drafted as to Item 4, both because the stipulation did not address all of the items (not Items 1 or 2), and because the essence of the draft stipulation's proposed resolution of Item 4, as Alcon read it, was not acceptable to Alcon. As Alcon read the stipulation, Defendants proposed, if Alcon agreed to entry of the Dkt. 231 tentative ruling as the final order, that Defendants would tentatively agree only that they would not bring a Rule 56 motion to dismiss Musk from the case as an individual based on subjective intentionality arguments (but reserving that Musk could make a Rule 56 motion on all other Item 4 grounds), and that Defendants could also change their mind and still bring Rule 56 subjective intentionality arguments for Musk, but that if they did so, then Plaintiff could make a renewed motion for an ordered deposition of Musk. In other words, the essence of the proposal included that Defendants have or might have Item 4 arguments for Rule 56 dismissal of Musk as an individual defendant not dependent on subjective intentionality arguments, and they believe that they should be allowed to make them with Plaintiff agreeing never to depose Musk (and without articulating to Plaintiff what such arguments actually are or might be).

Plaintiff made and makes the following counter-proposal for resolution of Item 4:

That the parties agree to entry of the Dkt. 231 tentative ruling as the final order, but with the final order's ruling without prejudice to Plaintiff making a renewed motion for an ordered deposition of Musk, if and only if Defendants communicate in L.R. 7-3 meet-and-confer that Defendants intend to make an Item 4 Rule 56 motion to dismiss Musk from the case as an individual defendant, <u>and</u> that such L.R. 7-3 communication (or actual filing of such a motion) would be <u>the only ground</u> on which Plaintiff could make a renewed motion for an ordered deposition

of Musk.

So, for example, if during deposition examination Mr. von Holzhausen testifies to facts which might give Alcon renewed grounds to seek an ordered deposition of Musk, Alcon would nonetheless be barred from making such a motion, unless Defendants also communicated their intention to make an Item 4 Rule 56 motion to dismiss Musk from the case as an individual defendant. For further clarity, Alcon's proposal does not seek to limit Musk from making any Rule 56 motion for his dismissal as an individual defendant – he can still move for Rule 56 dismissal as an individual defendant on grounds of lack of substantial similarity, lack of actual copying, fair use, or anything else other than an Item 4 ground. Also for clarity, nothing in the proposal requires Defendants to agree that Alcon would prevail in a renewed motion for ordered deposition of Musk should the intent-to-make-an-Item 4-motion-to-dismiss-Musk trigger occur. Defendants could still oppose such a motion on the merits. Further, Alcon is not asking Musk to waive arguing at trial (versus on Rule 56) that he should not have liability based on his lack of subjective intentionality or lack of culpable authorization, direction, participation or conduct as the "guiding light" of infringement.

By Plaintiff's calendaring, the last day for either side to have a L.R. 7-3 conference for any Rule 56 motion is November 12.

Plaintiff believes its Item 4 proposal is a fair and reasonable compromise. Among other aspects, a) it puts Defendants in a position of total control over whether Musk is ever deposed in the action; b) at the same time gives Defendants the flexibility to decide that making an Item 4-based motion to dismiss Musk is more important than a renewed possibility that Musk might be deposed if they so decide; and c) it would give both Alcon and the Court the benefit of assessing whether Musk should or should not be deposed, after knowing what Defendants' argument might actually be that an Item 4 motion could be meritorious in a way not

ultimately somehow dependent on making a subjective intentionality-driven argument regarding Musk – which is what Defendants are suggesting to Plaintiff that they might be able to do with an Item 4 motion, but are either unwilling or unable to articulate at the present time exactly how.

To the extent that the Court is able to do so, if the parties are unable to reach an agreement, Plaintiff would nonetheless itself abide by a final order setting forth the above terms of Alcon's proposal as the ordered terms by the Magistrate Judge.

**Defendants' Position.**

The Court's October 30, 2026 Order recognized that the parties may be close to compromise "particularly with respect to Alcon's request in the alternative for a denial of a deposition of Musk to be without prejudice to renewal after the parties meet and confer on Tesla's anticipated motion for summary judgment and Tesla's representation that it will not bring a Rule 56 motion dependent on Musk's subjective intentionality." Dkt. 246. Defendants therefore prepared a draft stipulation for Alcon's consideration in advance of this Joint Status Report, tracking this very language from the Court's Order—*i.e.*, that the Court's tentative be adopted as an order denying the deposition of Musk, without prejudice to Alcon renewing its request should Musk move for summary judgment based on arguments regarding his **subjective intentionality**.[1]

Alcon's rejection of that draft stipulation and its current proposal to expand the grounds on which it may renew its request for Musk's deposition is not agreeable to Defendants, for all the reasons already articulated in prior submissions on this issue. *See, e.g.*, Dkts. 220, 242. Defendants reiterate that Alcon has not identified a justifiable basis to take Musk's deposition at all.

[1] Defendants agree with Alcon's representations herein that for its Items 1-3, the parties have reached agreement as to Item 3 (no Rule 56 declaration by Musk) and agree that remaining issues with Items 1 and 2 can be resolved without the Court's intervention.

Defendants respectfully request that the Court adopt its tentative ruling as the final order on this matter, ordering a two-hour remote deposition of von Holzhausen (to be scheduled forthwith based on availability of the parties and witness) and denying the deposition of Musk (without prejudice for renewal solely if Musk brings a Rule 56 motion on grounds that Alcon is not able to produce sufficient evidence of Musk's subjective intentionality).

Dated: November 2, 2026

**ANDERSON YEH PC**
**YUKEVICH CAVANAUGH**

By: /s/ Edward M. Anderson
Edward M. Anderson
Regina Yeh
Hassan Elrakabawy
James W. Irey
Attorneys for Plaintiff ALCON ENTERTAINMENT, LLC

Dated: November 2, 2026

**KING & SPALDING LLP**

By: /s/ Arwen R. Johnson
Arwen R. Johnson
Lennette W. Lee
Attorneys for Defendants TESLA, INC. and ELON MUSK

Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Edward M. Anderson