UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 2:24-09033-GW (RAOx) Date: November 3, 2026
Title: Alcon Entertainment, LLC v. Tesla, Inc. et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER RE: DEPOSITIONS OF ELON MUSK AND FRANZ VON HOLZHAUSEN [205]**

Plaintiff Alcon Entertainment, LLC ("Alcon") first moved to compel the depositions of Defendant Elon Musk ("Musk") and Franz von Holzhausen ("von Holzhausen"), Defendant Tesla, Inc.'s ("Tesla") Senior Design Executive, on June 24, 2026. Dkt. No. 149. On July 14, 2026, the Court denied the motion without prejudice to Alcon moving for the depositions at a later date. Dkt. No. 171. Since then, Alcon has pursued other forms of discovery and the parties have continued to meet and confer to avoid further motion practice on the dispute.

On September 28, 2026, the Court adopted a briefing schedule proposed by the parties on the dispute. Dkt. No. 205. The briefing schedule was later modified pursuant to the parties' stipulation. Dkt. No. 211. The parties filed their letter briefs. Dkt. Nos. 220, 222, 228, 229.

On October 21, 2026, the Court provided a tentative ruling and directed the parties to meet and confer in an effort to reach a compromise without a further written order. Dkt. No. 231. The Court's tentative ruling was to grant Alcon's request for a short deposition of von Holzhausen and deny Alcon's request for a deposition of Musk. *Id.*

On October 28, 2026, the parties filed a joint status report indicating that they had almost reached agreement on a compromise. Dkt. No. 242. The Court directed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 2:24-09033-GW (RAOx) Date: November 3, 2026

Title: Alcon Entertainment, LLC v. Tesla, Inc. et al.

one final meet and confer effort and joint status report. Dkt. No. 246. On November 2, 2026, the parties filed their further joint status report. Dkt. No. 247.

The Court understands that the parties agree to submit to the Court's tentative ruling regarding a two-hour deposition of von Holzhausen. The Court will leave scheduling and format of the deposition to the parties.

The parties agree that there will be no Rule 56 declarations by Musk, and that remaining issues regarding Interrogatory No. 25 and verifications can be resolved without the Court's intervention.

The remaining hurdle for the parties to reach a compromise is Alcon's request that its motion to compel Musk's deposition be without prejudice to renewal.[1] Defendants do not intend to bring a Rule 56 motion dependent on Musk's subjective intentionality and therefore propose that Alcon's request to depose Musk be denied without prejudice for renewal solely if Musk brings a Rule 56 motion on grounds that Alcon is not able to produce sufficient evidence of Musk's subjective intentionality. Dkt. No. 247 at 7. Alcon requests that the denial be without prejudice to renewal if Defendants communicate in an L.R. 7-3 conference that they intend to make an Item 4[2] Rule 56 motion to dismiss Musk from the case as an individual defendant.

Under the apex doctrine, when deciding whether to allow a party to take the deposition of a high-level executive of another party, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less

---

[1] The Court recognizes that Alcon believes it has established good cause for a one-hour deposition of Musk but has agreed to consider a compromise of denial without prejudice to renewal.

[2] An Item 4 argument in a Rule 56 motion would be: that there is no genuine dispute of material fact that Musk did not authorize, direct, participate and/or serve as the "guiding light" for any infringing conduct (or on any issue where Musk's lack of subjective intentionality would be dispositive), or that Alcon is unable to produce admissible evidence that Musk did so authorize, direct, participate and/or serve as the "guiding light" (or that Musk had any requisite subjective intentionality). *See* Dkt. No. 247 at 3 (citing Dkt. No. 242-1 at 2).

intrusive discovery methods." *Apple Inc. v. Samsung Elec. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).

The Court finds that Musk would constitute an apex witness, even though he is individually named as a defendant. The Court also finds that Alcon has made sufficient efforts to exhaust other less intrusive discovery methods. However, the Court is not persuaded at this time that Musk has unique first-hand, non-repetitive knowledge of relevant facts, particularly as Defendants have agreed not to bring a Rule 56 motion dependent on showing that Alcon is not able to produce sufficient evidence of Musk's subjective intentionality. The Court therefore denies Alcon's request to depose Musk, without prejudice to renewal if Defendants communicate in an L.R. 7-3 conference that they intend to bring an Item 4 Rule 56 motion for dismissal of Musk on grounds that Alcon is not able to produce sufficient evidence of Musk's subjective intentionality or other evidence that would be within Musk's unique first-hand, non-repetitive knowledge.

The Court appreciates the parties' efforts to compromise on this and other discovery disputes in this matter.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer cd